

# U.S. Department of Justice

*United States Attorney*
*District of Hawai'i*

---

*PJKK Federal Building*          *(808) 541-2850*
*300 Ala Moana Blvd., Room 6-100*   *FAX (808) 541-2958*
*Honolulu, Hawaii 96850*

July 15, 2020

**By ECF**

The Honorable Derrick K. Watson
United States District Judge
District of Hawaii
300 Ala Moana Blvd
Honolulu, HI 96850

The Honorable Kenneth J. Mansfield
United States Magistrate Judge
District of Hawaii
300 Ala Moana Blvd
Honolulu, HI 96850

> **Re:** *United States v. Michael J. Miske, Jr.,* **et al.**
> **Crim. No. 19-00099-DKW**

Dear Judge Watson and Judge Mansfield:

The government respectfully submits this letter in connection with today's unsealing of the Indictment and Superseding Indictment in the above-referenced matter. This letter summarizes the charges for the Court's convenience, outlines two motions the government intends to file that relate to discovery, and proposes certain scheduling procedures for these matters. The government will confer with defense counsel about the anticipated motions and about scheduling matters, and will provide an update to the Court after these conferrals have taken place.

## I.    Background

On July 15, 2020, the government unsealed the Indictment and Superseding Indictment.  The Indictment charges two defendants in a single count; the Superseding Indictment realleges that count, and also charges a total of eleven defendants in 21 other counts.

### A.    The Indictment

A grand jury in this District returned the Indictment on July 19, 2019.  The Indictment charges defendants Michael J. Miske, Jr., and Michael Buntenbah in a single count of conspiring to distribute five kilograms or more of cocaine from a precise date unknown, but by at least July 2014, and continuing to on or about July 22, 2014, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

### B.    The Superseding Indictment

On June 18, 2020, a grand jury in this District returned the Superseding Indictment.  The Superseding Indictment charges eleven defendants—including Miske and Buntenbah—in 22 counts.  The count charged in the Indictment has been realleged as Count 15 in the Superseding Indictment.  The Superseding Indictment contains the following counts:

- All defendants except Buntenbah are charged with participating in a racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count 1);

- Miske is charged with murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(1), in connection with the murder of Johnathan Fraser (Count 2);

- Miske is charged with conspiracy to commit murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(5), in connection with the murder of Fraser (Count 3);

- Miske is charged with murder-for-hire conspiracy resulting in death, in violation of Title 18, United States Code, Section 1958, in connection with the kidnapping of Fraser (Count 4);

- Miske is charged with kidnapping using a facility of interstate commerce resulting in death, in violation of Title 18, United States Code, Section 1201(a)(1), in connection with the kidnapping and killing of Fraser (Count 5);

- Miske is charged with conspiracy to commit kidnapping using a facility of interstate commerce, in violation of Title 18, United States Code, Section 1201(c), in connection with the kidnapping of Fraser (Count 6);

- Miske, and defendants John B. Stancil, Lance L. Bermudez, Dae Han Moon, and Harry K. Kauhi are charged with murder-for-hire conspiracy, in violation of Title 18, United States Code, Section 1958, in connection with the plot to murder "Victim-1," whom Miske suspected of cooperating with law enforcement (Count 7);

- Miske and Stancil are charged with assault and attempted murder in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), in connection with the assault and attempted murder of "Victim-2" (Count 8);

- Miske and Stancil are charged with carrying and using a firearm during and in relation to the crime of violence charged in Count 8, which firearm was discharged, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) (Count 9);

- Miske, Stancil, and Buntenbah are charged with conspiring to commit assault in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(6) (Count 10);

- Miske and defendant Preston M. Kimoto are charged with conspiracy to commit kidnapping using a facility of interstate commerce, in violation of Title 18, United States Code, Section 1201(c), in connection with the kidnapping of "Victim-3" (Count 11);

- Miske, Stancil, and defendant Kaulana Freitas are charged with conspiracy to use a chemical weapon, in violation of Title 18, United States Code, Section 229(a)(3), in connection with their conspiracy to release chloropicrin into nightclubs in Honolulu (Count 12);

- Miske, Stancil, and Freitas are charged with using a chemical weapon, in violation of Title 18, United States Code, Sections 229(a)(1) and 229(a)(2), in connection with the release of chloropicrin into "Nightclub-1" (Count 13);

- Miske and Stancil are charged with using a chemical weapon, in violation of Title 18, United States Code, Sections 229(a)(1) and 229(a)(2), in connection with the release of chloropicrin into "Nightclub-2" (Count 14);

- Miske and Buntenbah are charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) (Count 15);

- All defendants are charged with conspiracy to distribute (1) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) five kilograms or more of cocaine; (3) a quantity of oxycodone; and (4) a quantity of marijuana, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D) (Count 16);

