KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:  Michael.Nammar@usdoj.gov
           Micah.Smith@usdoj.gov
           Mark.Inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. MISKE, JR. aka "Bro," *et al.*,<br><br>　　　　　　　Defendants. | CR. NO. 19-00099-DKW<br><br>GOVERNMENT'S MOTION SEEKING A PROTECTIVE ORDER PURSUANT TO FED.R.CRIM.P. 16(d); ORDER |

## GOVERNMENT'S MOTION SEEKING A PROTECTIVE ORDER PURSUANT TO FED.R.CRIM.P. 16(d)

The United States of America, through its counsel, Michael Nammar, Micah Smith, and Mark A. Inciong, Assistant U.S. Attorneys for the District of Hawaii, hereby moves this Honorable Court for a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure.

1. The charges in this matter arise out of an investigation that included the interception of certain communications in accordance with Title 18, United States Code, Section 2518.

2. Pursuant to Title 18, United States Code, Section 2518(9), the contents of intercepted wire communications shall not be disclosed at a hearing or other judicial proceeding unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made. The government therefore has separately moved to have those orders, applications, and affidavits unsealed for the limited purpose of discovery and for the testimony of witnesses.

3. In accordance with its disclosure obligations under Section 2518(9) and Rule 16.1, the government intends to produce to all defendants and

defendants' counsel copies of the sealed applications, affidavits, and orders authorizing the interception of wire communications in this case.*

4.      The government requests this Court to direct that the release of the applications, affidavits, and court orders, as well as any recordings, reports, and other materials that may be turned over in connection with this matter be subject to the conditions set forth in the proposed protective order.

5.      The need for a proposed protective order arises from the significant constraints imposed by the federal wiretap statute, Title 18, United States Code, Sections 2510-2520, on the disclosure and use of electronic surveillance information.  A key purpose underlying these constraints is the protection of the privacy interests of persons, including third parties, who were intercepted in the electronic surveillance but who not have been charged.  Although the wiretap applications, affidavits and orders are being disclosed to the defendants in accordance with Title 18, United States Code, Section 2518(9), they otherwise remain under seal pursuant to Title 18, United States Code, Section 2518(8)(b). Accordingly, these materials may be further disclosed only "upon a showing of

---

*      The applications, affidavits, and orders contain sensitive personal identifying information, as well as other information, the disclosure of which could have a detrimental impact on the government's continuing investigation and the safety of witnesses.  For that reason, the government intends to redact certain information from these pleadings prior to their disclosure to the defense.

3

good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b); *see also In re Applications of Kansas City Star,* 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district court's order which barred defendant and his attorneys from disclosing wiretap applications, orders and intercepted conversations was "highly appropriate considering the 'privacy of other people'" and noting that the statute's good cause requirement called for consideration of the privacy interests of third parties which might be affected by the disclosure).

    6.    The discovery that the government will provide in this case includes sensitive information in addition to the wiretap materials, whose unrestricted dissemination could adversely affect law enforcement interests and the privacy interests of third parties.

    7.    The government conferred with nearly all defense counsel in advance of filing this motion. Counsel for nine defendants indicated that they have no objection to the requested order. The government has not yet had an opportunity to confer with any counsel for defendant Harry K. Kauhi, who was arrested out of District. In addition, counsel for defendant Kaulana Freitas has not yet had an opportunity to express a view on this motion; the government notes, however, that Freitas's counsel was appointed relatively recently, after a previously-appointed counsel withdrew. Given that nine defendants indicated no objection to the

requested protective order, and given the interest in producing discovery expeditiously, the government is submitting this motion now.

For the above stated reasons, the government respectfully moves this Court to enter the proposed protective order relating to the sealed applications, affidavits, and orders authorizing the interception of wire communications in this case, which are being provided to the defendants and defendants' counsel as contemplated by Title 18, United States Code, Section 2518(9), as well as to any other recordings, reports, and investigative materials that may subsequently be turned over in connection with this case.

DATED: August 3, 2020, Honolulu, Hawaii.

Respectfully Submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

/s/ Michael Nammar
/s/ Micah Smith
/s/ Mark A. Inciong

By _____
MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG
Assistant U.S. Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date noted below, the true and correct copy of the foregoing was served electronically through CM/ECF:

Lynn E. Panagakos, Esq., and Thomas M. Otake, Esq.
Attorneys for Michael J. Miske, Jr. (1)

Gary G. Singh, Esq.
Attorney for John B. Stancil (2)

Donald L. Wilkerson, Esq.
Attorney for Kaulana Freitas (3)

Birney B. Bervar, Esq.
Attorney for Lance L. Bermudez (4)

Clarence M. Virtue, Esq.
Attorney for Dae Han Moon (5)

Cynthia Kagiwada, Esq.
Attorney for Preston M. Kimoto (6)

Gary K. Springstead, Esq.
Attorney for Michael Buntenbah (7)

Rustam Barbee, Esq.
Attorney for Norman L. Akau, III (9)

Andrew M. Kennedy, Esq.
Attorney for Hunter J. Wilson (10)

Dana S. Ishibashi, Esq.
Attorney for Jarrin K. Young (11)


DATED: Honolulu, Hawaii, August 3, 2020.


                                  */s/ Micah Smith*

                                Micah Smith
                                Assistant U.S. Attorney
                                U.S. Attorney's Office
                                District of Hawaii