IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. MISKE, JR.,　　　(01)<br><br>　　　　　　　　Defendant. | CR. NO. 19-00099-DKW-1<br><br>DECLARATION OF LYNN E. PANAGAKOS |

## **DECLARATION OF LYNN E. PANAGAKOS**

I, Lynn E. Panagakos, declare as follows:

1.      In July 2017, Michael J. Miske, Jr. retained me as a result of his stated awareness that he was a target of a Federal criminal investigation which had resulted in financial institutions terminating long-standing good relationships with him, Kama'aina Termite and Pest Control, and other business entities in which he had interests.

2.      On August 10, 2017, I spoke by telephone with FBI Supervisory Special Agent Daniel Olson.   Agent Olson informed me that the Government had obtained a search warrant and had seized the same Boston Whaler that is now described in the Superseding Indictment (p.18, ¶17.b.), and that agents were onboard to execute the search.   Agent Olson inquired whether Mr. Miske would be willing to provide the government agents the keys to the vessel, so that the agents could gain access to the vessel without damaging it.   On behalf of Mr. Miske, I informed Agent Olson where the keys were located.

3.      On August 10, 2017, Agent Olson also provided me a copy of the Search and Seizure Warrant, which I in turn provided to, and discussed with, Mr. Miske.   This warrant authorized the Government to search for "[a]ll records and evidence relating to violations of 18 U.S.C. § 1958 (Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire), involving Miske and others known and unknown, occurring on or about June 14, 2016 to August 30, 2016. . ."

4.      In our discussions about the warrant, I showed Mr. Miske a copy of 18 U.S.C. 1958, and we discussed the statute and the potential penalties, including the death penalty.   I also explained that the United States Magistrate Judge who had issued the warrant found probable cause to believe that Mr. Miske had committed this offense.

5.      Shortly thereafter, Mr. Miske and attorney Thomas Otake both informed me of Mr. Miske's retention of Mr. Otake to lead his defense in anticipation of his Federal criminal indictment.   Both Mr. Miske and Mr. Otake asked, and I agreed, to be Mr. Otake's co-counsel.

6.      By email to Government counsel dated August 15, 2017, I informed the Government that Mr. Otake and I jointly represented Mr. Miske, that we were authorized to accept service of any summons, subpoena, warrant, etc., on his behalf, and that we requested the opportunity to make arrangements for Mr. Miske's self-surrender in the event that criminal charges were filed.

7.      On January 4, 2019, I received a copy of the disengagement letter Mr. Miske received from the firm that employed his long-time CPA.

8.      On August 4, 2020, AUSA Michael Nammar informed me that confidential legal mail from Mr. Miske to his counsel was sent by FDC Honolulu not to Mr. Miske's counsel, but instead to an attorney employed by the United States Department of Justice, Office of Inspector General.   DOJ-OIG has been a member of the Government's investigation/prosecution team in this case (see Dkt. # 131, p. 3).   AUSA Nammar further informed me that it was his understanding that this attorney recognized that the mail was privileged after reading approximately 1-page of the correspondence.   AUSA Nammar had no explanation as to why FDC Honolulu mailed clearly identified confidential, privileged, legal

3

mail to the DOJ-OIG attorney, or why this attorney reviewed a portion thereof.

AUSA Nammar further advised that this DOJ-OIG attorney would no longer be

working on the case.

I declare under penalty of perjury that the foregoing is true and correct to the

best of my knowledge and belief.

DATED:   Honolulu, Hawai`i, August 7, 2020.

/s/ *Lynn E. Panagakos*
LYNN E. PANAGAKOS
"Declarant"

4