IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 19-00099-DKW |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART THE |
| vs. | ) | GOVERNMENT'S MOTION |
| | ) | SEEKING A PROTECTIVE ORDER |
| MICHAEL J. MISKE, JR., aka | ) | PURSUANT TO FED. R. CRIM. P. |
| "Bro," et al., | ) | 16(d) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN
PART THE GOVERNMENT'S MOTION SEEKING A
PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. P. 16(d)

The Government's MOTION SEEKING A PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. P. 16(d) ("Motion") is before the Court. ECF No. 111. The Court, having considered the Motion, applicable law, and the Objection to the Motion filed in *In Re: Civil Beat Law Center for the Public Interest*, Misc. No. 20-309, ECF No. 1, by Civil Beat Law Center for the Public Interest (the "Objection"), and being otherwise sufficiently advised, GRANTS THE MOTION IN PART and DENIES THE MOTION IN PART.

The Court GRANTS the Motion to the extent the Government seeks, and no appearing Defendant opposes, a protective order governing discovery the Government intends to produce.

The Court DENIES the Motion to the extent it seeks blanket authority to file documents under seal, as proposed Paragraph 7 would do: "any document filed by any party which attaches or otherwise discloses specially identified sensitive information shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court." ECF No. 111-1 ¶ 7 at PageID#621. The proposed language is overbroad and conflicts with the public's well-settled constitutional right of access to criminal proceedings. *See, e.g.*, *Globe Newspaper Co. v. Superior Ct. for Norfolk Cty.*, 457 U.S. 596, 604-07 (1982) (discussing the press and general public's constitutional right of access to criminal trials); *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192-95 (9th Cir. 2011) (discussing the common law right of access to judicial proceedings and records and noting a "strong presumption in favor of access"); *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1145 (9th Cir. 1983) ("the public and press have a first amendment right of access to pretrial documents in general"). Thus, as set forth below, the Court has modified the proposed Protective Order to require a properly supported motion to seal in the event any party seeks to file information under seal.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by all Defendants

and Defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendants and Defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. The materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

3. Defendants, Defendants' counsel, and other authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by the Defendants, Defendants' counsel, and other authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendants, Defendants' counsel, and other authorized persons shall not disclose any notes or records of any kind that they make in relation to the

contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, all defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. All defense counsel shall maintain a copy of the signed statement of each of this case, and shall provide copies of the signed statement of each authorized person to the Government upon request.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (a) destroyed; (b) returned to the United States; or (c) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been

received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

8. No party or non-party shall file or submit for filing as part of the Court record any documents under seal without first obtaining leave of Court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 12, 2020.



Kenneth J. Mansfield
United States Magistrate Judge

*United States of America v. Miske, et al.*, CR. NO. 19-00099-DKW; Order Granting in Part and Denying in Part the Government's Motion Seeking a Protective Order Pursuant to Fed. R. Crim. P. 16(d)