IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 19-00099-DKW-KJM |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | MICHAEL MISKE'S MOTION FOR AN |
| vs. | ) | ORDER PROHIBITING BUREAU OF |
| | ) | PRISONS FROM TAKING ACTIONS |
| MICHAEL J. MISKE, JR., aka | ) | THAT INTERFERE WITH |
| "Bro," et al., | ) | DEFENDANT'S RIGHT TO EFFECTIVE |
| | ) | ASSISTANCE OF COUNSEL IN A |
| | ) | CAPITAL CASE AND FOR |
| Defendants. | ) | AFFIRMATIVE RELIEF |
| _____ | ) | |

**ORDER GRANTING DEFENDANT MICHAEL MISKE'S MOTION
FOR AN ORDER PROHIBITING BUREAU OF PRISONS FROM
TAKING ACTIONS THAT INTERFERE WITH DEFENDANT'S
RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN
A CAPITAL CASE AND FOR AFFIRMATIVE RELIEF**

On December 16, 2020, Defendant Michael Miske ("Mr. Miske") filed a Motion for an Order Prohibiting the Bureau of Prisons from Taking Actions that Interfere with Defendant Michael Miske's Right to the Effective Assistance of Counsel in a Capital Case, and for Affirmative Relief to Ensure that this Right is Respected and Implemented (the "Motion").  ECF No. 186.  The Motion seeks an Order:  (1) prohibiting the Bureau of Prisons from taking actions that interfere with Mr. Miske's right to the effective assistance of counsel in a capital case; (2) directing the Bureau of Prisons to allow contact visits at all reasonable hours between Mr. Miske and members of his defense team; (3) directing the Bureau of

Prisons to allow confidential phone calls at all reasonable hours between Mr. Miske and learned counsel and/or his mitigation investigator; and (4) directing the Bureau of Prisons to either allow Mr. Miske to have a hard drive containing discovery and defense work product and greater access to computers at the Federal Detention Center Honolulu ("FDC Honolulu") with word processing capability, or allow him to have unrestricted access to a non-internet connected computer tablet or laptop containing the discovery and word processing capability.  ECF No. 186 at 2-3.  Alternatively, the Motion asks the Court to direct the United States Marshal to facilitate Mr. Miske's access to his defense team by bringing him to the United States Courthouse in this District as frequently as necessary to ensure his adequate access to counsel.  *Id.*

Upon receipt of the Motion, the Court:  (1) directed counsel for Mr. Miske, the United States of America ("the Government"), and independent counsel for FDC Honolulu, along with its Warden, to meet and confer in an effort to resolve or limit the issues raised in the Motion; (2) set a December 31, 2020 deadline for a written response by the Government and separate written response by FDC Honolulu; and (3) set a January 6, 2021 deadline for any reply by Mr. Miske.  ECF No. 187.

The Government submitted a single response on its behalf and FDC Honolulu on December 28, 2020 ("Combined Response").  ECF 190.   Beyond

asserting disagreements with facts asserted in the Motion, the Combined Response does not oppose the relief sought by the Motion or contest this Court's jurisdiction to grant such relief. *Id.* Mr. Miske submitted his reply on January 4, 2021. ECF No. 191.

The Court held a video teleconference hearing on the Motion on January 12, 2021. Mark Inciong, Esq., appeared on behalf of the Government. Michael Burt, Esq., Thomas Otake, Esq., and Lynn Panagakos, Esq., appeared on behalf of Mr. Miske. Associate Warden Ann Elizabeth Card and Timothy Rodrigues, Esq., appeared telephonically for FDC Honolulu.[1]

## **DISCUSSION**

The Court has limited authority to direct the daily management of detention facilities. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Judicial

---

[1] In the Combined Response, Ms. Card submitted a declaration asserting that: "In this case, as with all criminal and civil matters, BOP is represented by the Assistant U.S. Attorneys on the matter. The FDC does not have its own litigating authority and FDC counsel is unable to independently represent the FDC in matters before the Court." ECF No. 190-1 at 6. FDC Honolulu did not, however, have representation from the United States Attorney's Office at the hearing. Accordingly, the Court permitted both Ms. Card and Mr. Rodrigues to speak on behalf of FDC Honolulu.

deference is generally accorded to prison administrators because the administrator will typically have a better grasp of her domain than the court, and also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial. *Id.*

Nevertheless, 18 U.S.C. § 3142(i)(3) requires that for any detained defendant, the judicial officer "shall . . . direct that the person be afforded reasonable opportunity for private consultation with counsel[.]" The Court's Order of Detention Pending Trial incorporates this statutory mandate. *See* ECF No. 150 at 3 ("The defendant must be afforded a reasonable opportunity for private consultation with defense counsel."). "Section 3142(i)(3) is designed to protect a defendant's Sixth Amendment right to counsel, and if that right is being infringed, [the judge] has the statutory authority to protect [the defendant's] access to counsel." *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995).

