IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 19-00099-DKW |
| | ) |
| Plaintiff, | ) CONSENT ORDER |
| | ) MODIFYING RESTRAINING |
| vs. | ) ORDER FOR AN ASSET |
| | ) SUBJECT TO FORFEITURE |
| MICHAEL J. MISKE, JR., | ) (ECF. NO. 17) AND FOR |
| aka "Bro," et al., | ) INTERLOCUTORY SALE |
| | ) |
| Defendants. | ) |
| | ) |

**CONSENT ORDER MODIFYING RESTRAINING ORDER FOR AN
ASSET SUBJECT TO FORFEITURE (ECF. NO. 17)
AND FOR INTERLOCUTORY SALE**

Having considered the Government's Motion to Modify Restraining Order for an Asset Subject to Forfeiture (ECF No. 17) and for Interlocutory Sale, and pursuant Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the Court finds and rules as follows:

1. On June 18, 2020, a federal grand jury sitting in the District of Hawaii returned a multi-count superseding indictment against Michael J. Miske, Jr., and ten others (ECF No. 3) ("Indictment"). In Count 1 of the Indictment, Defendant Miske and nine of his codefendants are charged with, from at least in or about the late 1990s to the date of the Indictment, willfully and knowingly conspiring with each other to violate the racketeering laws of the United States, namely, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly

and indirectly, in the conduct of the affairs of the Miske Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5). The Indictment contained 21 other counts charging Defendant Miske and others with such crimes as murder in aid of racketeering, murder-for-hire conspiracy resulting in death, kidnapping using a facility of interstate commerce resulting in death, carrying and using a firearm during and in relation to a crime of violence, conspiracy to use a chemical weapon, conspiracy to distribute and possess with intent to distribute controlled substances, and bank fraud.

2. The Indictment gave notice that, upon conviction, the United States will seek forfeiture of a number of categories of property, including the defendants' interest in the RICO enterprise and property constituting, or derived from, proceeds obtained directly or indirectly from racketeering activity. The Indictment further alleges that Defendant Miske is the de facto owner of Kama'aina Holdings LLC, and that the company was part of the Miske Enterprise and used to promote the ends of the Miske Enterprise.

3. On July 13, 2020, the Government filed its Ex Parte Application for a Protective Order for an Asset Subject to Forfeiture (ECF No. 16), which alleged that there is probable cause that "The Rachel," a tuna longliner oceangoing fishing

vessel, United States registration number 150716 ("Subject Vessel"), which is registered to Kama'aina Holdings LLC and currently in the custody of the State of Hawaii Department of Transportation Harbors Division, is subject to forfeiture; and which sought a restraining order for the purpose of preserving the availability of the Subject Vessel for forfeiture.

4. On July 13, 2020, the Court granted the Application and issued its Restraining Order for an Asset Subject to Forfeiture (ECF No. 17), which prohibited, inter alia, the transfer or sale of the Subject Vessel without authorization by this Court.

5. The Government, Kama'aina Holdings LLC, and Defendant Miske agree, and the Court finds, that the value of the Subject Vessel will diminish over time as a result of deterioration inherent in its non-use and the accumulation of storage fees and other ongoing expenses disproportionate to its fair market value. This case is not scheduled for trial until September 13, 2021. A third party has made a cash offer of $700,000.00 for the Subject Vessel. The Government, Kama'aina Holdings LLC, and Defendant Miske agree that the offer is consistent with market value and should be accepted, and the Subject Vessel sold at this time. Accordingly, an interlocutory sale of the Subject Vessel would be in the interests of justice.

6. The Government, Kamaʻaina Holdings LLC, and Defendant Miske agree that net proceeds of the sale should be deposited into the Department of Justice Seized Asset Deposit Fund and retained therein pending further order of this Court.

7. The Government, Kamaʻaina Holdings LLC, and Defendant Miske are not aware of any other party who might claim a legal interest in the Subject Vessel.

IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

A. Pursuant Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, Kamaʻaina Holdings LLC and Defendant Miske shall sell the Subject Vessel to the buyer known to the Government, Kamaʻaina Holdings LLC, and Defendant Miske for the sum of $700,000 cash.

