JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG CA BAR #163443
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Michael.Nammar@usdoj.gov
Micah.Smith@usdoj.gov
Mark.Inciong@usdog.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. MISKE, JR., (01)<br>JOHN B. STANCIL, (02)<br>KAULANA FREITAS, (03)<br>LANCE L. BERMUDEZ, (04)<br>DAE HAN MOON, (05)<br>PRESTON M. KIMOTO, (06)<br>MICHAEL J. BUNTENBAH, (07)<br>HARRY K. KAUHI, (08)<br>JARRIN K. YOUNG, (11)<br><br>Defendants. | CR. NO. 19-00099 DKW<br><br>ORDER CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>OLD TRIAL DATE: September 13, 2021<br>NEW TRIAL DATE: March 21, 2022 |

ORDER CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT

The parties' joint Motion to Continue Trial is granted and, based upon the reasons below, the Court finds there is good cause to exclude time under the Speedy Trial Act.

Counsel for the moving defendants have indicated they have moved to continue the current trial date in this matter because they need additional time to review discovery, consider and file possible pretrial motions, confer with and competently advise their clients, and prepare for the trial itself. The Court finds their request is reasonable in light of the nature of the charges in this case and the scope of discovery.

As the government previously explained in its motion to declare the case as complex (*ECF No. 131*), this case involves defendants who are collectively charged with racketeering conspiracy, various acts of violence, chemical weapon attacks, firearms offenses, drug trafficking, and bank fraud. The racketeering conspiracy is alleged to have included a wide variety of criminal activities, ranging from acts involving murder, kidnapping, and arson to wire fraud, fraud in connection with identification documents, and obstruction of justice. The evidence includes (i) court-authorized Title III wiretap interceptions of wire and electronic communications, which captured pertinent communications; (ii) forensic extractions of multiple cellular telephones; (iii) audio and video recordings from controlled purchases of drugs; (iv) the results of search warrants at physical

locations; (v) the results of search warrants on social media accounts; (vi) the laboratory testing of controlled substances; (vii) the pen register and trap and trace toll records of numerous phones; (viii) cooperating sources and cooperating witnesses; and (ix) physical surveillance that law enforcement conducted in coordination with the Title III wiretap interceptions and during controlled purchases of drugs, among other things. Accordingly, this Court granted the Government's motion to declare this matter complex on August 14, 2020. (*ECF 148.)*

The Court further finds that discovery in this matter is voluminous, including financial and business records, and that the Government is continuing to produce additional discovery to the defendants.

In addition, counsel for Defendant Michael J. Miske, Jr., are continuing to prepare their written death penalty mitigation submission. The U.S. Attorney's Office has already submitted its recommendation regarding the death penalty and is awaiting a decision from the Attorney General of the United States. The pendency of this process is an additional reason supporting a continuance of the trial date.

The Speedy Trial Act provides that certain periods of delay in the proceeding to trial "shall be excluded in computing the time within which . . . the trial of any such offense must commence." 18 U.S.C. § 3161(h). One appropriate

basis for the exclusion of time is an "ends of justice" continuance—that is, a continuance based on a judge's finding that "the ends of justice outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). The Speedy Trial Act provides that a judge should consider, among other things, the following factors in determining whether to grant an "ends of justice" continuance: (i) whether "the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;" (ii) whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section;" and (iii) whether "the failure to grant such a continuance . . . would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(i)-(iv).

The Court finds that, in light of the number of defendants involved and the complex nature of this prosecution, "the ends of justice served" by granting this motion "outweigh the best interest of the public and the defendant(s) in a speedy

trial." 18 U.S.C. § 3161(h)(7)(A). A failure to grant the motion to continue trial would likely result in a miscarriage of justice. Given the number of defendants and the amount of discovery in this case, it would be unreasonable to expect counsel for the moving defendants to be adequately prepared for pretrial proceedings or for the trial itself based on the present trial date of September 13, 2021. Failure to grant the requested continuance would, therefore, deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court further finds that this reasonable period of delay is also excludable as to Defendant Buntenbah and Defendant Young over their objections. *18 U.S.C. § 3161(h)(6).*

For all the above reasons, IT IS HEREBY ORDERED:

(1) the jury selection and trial are set for March 21, 2022 at 8:30 a.m., before the Honorable Derrick K. Watson;

(2) the final pretrial conference is set for February 22, 2022 at 9:30 a.m., before the Honorable Kenneth J. Mansfield;

(3) defense motions are due on February 7, 2022, and the government's responses are due on February 22, 2022.

IT IS FURTHER ORDERED that the period of time from September 13, 2021 to and including March 21, 2022, constitutes a period of delay which shall be

excluded in computing the time within which the trial in this case must commence pursuant to the Speedy Trial Act, 18 U.S.C. " 3161(h)(7)(A), (h)(7)(B), and (h)(6).

DATED: June 28, 2021, at Honolulu, Hawaii.




Kenneth J. Mansfield
United States Magistrate Judge

UNITED STATES v. MICHAEL J. MISKE, JR, ET AL.
Cr. No. 19-00099 DKW
"Order Continuing Trial Date and Excluding Time Under the Speedy Trial Act"