**ORIGINAL**

SEALED
BY ORDER OF THE COURT

**WARNING:**   **THIS IS A SEALED DOCUMENT CONTAINING NON-PUBLIC INFORMATION**

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:  Michael.Nammar@usdoj.gov
          Micah.Smith@usdoj.gov
          Mark.Inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 15 2021

at   4   o'clock and   30   min. P  M
MICHELLE RYNNE, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00099-DKW |
| | ) | |
| Plaintiff, | ) | SEALED SECOND SUPERSEDING |
| | ) | INDICTMENT |
| vs. | ) | |
| | ) | [18 U.S.C. §§ 229(a)(1), 229(a)(2), |
| MICHAEL J. MISKE, JR.,   (01) | ) | 924(c)(1)(A), 1201(a)(1), 1201(c), |
| aka "Bro," | ) | 1344(2), 1951, 1958, 1959(a)(1), |
| JOHN B. STANCIL,   (02) | ) | 1959(a)(5), 1959(a)(6), 1962(d), and 21 |
| DELIA FABRO-MISKE,   (03) 12 ) | | U.S.C. § 846] |

JASON K. YOKOYAMA,              (04) 13 )
KAULANA FREITAS,               (05) 3 )
   aka "Shorty,"                         )
LANCE L. BERMUDEZ,             (06) 4 )
   aka "Hammah,"                         )
DAE HAN MOON,                  (07) 5 )
   aka "Dayday,"                         )
PRESTON M. KIMOTO,             (08) 6 )
MICHAEL J. BUNTENBAH,          (09) 7 )
   aka "Mike B,"                         )
HARRY K. KAUHI,               (10) 8 )
   aka "Harry Boy," and                  )
JARRIN K. YOUNG,               (11) )
                                    )
      Defendants.                        )
_____     )
                                    )

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### Count 1
#### Racketeering Conspiracy
#### (18 U.S.C. § 1962(d))

### Overview of the Miske Enterprise

   1.    At all times relevant to this Second Superseding Indictment,

MICHAEL J. MISKE, JR., aka "Bro," JOHN B. STANCIL, DELIA FABRO-

MISKE, JASON K. YOKOYAMA, KAULANA FREITAS, aka "Shorty," LANCE

L. BERMUDEZ, aka "Hammah," DAE HAN MOON, aka "Dayday," PRESTON

M. KIMOTO, HARRY K. KAUHI, aka "Harry Boy," and JARRIN K. YOUNG,

the defendants, and others known and unknown, were members and associates of a criminal organization (hereinafter the "Miske Enterprise"). Members and associates of the Miske Enterprise operated principally under the direction and protection of MISKE, who used his power over members and associates of the Miske Enterprise, his reputation for violence in the community, and the various corporate entities under his control to enrich the members and associates of the Miske Enterprise and to protect their criminal activities.

2.     Among the corporate entities that were part of the Miske Enterprise and used to promote the ends of the Miske Enterprise was a company named Kamaʻaina Termite and Pest Control Inc., or "KTPC." KTPC provided some legitimate termite and pest control services, but also served as a headquarters for the planning of criminal activities, the laundering of illicit proceeds, and the fraudulent "employment" of individuals whose "work" consisted of engaging in acts of violence or fraud on behalf of the Miske Enterprise. The unlawful activities of the Miske Enterprise also facilitated KTPC's legitimate business operations: the Miske Enterprise, and its members and associates, used violence and the threat of violence to silence customers who complained about, and business competitors and government regulators who pointed out, KTPC's slipshod service and disregard of applicable rules and regulations. At all times relevant to this Second Superseding

3

Indictment, MICHAEL J. MISKE, JR., aka "Bro," the defendant, was the de facto owner of KTPC, although at different times, the names of other persons were used to conceal or obscure MISKE's control of KTPC.

3.     KTPC, as well as other corporate entities of which MICHAEL J. MISKE, JR., aka "Bro," the defendant, was the de facto owner, were members of the Miske Enteprise. Other corporate entities that were part of the Miske Enterprise and used to promote the ends of the Miske Enterprise included Oahu Termite & Pest Control, Inc., Kamaʻaina Holdings LLC, Hawaii Partners, LLP, Kamaʻaina Plumbing and Home Renovations, Kamaʻaina Energy, LLC (formerly Kamaʻaina Solar Solutions), Makana Pacific Development LLC, and the Encore Nightclub (formerly the M Nightclub).

4.     The Miske Enterprise, including its leadership, membership, and associates, constituted an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals and entities associated in fact. The Miske Enterprise was engaged in, and its activities affected, interstate and foreign commerce. The Miske Enterprise operated within the District of Hawaii and elsewhere and constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Miske Enterprise.

4

## Purposes of the Miske Enterprise

5.      The purposes of the Miske Enterprise included the following:

a.      enriching the members and associates of the Miske Enterprise through, among other things, (i) engaging in business practices that increased the profits of businesses controlled by the Miske Enterprise, but that ran afoul of applicable rules and regulations; (ii) the collection of extensions of credit by extortionate means; (iii) various forms of fraud, including a cash payroll scheme, a false certified payroll scheme, fraudulent change orders, a fraudulent scheme relating to representations about proper licensing, fraudulent fumigation practices, and bank fraud; (iv) employment tax evasion schemes; (v) extortion; (vi) robbery; (vii) narcotics trafficking; (vii) money laundering; and (viii) illegal structuring of cash transactions;

b.      preserving and protecting the power and financial profits of the Miske Enterprise through intimidation, violence, and threats of physical and economic harm;

c.      promoting and enhancing the Miske Enterprise and the activities of its members and associates;

5

d.      placing victims and potential victims in fear of the Miske

Enterprise and its members and associates by (i) causing and threatening to cause

economic harm and (ii) committing and threatening to commit physical violence;

and

e.      protecting the Miske Enterprise and its members and associates

from detection and prosecution by law enforcement authorities through acts of

intimidation and violence against potential witnesses to crimes committed by

members and associates of the Miske Enterprise.

