CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Craig.Nolan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 19-00099 DKW |
| Plaintiff, | STIPULATED RESTRAINING ORDER |
| vs. | |
| MICHAEL J. MISKE, JR., aka "Bro," et al., | |
| Defendants. | |

STIPULATED RESTRAINING ORDER

Having considered the United States of America's Stipulated Motion for Restraining Order, and pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), the Court finds and rules as follows:

1. On July 15, 2021, a federal grand jury sitting in the District of Hawaii returned the Second Superseding Indictment ("Indictment") in this matter against Defendant Michael J. Miske, Jr., and ten others. *See* ECF No. 272. In Count 1 of the Indictment, Defendant Miske and ten of his codefendants are charged with, from at least in or about the late 1990s to in or about June 2020, willfully and knowingly conspiring with each other to violate the racketeering laws of the United States, namely Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Miske Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5). The Indictment contained 21 other counts charging Defendant Miske and others with such crimes as murder in aid of racketeering, murder-for-hire conspiracy resulting in death, kidnapping using a facility of interstate commerce resulting in death, carrying and using a firearm during and in relation to a crime of violence, conspiracy to use a chemical weapon, conspiracy to distribute and possess with intent to distribute controlled substances, and bank fraud.

2. The Indictment gave notice that, upon conviction, the United States will seek forfeiture of a number of categories of property, including the defendants' interest in the RICO enterprise and property constituting, or derived from, proceeds obtained directly or indirectly from racketeering activity. Among

the property alleged by the government to be subject to forfeiture is the real property at 559 Kumukahi Place, Honolulu, Hawaii 96825-1105 ("Subject Property"), which was deeded to Defendant Miske on or about December 20, 2019. *See* Stipulated Motion for Restraining Order ("Motion"), Exhibit 1.

    3.    On or about July 15, 2020,[1] the government filed in this Court and with the State of Hawaii Bureau of Conveyances a Notice of Pendency of Action, which described the Subject Property as follows:

> The real property located at 559 Kumukahi Place, Hawaii Kai, Honolulu, Hawaii, being more particularly described as that certain parcel of land situate at Maunalua, City and County of Honolulu, State of Hawaii, being Lot 26 of the Hahai-Kai Marina, Unit 2-C, as shown on the map thereof filed in the official records as File Plan No. 1031, and being the same premises conveyed by warranty deed recorded on February 2, 2001, as Regular System Document No. 2001-015565, and further described as Lot 26, Plat 52, Section 9, Zone 3, in the First Taxation District of the State of Hawaii, Tax Map Key (1) 3-9-052-026-0000, and more fully described in Exhibit "C," which is attached hereto and incorporated by reference herein.

*See* ECF No. 21 (filed July 15, 2020); Motion, Exhibit 2.

    4.    During the course of this prosecution, the government and counsel for Defendant Miske have coordinated with regard to the preservation of assets alleged in the Indictment to be subject to forfeiture. The government and

---

[1] Prior to the filing of the Notice of Pendency of Action, a federal grand jury returned the Superseding Indictment in this matter on June 18, 2020, containing charges against Defendant Miske nearly identical to those charged in the Second Superseding Indictment referenced above and similarly alleging that the Subject Property was subject to forfeiture. *See* ECF No. 3.

3

Defendant Miske agree that a market sale of the Subject Property is in the interests of all parties. As a result, Defendant Miske caused the Subject Property to be listed by a realtor, and the parties anticipate a sale to a third party in early 2022. The government and Defendant Miske agree further that the net proceeds of the sale should be preserved by remitting those proceeds to the United States Marshals Service for deposit into the Department of Justice Seized Asset Deposit Fund pending resolution of the government's forfeiture allegations with respect to the Subject Property or other Order of this Court.

5. The government alleges that probable cause exists that the Subject Property represents property derived from proceeds traceable to an offense constituting specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), namely wire fraud in violation of 18 U.S.C. § 1343, fraud in connection with identification documents in violation of 18 U.S.C. § 1028(a)(7), and other specified unlawful activity; that it is property traceable to property involved in a transaction in violation of 18 U.S.C. § 1957 within the meaning of 18 U.S.C. § 981(a)(1)(A); that it is property traceable to property involved in an offense in violation of 18 U.S.C. § 1957 within the meaning of 18 U.S.C. § 982(a)(1); and, therefore, probable cause also exists that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 982(a)(1).

6. Based upon the information contained in the Indictment and the government's Stipulated Motion for Restraining Order, probable cause may exist that the Subject Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 982(a)(1).

7. The Court further concludes that a restraining order is necessary and appropriate to preserve the availability of the Subject Property and proceeds from any sale of the Subject Property for forfeiture.

IT IS, THEREFORE, HEREBY ORDERED, pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), that Defendant Miske, the escrow agent for any sale of the Subject Property, all agents, servants, employees, attorneys, and associates of Defendant Miske and/or any such escrow agent, and any other person or entity that comes into possession or control of the net proceeds[2] of any sale of the Subject Property, shall remit within 14 days of the closing of such sale the net proceeds to the United States Marshals Service for deposit into the Department of Justice Seized Asset Deposit Fund pending

---

[2] As used herein, the term "net proceeds" means all proceeds of the sale of the Subject Property that would otherwise be payable to the seller of the Subject Property upon closing after payment of customary expenses, such as realtor commissions, lien payoffs, and closing charges.

5

resolution of the government's forfeiture allegations with respect to the Subject Property; and it is further

ORDERED that the aforementioned individuals and entities shall provide the government true and correct copies of (a) any agreement for the sale of the Subject Property within two business days of the execution of such agreement, (b) all draft closing statements at the time of their dissemination to one or more parties to any agreement for the sale of the Subject Property, and (c) the final closing statement and all other final closing paperwork to which the seller of the Subject Property is entitled at the time of their dissemination to the seller directly or through an agent; and it is further

ORDERED that the United States, or its agents, shall serve this Order upon Defendant Miske, and that Defendant Miske, or his agents, shall serve this Order on his realtor and the escrow agent for any sale of the Subject Property; and it is further

ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, by email, or through authorized agents or representatives of the recipients, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court.

STIPULATED TO:

CLARE E. CONNORS
United States Attorney

By _____  1/26/2022
CRAIG S. NOLAN
Assistant U.S. Attorney

_____           Dated: 1-18-22
MICHAEL J. MISKE, JR.
Defendant

_____           Dated: 1/19/2022
LYNN PANAGAKOS
Attorney for Defendant
MICHAEL J. MISKE, JR.

SO ORDERED this __27th__ day of January, 2022.

_____
Kenneth J. Mansfield
United States Magistrate Judge

United States v. Michael J. Miske, Jr. et al.; Cr. No. 19-00099 DKW; "Stipulated Restraining Order"