IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. MISKE, JR., aka "Bro," et al.,<br><br>Defendant.<br>_____<br>IN RE:  CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>Objector.<br>_____ | CR NO. 19-00099 DWK-KJM<br><br><br><br><br><br><br><br><br><br><br>MISC. NO. 22-00008 DKW-KJM |

ORDER DENYING WITHOUT PREJUDICE
DEFENDANT MICHAEL J. MISKE, JR.'S MOTION TO FILE EXHIBITS
"10"–"45" TO FIRST MOTION TO COMPEL DISCOVERY UNDER SEAL

Defendant Michael J. Miske, Jr.'s ("Defendant") Motion to File Exhibits "10"–"45" to First Motion to Compel Discovery Under Seal ("Motion"), filed on December 20, 2021, is before the Court.  ECF No. 447.  The Court, having considered the Motion, the Objection thereto (the "Objection") filed in *In re:  Civil Beat Law Center for the Public Interest*, Misc. No. 22-00008 DKW-KJM ("Misc."), Misc. ECF No. 1, by Civil Beat Law Center for the Public Interest ("Civil Beat"), Defendant's Replies, ECF No. 456 and Misc. ECF No. 4,

applicable law, and being otherwise sufficiently advised, DENIES WITHOUT PREJUDICE the Motion.[1]

## BACKGROUND

I.  The Miske Enterprise

Defendant and co-defendants are alleged to be members and associates of a criminal organization referred to as the "Miske Enterprise." ECF No. 272 at 2–3 (Second Superseding Indictment ¶ 1). The Miske Enterprise allegedly engaged in racketeering activity, which included acts involving murder, kidnapping, arson, and robbery, chargeable under numerous federal and state statutes. *Id*. at 9–12 (Second Superseding Indictment ¶ 7).

---

[1] The Court elected to decide this matter without a hearing pursuant to Rules 12.3 and 57.1(k) of the Criminal Local Rules of Practice for the United States District Court for the District of Hawaii, and Rule 7.2(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

II.     The Protective Order

The Government is obligated to produce discovery to all defendants pursuant to Criminal LR16.1[2] and 18 U.S.C. § 2518(9) (procedure pertaining to the contents of any wire, oral, or electronic communication intercepted).  On August 3, 2020, pursuant to its discovery obligation, the Government sought a protective order to which sealed Government applications and affidavits and court orders authorizing the interception of wire communications, as well as records, reports,

---

[2]  Criminal LR16.1 provides in relevant part:

> The government and the defendant shall make available discovery materials pursuant to Fed. R. Crim. P. 16 and 26.2 and 18 U.S.C. § 3500. . . . Requests for discovery required by Fed. R. Crim. P. 16 are entered for the defendant by this rule so that the defendant need not make any further requests for such discovery. . . . If the defendant does not file such a notice, within seven (7) days after arraignment unless otherwise ordered by the court or promptly upon subsequent discovery, the government shall provide the defendant . . . [(1)] [a]ll discovery required by Fed. R. Crim. P. 16(a); . . . [(2)] Brady material, as it shall be presumed that defendant has made a general *Brady v. Maryland*, 373 U.S. 83 (1963) request. . . . [(4)] [a]ny search warrants and supporting affidavits that resulted in the seizure of evidence that is intended for use by the government as evidence in its case-in-chief at trial or that was obtained from or belongs to the defendant; and [(5)] [a] statement as to whether the defendant was the subject of any electronic eavesdrop, wiretap, or any other communications of wire or oral interception as defined by 18 U.S.C. § 2510, et seq., in the course of the investigation of the case.

and other materials produced would be subject, pursuant to Federal Rule of Criminal Procedure 16(d)(1).[3]  ECF No. 111.

