IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　v.<br><br>MICHAEL J. MISKE,<br><br>　　　　Defendant. | Case No. 19-cr-00099-DKW-KJM-1<br><br>**ORDER REMANDING DECISION OF MAGISTRATE JUDGE FOR FURTHER CLARIFICATION** |
| IN RE CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>　　　　Objector. | Case No. 22-mc-00008-DKW-KJM |

　　　　Pending before the Court is an appeal by Defendant Michael J. Miske of the decision of the assigned Magistrate Judge to deny without prejudice his motion to file certain exhibits under seal.  Dkt. No. 470.[1]  Therein, Miske contends that the Magistrate Judge's decision is "contrary to law" for various reasons, principally because the Magistrate Judge purportedly considered whether the *exhibits* (for which sealing has been sought) were "more than tangentially related" to the merits of this case, rather than the *motion* to which the exhibits were attached.  Dkt. No.

---

[1] Unless otherwise noted, citations to the record are to docket entries filed in Case No. 19-cr-99-DKW-KJM-1.

470-2 at 15-16.  The government, in response to Defendant's appeal, makes a similar assertion.  Dkt. No. 472 at 6-11.

The Magistrate Judge's decision, however, is unclear on that point.  In one place, as Miske and the government state, the Magistrate Judge found "that the *Subject Exhibits*" attached to the underlying motion to compel "appear to be more than tangentially related to these criminal proceedings…."  Dkt. No. 466 at 15 (emphasis added).  The Magistrate Judge then expounded, using one of the Exhibits in question as an example.  *Id*.  If the Magistrate Judge had stopped at that point, there may have been cause to agree with appellant.  The Magistrate Judge, however, continued by also determining that the underlying motion implicated Defendant's constitutional rights, concluding that, "[d]ue to the strong presumption in favor of public access and the nature of the *underlying Motion to Compel*," Defendant was required to show a compelling reason for sealing the relevant exhibits.  *Id*. at 16 (emphasis added).

In this light, it is unclear whether the Magistrate Judge relied on the underlying motion, the exhibits, or a combination of both when determining the appropriate standard to employ to Defendant's sealing request.  To be clear, at least under this Court's reading of the pertinent case law, the correct approach is for the underlying *motion* to be considered when determining whether a matter is

2

"more than tangentially related" to the merits of a case.  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) ("The focus in all of our cases is on whether the *motion at issue* is more than tangentially related to the underlying cause of action.") (emphasis added).   While the exhibits attached to a motion may well inform whether a motion is "more than tangentially related" to a case, it is still the motion (and the relief sought therein) that drives the inquiry.  *See id*. at 1102 (pointing to the relief sought in a motion for preliminary injunction as reason for concluding the motion was "more than tangentially related to the merits.").[2]

As a result, it is necessary to remand this matter to the Magistrate Judge for clarification.   Upon issuance of that clarification, the parties may avail themselves, if they wish, of Local Criminal Rule 57.3(b), explaining to what extent, if any, the matters on appeal have been altered by that clarification.   If no appellate issue remains, the parties shall so state within the time afforded by the same rule.

---

[2] Civil Beat Law Center for the Public Interest's (Civil Beat) argument that the Magistrate Judge did "not look only" to the exhibits, *see* Case No. 22-mc-8-DKW-KJM, Dkt. No. 7 at 15, even if true, therefore, misses the point.

Defendant's appeal, Dkt. No. 470, is, therefore, HELD IN ABEYANCE pending further clarification from the Magistrate Judge and direction from the parties.

IT IS SO ORDERED.

Dated: March 2, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*United States of America v. Michael J. Miske;* CR 19-00099 DKW-KJM-1
*In Re Civil Beat Law Center for the Public Interest, Objector*; MC 22-00008 DKW-KJM; **ORDER REMANDING DECISION OF MAGISTRATE JUDGE FOR FURTHER CLARIFICATION**