IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO. 19-00099 DKW-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. MISKE, JR., aka "Bro," et al., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART DEFENDANT
MICHAEL J. MISKE'S SECOND MOTION TO COMPEL DISCOVERY

## I.   INTRODUCTION

The parties are before the Court on Defendant Michael J. Miske's ("Miske") Second Motion to Compel Discovery ("Second Motion to Compel").  ECF No. 471.  The Government filed a Memorandum in Opposition to the Second Motion to Compel on February 25, 2022 ("Opposition").  ECF No. 475.  Miske filed a Reply Memorandum on March 4, 2022.  ECF No. 479.  Defendants John Stancil, Jason Yokoyama, and Jarrin Young each filed untimely joinders.  ECF Nos. 487, 489, 492, 499.

The Court held a hearing on the Second Motion to Compel on March 11, 2022.  Lynn E. Panagakos, Esq., and Thomas M. Otake, Esq., appeared on behalf of Miske.  Micah Smith, Esq., Michael Nammar, Esq., and Mark Inciong, Esq.,

appeared on behalf of the Government.  After carefully reviewing the Second Motion to Compel, Opposition, Reply and relevant legal authority, and hearing the argument of counsel, the Court GRANTS IN PART the Motion as follows.

**II.     STANDARDS FOR DISCOVERY IN CRIMINAL CASES**

Federal Rule of Criminal Procedure 16 "grants criminal defendants a broad right to discovery." *U.S. v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Specifically, under Rule 16(a)(1)(E), the Government must, upon request, turn over any documents within the government's possession, custody, or control that: are material to preparing the defense; the government intends to use in its case-in-chief; or was an item obtained from or belonging to the defendant.  Pursuant to the Criminal Local Rule of Practice for the United States District Court for the District of Hawaii ("Criminal Local Rule") 16.1, however, these Rule 16 requests for discovery are automatically entered for the defendant, thereby requiring the Government to automatically produce to the defendant:

 1. All discovery required by Fed. R. Crim. P. 16(a);

 2. *Brady* material, as it shall be presumed that defendant has made a general *Brady v. Maryland*, 373 U.S. 83 (1963) request. Specific requests shall be made in writing to the government or by motion.

2

      3.      Photographs used in any photograph line-up, show-up, photospread, or any other identification proceeding, or if no such photographs can be produced, the government shall notify the defendant whether any such identification proceeding has taken place and the results thereof;

      4.      Any search warrants and supporting affidavits that resulted in the seizure of evidence that is intended for use by the government as evidence in its case-in-chief at trial or that was obtained from or belongs to the defendant; and

      5.      A statement as to whether the defendant was the subject of any electronic eavesdrop, wiretap, or any other communications of wire or oral interception as defined by 18 U.S.C. § 2510, *et seq.*, in the course of the investigation of the case.

*See* CrimLR16.1(a). Thus, a defendant need not make any further requests for such discovery. *Id*. Criminal Local Rule 16.1 does not obligate the Government to disclose materials protected from disclosure by 18 U.S.C. § 3500 or Fed. R. Crim. P. 16 or 26.2. CrimLR16.1.

On a motion to compel discovery, the defendant "must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense."

*United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183–84 (9th Cir. 2013) (quoting *Stever*, 603 F.3d at 752). "Rule 16 permits discovery that is 'relevant to the development of a possible defense.'" *U.S. v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (quoting *U.S. v. Clegg*, 740 F.2d 16, 18 (9th Cir. 1984)). "Even inculpatory evidence may be relevant." *Muniz-Jaquez*, 718 F.3d at 1183. "A defendant who knows that the government has evidence that renders his planned defense useless can alter his trial strategy." *Id.*

If a party fails to comply with its discovery obligation, the court may "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

## III. ANALYSIS

The Second Motion to Compel seeks "specific relief from the Government's incomplete and excessively redacted discovery concerning cooperating Government witness Ashlin Akau" ("Akau"). ECF No. 471 at 2. Akau previously pled guilty to an Information in *U.S. v. Ashlin Akau*, Criminal No. 21-00016-DKW, and is cooperating with the Government pursuant to a publicly available plea agreement. *See id.,* ECF No. 14 p. 15–18 ¶¶ 21–24. Miske contends that the Government is concealing exculpatory information which is relevant to impeach (i)

4

Akau's credibility, and (ii) the integrity of the Government's relationship with and collection of evidence from her. ECF No. 471-1 at 7.

Miske also asserts that the Government is concealing exculpatory information provided by Akau which is relevant (i) to undermine essential elements of the RICO charge, and (ii) to impeach Akau and other cooperating Government witnesses, including Jacob Smith, Lindsey Kinney, Norman Akau, and Harri Kauhi. *Id.* Miske argues that the Government's concealment violates *Brady* and Rule 16, thereby violating Miske's Fifth Amendment right to Due Process and Sixth Amendment right to cross examine. *Id.* By way of example, Miske asserts that the Government is improperly concealing information concerning: (1) Akau's lack of forthrightness with Government agents; (2) the evolution of Akau's story over time; (3) inconsistencies between Akau and other witnesses; (4) information concerning Akau's criminal activities, the co-participants in her crimes, and her criminal associations; (5) proffers which led to Akau's leniency agreements; (6) information which reveals the negotiations pursuant to which Akau's leniency agreements were reached; and (7) other information which impeaches the integrity and credibility of the: (a) Government's relationship with Akau; (b) methods by which the Government obtained information and evidence from Akau; and (c) Government's use of Akau to assemble its case. ECF 471-1 at 15–16.

