IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR.,<br><br>Defendant. | Case No. 19-cr-00099-DKW-KJM-1<br><br>**ORDER DENYING APPEAL OF MAGISTRATE JUDGE DECISION**[1] |

The government appeals a March 14, 2022 decision by the assigned Magistrate Judge (Dkt. No. 502) that orders the production of all Rule 16(a)[2] and *Brady*[3] information concerning cooperating witness Ashlin Akau ("Magistrate Judge Order") by March 25, 2022.[4]  The government argues that the Magistrate Judge Order is clearly erroneous because it mischaracterizes evidence as exculpatory and treats reports of witness interviews as subject to Rule 16(a).  The Magistrate Judge Order, however, nowhere states that reports of witness interviews are subject to Rule 16(a) and must therefore be imminently produced, nor does it mischaracterize the evidence.  Rather, the Magistrate Judge Order merely requires

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.
[2] Federal Rule of Criminal Procedure 16(a) ("Rule 16(a)").
[3] *Brady v. Maryland*, 373 U.S. 83 (1963).
[4] The Magistrate Judge's decision has been stayed pending resolution of this appeal.  Dkt. No. 528.

the government to comply with its constitutional and Rule 16(a) obligations. Therefore, for the reasons more fully set forth below, the government's appeal, Dkt. No. 517, is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On February 11, 2022, Defendant Michael J. Miske filed his second motion to compel discovery. Dkt. No. 471. The government filed an opposition, Dkt. No. 475, to which Miske replied, Dkt. No. 479. On March 14, 2022, the Magistrate Judge granted in part Miske's second motion to compel discovery, ordering the government to produce certain information by March 25, 2022. Dkt. No. 502.

On March 21, 2022, the government filed the instant appeal. Dkt. No. 517. On April 4, 2022, Miske filed an opposition to the government's appeal. Dkt. No. 529. This Order follows.

## STANDARD OF REVIEW

Pursuant to Section 636(b)(1)(A) of Title 28, with certain exceptions not applicable here, a district court may reconsider the decision of a Magistrate Judge on a pretrial matter, such as a motion to compel evidence, only when the decision is clearly erroneous or contrary to law.

## DISCUSSION

The government challenges the Magistrate Judge Order, arguing that it (1) mischaracterizes evidence and (2) treats reports of witness interviews improperly under Rule 16(a). The Court addresses each contention in turn.

First, the government asserts that the Magistrate Judge Order improperly characterizes the evidence Miske seeks as exculpatory when, according to the government, it is, "at most[,]" impeachment material. Dkt. No. 517-1 at 11-15. The government further contends that the distinction between exculpatory and impeachment "matters" because the two need not be "produced on the same timetable." *Id*. at 9. To support this latter proposition, the government cites only the applicable local rule, which is Local Criminal Rule 16.1(h) ("Impeachment Material"). According to the government, impeachment material provided under Local Rule 16.1(h) need only be provided "at a date closer to trial 'as ordered by the court.'" *Id*. (citing Local Rule 16.1(h)).

The government is only partially correct. Local Rule 16.1(h) provides that impeachment material must be produced "as ordered by the court" but says nothing about that production's proximity to trial. Local Rule 16.1(h)(2). And, even by the government's own interpretation of the evidence, that is all the Magistrate Judge did here: ordered the production of impeachment material. Why this was

error, the government fails to explain, particularly when the only source of authority—Local Rule 16.1(h)—is of no help to the government's position.[5]  Put simply, given that Local Rule 16.1(h) places discretion in the Court to order when impeachment material should be produced, assuming, without deciding, that's what it is, the Court finds no error (let alone clear error) in the Magistrate Judge deciding to order the production now of a small subset of impeachment material—that "concerning Akau."  *See* Dkt. No. 502 at 9.

Second, the government argues that the Magistrate Judge Order improperly treats reports of witness interviews as "Rule 16 material[.]"  Dkt. No. 517-1 at 16; *see also* Fed.R.Crim.P. 16(a)(2).  Having reviewed the Magistrate Judge Order, though, the Court can see no such treatment therein.  Instead, the Magistrate Judge Order merely requires the government to comply with its obligations under Rule 16(a) and *Brady*.  In other words, at no point in the Magistrate Judge Order is it found that witness-interview reports are "Rule 16 material," as the government suggests.  Nor should the Magistrate Judge Order be construed in such fashion,

---

[5] The government appears to secondarily reference "district practices" as support for this argument.  See Dkt. No. 517-1 at 3.  "[D]istrict practices[,]" however, hardly seem a font of authority, given, as the Magistrate Judge observed, the unique nature of this case.  See Dkt. No. 502 at 8-9.  The government also suggests that "witness safety" is reason to delay producing impeachment material.  Id. at 3-7.  As the government acknowledges, though, the Magistrate Judge is more than familiar with the nature and allegations of this case.  Id. at 6.  The government also points to no specific safety concerns related to the witness at issue here.

given that, as the government asserts, under Rule 16(a), the government is not required to produce reports "by an attorney of the government or other government agent in connection with investigating or prosecuting the case." *See* Fed.R.Crim.P. 16(a)(2).[6]

Finally, the Court notes the following about the government's appeal. In large part, the appeal appears driven more by a confusion of what the Magistrate Judge specifically ordered, rather than any clear error committed therein. For example, in its appeal, the government observes that the Magistrate Judge Order "seems to conclude", "perhaps" reaches findings, or "is not clear", Dkt. No. 517-1 at 16, 19, 23, while couching some of its arguments with "[t]o the extent" the Magistrate Judge reaches this or that finding, *id*. at 17. If either party is unclear about an order of the Magistrate Judge or requires guidance on whether it is complying with an order of the Magistrate Judge, such as an order to produce evidence, the party should seek clarity or guidance from the Magistrate Judge in the first instance.

---

[6]That does not mean, however, that the government can ignore its obligations under *Brady* to provide exculpatory evidence to Defendant. *See United States v. Fort*, 472 F.3d 1106, 1110 (9th Cir. 2007) (explaining, in addressing whether certain police reports were exempted from disclosure under Rule 16(a)(2), that resolution of said issue did not involve or "dilute the government's *Brady* obligations."); *see also United States v. Bagley*, 473 U.S. 667, 676 (1985) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule.").

# CONCLUSION

For the reasons set forth herein, because the Court finds no error in the Magistrate Judge ordering the government to comply with its constitutional and Rule 16(a) obligations, the government's appeal of the Magistrate Judge's March 14, 2022 Order, Dkt. No. 517, is DENIED.

The government is ORDERED to comply with the March 14, 2022 Order (Dkt. No. 502) by no later than April 18, 2022.

IT IS SO ORDERED.

Dated: April 8, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge