THOMAS M. OTAKE            7622
THOMAS M. OTAKE AAL, ALC
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 523-3325
E-mail:  thomas@otakelaw.com

LYNN E. PANAGAKOS          7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail:  lynnpanagakos@yahoo.com

MICHAEL J. KENNEDY
LAW OFFICES OF MICHAEL JEROME KENNEDY, PLLC
333 Flint Street
Reno, NV 89501
Telephone: (775) 221-7100
Email: michael@mjkennedylaw.com

Attorneys for Defendant
MICHAEL J. MISKE, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>MICHAEL J. MISKE, JR., et al.,<br><br>    Defendants. | CR. NO. 19-00099 DKW KJM<br><br>DEFENDANTS' JOINT OPPOSITION TO GOVERNMENT'S APPEAL AND REQUEST FOR THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE [ECF NO. 682]; DECLARATION OF TERRI FUJIOKA-LILLEY; DEFENSE EXHIBITS 1-2; CERTIFICATE OF SERVICE |

**DEFENDANTS' JOINT OPPOSITION TO GOVERNMENT'S APPEAL AND REQUEST FOR THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE [ECF NO. 682]**

Defendants MICHAEL J. MISKE, JR., JOHN STANCIL, DAE HAN MOON, PRESTON KIMOTO, DELIA FABRO MISKE, and JASON YOKOYAMA respectfully submit this joint opposition to the Government's Appeal and Request for the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge (ECF No 682).

On September 7, 2022, United States Magistrate Judge Kenneth J. Mansfield signed an Order (ECF No. 630), drafted by the Government, authorizing the defendants "to access, and review and make copies of all contents from," 18 cellphones "currently in FBI possession" (ECF No. 630, p.2), six of which the Government "believed to belong to J.S." and twelve of which the Government "believed to belong to W.M." (ECF No. 629, p.2-3).[1] At a status conference held on December 7, 2022, Judge Mansfield enforced this Order by ordering the Government to produce these cellphones to the defense expert who is going to perform the forensic review and copying. The Court issued this instruction on how the Government is to provide the access, i.e. --by delivering the phones to Defendants' expert-- after defense efforts to provide their expert with access to

---

[1] J.S. and W.M. are key cooperating Government witnesses.

"review and make copies" of the phones at the FBI had been thwarted by the Government's actions.

In this appeal, the Government asks this Court to vacate Judge Mansfield's decision to order production of the 18 cellphones to the defense expert, and to remand this matter back to Judge Mansfield for reconsideration. By the terms of Judge Mansfield's Order, the Government should have raised this issue as a motion for reconsideration (see Defense Exhibit (EX) 1, at p.4),[2] not as a premature and unnecessary appeal.[3] For this and additional reasons, the Government's appeal lacks merit, and should be denied.

The Government asserts that Judge Mansfield's order to produce the 18 cellphones to the defendants' expert is "flawed" for three reasons (ECF 682-1, p.1-2). Below, defendants demonstrate that no such "flaws" exist.

### A. Response to Government Alleged Flaw No. 1

The Government contends that Judge Mansfield "relied on misleading and inaccurate statements of the defense team concerning the ability of their defense

---

[2] On December 12, 2022, Terri Fujioka-Lilley, attorney for Defendant John Stancil, requested a 3-day preparation of the transcript of the December 7, 2022 status conference before Judge Mansfield. However, due to illness of the court reporter, the official transcript has not yet been prepared. Attached hereto as EX 1 is a lay transcription, prepared by Ms. Fujioka-Lilley. See attached Declaration of Ms. Fujioka-Lilley.

[3] This Government appeal is delaying the defense's access to critical discovery, which is particularly prejudicial in light of the April 17, 2023 trial date.

