LYNN E. PANAGAKOS        7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail:  lynnpanagakos@yahoo.com

MICHAEL J. KENNEDY
LAW OFFICES OF MICHAEL JEROME KENNEDY, PLLC
333 Flint Street
Reno, NV 89501
Telephone: (775) 221-7100
Email: michael@mjkennedylaw.com

Attorneys for Defendant
MICHAEL J. MISKE, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. MISKE, JR., et al.,<br><br>Defendants. | CR. NO. 19-00099 DKW KJM<br><br>DEFENDANT MICHAEL J. MISKE, JR.'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS TO SEVER COUNTS 21 AND 22 OF THE THIRD SUPERSEDING INDICTMENT; EXHIBITS 1 AND 2; CERTIFICATE OF SERVICE |

**DEFENDANT MICHAEL J. MISKE, JR.'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS TO SEVER COUNTS 21 AND 22 OF THE THIRD SUPERSEDING INDICTMENT**

Defendant MICHAEL J. MISKE, JR., by and through undersigned counsel, respectfully replies as follows to the government's opposition to defendants' motions to sever counts 21 and 22 of the third superseding indictment.

The right to counsel of choice is the root meaning of the Sixth Amendment right to counsel.  *United States v. Gonzalez-Lopez,* 548 U.S. 140, 147-48 (2006).  "Deprivation of this right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants[.]  *Id.*, at 148.  When a defendant is erroneously denied his right to counsel of choice it constitutes structural error, because it " so affect[ts] the framework within which the trial proceeds that courts may not even ask whether the error harmed the defendant."  *Luis v. United States,* 578 U.S. 5, 11 (2016) (quoting *id.*) (internal quotations omitted).

The right to counsel of choice stems from "the necessarily close working relationship between the lawyer and client, the need for confidence, and the critical importance of trust. . . ."  *Luis*, 578 U.S. at 11.  Preserving this critical relationship between Mr. Miske and his attorneys is paramount, for reasons articulated in numerous pleadings and as has been fleshed out in two hearings before Magistrate Judge Mansfield now.  Protecting this relationship from prejudice constitutes grounds for severance under Rule 14.  *United States v. Maxwell,* 534 F.Supp.3d 299, 320 (S.D.N.Y. 2021); *United States v. Kincade,* 2016 U.S. Dist. LEXIS

146192, *17-23 (D. Nev. 2016).

The government contends that Counts 21 and 22 are charged as racketeering acts, and therefore, severance will not serve to protect Mr. Miske's right to counsel of choice. The government is wrong. The new language added to the third superseding indictment is in the "methods and means" section, not in the charging language. This allegation is surplusage; it need not be proved; it cannot be used to trump Federal Rules of Evidence 404(b) and 403.

Relying on its so-called "enterprise letter," the government claims that the indictment already alleged obstruction of justice offenses as racketeering acts. First, the government's "enterprise letter" is not a charging document. It does not charge the defendants with anything. Second, by reading the "enterprise letter" with the second superseding indictment, it is clear that the only "obstruction of justice" offenses alleged in the indictment and "enterprise letter" are alleged offenses under 18 U.S.C. § 1503 (ECF 272, p.11, ¶ 7.q ("relating to obstruction of justice"). By contrast, Counts 21 and 22, allege "obstruction of justice" offenses under 18 U.S.C. ¶ 1512(c)(2), whereas in every version of the indictment, ¶ 7.r, the only offenses alleged under 18 U.S.C. ¶ 1512 in Count One are "relating to tampering with a witness, victim or an informant."

Moreover, Counts 21 and 22 are, by their own terms, outside the RICO count, because the completed offenses were committed in August 2020, whereas

the RICO offense, as charged, ended in June 2020. The government contends that the obstruction of justice offenses nevertheless constitute RICO predicates because the planning activity began during the course of the RICO. RICO predicates, by definition, are crimes in and of themselves. Therefore, these alleged obstruction of justice offenses could not, as a matter of law, become RICO offenses until the completed offenses were committed, which was in August 2020.

