IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO. 19-00099-01 DKW-KJM |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING THE |
| | ) | GOVERNMENT'S MOTION TO |
| vs. | ) | RECONSIDER |
| | ) | |
| MICHAEL J. MISKE, JR., (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER GRANTING THE GOVERNMENT'S MOTION TO RECONSIDER

On January 18, 2023, this Court denied a request by Thomas M. Otake, Esq. ("Mr. Otake"), to withdraw as counsel for Defendant Michael J. Miske, Jr. ("Miske"). *See* ECF Nos. 727, 735. On January 24, 2023, the United States of America ("the Government") filed a Motion to Reconsider ("Motion"), asking the Court to reconsider its January 18, 2023 decision. ECF No. 739. On January 27, 2023, Mr. Otake filed a Response to the Motion ("Response"). ECF No. 743. On February 3, 2023, the Government filed a Reply. ECF No. 764. On February 6, 2023, Miske filed an Opposition to the Motion ("Opposition"). ECF No. 770.

The Court held a video conference hearing on the Motion on February 8, 2023. ECF No. 773. Kenneth M. Sorensen, Esq., appeared telephonically on behalf of the Government. Lynn E. Panagakos, Esq., and Michael Jerome

Kennedy, Esq., appeared by video on behalf of Miske, who was also present by video. Mr. Otake also appeared by video at the hearing.

At the hearing on the Motion, the Court granted the Government leave to file a supplement. The Court also granted Mr. Otake and Miske leave to file responses thereto. The Government timely filed its supplement, and Mr. Otake and Miske each timely filed responses. ECF Nos. 774–76. After carefully considering the parties' written submissions, relevant legal authority, and the arguments of counsel, the Court GRANTS the Motion.

## DISCUSSION

On January 13, 2023, Mr. Otake filed a Motion to Withdraw as Counsel ("Motion to Withdraw"). ECF No. 727. The Government did not file a response to the Motion to Withdraw. On January 18, 2023, the Court held a hearing on the Motion to Withdraw and denied Mr. Otake's request to withdraw as counsel for Miske. ECF No. 735. The Court based its denial on a finding that Mr. Otake's withdrawal would work substantial hardship on Miske, given that trial was then set for April 17, 2023. *See* Haw. R. Prof'l Conduct 3.7(a)(3). The Government timely filed its Motion on January 24, 2023.

The Government now asserts that two of its witnesses are former clients of Mr. Otake, whom Mr. Otake represented in criminal proceedings "related to the same conduct charged here." ECF No. 739 at 23. The Government intends to call

2

these witnesses to testify against Miske at trial.  The Government thus contends that Mr. Otake has a conflict of interest.[1]  Mr. Otake affirms in his Response that the two witnesses referred to by the Government in its Motion as "Client 1" and "Client 2" are his former clients.  *See* ECF No. 743 at 4–5.  Mr. Otake adds that it would be "problematic . . . for obvious reasons" for him to continue representing Miske under these circumstances.  *Id.* at 5.

The Court finds that, based on the record before it, Mr. Otake has a conflict of interest based on his prior representation of the Government's witnesses.  Criminal Local Rule 83.3 requires any attorney practicing before this court to "observe the standards of professional and ethical conduct required by members of the State Bar of Hawaii."  The Hawaii Rules of Professional Conduct ("HRPC") governs the conduct of State Bar members.  R. S. Ct. Haw. 2.2(a).  HRPC 1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation, and confirms in writing.

HRPC 1.9(a).

---

[1] The Court notes that Government raises this alleged conflict for the first time in the Motion.  The Court's January 18, 2023 decision to deny the Motion to Withdraw was not based in any part on this alleged conflict, about which the Court was unaware.