- Stancil, Bermudez, Kauhi, and defendants Norman L. Akau, Hunter J. Wilson, and Jarrin K. Young are charged with carrying and using a firearm during and in relation to the drug trafficking crime charged in Count 16, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count 17);

- Stancil, Bermudez, Kauhi, and Akau are charged with the Hobbs Act robbery of Victim-4, in violation of Title 18, United States Code, Section 1951 (Count 18);

- Stancil, Bermudez, Kauhi, and Akau are charged with carrying and using a firearm during and in relation to the crime of violence charged in Count 18, which firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Count 19);

- Bermudez and Wilson are charged with the Hobbs Act robbery of Victim-5, in violation of Title 18, United States Code, Section 1951 (Count 20);

- Bermudez and Wilson are charged with carrying and using a firearm during and in relation to the crime of violence charged in Count 20, which firearm

4

was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Count 21); and

- Miske is charged with bank fraud, in violation of Title 18, United States Code, Section 1344(2) (Count 22).

## II.     Discovery

Discovery produced under Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16") will be voluminous.  For that reason, the government will file a motion for complex case designation.  Given the nature of the charges in this case, the government will also be seeking a protective order.  The government will file both of these motions after it has conferred with defense counsel and ascertained their views on the anticipated motions.

## III.     Scheduling

The government proposes the following scheduling procedures for the Court's and counsel's consideration.

### A.     General Scheduling Matters

As noted above, the government intends to file a motion for complex case designation, which would result in the trial date for this matter being scheduled more than 70 days from the arrests of the defendants and the unsealing of the Superseding Indictment.

While the case is pending, the government will provide defense counsel periodically with "enterprise letters"—that is, letters that will identify particular crimes, *e.g.*, particular acts of violence, that the government expects to prove at trial in connection with the racketeering conspiracy charge.  The letters will not identify witnesses or other sources of evidence, but will identify the defendants believed to have participated in the identified acts.  After the initial letter, supplemental enterprise letters will be provided thereafter as the continued investigation progresses.

### B.     Specific Scheduling Relating to Miske

As the Court is well aware, certain unique scheduling considerations will apply to Miske because he is facing death-penalty-eligible counts, in particular,

Counts 2, 4, and 5.  The government highlights some of these considerations here, and makes certain scheduling proposals in light of these considerations.

***Written Mitigation Submission.***  Once Miske has definitively retained counsel or had counsel appointed for him,[1] counsel will have an opportunity to submit to the government any information that may bear on the decision whether to seek the death penalty.  *See* Justice Manual, Section 9-10.080.  In the government's experience, defendants often make a written mitigation submission.  Should Miske wish to make such a submission, the government will confer with Miske's counsel to determine a reasonable period of time for its preparation.  In the government's experience, a period of three months or more is typically reasonable.

***Scheduling for Miske.***  The government's recommendation is that status conferences be periodically scheduled for Miske's case, at which time updates on the status of the capital review process can be provided.[2]  Although a final trial date for Miske should not be scheduled until that process has been completed, other matters (e.g., detention motions and hearings, and standard pretrial motions)

---

[1]     As the Court knows, if Miske requests the appointment of counsel, and the Court deems that he is financially unable to obtain counsel, the Court "shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases, and who shall have free access to the accused at all reasonable hours."  18 U.S.C. § 3005.  Moreover, if Miske chooses to retain counsel who are not experienced in capital cases, the Court "will most likely need to appoint additional or different counsel to meet the statutory requirement that at least one attorney representing the defendant be 'learned in the law applicable to capital cases.'"  Molly Treadwell Johnson & Laural L. Hooper, Federal Judicial Center, Resource Guide for Managing Capital Cases, Volume I: Federal Death Penalty Trials at 10 (April 2004 ed.) (quoting 18 U.S.C. § 3005).

[2]     Once the U.S. Attorney's Office has had a full opportunity to consider the defendant's submission, it will submit the materials, along with its confidential recommendation, to the Capital Case Section of the U.S. Department of Justice's Criminal Division.  *See* Justice Manual, Section 9-10.080.  The Attorney General will then decide whether the government should seek the death penalty.  Prior to making a decision, defense counsel may be invited to make a mitigation presentation to the Attorney General's Review Committee on Capital Cases.  *See* Justice Manual, Section 9-10.130.

can be scheduled in the ordinary course, on the same timetable as for other defendants. Should Miske's capital review process be resolved in time, his trial could be held jointly with other remaining defendants who have not yet pleaded guilty.

Respectfully submitted,

KENJI M. PRICE
United States Attorney

*/s/ Michael Nammar*
*/s/ Micah Smith*
*/s/ Mark A. Inciong*

By: _____

Michael Nammar
Micah Smith
Mark A. Inciong
Assistant U.S. Attorneys

cc:   Counsel of Record (by ECF)
       Pretrial Services (by Email)