Although neither the plain text of the section nor the extensive legislative history of the Bail Reform Act of 1984 provide guidance as to the parameters of "reasonable opportunity for private consultation," 18 U.S.C. § 3005 is instructive in this capital case. Section 3005 requires FDC Honolulu to allow Mr. Miske to make his full defense by counsel and have free access to that counsel at all reasonable hours:

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the

> defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases, and who shall have free access to the accused at all reasonable hours.

18 U.S.C. § 3005.  This statute contains no exceptions.  When the government seeks capital punishment, there is no carveout that permits a detention center to deviate from providing the defendant and his counsel free access to each other at all reasonable hours.  Logistical challenges, pandemic issues, or disciplinary sanctions – each of which the Combined Response emphasizes – do not provide a basis to provide Mr. Miske anything less.  The Combined Response provides the Court with no authority for FDC Honolulu to avoid the statutory requirements thrust upon it as long as Mr. Miske remains (i) detained and (ii) subject to capital punishment.

When a defendant's life is at stake, the Court should be particularly sensitive to insure that every safeguard is observed.  *Gregg v. Georgia*, 428 U.S. 153, 187 (1976).  "[I]n capital cases especially, Courts should be extremely careful how they interfere with any of the chances of life, in favour of the prisoner."  *United States v. Perez*, 22 U.S. 579, 580 (1824).  Thus, the Court must be vigilant in protecting Mr. Miske's right to adequate assistance of counsel and meaningful access to the Court.

Seeking to protect those rights, the well-supported Motion asks the Court to enter an Order:  (1) prohibiting the Bureau of Prisons from taking actions that

5

interfere with Mr. Miske's right to the effective assistance of counsel in a capital case; (2) directing the Bureau of Prisons to allow contact visits at all reasonable hours between Mr. Miske and members of his defense team; (3) directing the Bureau of Prisons to allow confidential phone calls at all reasonable hours between Mr. Miske and learned counsel and/or his mitigation investigator; and (4) directing the Bureau of Prisons to allow Mr. Miske to have a hard drive containing the discovery and defense work product in this case and greater access to FDC Honolulu's computers with word processing capability to allow him to review that discovery and document his review for counsel, or alternatively to permit Mr. Miske access to a non-internet connected computer tablet or laptop with word processing capability, containing the discovery.  ECF No. 186-2 at 25-26.  In the face of this Motion, the Combined Response offers explanations for restricting Mr. Miske's access to date, but it does not ultimately oppose the relief sought or explain how these restrictions can survive given the plain language of 18 U.S.C. § 3005.

Although the parties nearly reached an agreement to resolve these issues, they have not yet done so.  Under the circumstances, for a number of reasons, the Court agrees with the relief sought by the Motion as reasonable and necessary to ensure Mr. Miske's access to counsel and the Court while he is detained and subject to capital punishment.  First, it is axiomatic that the Bureau of Prisons

should not interfere with Mr. Miske's right to effective assistance of counsel. Second, the Court finds that contact visits are reasonable and necessary to ensure counsel's free and adequate access to Mr. Miske, even when Mr. Miske is housed in the Special Housing Unit. Third, confidential phone calls at all reasonable hours between Mr. Miske and learned counsel and/or his mitigation investigator are particularly necessary and appropriate during a pandemic when those individuals cannot meet with Mr. Miske face to face. Lastly, in such a complex, document intensive case (as set forth further below), the Court finds that it is necessary and appropriate to provide Mr. Miske access to electronic discovery and word processing capability so that he can effectively document for counsel his review and analysis of discovery.

The Court notes that, as argued by Mr. Miske and not addressed in the Combined Response, the Joint Electronic Technology Working Group ("the Working Group") (consisting of magistrate judges, federal prosecutors, defense attorneys, and Bureau of Prisons and U.S. Marshal officials charged with developing best practices for the management of digital discovery) found in 2016, that facilities housing pretrial detainees needed to transition to e-discovery review given that most discovery was now electronic:

> Most information is now created, stored, and processed electronically, and most discovery in federal criminal cases is now in digital format. But most facilities that house federal pretrial detainees remain structured to enable detainees to

7

> review paper discovery, not digital discovery. With proper safeguards, we believe that the provision of e-discovery to pretrial detainees—inevitable in any event—will also result in greater efficiency, reduced delay, and cost savings for the entire criminal justice system. We believe that facilities must necessarily transition to enabling pretrial detainees to review e-discovery[.]