B. The following shall be paid from the gross proceeds of the sale prior to the deposit of the net proceeds of the sale into the Department of Justice Seized Asset Deposit Fund:

    a. To State of Hawaii Department of Transportation Harbors Division: $7,609.01 in moorage fees and custodian charges accrued through January 26, 2021, minus the remaining deposit of $2,403.50, for a

total of $5,205.51, plus custodian fees and $69.50 per day for moorage imposed by the State of Hawaii after January 26, 2021; and

 b. To Frank Crivello: A commission of $14,000.00 (2% of the sales price) for identifying a buyer for the Subject Vessel, plus $944.67 for an outstanding obligation related to his duties as Captain of the Subject Vessel.

 C. The net proceeds from such sale shall be transmitted to the United States Marshals Service immediately upon the closing of the sale for deposit into the Department of Justice Seized Asset Deposit Fund and retained therein pending further Order of this Court.

 D. The Government, Kamaʻaina Holdings LLC, and Defendant Miske shall execute promptly any documents that are necessary to complete the interlocutory sale of the Subject Vessel, including the transfer of good title to the buyer.

 E. Kamaʻaina Holdings LLC and Defendant Miske will be barred from asserting any claim against the United States of America, its departments and agencies, officers, employees, and agents, in their individual and official capacities, in connection with or arising out of, the interlocutory sale of the Subject Vessel.

F.   The undersigned individuals represent and warrant that they are authorized to consent to the entry of this Consent Order. The undersigned Government signatory represents that he is signing this Consent Order in his official capacity and that he is authorized to sign this Consent Order.

G.   The undersigned individuals further represent that each of them has obtained all consents, approvals, or other acts of any kind required to be obtained or done in order to lawfully consent to the entry of this Consent Order.

H.   Kamaʻaina Holdings LLC represents that it has exclusive ownership of the Subject Vessel, and that the Subject Vessel is not subject to any liens or claims other than the moorage and custodian fees described above.

I.   This Consent Order constitutes the complete agreement between the signatories hereto with respect to the sale of the Subject Vessel on an interlocutory basis and may not be amended except by written consent thereof.

J.   The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Consent Order.

//
//
//
//

IT IS FURTHER ORDERED, that the Restraining Order for an Asset Subject to Forfeiture (ECF No. 17) is hereby modified to permit the foregoing, and that such Order shall be deemed vacated upon the deposit of the net sale proceeds into the Department of Justice Seized Asset Deposit Fund.

AGREED AND CONSENTED TO:

KENJI M. PRICE
United States Attorney

By: _____          Dated: 2/9/21
CRAIG S. NOLAN
Assistant U.S. Attorney


_____               Dated: 2/9/2021
MICHAEL J. MISKE, JR.
Defendant


_____               Dated: 2/2/2021
LYNN PANAGAKOS
Attorney for Defendant
MICHAEL J. MISKE, JR.

KAMAʻAINA HOLDINGS LLC

By: _____          Dated:_____
DELIA-ANNE FABRO, Member & Manager
Authorized Representative


_____               Dated:_____
CHRISTOPHER CANNON
Attorney for KAMAʻAINA HOLDINGS LLC

7

IT IS FURTHER ORDERED, that the Restraining Order for an Asset Subject to Forfeiture (ECF No. 17) is hereby modified to permit the foregoing, and that such Order shall be deemed vacated upon the deposit of the net sale proceeds into the Department of Justice Seized Asset Deposit Fund.

AGREED AND CONSENTED TO:

KENJI M. PRICE
United States Attorney

By: _____  Dated: _____
CRAIG S. NOLAN
Assistant U.S. Attorney


_____  Dated: _____
MICHAEL J. MISKE, JR.
Defendant

*/s/ Lynn E. Panagakos*  Dated: 2/2/2021
LYNN PANAGAKOS
Attorney for Defendant
MICHAEL J. MISKE, JR.

KAMA'AINA HOLDINGS LLC
By: */s/ Delia Fabro*  Dated: 2/3/2021
DELIA-ANNE FABRO, Member & Manager
Authorized Representative

*/s/ Christopher Cannon*  Dated: 2/3/21
CHRISTOPHER CANNON
Attorney for KAMA'AINA HOLDINGS LLC

7a

SO ORDERED this 10th day of February, 2021, at Honolulu, Hawaii.



Kenneth J. Mansfield
United States Magistrate Judge

United States v. Michael J. Miske, Jr., et al.; Crim. No. 19-00099-DKW; "Consent Order Modifying Restraining Order for an Asset Subject to Forfeiture (ECF No. 17) and for Interlocutory Sale"