### Means and Methods of the Miske Enterprise

6.      Among the means and methods employed by the members and

associates of the Miske Enterprise in conducting and participating in the conduct of

the affairs of the Miske Enterprise were the following:

a.      To protect and expand the Miske Enterprise's business and

criminal operations, members and associates of the Miske Enterprise committed

acts involving murder and assault against, and threatened and intimidated, persons

who engaged in activity that jeopardized (i) the power and criminal activities of the

Miske Enterprise; (ii) the power of leaders of the Miske Enterprise; and (iii) the

flow of criminal proceeds to the Miske Enterprise.  At times, members and

associates of the Miske Enterprise conducted surveillance, using tracking devices

and other means, of persons they viewed as a threat to the interests of the Miske
Enterprise.

      b.     Members and associates of the Miske Enterprise generated
income for the Miske Enterprise through, among other things, (i) the collection of
extensions of credit by extortionate means; (ii) various forms of fraud, including a
cash payroll scheme, a false certified payroll scheme, fraudulent change orders, a
fraudulent scheme relating to representations about proper licensing, fraudulent
fumigation practices, and bank fraud; (iii) employment tax evasion schemes; (iv)
extortion; (v) robbery; (vi) narcotics trafficking; (vii) money laundering; and (viii)
illegal structuring of cash transactions.

      c.     Members and associates of the Miske Enterprise also generated
income for the Enterprise through, among other things, business practices that
increased the profits of businesses controlled by the Miske Enterprise, but that ran
afoul of applicable rules and regulations.   Among other things, members and
associates of the Miske Enterprise committed and facilitated violations of the
Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), Title 7, United States
Code, Section 136, by using Vikane, chloropicrin, and other regulated pesticides
and chemicals in a manner inconsistent with their labeling.   At certain times, when
the Hawaii Department of Agriculture inquired into possible violations of FIFRA,

7

members and associates of the Miske Enterprise used false writings and statements, and other fraudulent means, to impair, impede, and frustrate these inquiries.

d.    Members and associates of the Miske Enterprise obtained, possessed, and used firearms.

e.    Members and associates of the Miske Enterprise used various techniques to avoid law enforcement scrutiny of the Miske Enterprise's criminal activities.  Among other things, members and associates of the Miske Enterprise used multiple cellular telephones for the discussion of particular criminal activities, used encrypted communication applications and devices when discussing criminal activities in an effort to thwart potential law enforcement eavesdropping, attempted to thwart potential law enforcement eavesdropping by engaging in "in-person" meetings to discuss criminal activities, and falsified records and made false representations to both law enforcement and regulatory agencies.

f.    Members and associates of the Miske Enterprise committed acts of intimidation and made threats as a means of deterring and punishing any potential witnesses to their crimes and in connection with protecting the Miske Enterprise and its members and associates from detection and prosecution by law enforcement authorities.

8

The Racketeering Conspiracy

7.     From a precise date unknown, but by at least in or about the late 1990s, up to and including in or about June 2020, within the District of Hawaii and elsewhere, MICHAEL J. MISKE, JR., aka "Bro," JOHN B. STANCIL, DELIA FABRO-MISKE, JASON K. YOKOYAMA, KAULANA FREITAS, aka "Shorty," LANCE L. BERMUDEZ, aka "Hammah," DAE HAN MOON, aka "Dayday," PRESTON M. KIMOTO, HARRY K. KAUHI, aka "Harry Boy," and JARRIN K. YOUNG, the defendants, and others known and unknown, being persons employed by and associated with the Miske Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, namely, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Miske Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple:

a.     acts involving murder, in violation of Hawaii Revised Statutes §§ 707-701, 707-701.5, 705-500, 705-501, 705-510, and 705-520;

9

b.      acts involving kidnapping, in violation of Hawaii Revised

Statutes §§ 707-720, 705-500, 705-501, 705-510, and 705-520;

c.      acts involving arson, in violation of Hawaii Revised Statutes

§§ 708-8251, 708-8252, 708-8253, 705-500, 705-501, and 705-520;

d.      acts involving robbery, in violation of Hawaii Revised Statutes

§§ 708-840, 708-841, 705-500, 705-501, and 705-520;

e.      acts indictable under Title 18, United States Code, Section 1958

(relating to use of interstate commerce facilities in the commission of murder-for-

hire);

f.      acts indictable under Title 18, United States Code, Section 229

(relating to chemical weapons);

g.      acts indictable under Title 18, United States Code, Section 894

(relating to extortionate credit transactions);

h.      acts indictable under Title 18, United States Code, Section 1952

(relating to racketeering);

i.      acts indictable under Title 18, United States Code, Section 1951

(relating to interference with commerce, robbery, or extortion);

j.      offenses involving the felonious trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841, 843, and 846;

k.      acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud);

l.      acts indictable under Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents);

m.      acts indictable under Title 18, United States Code, Section 1344 (relating to financial institution fraud);

n.      acts indictable under the Currency and Foreign Transactions Reporting Act, in violation of Title 31, United States Code, Section 5324;

o.      acts indictable under Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments);

p.      acts indictable under Title 18, United States Code, Section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity);

q.      acts indictable under Title 18, United States Code, Section 1503 (relating to obstruction of justice); and

r.      acts indictable under Title 18, United States Code, Section 1512

(relating to tampering with a witness, victim, or an informant).