The purpose of the Government's requested protective order is the "protection of the privacy interests of persons, including third parties, who were intercepted in the electronic surveillance but who not have been charged." ECF No. 111 at 3 (Government's Motion for Protective Order ¶ 5).  Protected applications and orders may be disclosed only "upon a showing of good cause before a judge of competent jurisdiction . . . ." 18 U.S.C. § 2518(8)(b).  On August 12, 2020, the Court entered a protective order but disallowed wholesale, blanket authority for any party to file documents that "otherwise disclose[] specially identified sensitive information" under seal without prior Court permission ("Protective Order").  ECF No. 146 at 2.  The Court, instead, required "a properly supported motion to seal in the event any party seeks to file information under seal." *Id*.

---

[3] Rule 16(d)(1) provides, in relevant part:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  The court may permit a party to show good cause by a written statement that the court will inspect ex parte.  If relief is granted, the court must preserve the entire text of the party's statement under seal.

III.   Defendant's Motion and Underlying Motion to Compel Discovery

Pursuant to this Court's Protective Order, Defendant moves to file under seal Exhibits "10"–"45" (the "Subject Exhibits"), attached to an underlying motion to compel the Government to produce discovery ("Motion to Compel").[4]  In the Motion to Compel, Defendant asserts that the Government has failed to produce critical discovery and exculpatory information and has concealed such discovery and information through excessive and unjustified redactions.  ECF No. 450-2 at 1.

Defendant seeks to attach the Subject Exhibits to establish justification for the Court to compel the Government to fulfill its discovery obligation.  Defendant claims that the Government's deficient discovery impedes Defendant's constitutional rights:  his Fifth Amendment right to due process; and his Sixth Amendment rights to a jury trial, to cross-examine Government witnesses, to compel the appearance of witnesses, and to effective assistance of counsel. *Id*. at 1–2.  Defendant, notwithstanding, intends to proceed to trial as scheduled on September 6, 2022. *Id*. at 1.

It follows that before reaching the merits of the Motion to Compel, the Court must decide to what extent, if any, the Subject Exhibits can properly be sealed pursuant to the Protective Order and under the well-settled presumption in favor of

---

[4] Defendant has determined that Exhibits "1"–"9" attached to the Motion to Compel do not implicate interests that warrant sealing.  *See* ECF No. 447-1 at 3 (Declaration of Counsel ("Decl.") ¶ 8).

5

public access to court records and criminal proceedings. *See, e.g.*, *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 604–07 (1982) (discussing the press and general public's constitutional right of access to criminal trials); *U.S. v. Bus. of the Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192–95 (9th Cir. 2011) (discussing the common law right of access to judicial proceedings and records and noting a "strong presumption in favor of access"); *Associated Press v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 705 F.2d 1143, 1145 (9th Cir. 1983) ("the public and press have a first amendment right of access to pretrial documents in general").

Defendant asserts that the Subject Exhibits attached to the Motion to Compel must be filed under seal at this juncture in the criminal proceedings to protect the identities and privacy of possible witnesses. ECF No. 447-1 at 2 (Decl. ¶ 7). Defendant claims that public access to the Subject Exhibits would invite speculation as to the identities of confidential sources and witnesses and the content of information that the Government has concealed through its redactions. *Id*. at 2 (Decl. ¶ 6). Defendant claims that such speculation would result in public scrutiny of these previously unknown witnesses before trial. *Id*. (Decl. ¶ 7). As set forth fully below, the Court finds that, under the circumstances and in light of the presumption in favor of public access to criminal proceedings, Defendant provides no basis to file, en masse, the Subject Exhibits under seal.

DISCUSSION

There are two recognized approaches as to whether to seal or unseal documents. One approach requires the proponent seeking to seal documents to establish "compelling reasons" to overcome the presumption of public access. The other approach requires the proponent to apply the less exacting "good cause" exception that preserves a court's prior decision to shield the public from certain documents through, typically, a protective order. Ninth Circuit precedence focuses on whether the motion at issue associated with the subject documents is "strongly correlative" to the merits of the underlying cause of action. The Court summarizes each approach below.