5

Miske details the missing information of which he is aware throughout the Second Motion to Compel, all of which Miske maintains is exculpatory and/or material to his defense.  Miske also highlights material inconsistencies in the Government's redactions, representing that information (including witness identities) redacted in one document is not redacted in other documents.  *Id*. at 20–22, 21 n.5 (e.g., BS45890 identifies Victim 4, but BS216129 redacts Victim 4's identity; BS45890 redacts the interview location and identities of agents and prosecutors, but BS216129 discloses this information; BS216131-32 discloses individuals' names, but BS45892-93 redacts those names; BS45890-93 and BS216129-32 are copies of the same report of Akau's October 1, 2018 interview, with different redactions in each).  Miske maintains that the redactions are concealing exculpatory inconsistencies between witnesses; exculpatory evolutions in Akau's story; information about at least nine alleged incidents that were affairs of the Miske enterprise that are relevant to Miske's defense; and exculpatory information that certain crimes may have been committed by the Nakipi motorcycle gang instead of the Miske enterprise.  *Id*. at 22–27.

The Government's Opposition does not respond in any detail to the alleged missing discovery asserted in the Second Motion to Compel.  In fact, the Opposition does not mention Akau at all.  Nor does the Opposition respond to Miske's core allegation that the Government is deliberately withholding

6

information concerning Akau that is discoverable under Rule 16 and/or *Brady*.[1] Instead, the Government asserts that it has to withhold certain information "to protect the safety of anticipated witnesses" and avoid "hav[ing] a chilling effect on [] plea negotiations" with Miske's co-defendants. ECF No. 475 at 4–5. The Government, though, provides no detail to support its claims regarding witness safety or plea negotiations. The Government also cites the Jencks Act (18 U.S.C. § 3500), broadly arguing that it need not produce Jencks Act material until much closer to trial. *Id*. at 8–9. Miske, however, makes clear that he is not seeking early Jencks Act discovery, calling the Government's Jencks Act discussion "irrelevant." ECF No. 479 at 2, n. 1 (adding "the Government is withholding an enormous amount of Rule 16 discovery and *Brady* material not only from defendants but from defense counsel.").

The Court's analysis begins with Criminal Local Rule 16.1(a)(2), which requires the Government to disclose *Brady* material at the same time that it discloses Fed. R. Crim. P. 16(a) material "unless otherwise ordered by the court." The Court declared this matter complex on August 14, 2020. ECF No. 148. In doing so, the Court extended the Criminal Local Rule 16.1(a) deadline for the Government to produce discovery "until 30 days after arraignment, with subsequent productions on a rolling basis thereafter." *Id.* Miske was arraigned to

---

[1] At the hearing, the Government denied this allegation.

7

the First Superseding Indictment on July 16, 2020.  ECF No. 37.  Miske was arraigned to the Second Superseding Indictment on August 5, 2021.  ECF No. 287.  Trial is scheduled for September 6, 2022.  ECF No. 432.

On February 1, 2021, the Court entered its February 1, 2021 General Order Regarding Rule 5(F), ordering the Government to timely comply with its *Brady* disclosure obligations in all cases pursuant to recently enacted Fed. R. Crim. P. 5(f):

> The Court orders the prosecution to comply with its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  Failing to do so in a timely manner may result in consequences, including, but not limited to:  exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, court sanctions, and/or referral to disciplinary counsel.

Available at https://www.hid.uscourts.gov/files/order552/GeneralOrder5F.pdf (last visited March 14, 2022).  This case is atypical for multiple reasons, including its scope.  The amount of discovery the Government is producing, and the amount of discovery defendants have to review to prepare for trial, may be unprecedented for the District.  This immense Government task of producing so much discovery supported the decision to allow the Government to produce it far beyond the standard "seven (7) days after arraignment" in LR16.1(a).  For the same reason, though, it is unreasonable for the Government to argue it can wait until "shortly before trial" before producing any and all Rule 16 and *Brady* information.  This is not a case where the Court should inflexibly apply "typical" or "well-established"

District practice.  The additional time to review and organize discovery should apply equally to defendants so that there is adequate time to do so before trial.

Here, the Court has not set any discovery deadlines beyond the "30 days after arraignment with subsequent productions on a rolling basis thereafter" it set over a year-and-a-half ago.  The Government has not provided any concrete basis on which this Court can sanction withholding of discoverable information concerning Akau sought by the Second Motion to Compel.  Accordingly, the Court sets a March 25, 2022 deadline for the Government to produce all Fed. R. Crim. P. 16(a) and *Brady* information concerning Akau.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 14, 2022.



Kenneth J. Mansfield
United States Magistrate Judge

*United States of America v. Miske, et al*., CR NO. 19-00099-DKW; Order Granting in Part Defendant Michael J. Miske's Second Motion to Compel Discovery