3

expert to generate 'bit-for-bit' digital copies of the cellular telephones" (ECF No. 682-1, p.2). In support of this claim, the Government cites statements made by attorney John Schum at the status conference, along with a post-hearing email Mr. Schum sent to Government counsel concerning same. Mr. Schum's statements at the status conference, and his post-hearing email related thereto, are irrelevant. Judge Mansfield ordered production of the cellphones prior to Mr. Schum making these statements.[4]

In addition, while the Government focuses on semantic arguments regarding the correct terminology for what may be extracted, the fact remains that Defendants are entitled to a functional opportunity to "review and copy" the phones; to extract all the data from the phones that current tools and methods permit. This is because it has already been ordered by the Court twice before (EX 1, p.4-5; see also ECF No. 579; ECF No. 630), in orders the Government did not appeal, including one drafted by the Government (ECF No. 630), and because it is necessary in order to afford the defendants access to the entire content of the 18

---

[4] The Government's reference to a single "defense team" is inaccurate. There are seven defendants, each with their own individual defense team. When Mr. Schum spoke on this issue, following the Court's decision to order production of the cellphones, he was representing his client, and his client alone. The fact that Mr. Schum was not speaking for other defendants is highlighted by the fact that counsel for co-defendants were not copied on his post-hearing email to the Government (ECF No. 682-1, p.7).

4

cellphones. The Government concedes that it has not produced any extractions of 3 of the 18 cellphones (ECF No. 682-1, p.3, n.3),[5] and that the 15 extractions it has produced do not contain all data from those 15 cellphones (ECF No. 682-1, p.4, n.4).[6]

### B. Response to Government Alleged Flaw No. 2

The Government contends that Judge Mansfield "ignored the fact that the cellular phones are, and have been for the last two months, available for physical inspection at the FBI" (ECF No. 682-1, p.2). This Government contention is wrong for two reasons.

---

[5] According to the Government, the above-referenced three cellphones are non-operable. However, as explained to Judge Mansfield during the status conference, this Government contention ignores the fact that one of these three cellphones was digitally reviewed by TFOs in February 2019, and the FBI took custody of a CD containing the "digital evidence review results copy" in April 2019. The Government still has not produced this CD in discovery.

[6] The extractions the Government has produced were performed between December 2016 and February 2019. The updated tools which exist now, in December 2022, are capable of extracting more data (see, e.g., ECF No. 682-1, p.4, n.4). In addition, the extraction reports the Government has produced to the defense are all in Cellebrite format, notwithstanding the fact that some of the Government's extractions were done using Graykey. With respect to other phones the Government has produced in discovery in this case, which are not the subject of this appeal (e.g., 1B533 and 1B534), the Government produced the Graykey reports, as well as Cellebrite reports which were generated from those Graykey reports. The defendants' expert was able to obtain more data from the Graykey reports than that which is contained in the Cellebrite reports the Government has produced.

First, Judge Mansfield did not ignore the fact that the phones are available for forensic review and copying at the FBI; he simply ordered that the phones be produced to the defense expert instead. Judge Mansfield reached this decision after Ms. Kagiwada explained that according to the defense expert, it would be far less time consuming for the defense expert to do the work at his own lab, rather than at the FBI. The defense expert has since advised counsel that the cost to perform the imaging of the devices at the FBI would be more than double the cost of performing the same at the expert's office.

Second, the Government's claim that the phones have been available for inspection at the FBI for the last two months (ECF 682-1, p.2) is untrue. By email dated October 31, 2022, Ms. Kagiwada contacted Government counsel to set up the initial forensic inspection at the FBI.[7] By email dated November 3, 2022, Government counsel responded, not by setting up a meeting at the FBI so that the defense expert and his team could conduct the forensic review and copying, but instead by offering to allow the defense to inspect and copy a hard-drive containing duplicates of extractions from 15 of the 18 cellphones at the U.S. Attorney's Office

---

[7] Expert services are required to forensically review and copy all contents from cellphones. The FBI has an entire Computer Analysis Response Team (CART) to perform this work. Ms. Kagiwada contacted the Government on October 31, after the defendants were able to procure the expert services necessary to forensically review and copy all contents from the 18 cellphones covered by the Court's September 7, 2022 Order (ECF No. 630).

(see email thread attached hereto as EX 2).

In its appeal, the Government not only fails to acknowledge that it thwarted the defense request to set up the inspection and copying of the 18 cellphones by responding with an offer to inspect and copy this hard-drive, it actually tries to put a positive spin on its conduct in providing what it describes as "courtesy copies" of this hard-drive to two defendants' counsels on December 1, 2022 (ECF No. 682-1, p.2-3). The Government's attempted positive spin must not be countenanced. This hard-drive contains duplicates of extractions which were performed when the search warrants and/or consents to search these cellphones were obtained, from December 2016 through February 2019. There is no excuse for the Government's failure to produce these clearly discoverable extractions prior to the Court's June 30, 2022 discovery deadline.[8] The hard drive containing duplicates of these extractions was created sometime between September 14 and September 23, 2022, but the Government failed to disclose its existence to any defendant until November 3, 2022, when the Government disclosed its existence to Ms. Kagiwada only (EX 2). The Government produced copies of this clearly discoverable hard-