      Prolonged pretrial detention constitutes prejudice warranting severance under Rule 14. ECF 748, p.17-19. In its opposition, the government claims it should not be held accountable for the delay between its September 25, 2020 receipt of the August 12, 2020 K.N. and invitation to speak with K.N. and its December 9, 2021 discovery of the email, because the delay stemmed from "technical difficulties" with Veseris' first production, delay in requesting a "replacement production" from Veseris due to the "ability to obtain some of the documents they needed directly from the Hawaii Department of Agriculture," "processing" time, and other priorities. ECF 767-1, p.1-2, ¶¶ 2-3. These excuses fall flat and lack credibility. First, there is very little overlap between the Veseris production contained in the discovery and the State of Hawaii Department of Agriculture records contained in the discovery. Undersigned counsel is unable to see what was actually subpoenaed from Veseris due to the government's refusal to produce a copy of subpoena, despite the fact that the government has represented

3

to the Court and the parties that all items on the spreadsheet on which this subpoena is listed are available for inspection. ECF 748, p.8; ECF 745-1, p.5-6, ¶ 20; ECF 745-12. Second, given the extraordinary resources the government is putting into this case, they must be held accountable for their delays.

     Ironically, at the same time the government seeks to excuse its delay, it faults defense counsel for not raising the issue with the court sooner. According to the government, defense counsel has been on notice of the K.N. email since the government produced it on January 10, 2022, and of the substance of K.N.'s interview since the government produced the K.N. FBI 302 report on June 30, 2022. The government's position ignores the following critical facts. Despite AUSA Nammar having personal knowledge of the K.N. email on December 9, 2021, the government did not notify defense counsel. Instead, the government included it in a production consisting of in excess of 1,000,000 files and said nothing. See Government Production 5 transmittal letter, filed at ECF 557-1. During that time, the government was also flooding defense counsel with approximately 40 TB of Rule 16 discovery (items which were obtained from or belonged to defendant and businesses named in Count One) that the government had inexcusably withheld from production for over 1 ½ years. See ECF 557-2 through 557-7. In the months that followed, the government continued to roll-out voluminous discovery it had unjustifiably been sitting on. See ECF 557-8 through

4

557-12.

The government's claim that defense counsel was on notice of the K.N. interview since June 30, 2022, when it produced it to the coordinating discovery attorney, also ignores critical facts. Undersigned counsel requested her own copy of Productions 15 and 16 at the same time the government produced these items to the coordinating discovery attorney. The government refused. See Exhibit 1, hereto. The government is well aware that defense counsel did not receive production 16 from the coordinating discovery attorney until September 30, 2022. The government should recognize the defense need for this sort of processing time, particularly in light of the government's repeated reliance on its discovery center's processing time to excuse its own delay.

Regardless of the government's excuses, its failure to disclose its delay in its motion to disqualify was materially misleading. The government is well aware that delay is a material issue in its motion to disqualify. Yet, it failed to disclose that it had received the K.N. email and an invitation to speak with K.N. on September 25, 2020, and simply stated that it learned of this email in 2022.

The government claims that it did not conceal material information from the Court, or the defense, because in a document filed in MC No. 22-00408 on August 26, 2022, it disclosed the fact that it had issued a grand jury subpoena to Veseris, ECF 769, p.5, n.4, and on January 17, 2023 the government disclosed the

5

document containing this disclosure to the defendants. Attached hereto is the government's transmittal covering the production in which the MC No. 22-00408 filing was contained. The government's failure to disclose its September 25, 2020 receipt of the K.N. email and invitation to speak with K.N. in its motion to disqualify was misleading. The disclosure of the existence of the Veseris grand jury subpoena in a filing in a miscellaneous case number, and the inclusion of this filing in Production 26, does not render its omission of this information from its motion to disqualify any less misleading.

For the reasons set forth in Mr. Miske's motion to sever, Rule 14 severance is warranted. For the reasons set forth above, the government's opposition lacks merit.

DATED: Honolulu, Hawai`i, February 9, 2023.

/ s / Lynn E. Panagakos  
LYNN E. PANAGAKOS