There is no dispute that "Client 1" and "Client 2" are Mr. Otake's "former clients" for purposes of HRPC 1.9(a). The Court has carefully reviewed the parties' submissions and finds that the criminal matters in which Mr. Otake represented "Client 1" and "Client 2" are substantially related to this criminal matter against Miske. That is, the Court believes that there is a substantial risk that confidential factual information Mr. Otake would have normally obtained in his prior representations of "Client 1" and "Client 2" would materially advance Miske's position in this subsequent matter. *See* HRPC 1.9 cmt. 3. The Court also finds that Miske's interests are materially adverse to those of "Client 1" and "Client 2." Thus, pursuant to HRPC 1.9(a), proper representation of Miske by Mr. Otake requires written consent from "Client 1" and "Client 2."

There is nothing in the record before the Court indicating that "Client 1" and "Client 2" have consulted with counsel and consented in writing to Mr. Otake's representation of Miske. In response to the Court's questions at the hearing on the Motion, Mr. Sorenson and Mr. Otake stated that "Client 1" and "Client 2" have not provided the written consent required by HRPC 1.9(a). The Court thus finds that Mr. Otake has a conflict of interests pursuant to HRPC 1.9(a) that prohibits him from representing Miske in this matter.

In the Opposition, Miske argues that any issues caused by the conflict can be resolved by having his other counsel, Ms. Panagakos and Mr. Kennedy, cross

4

examine "Client 1" and "Client 2." Miske asserts that Mr. Otake would not cross examine these witness and "would not share any privileged or confidential information relating to ['Client 1' and 'Client 2'] with his co-counsel." ECF No. 770 at 20.

HRPC 1.9, however, does not provide for an exception where the conflicted attorney can continue to be a zealous advocate for a current client while his co-counsel cross examines the conflicted attorney's former client. That the conflicted attorney verifies that he will not disclose the former client's privileged and confidential information to his co-counsel does not ameliorate the concerns that HRPC 1.9 was drafted to address. Miske thus fails to persuade the Court that having Ms. Panagakos or Mr. Kennedy, as opposed to Mr. Otake, cross examine the witnesses is a proper resolution for Mr. Otake's conflict of interest.

Nor is the Court persuaded by Miske's arguments in his supplement that Mr. Otake has "no relevant factual information which is confidential" that would trigger HRPC 1.9. ECF No. 776 at 6. Neither Miske, Ms. Panagakos, nor Mr. Kennedy are in a position to state what confidential information Mr. Otake has concerning "Client 1" and "Client 2." Only Mr. Otake is in such a position, and he has repeatedly, and sincerely, expressed concerns about continuing as Miske's counsel. Although Mr. Otake takes great issue with the timing and possible motives of the Government's disclosures, he has not disputed the Motion's key

5

factual underpinnings concerning the substantial relationship of his representation of "Client 1" and "Client 2" to this case.

The Court is guided by the commentary to HRPC 1.9, which makes clear that the Court does not need to find that Mr. Otake actually has confidential information concerning "Client 1" and "Client 2" that will be materially adverse to Miske. Such a requirement would put Mr. Otake and his clients (current and former) in an untenable situation. Rather, the Court can conclude that the matters are substantially related based upon the nature of the services Mr. Otake rendered and information that he would ordinarily learn while providing such services:

> A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.

HRPC 1.9 cmt. 3. Such is the case here.

On the entire record now before the Court, it is reasonable to conclude that Mr. Otake learned confidential information during his representation of "Client 1" and "Client 2" that he could use to defend Miske against their testimony in this matter. With that conclusion, the Court must reconsider its decision and grant Mr. Otake's withdrawal.

In light of the Court's finding that a conflict of interest exists as to "Client 1" and "Client 2," the Court does not address the parties' arguments as to "Cooperator 1" and "Cooperator 2."

CONCLUSION

Based on the foregoing, the Court GRANTS the Government's Motion to Reconsider (ECF No. 739). The Court hereby TERMINATES Mr. Otake as counsel of record for Miske, effective immediately.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 9, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*U.S. v. Miske*, Crim. No. 19-00099-01 DKW-KJM; Order Granting the Government's Motion to Reconsider