Joint Electronic Technology Working Group, *Guidance for the Provision of ESI to Detainees*, at 1 (October 25, 2016), https://www.justice.gov/archives/dag/page/file/913241/download.

    The Working Group cited the need for detained defendants to have adequate access to e-discovery "in a workable and collaborative manner", *id.* at 2, which because of the nature and quantity of discovery in this case, necessarily includes Mr. Miske's ability to safely, effectively and efficiently take voluminous notes. The Working Group made suggestions for purchasing inexpensive laptops with substantial storage, word processing capability, and no internet access. *Id.* at 8, 11-19. This option is exactly what the Motion offers to provide to Mr. Miske, to be secured by FDC Honolulu to address security concerns. ECF No. 186-2 at 18-19. Ms. Card expressed concern over this solution at the hearing but offered no other viable options.

    The Court does not make these decisions lightly. This is a complicated, 22-count superseding indictment charging ten of eleven defendants with participating in a racketeering conspiracy headed by Mr. Miske. The Government asserts that

the racketeering conspiracy included a wide variety of criminal activities over a period of more than two decades, including acts involving murder, kidnapping, arson, and robbery; and acts relating to murder-for-hire, chemical weapons, extortionate credit transactions, racketeering, interference with commerce, robbery, extortion, drug trafficking, wire fraud, fraud in connection with identification documents, financial institution fraud, the Currency and Foreign Transactions Reporting Act, money laundering, and obstruction of justice. *See* ECF No. 131, at 2-3, Motion to Declare Case Complex Under 18 U.S.C. § 3161(h)(7) and to Continue Trial. As explained by the Government, the amount of discovery for Mr. Miske and his defense team to review is significant:

> The evidence in this matter is voluminous. It includes (i) court-authorized Title III wiretap interceptions of wire and electronic communications, which captured pertinent communications; (ii) forensic extractions of multiple cellular telephones; (iii) audio and video recordings from controlled purchases of drugs; (iv) the results of search warrants at physical locations; (v) the results of search warrants on social media accounts; (vi) the laboratory testing of controlled substances; (vii) the pen register and trap and trace toll records of numerous phones; (viii) cooperating sources and cooperating witnesses; and (ix) physical surveillance that law enforcement conducted in coordination with the Title III wiretap interceptions and during controlled purchases of drugs, among other things. The discovery also includes voluminous financial and business records that contain personal identifying information and other sensitive data.

*Id.* at 4-5. According to the Motion, Discovery Production # 1 consisted of an 81-page index and a DVD containing 50 gigabytes of electronic information contained

9

in 7,736 files and on approximately 187,000 pages and numerous recordings.  ECF No. 186-2 at 15.  Discovery Production # 2 consisted of 404 gigabytes of data in 154,551 files, as well as 32 discs of recordings and other data.  *Id*.  The Motion asserts that "much more discovery is anticipated" and offers that one gigabyte of data "is enough paper to fill a small truck."  *Id*.  The Combined Response does not dispute this.

Although this substantial amount of discovery alone might not ordinarily warrant the relief sought, given that Mr. Miske is subject to capital punishment, the Court finds the relief sought appropriate.  Mr. Miske's right to assist in his defense is a corollary of his right to counsel.  Accordingly, and given the record before the Court on the Motion, the Court orders as follows:

(1) FDC Honolulu and the Bureau of Prisons are prohibited from taking actions that interfere with Mr. Miske's right to the effective assistance of counsel in this capital case;

(2) FDC Honolulu and the Bureau of Prisons shall allow contact visits at all reasonable hours between Mr. Miske and members of his defense team;

(3) FDC Honolulu and the Bureau of Prisons shall allow confidential phone calls at all reasonable hours between Mr. Miske and learned counsel and/or his mitigation investigator; and

(4)     FDC Honolulu and the Bureau of Prisons shall allow Mr. Miske to have a hard drive containing the discovery and defense work product in this case and access for up to eight hours per day to FDC Honolulu's computers with word processing capability in order to allow him to review that discovery and document his review for counsel.  Alternatively, FDC Honolulu and the Bureau of Prisons shall allow Mr. Miske, for the same purpose, to have access to a non-internet connected computer tablet or laptop with word processing capability, containing the discovery, for up to eight hours per day.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 15, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

1:19-cr-00099-DKW-KJM; *United States of America v. Miske*; ORDER GRANTING DEFENDANT MICHAEL MISKE'S MOTION FOR AN ORDER PROHIBITING BUREAU OF PRISONS FROM TAKING ACTIONS THAT INTERFERE WITH DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN A CAPITAL CASE AND FOR AFFIRMATIVE RELIEF