8.      It was a part of the conspiracy that MICHAEL J. MISKE, JR., aka

"Bro," JOHN B. STANCIL, DELIA FABRO-MISKE, JASON K. YOKOYAMA,

KAULANA FREITAS, aka "Shorty," LANCE L. BERMUDEZ, aka "Hammah,"

DAE HAN MOON, aka "Dayday," PRESTON M. KIMOTO, HARRY K.

KAUHI, aka "Harry Boy," and JARRIN K. YOUNG, the defendants, each agreed

that a conspirator would commit at least two acts of racketeering in the conduct of

the affairs of the Miske Enterprise.

<u>Special Sentencing Factors</u>

9.      On or about July 30, 2016, within the District of Hawaii, MICHAEL

J. MISKE, JR., aka "Bro," the defendant, and others known and unknown, did

murder, that is, intentionally and knowingly cause the death of Johnathan Fraser, in

violation of Hawaii Revised Statutes § 707-701.5, and did aid and abet the same.

10.     In or about 2016, within the District of Hawaii, MICHAEL J. MISKE,

JR., aka "Bro," JOHN B. STANCIL, and DAE HAN MOON, aka "Dayday," the

defendants, did attempt to murder, that is, intentionally and knowingly attempt to

cause the death of another person ("Victim-1"), in violation of Hawaii Revised

Statutes §§ 707-701.5, 705-500, and 705-501, and did aid and abet the same.

12

11.     On or about May 23, 2017, within the District of Hawaii, MICHAEL

J. MISKE, JR., aka "Bro," and JOHN B. STANCIL, the defendants, did attempt to

murder, that is, intentionally and knowingly attempt to cause the death of another

person ("Victim-2"), in violation of Hawaii Revised Statutes §§ 707-701.5, 705-

500, and 705-501, and did aid and abet the same.

12.     From a precise date unknown, but by at least July 2014, and

continuing to on or about July 22, 2014, within the District of Hawaii and

elsewhere, MICHAEL J. MISKE, JR., aka "Bro," the defendant, did knowingly

and intentionally combine, conspire, confederate, and agree with other persons

known and unknown, to distribute and possess with intent to distribute 5 kilograms

or more of a mixture or substance containing a detectable amount of cocaine, its

salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled

substance, in violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(A), and 846.

13.     From a precise date unknown, but by at least in or about 2016, and

continuing to at least in or about August 2018, within the District of Hawaii and

elsewhere, MICHAEL J. MISKE, JR., aka "Bro," JOHN B. STANCIL, DAE HAN

MOON, aka "Dayday," PRESTON M. KIMOTO, and JARRIN K. YOUNG, the

defendants, did knowingly and intentionally combine, conspire, confederate, and

13

agree with each other and other persons known and unknown, to distribute and possess with intent to distribute controlled substances, namely: (1) 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); and (2) five kilograms or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

All in violation of Title 18, United States Code, Section 1962(d).


## Count 2
### Murder in Aid of Racketeering
### (18 U.S.C. § 1959(a)(1))

14.    At all times relevant to this Second Superseding Indictment, the Miske Enterprise, as more fully described in paragraphs 1 through 6, which are realleged and incorporated as though fully set forth herein, including its leadership, membership, and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals and entities associated in fact that was engaged in, and the activities of which affected,

14

interstate and foreign commerce.  The Miske Enterprise constituted an ongoing

organization whose members functioned as a continuing unit for a common

purpose of achieving the objectives of the Enterprise.

15.     At all times relevant to this Second Superseding Indictment, the

Miske Enterprise, through its members and associates, engaged in racketeering

activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and

1961(1), that is, acts involving murder, kidnapping, arson, and robbery, that are

chargeable under Hawaii Revised Statutes and punishable by imprisonment for

more than one year, acts indictable under Title 18, United States Code, Sections

1958 (relating to use of interstate commerce facilities in the commission of

murder-for-hire), 229 (relating to chemical weapons), 894 (relating to extortionate

credit transactions), 1952 (relating to racketeering), 1951 (relating to interference

with commerce, robbery, or extortion), 1343 (relating to wire fraud), 1028 (relating

to fraud and related activity in connection with identification documents), 1344

(relating to financial institution fraud), 1956 (relating to the laundering of

monetary instruments), 1957 (relating to engaging in monetary transactions in

property derived from specified unlawful activity), 1503 (relating to obstruction of

justice), and 1512 (relating to tampering with a witness, victim, or an informant),

offenses involving the felonious trafficking of controlled substances, in violation of

15

Title 21, United States Code, Sections 841(a), 843, and 846, and acts indictable under the Currency and Foreign Transactions Reporting Act, in violation of Title 31, United States Code, Section 5324.