I.  "Compelling Reasons" Standard

"A criminal defendant has a constitutional right to compulsory process in building a defense." *U.S. v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987) (holding that "criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt")). "At the same time, filings under seal can interfere with open, public access to judicial records and documents." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted)).

"Shrouding the mechanics of a criminal case in secrecy places the public's interest in a transparent judicial system at risk." *Id*. (citing *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 508 (1984) (observing that open criminal proceedings "enhance both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system")).

Public access to judicial records is grounded in common law and the U.S. Constitution. Under the common law analysis, "a 'strong presumption in favor of access' is the starting point." *Bus. of the Custer Battlefield Museum & Store*, 658 F.3d at 1194 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by . . . 'articulat[ing] compelling reasons' . . . that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1194–95 (quoting *Kamakana*, 447 F.3d at 1178–79).

"In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1195 (quoting *Kamakana*, 447 F.3d at 1179 (alteration in original)). "After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179); *see also Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Or.*,

920 F.2d 1462, 1466 (9th Cir. 1990) ("The court must not base its decision on conclusory assertions alone, but must make specific factual findings.").

Besides a common law right, the public has a qualified "First Amendment right of access to criminal proceedings and documents therein." *U.S. v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017) (internal quotation marks omitted) (quoting *Bus. of Custer Battlefield Museum & Store*, 658 F.3d at 1192). "The test to determine whether a right of access attaches to a particular kind of hearing is a two-part test known as the 'experience and logic' test." *Sleugh*, 896 F.3d at 1013 (internal quotation marks omitted) (quoting *Phoenix Newspapers, Inc. v. U.S. Dist. Ct. for the Dist. of Ariz.*, 156 F.3d 940, 946 (9th Cir. 1998)).  This test also "applies to documents generated as part of a judicial proceeding . . . ." *Id*. (quoting *Times Mirror Co. v. U.S.*, 873 F.2d 1210, 1213 n.4 (9th Cir. 1989)).

"The 'experience' prong of the test questions 'whether the place and process have historically been open to the press and general public . . . .'" *Id*. (quoting *Phoenix Newspapers, Inc.*, 156 F.3d at 946.  Two categories of documents that are "traditionally [] kept secret for important policy reasons[,]" include "grand jury transcripts and warrant materials in the midst of pre-indictment investigation." *Bus. of Custer Battlefield Museum & Store*, 658 F.3d at 1192 (citing *Times Mirror Co.*, 873 F.2d at 1219).  The "logic" element "inquires whether public access plays a significant positive role in the functioning of the particular process in question." *Phoenix Newspapers, Inc.*, 156 F.3d at 946.  "If a proceeding fulfills both parts of

9

the test, a qualified First Amendment right of access arises, to be overcome 'only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id*.

II.     "Good Cause" Exception

A strong preference for public access notwithstanding, the Ninth Circuit has "carved out an exception" for "sealed materials attached to a discovery motion unrelated to the merits of a case . . . ." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213–14 (9th Cir. 2002)).  "Under this exception, a party need only satisfy the less exacting 'good cause' standard." *Id*. (quoting *Foltz*, 331 F.3d at 1135).

The "good cause" language originates from Federal Rule of Civil Procedure 26(c)(1), which governs the issuance of protective orders during civil discovery; to wit:  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id*.; *see also* Fed. R. Crim. P. 16(d)(1) (permitting the court to "deny, restrict, or defer discovery or inspection or grant other appropriate relief" for "good cause"). The Ninth Circuit recognized that "'[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to

10

fashion protective orders,' and thereby undermine Rule 26(c)." *Ctr. for Auto Safety*, 809 F.3d at 1097 (first quoting *Phillips*, 307 F.3d at 1213; then citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (explaining that discovery is largely "conducted in private as a matter of modern practice," so the public is not presumed to have a right of access to it); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process.")).[5]