---

[8] The Government's duty to produce CrimLR 16.1(a) discovery arose after the defendants were indicted and arrested on July 15, 2020. Eleven months later, by letter dated June 21, 2021, Miske's counsel specifically requested complete extractions of all W.M. and J.S. celllphones (ECF No. 450-3, p.6-7). Miske made numerous follow-up requests, due to the Government's non-responsiveness (ECF No. 450-3, p.7-12).

drive to Ms. Kagiwada and Ms. Panagakos on December 1, 2022, more than two months after the Government created it. The Government should not be permitted to whitewash its discovery violations by creating derivative evidence from preexisting evidence, concealing the original evidence from the defense for over two years and the derivative evidence for over one month, and only providing the derivative evidence "as a courtesy" when defense counsel attempted to schedule review and imaging of the phones.

### C. Response to Government Alleged Flaw No. 3

The Government contends that Judge Mansfield's decision is flawed because he (ECF 682-1, p.2):

> unreasonably deprived the government of an opportunity to submit briefing as to why ordering the FBI to surrender physical custody of the cellular telephones to a defense expert, without adequate safeguards and evidentiary stipulations, could seriously undermine the integrity and admissibility of critical evidence at trial.

Judge Mansfield did no such thing. Before ruling on the defense request to release the phones to the defense expert, Judge Mansfield asked the Government for its position (EX 1, p.3). Government counsel stated that they could not answer whether or not release to the defense expert would be a problem, without consulting with others (EX 1, p.3-4). Judge Mansfield did not deny the Government an opportunity for briefing; instead, Judge Mansfield told Government counsel that if someone tells them there is a problem with releasing

the phones to the defense expert, to get back to him (EX 1, p.4).

Judge Mansfield did not order the production of the phones "without adequate safeguards and evidentiary stipulations" (ECF No. 682-1, p.2), he ordered the production "pursuant to the terms of the protective order that's in place (EX 1, p.6). The Government did not propose or request any additional protections.[9] Judge Mansfield also advised the Government to get back to him if there were problems with producing phones as ordered (*Id.*). By the terms of Judge Mansfield's Order, the Government's concerns about chain-of-custody and possible alteration of evidence should have been addressed to Judge Mansfield in the first instance. Therefore, no remand is necessary, or warranted, in order for the Government to present these concerns to Judge Mansfield.

Accordingly, the Government's appeal should be denied.

\\

\\

\\

\\

---

[9] The defense will stipulate that providing the 18 cellphones to a defense expert will not break any prior chain of custody. The defense agrees that the defense expert will not connect the cellphones to the internet, will log access times and methods, and will provide a secure location for performing the work. The defense expert has been appointed by the Court. There is simply no reason for the Government's suspicions that this forensic expert would engage in the conduct outlined in the Government's appeal, ECF No. 682-1, p.10, or that he would maintain custody of the phones in such a fashion that would allow others to do so.

DATED:  Honolulu, Hawai`i, December 27, 2022.

/ s / Lynn E. Panagakos
THOMAS M. OTAKE
LYNN E. PANAGAKOS
MICHAEL J. KENNEDY

Attorneys for Defendant
MICHAEL J. MISKE, JR. (01)

/s/ Walter Rodby
WALTER J. RODBY
TERRI  L. FUJIOKA-LILLEY

Attorneys for Defendant
JOHN B. STANCIL (02)

/s/ Matthew Mannisto
MATTHEW DENNIS MANNISTO

Attorney for Defendant
DAE HAN MOON (05)

/s/ Cynthia Kagiwada
CYNTHIA A. KAGIWADA

Attorney for Defendant
PRESTON M. KIMOTO (06)

/s/ John Schum
JOHN SCHUM

Attorney for Defendant
DELIA FABRO-MISKE (12)

/s/ William Harrison
WILLIAM A. HARRISON

Attorney for Defendant
JASON YOKOYAMA

CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this document has been served on all counsel of record via the Court's electronic filing system.

DATED: December 27, 2022, Honolulu, Hawaii.

                                          /s/ Lynn E. Panagakos
                                        LYNN E. PANAGAKOS