16.     On or about July 30, 2016, within the District of Hawaii, for the purpose of maintaining and increasing position in the Miske Enterprise, an enterprise engaged in racketeering activity, MICHAEL J. MISKE, JR., aka "Bro," the defendant, and others known and unknown, did intentionally and knowingly murder Johnathan Fraser, in violation of Hawaii Revised Statutes § 707-701.5, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

Count 3
Conspiracy to Commit Murder in Aid of Racketeering
(18 U.S.C. § 1959(a)(5))

17.     Paragraphs 14 and 15 of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

18.     From a precise date unknown, but by at least in or about March 2016 and continuing to on or about July 30, 2016, within the District of Hawaii, for the purpose of maintaining and increasing position in the Miske Enterprise, an enterprise engaged in racketeering activity, MICHAEL J. MISKE, JR., aka "Bro,"

16

the defendant, and others known and unknown, did willfully, intentionally, and

knowingly combine, conspire, confederate, and agree together and with each other

and others to murder Johnathan Fraser, in violation of Hawaii Revised Statutes

§§ 707-701.5 and 705-520.

All in violation of Title 18, United States Code, Section 1959(a)(5).

Count 4
Murder-for-Hire Conspiracy Resulting in Death
(18 U.S.C. § 1958)

19.    From a precise date unknown, but by at least in or about March 2016

and continuing to on or about July 30, 2016, within the District of Hawaii,

MICHAEL J. MISKE, JR., aka "Bro," the defendant, and others known and

unknown, did willfully and knowingly combine, conspire, confederate, and agree

together and with each other to use and cause another to use a facility of interstate

commerce, with intent that a murder be committed in violation of the laws of a

State, as consideration for the receipt of, and as consideration for a promise and

agreement to pay a thing of pecuniary value, namely, MISKE agreed with others to

pay cash and other things of pecuniary value in exchange for the murder of

Johnathan Fraser, in violation of Hawaii Revised Statutes §§ 707-701 and 707-

701.5, which arrangements depended in part upon communications by cellular

17

telephones operating on interstate networks, and which resulted in the death of

Fraser on or about July 30, 2016.

All in violation of Title 18, United States Code, Section 1958.


Count 5
Kidnapping Using a Facility of
Interstate Commerce Resulting in Death
(18 U.S.C. § 1201(a)(1))

20.     On or about July 30, 2016, within the District of Hawaii, MICHAEL

J. MISKE, JR., aka "Bro," the defendant, did unlawfully and willfully seize,

confine, inveigle, decoy, kidnap, abduct, carry away, and hold for ransom, reward,

and otherwise any person, namely, Johnathan Fraser, and in committing or in

furtherance of the commission of the offense did use a means, facility, and

instrumentality of interstate commerce, that is, cellular telephones operating on

interstate networks, and which resulted in the death of Fraser on or about July 30,

2016, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

//

//

//

//

18

Count 6
Conspiracy to Commit Kidnapping Using
a Facility of Interstate Commerce
(18 U.S.C. § 1201(c))

21.     From a precise date unknown, but by at least in or about March 2016

and continuing to on or about July 30, 2016, within the District of Hawaii,

MICHAEL J. MISKE, JR., aka "Bro," the defendant, and others known and

unknown, did willfully and knowingly combine, conspire, confederate, and agree

together and with each other to unlawfully and willfully seize, confine, inveigle,

decoy, kidnap, abduct, carry away, and hold for ransom, reward, and otherwise

another person, namely, Johnathan Fraser, which conspiracy would and did use a

means, facility, and instrumentality of interstate commerce, that is, cellular

telephones operating on interstate networks.

22.     In furtherance of the conspiracy, and to effect the object thereof, the

following overt acts, among others, were committed within the District of Hawaii:

        a.      In or about March 2016, MICHAEL J. MISKE, JR., aka "Bro,"

the defendant, instructed a co-conspirator not charged herein ("CC-1") to develop a

plan for kidnapping and murdering Johnathan Fraser, and told CC-1 that he/she

could name the price for carrying out the murder.

19

b.     In or about June 2016, MISKE arranged for the purchase of a

Boston Whaler vessel that could be used to dump Fraser's body into the ocean

after Fraser was kidnapped and killed.

All in violation of Title 18, United States Code, Section 1201(c).


Count 7
Murder-for-Hire Conspiracy
(18 U.S.C. § 1958)

23.     In or about 2016, within the District of Hawaii, MICHAEL J. MISKE,

JR., aka "Bro," JOHN B. STANCIL, LANCE L. BERMUDEZ, aka "Hammah,"

DAE HAN MOON, aka "Dayday," and HARRY K. KAUHI, aka "Harry Boy," the

defendants, and others known and unknown, did willfully and knowingly combine,

conspire, confederate, and agree together and with each other to use and cause

another to use a facility of interstate commerce, with intent that a murder be

committed in violation of the laws of a State, as consideration for the receipt of,

and as consideration for a promise and agreement to pay a thing of pecuniary

value, namely, MISKE offered thousands of dollars in payment to STANCIL,

BERMUDEZ, MOON, and KAUHI, in exchange for their agreement to murder, in

violation of Hawaii Revised Statutes §§ 707-701 and 707-701.5, another person,

namely, Victim-1, whom MISKE suspected of cooperating with law enforcement,

20

which arrangements depended in part upon communications by cellular telephones operating on interstate networks.

All in violation of Title 18, United States Code, Section 1958.