III. **"Compelling Reasons" Standard Applies to Court Documents "More Than Tangentially Related" to the Merits**

Civil Beat, an advocate for government transparency with a substantial online presence, argues that Defendant bears—and fails to sustain—the burden to

---

[5] Courts have also evaluated whether to allow public access to certain litigation documents by a showing of "special need." The defendant in *Sleugh* filed a motion to unseal his co-defendant's applications to issue subpoenas for the production of documents or witnesses pursuant to Fed. R. Crim. P. 17(c). *Id*. at 1011. The district court affirmed the decision of the magistrate judge who had denied the defendant's motion to unseal the subpoena applications. *Id*. The Ninth Circuit acknowledged that "our law does not dictate when a party may unseal the applications and affidavits filed in support of Rule 17(c) subpoena requests . . . ." *Id*. at 1015. Adopting the approach taken by the First Circuit in *U.S. v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), the Ninth Circuit affirmed and held that "there is no presumption of public access under the First Amendment or common law that attaches to Rule 17(c) subpoena applications and their supporting materials. Accordingly, parties can only justify accessing sealed or in camera Rule 17(c) subpoenas, subpoena applications, and supporting documents by demonstrating a 'special need.'" *Id*. at 1015 (citing *Kravetz*, 706 F.3d at 56). The Court finds that the "special need" standard applied in *Sleugh* does not apply here.

show "compelling reasons" for maintained confidentiality of the Subject Exhibits. Misc., ECF No. 1 at 9. Defendant, on the other hand, asserts that the "good cause" exception, not the "compelling reasons" standard, is the correct test to apply in evaluating whether the Subject Exhibits should remain shielded from the public. ECF No. 456-1 at 6.

*Ctr. for Auto Safety* presented a similar standoff. In that case, the Center for Auto Safety ("CAS") unsuccessfully sought to intervene and to unseal documents designated "confidential" pursuant to a stipulated protective order and which were attached to its motion for preliminary injunction. 809 F.3d at 1095. CAS argued only "compelling reasons" could justify keeping these documents under seal, while the defendant, Chrysler Group, countered that it need only show "good cause" to block the public's access to said documents. *Id*. The district court denied CAS' motion for preliminary injunction, finding that it was a nondispositive motion. *Id.* at 1095–96. Accordingly, the district court applied the "good cause" standard and concluded that good cause warranted keeping the documents sealed. *Id*. at 1096.

In resolving the dispute as to which test to apply, the Ninth Circuit addressed the "dispositive" versus "nondispositive" motion distinction. *Id*. at 1097–98 (citing *Phillips*, 307 F.3d at 1212–13 (holding that "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted")); *Foltz*, 331 F.3d at 1135–36 (internal quotation marks omitted) (recognizing "'good reasons to distinguish between

dispositive and nondispositive motions,' as while discovery-related motions are often unrelated to the merits of a case, '[t]he same cannot be said for materials attached to a summary judgment motion because summary judgment adjudicates substantive rights and serves as a substitute for trial'")).

The Ninth Circuit rejected this simplistic "binary approach" and reasoned that "[m]ost litigation in a case is not literally 'dispositive,' but nevertheless involves important issues and information to which our case law demands the public should have access." *Ctr. for Auto Safety*, 809 F.3d at 1098. For "[t]o only apply the compelling reasons test to the narrow category of 'dispositive motions' goes against the long held interest 'in ensuring the public's understanding of the judicial process and of significant public events.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). "Such a reading also contradicts our precedent, which presumes that the 'compelling reasons' standard applies to *most* judicial records." *Id*. (internal quotation marks omitted) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2009)) (emphasis in *Pintos*).

The Ninth Circuit clarified that using the terms "dispositive" or "nondispositive" are not mechanical classifications, but rather are "indicative of when a certain test should apply." *Id*. The Ninth Circuit explained, citing its decision in *Kamakana* as an example, that "there is a 'good reason[ ]' why the public interest in accessing nondispositive motions is not as strong as dispositive motions: because nondispositive motions 'are *often* unrelated, or only tangentially

13

related, to the underlying cause of action.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179) (emphasis in *Kamakana*).