## Count 8
### Assault and Attempted Murder in Aid of Racketeering
(18 U.S.C. §§ 1959(a)(3) and 1959(a)(5))

24.      Paragraphs 14 and 15 of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

25.      On or about May 23, 2017, within the District of Hawaii, for the purpose of maintaining and increasing position in the Miske Enterprise, an enterprise engaged in racketeering activity, MICHAEL J. MISKE, JR., aka "Bro," and JOHN B. STANCIL, the defendants, did intentionally and knowingly attempt to murder another person, namely, Victim-2, in violation of Hawaii Revised Statutes §§ 707-701.5, 705-500, and 705-501, and did intentionally and knowingly commit assault with a dangerous weapon of Victim-2, in violation of Hawaii Revised Statutes §§ 707-710 and 707-711, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

21

<u>Count 9</u>
Carrying and Using a Firearm During
and in Relation to a Crime of Violence
(18 U.S.C. § 924(c)(1)(A)(iii))

26.     On or about May 23, 2017, within the District of Hawaii, MICHAEL

J. MISKE, JR., aka "Bro," and JOHN B. STANCIL, the defendants, did knowingly

carry and use at least one firearm during and in relation to a crime of violence for

which they may be prosecuted in a court of the United States, namely, the

attempted murder and assault with a dangerous weapon in aid of racketeering

charged in Count 8 of this Second Superseding Indictment, which firearm was

discharged, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii)

and 2.

<u>Count 10</u>
Conspiracy to Commit Assault in Aid of Racketeering
(18 U.S.C. § 1959(a)(6))

27.     Paragraphs 14 and 15 of this Second Superseding Indictment are

realleged and incorporated by reference as though fully set forth herein.

28.     From a precise date unknown, but by at least in or about the late

1990s and continuing to in or about 2018, within the District of Hawaii, for the

purpose of maintaining and increasing position in the Miske Enterprise, an

22

enterprise engaged in racketeering activity, MICHAEL J. MISKE, JR., aka "Bro,"

JOHN B. STANCIL, and MICHAEL J. BUNTENBAH, aka "Mike B," the

defendants, and others known and unknown, did willfully, intentionally, and

knowingly combine, conspire, confederate, and agree together and with each other

and others to commit assault with a dangerous weapon and assault resulting in

serious bodily injury, in violation of Hawaii Revised Statutes §§ 707-710 and 707-

711.

All in violation of Title 18, United States Code, Section 1959(a)(6).

### Count 11
Conspiracy to Commit Kidnapping Using
a Facility of Interstate Commerce
(18 U.S.C. § 1201(c))

29.     In or about October 2017, within the District of Hawaii, MICHAEL J.

MISKE, JR., aka "Bro," and PRESTON M. KIMOTO, the defendants, and others

known and unknown, did willfully and knowingly combine, conspire, confederate,

and agree together and with each other to unlawfully and willfully seize, confine,

inveigle, decoy, kidnap, abduct, carry away, and hold for ransom, reward, and

otherwise another person ("Victim-3"), which conspiracy would and did use a

means, facility, and instrumentality of interstate commerce, that is, cellular

telephones operating on interstate networks.

23

30.    In furtherance of the conspiracy, and to effect the object thereof, the following overt acts, among others, were committed within the District of Hawaii:

a.    On or about October 17, 2017, two co-conspirators not charged herein (the "CCs"), acting on the instructions of MICHAEL J. MISKE, aka "Bro," the defendant, kidnapped Victim-3 in Honolulu, Hawaii and restrained him/her in their vehicle.

b.    On or about October 17, 2017, while Victim-3 was restrained, PRESTON M. KIMOTO, the defendant, met with the CCs to discuss the situation.

All in violation of Title 18, United States Code, Section 1201(c).

## Count 12
Conspiracy to Use a Chemical Weapon
(18 U.S.C. § 229(a)(2))

31.    In or about March 2017, within the District of Hawaii, MICHAEL J. MISKE, JR., aka "Bro," JOHN B. STANCIL, and KAULANA FREITAS, aka "Shorty," the defendants, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others known and unknown to knowingly use a chemical weapon, namely, chloropicrin, a toxic chemical that the defendants did not intend to use for a peaceful or other lawful purpose as defined

24

in Title 18, United States Code, Sections 229F(7)(A)-(D), which chemical weapon

the defendants conspired to release into nightclubs in Honolulu, Hawaii.

All in violation of Title 18, United States Code, Sections 229(a)(2) and

229A(a)(1).

Count 13
Use of a Chemical Weapon
(18 U.S.C. §§ 229(a)(1) and 229(a)(2))

32.    On or about March 4, 2017, within the District of Hawaii, MICHAEL

J. MISKE, JR., aka "Bro," JOHN B. STANCIL, and KAULANA FREITAS, aka

"Shorty," the defendants, did knowingly use, and did assist and induce the use of, a

chemical weapon, namely, chloropicrin, a toxic chemical that the defendants did

not intend to use for a peaceful or other lawful purpose as defined in Title 18,

United States Code, Sections 229F(7)(A)-(D), which chemical weapon the

defendants released into a nightclub in Honolulu, Hawaii ("Nightclub-1"), and

assisted and induced the same.

All in violation of Title 18, United States Code, Sections 229(a)(1),

229(a)(2), and 229A(a)(1).

//

//

25

<u>Count 14</u>
Use of a Chemical Weapon
(18 U.S.C. §§ 229(a)(1) and 229(a)(2))

33.     On or about March 5, 2017, within the District of Hawaii, MICHAEL

J. MISKE, JR., aka "Bro," and JOHN B. STANCIL, the defendants, did knowingly

use, and did assist and induce the use of, a chemical weapon, namely, chloropicrin,

a toxic chemical that the defendants did not intend to use for a peaceful or other

lawful purpose as defined in Title 18, United States Code, Sections 229F(7)(A)-

(D), which chemical weapon the defendants released into a nightclub in Honolulu,

Hawaii ("Nightclub-2"), and assisted and induced the same.