The Ninth Circuit expounded, hence, that "[t]he focus in all of our cases is on whether the motion at issue is more than tangentially related to the underlying cause of action[,]" noting that "plenty of technically nondispositive motions— including routine motions in limine—are strongly correlative to the merits of a case." *Id*. at 1099 (citations and footnote omitted) (citing *Phillips*, 307 F.3d at 1212–13; *Foltz*, 331 F.3d at 1134–36; *Kamakana*, 447 F.3d at 1179). In addition, the Ninth Circuit remarked that a motion for preliminary injunction "frequently requires the court to address the merits of a case, which often includes the presentation of substantial evidence." *Id*. (citing *Stormans v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009)).

The Ninth Circuit insisted that its precedent has "always focused on whether the pleading is more than tangentially related to the merits . . . ." *Id*. at 1103. Applying this precedent, the Ninth Circuit concluded that the strong presumption for public access and the nature of the subject motion for preliminary injunction required Chrysler Group to demonstrate compelling reasons to keep the documents under seal. *Id*.

IV. *Ctr. for Auto Safety* Analysis as Applied to the Subject Exhibits

Applying the Ninth Circuit's analysis in *Ctr. for Auto Safety*, this Court acknowledges that the underlying Motion to Compel is not technically

14

"dispositive." This Court finds, however, that the Subject Exhibits attached thereto "include[] the presentation of substantial evidence[,]" albeit heavily redacted, that appear to be "more than tangentially related to these criminal proceedings" and "play a role in 'determining litigants' substantive rights . . . ." *Id.* at 1099, 1101 (quoting *Kravetz*, 706 F.3d at 54).

Taking just one example, counsel for Defendant declares that Exhibit "27" is a "copy of documents reporting sightings of Johnathan Fraser . . . ." ECF No. 447-1 at 7 (Decl. ¶ 27). The Court cannot conclude that these documents are unrelated to the merits of this case such that it should evaluate their sealing under the less stringent "good cause" exception. The Government of course charges Defendant with, among other acts, murdering Mr. Fraser. *Sleugh*, 896 F.3d at 1014; ECF No. 272 at 16 (Second Superseding Indictment ¶ 16).

Moreover, the Government's refusal or inability to timely produce all potentially exculpatory evidence pursuant to its discovery obligation would certainly implicate Defendant's Fifth and Sixth Amendment rights. Consequently, application of the "good cause" exception, under these circumstances and for reasons set forth in the Motion to Compel, would be inappropriate. *See, e.g.*, ECF No. 450-2 at 37 (asserting that at least five different witnesses reported seeing Mr. Fraser alive), 39 (arguing that evidence which points to suspects other than Defendant for the murder of Mr. Fraser is exculpatory and must be disclosed), 48 (asserting that the Government's contentions as to how, where, and by whom Mr.

Fraser was allegedly abducted and murdered are inconsistent).  Due to the strong presumption in favor of public access and the nature of the underlying Motion to Compel, the Court concludes that Defendant must demonstrate compelling reasons to shield the Subject Exhibits from the public.  *Ctr. for Auto Safety*, 809 F.3d at 1103.

The Court finds that Defendant fails to satisfy the "compelling reasons" standard.  Besides declaring a non-particularized reason to file all 35 Subject Exhibits under seal—that is, protecting the identities and privacy of possible witnesses—Defendant does not substantiate how the purportedly exculpatory or heavily redacted content in any of the Subject Exhibits would endanger confidential sources, or what effect, if any, pretrial speculation about witnesses or potential witness would have that warrants their closure from the public.

More importantly, Defendant does not articulate a link to how continued closure of the Subject Exhibits preserves Defendant's substantive rights in light of the purported exculpatory information contained therein.  Defendant provides no compelling reasons for sealing the Subject Exhibits.  *See Kamakana*, 447 F.3d at 1182 (impressing that the proponent of sealing bears the burden with respect to sealing).