All in violation of Title 18, United States Code, Sections 229(a)(1),

229(a)(2), and 229A(a)(1).

<u>Count 15</u>
Conspiracy to Distribute and
Possess With Intent to Distribute Cocaine
(21 U.S.C. § 846)

34.     From a precise date unknown, but by at least July 2014, and

continuing to on or about July 22, 2014, within the District of Hawaii and

elsewhere, MICHAEL J. MISKE, JR., aka "Bro," and MICHAEL J.

BUNTENBAH, aka "Mike B," the defendants, did knowingly and intentionally

combine, conspire, confederate, and agree with each other and other persons

26

known and unknown, to violate the controlled substances laws of the United States.

35.    It was a part and an object of the conspiracy that MICHAEL J. MISKE, JR., aka "Bro," and MICHAEL J. BUNTENBAH, aka "Mike B," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

36.    The controlled substance that MICHAEL J. MISKE, JR., aka "Bro," and MICHAEL J. BUNTENBAH, aka "Mike B," the defendants, conspired to distribute and possess with intent to distribute was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

<u>Count 16</u>
Conspiracy to Distribute and Possess With
Intent to Distribute Controlled Substances
(21 U.S.C. § 846)

37.    From a precise date unknown, but by at least in or about 2016, and continuing to at least in or about August 2018, within the District of Hawaii and

27

elsewhere, MICHAEL J. MISKE, JR., aka "Bro," JOHN B. STANCIL, KAULANA FREITAS, aka "Shorty," LANCE L. BERMUDEZ, aka "Hammah," DAE HAN MOON, aka "Dayday," PRESTON M. KIMOTO, MICHAEL J. BUNTENBAH, aka "Mike B," HARRY K. KAUHI, aka "Harry Boy," and JARRIN K. YOUNG, the defendants, did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons known and unknown, to violate the controlled substances laws of the United States.

38.     It was a part and an object of the conspiracy that MICHAEL J. MISKE, JR., aka "Bro," JOHN B. STANCIL, KAULANA FREITAS, aka "Shorty," LANCE L. BERMUDEZ, aka "Hammah," DAE HAN MOON, aka "Dayday," PRESTON M. KIMOTO, MICHAEL J. BUNTENBAH, aka "Mike B," HARRY K. KAUHI, aka "Harry Boy," and JARRIN K. YOUNG, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute one or more controlled substances in violation of Title 21, United States Code, Section 841(a)(1).

39.     The controlled substances that MICHAEL J. MISKE, JR., aka "Bro," JOHN B. STANCIL, KAULANA FREITAS, aka "Shorty," LANCE L. BERMUDEZ, aka "Hammah," DAE HAN MOON, aka "Dayday," PRESTON M. KIMOTO, MICHAEL J. BUNTENBAH, aka "Mike B," HARRY K. KAUHI, aka

"Harry Boy," and JARRIN K. YOUNG, the defendants, conspired to distribute and possess with intent to distribute were:  (1) 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); (2) five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); (3) a quantity of a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and (4) a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

<u>Count 17</u>
Carrying and Using a Firearm During
and in Relation to a Drug Trafficking Crime
(18 U.S.C. § 924(c)(1)(A)(i))

40.    From a precise date unknown, but by at least in or about 2016, and continuing to at least in or about August 2018, within the District of Hawaii and elsewhere, JOHN B. STANCIL, LANCE L. BERMUDEZ, aka "Hammah,"

HARRY K. KAUHI, aka "Harry Boy," and JARRIN K. YOUNG, the defendants,

did knowingly carry and use at least one firearm during and in relation to a drug

trafficking crime for which they may be prosecuted in a court of the United States,

namely, the drug trafficking conspiracy charged in Count 16 of this Second

Superseding Indictment, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i)

and 2.

### Count 18
### Hobbs Act Robbery
### (18 U.S.C. § 1951)

41.     In or about 2016, within the District of Hawaii and elsewhere, JOHN

B. STANCIL, LANCE L. BERMUDEZ, aka "Hammah," and HARRY K. KAUHI,

aka "Harry Boy," the defendants, and others known and unknown, did knowingly

and intentionally obstruct, delay and affect, and attempt to obstruct, delay and

affect, commerce as that term is defined in Title 18, United States Code, Section

1951, and the movement of articles and commodities in such commerce, by

robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1),

in that STANCIL, BERMUDEZ, KAUHI, and others known and unknown, did

unlawfully take and obtain personal property, that is, methamphetamine, a

30

Schedule II controlled substance, from the person and in the presence of another

person ("Victim-4"), against Victim-4's will by means of actual and threatened

force, violence, and fear of injury, immediate and future, to Victim-4's person, that

is, STANCIL, BERMUDEZ, KAUHI, and others known and unknown, did

commit a gunpoint robbery of Victim-4, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 1951 and 2.


## Count 19
Carrying and Using a Firearm During
and in Relation to a Crime of Violence
(18 U.S.C. § 924(c)(1)(A)(ii))

42.    In or around 2016, within the District of Hawaii, JOHN B. STANCIL,

LANCE L. BERMUDEZ, aka "Hammah," and HARRY K. KAUHI, aka "Harry

Boy," the defendants, and others known and unknown, did knowingly carry and

use at least one firearm during and in relation to a crime of violence for which they

may be prosecuted in a court of the United States, namely, the Hobbs Act robbery

charged in Count 18 of this Second Superseding Indictment, which firearm was

brandished, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii)

and 2.