This Court is thus unable to articulate *factual* bases for sealing each Subject Exhibit as requested "without relying on hypothesis or conjecture."  *Bus. of the Custer Battlefield Museum & Store*, 658 F.3d at 1195; *cf. Kamakana*, 447 F.3d

1182 (conducting an "exhausting if not exhaustive" *in camera* review of the materials); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) ("[T]he District Court must 'conduct[ ] a document-by-document review' of the contents of the challenged documents."). The Court must deny the Motion without prejudice.

The Court notes that the Government filed no response to Defendant's Motion, although the Court set a permissive opposition deadline to Defendant's Motion ("Any Opposition by a party or member of the public due January 7, 2022"); *see also* Criminal LR12.2(c) ("[a]ny party not opposing a motion shall file a statement of no opposition within the time provided for responding to the motion."). The Court acknowledges that "[a]ll too often, parties to the litigation are either indifferent or antipathetic to disclosure requests. This is to be expected: it is not their charge to represent the rights of others." *Phoenix Newspapers, Inc.*, 156 F.3d at 951.

This Court cannot countenance the Government's indifference in this matter, however, and "balancing interests cannot be performed in a vacuum." *Id.* The lack of any response from the Government—the initial proponent of the Protective Order to which Exhibits "10"–"45" are subject—deprives the Court of the ability to effectively do its task. With only arguments from Defendant and Civil Beat, there is no advocate for the protection of "the privacy interests of persons, including third parties, who were intercepted in the electronic surveillance but who

not have been charged" if the Subject Exhibits are made available to the public. ECF No. 111 at 3 (Government's Motion for Protective Order ¶ 5).

Accordingly, in denying without prejudice the instant Motion, the Court also orders the prompt, fulsome, and good faith participation of the Government, Defendant, and Civil Beat—which represents the public whose right of access is presumed and which Defendant has failed to rebut—to meet and confer and attempt to agree upon the maintained closure or disclosure of the Subject Exhibits. The Court expects the results of this meet-and-confer to consist of each Subject Exhibit being categorized as sealed (with supporting factual bases), unsealed, or unsealed with redactions or further redactions (with factual support for the redactions) to aid in the Court's disposition of the Motion and the underlying Motion to Compel. After the Court resolves the proper filing of the Subject Exhibits, it will turn to resolution of the Motion to Compel.

## CONCLUSION

Based upon the foregoing, the Court DENIES WITHOUT PREJUDICE Defendant Michael J. Miske, Jr.'s Motion to File Exhibits "10"–"45" to First Motion to Compel Discovery Under Seal (ECF No. 447). The Court, furthermore, ORDERS Defendant, the Government, and Civil Beat to meet and confer and attempt to agree upon the maintained closure or disclosure of the Subject Exhibits. Upon completion of this meet-and-confer, the Defendant should provide the Court with a list designating, on a per exhibit basis, agreement or disagreement as to

whether each of the Subject Exhibits should remain sealed (with supporting factual bases), be unsealed, or be unsealed with redactions or further redactions (with factual support for any redactions), consistent with this Order.  The meet-and-confer and resulting list shall be provided to the Court no later than February 14, 2022.  Based in part on the results of this meet-and-confer, the Court will decide the sealing or unsealing of the Subject Exhibits pursuant to a new motion to be filed by Defendant, with further briefing in support or in opposition by the Government and Civil Beat.  Upon resolution of this issue, the Court will resolve the underlying Motion to Compel, pursuant to any amendment thereto that may be necessary.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, January 28, 2022.



Kenneth J. Mansfield
United States Magistrate Judge

*United States of America v. Michael J. Miske, Jr.*, CR No. 19-00099 DKW-KJM; Order Denying Without Prejudice Defendant Michael J. Miske, Jr.'s Motion to File Exhibits "10"–"45" to First Motion to Compel Discovery Under Seal