31

<u>Count 20</u>
Hobbs Act Robbery
(18 U.S.C. § 1951)

43.     On or about August 24, 2016, within the District of Hawaii and

elsewhere, LANCE L. BERMUDEZ, aka "Hammah," the defendant, and others

known and unknown, did knowingly and intentionally obstruct, delay and affect,

and attempt to obstruct, delay and affect, commerce as that term is defined in Title

18, United States Code, Section 1951, and the movement of articles and

commodities in such commerce, by robbery as that term is defined in Title 18,

United States Code, Section 1951(b)(1), in that BERMUDEZ, and others known

and unknown, did unlawfully take and obtain personal property, that is, a

controlled substance, from the person and in the presence of another person

("Victim-5"), against Victim-5's will by means of actual and threatened force,

violence, and fear of injury, immediate and future, to Victim-5's person, that is,

BERMUDEZ, and others known and unknown, did commit a gunpoint robbery of

Victim-5, and aided and abetted the same.

        All in violation of Title 18, United States Code, Sections 1951 and 2.

//

//

//

32

## Count 21
### Carrying and Using a Firearm During
### and in Relation to a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A)(ii))

44.     On or about August 24, 2016, within the District of Hawaii, LANCE

L. BERMUDEZ, aka "Hammah," the defendant, and others known and unknown,

did knowingly carry and use at least one firearm during and in relation to a crime

of violence for which they may be prosecuted in a court of the United States,

namely, the Hobbs Act robbery charged in Count 20 of this Second Superseding

Indictment, which firearm was brandished, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii)

and 2.

## Count 22
### Bank Fraud
### (18 U.S.C. § 1344(2))

45.     From on or about April 21, 2017, up to and including on or about July

3, 2017, within the District of Hawaii, MICHAEL J. MISKE, JR., aka "Bro," and

DELIA FABRO-MISKE, the defendants, did knowingly execute a scheme and

artifice to obtain moneys, funds, credits, and other property owned by, and under

the custody and control of a federally insured financial institution, namely, Bank of

Hawaii, by means of false and fraudulent pretenses, representations, and promises,

33

in that materially false documents were prepared and submitted to Bank of Hawaii as part of loan applications.

All in violation of Title 18, United States Code, Sections 1344(2) and 2.


Notice of Special Findings as to MICHAEL J. MISKE, JR., aka "Bro"

1.      The allegations of Counts 2, 4, and 5 of this Second Superseding Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2.      As to Count 2 of this Second Superseding Indictment, alleging the murder of Johnathan Fraser in aid of racketeering; Count 4 of this Second Superseding Indictment, alleging a murder for hire conspiracy resulting in Johnathan Fraser's death; and Count 5 of this Second Superseding Indictment, alleging a kidnapping resulting in Johnathan Fraser's death, MICHAEL J. MISKE, JR., aka "Bro," the defendant:

            a.      was more than 18 years of age at the time of the offense (Title 18, United States Code, Section 3591(a));

            b.      intentionally killed Johnathan Fraser (Title 18, United States Code, Section 3591(a)(2)(A));

34

c.      intentionally inflicted serious bodily injury that resulted in the

death of Johnathan Fraser (Title 18, United States Code, Section 3591(a)(2)(B));

d.      intentionally participated in an act, contemplating that the life

of a person would be taken or intending that lethal force would be used in

connection with a person, other than a participant in the offense, and Johnathan

Fraser died as a result of the act (Title 18, United States Code,

Section 3591(a)(2)(C));

e.      intentionally and specifically engaged in an act of violence

knowing that the act created a grave risk of death to a person, other than one of the

participants in the offense, such that participation in the act constituted a reckless

disregard for human life and Johnathan Fraser died as a result of the act (Title 18,

United States Code, Section 3591(a)(2)(D));

f.      committed the offense, with the death and injury resulting in

death occurred during the commission and attempted commission of an offense

under Title 18, United States Code, Section 1201 (kidnapping) (Title 18, United

States Code, Section 3592(c)(1));

g.      procured the commission of the offense by payment, and

promise of payment, of something of pecuniary value (Title 18, United States

Code, Section 3592(c)(9)); and

35

h.      committed the offense after substantial planning and premeditation to cause the death of Johnathan Fraser (Title 18, United States Code, Section 3592(c)(9)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

## First Forfeiture Notice

1.      The allegations contained in all paragraphs of Count 1 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 1963.

2.      The United States hereby gives notice to the defendants charged in Count 1 of this Second Superseding Indictment that, upon conviction of the offense charged in Count 1 of this Second Superseding Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 1963, of any interest the defendants have acquired or maintained in violation of Title 18, United States Code, Section 1962; of any interest in; security of; claim against; or property or contractual right of any kind affording a source of influence over; any enterprise which the defendants established, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

any property constituting, or derived from, any proceeds obtained directly or indirectly from racketeering activity in violation of Title 18, United States Code, Section 1962, including but not limited to the following:

a.      The real property located at 6 Lumahai Street, Portlock, Honolulu, Hawaii, being more particularly described as all of that certain parcel of land situated at Maunalua, Honolulu, City and County of Honolulu, State of Hawaii, being Lot H of the Koko Kai 2, Maunalua Bay View Lot Subdivision, Unit 2-C, as shown on File Plan Number 1468, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 38,819 square feet, more or less, and further described as Lot 33, Plat 13, Section 9, Zone 3, in the First Taxation District of the State of Hawaii, Tax Map Key 390130330000;

b.      The real property located at 614 Paokano Loop, Kailua, Hawaii, being more particularly described as that certain parcel of land situated at Kaelepulu, Kailua, District of Koolaupoko, City and County of Honolulu, State of Hawaii, being Lot 99 of the Enchanted Lake Estates, Unit Two, as shown on File Plan Number 652, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 7,500 square feet, more or less, and being the same premises conveyed by deed recorded as Document No. A-45490663, and further described

as Lot 47, Plat 47, Section 2, Zone 4, in the First Taxation District of the State of

Hawaii, Tax Map Key 420470470000; and

c.  The real property located at 559 Kumukahi Place, Hawaii Kai,

Honolulu, Hawaii, being more particularly described as that certain parcel of land

situated at Maunalua, City and County of Honolulu, State of Hawaii, being Lot 26

of the Hahai-Kai Marina, Unit 2-C, as shown on the map thereof filed in the

official records as File Plan No. 1031, and being the same premises conveyed by

warranty deed recorded on February 2, 2001, as Regular System Document No.

2001-015565, and further described as Lot 26, Plat 52, Section 9, Zone 3, in the

First Taxation District of the State of Hawaii, Tax Map Key 390520260000.

3.   If as a result of any act or omission of any defendant, any of the

property subject to forfeiture described in paragraph 2 herein:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be

subdivided without difficulty,

38

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 18, United States Code, Section 1963(m).

## Second Forfeiture Notice

1.      The allegations contained in all paragraphs of Counts 4, 5, 6, 7, 11, 18, 20, and 22 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.      The United States hereby gives notice to the defendants charged in Counts 4, 5, 6, 7, 11, 18, 20, and 22 of this Second Superseding Indictment that, upon conviction of the offenses charged in those counts, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Sections 1201, 1344, 1951, and 1958, alleged in Counts 4, 5, 6, 7, 11, 18, 20, and 22 of this Second Superseding Indictment.

3.      If by any act or omission of the defendant, any of the property subject

39

to forfeiture described in paragraph 2 herein:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## Third Forfeiture Notice

1.    The allegations contained in all paragraphs of Counts 12, 13, and 14 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 229B.

2.    The United States hereby gives notice to the defendants charged in Counts 12, 13, and 14 of this Second Superseding Indictment that, upon conviction

of the offenses charged in those counts, the government will seek forfeiture, in

accordance with Title 18, United States Code, Section 229B, of (1) any property,

real or personal, owned, possessed, or used by a person involved in the offenses

charged in Counts 12, 13, and 14 of this Second Superseding Indictment; (2) any

property constituting, or derived from, and proceeds the person obtained, directly

or indirectly, as the result of the violations of Title 18, United States Code, Section

229 charged in Counts 12, 13, and 14 of this Second Superseding Indictment; and

any property used in any manner or part, to commit, or to facilitate the commission

of, such violations.

      3.     If by any act or omission of the defendant, any of the property subject

to forfeiture described in paragraph 2 herein:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be

              subdivided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property

up to the value of the property described above in paragraph 2, pursuant to Title

41

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 229B(b)(1).

## Fourth Forfeiture Notice

1.      The allegations set forth in Counts 15 and 16 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 21, United States Code, Section 853.

2.      The United States hereby gives notice to the defendants charged in Counts 15 and 16 of this Second Superseding Indictment that, upon conviction of the offenses charged in those counts, the government will seek forfeiture, in accordance with Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses charged in Counts 15 or 16 of this Second Superseding Indictment.

3.      If any of the property described in paragraph 2 above, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

42

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be

divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property up

to the value of the property described above in paragraph 2, pursuant to Title 21,

United States Code, Section 853(p).

## Fifth Forfeiture Notice

1.    The allegations set forth in all counts of this Second Superseding

Indictment are hereby realleged and incorporated by reference for the purpose of

noticing forfeitures pursuant to Title 18, United States Code, Section 924(d), and

Title 28, United States Code, Section 2461(c).

2.    The United States hereby gives notice to the defendants charged in

this Second Superseding Indictment that, upon conviction of the offenses charged

in this Second Superseding Indictment, the government will seek forfeiture, in

accordance with Title 18, United States Code, Section 924(d), of any firearm or

ammunition involved in any knowing violation of Title 18, United States Code,

43

Section 924(c)(1)(A), as charged in Counts 9, 19 and 21 of this Second Superseding Indictment; any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, as charged in all counts of this Second Superseding Indictment; any firearm or ammunition intended to be used in any offense that constitutes a crime of violence as defined in Title 18, United States Code, Section 924(c)(3); and any firearm or ammunition intended to be used in any offense punishable under the Controlled Substances Act, specifically the violations of Title 21, United States Code, Sections 841 and 846, charged in Counts 15 and 16 of this Second Superseding Indictment.

   3.  If any of the property described in paragraph 2 above, as a result of any act or omission of the defendants:

     a.  cannot be located upon the exercise of due diligence;

     b.  has been transferred or sold to, or deposited with, a third party;

     c.  has been placed beyond the jurisdiction of the court;

     d.  has been substantially diminished in value; or

     e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 28, United States

Code, Section 2461(c).

DATED: ___07/15___, 2021, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON, GRAND JURY

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG
Assistant U.S. Attorneys

United States v. Michael J. Miske, Jr., et al.
Second Superseding Indictment
Cr. No. 19-00099-DKW

45