CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
MICHAEL D. NAMMAR
MICAH SMITH
MARK A. INCIONG      CA BAR #163443
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Ken.Sorenson@usdoj.gov
        Michael.Nammar@usdoj.gov
        Mark.Inciong@usdoj.gov
        Micah.Smith@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>MICHAEL J. MISKE, JR.,<br><br>                Defendant. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES OF AMERICA'S APPEAL AND REQUEST FOR THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE; CERTIFICATE OF SERVICE |

## I.   OVERVIEW

Pursuant to District of Hawaii Criminal Local Rule 57.3(b) and 28 U.S.C. § 636(b)(1)(A), the United States of America, by and through undersigned counsel, respectfully appeals and requests that this Court partially reverse Magistrate Judge Kenneth J. Mansfield's February 9, 2023 Order (Dkt. No. 789) granting the United States' Motion to Reconsider (Dkt. No. 739).  While Judge Mansfield's February 9, 2023 Order (Dkt. No. 789) certainly gets to the right result—i.e., Thomas J. Otake, Esq. is, as he admits, conflicted—it is flawed because it failed to correct the clearly erroneous January 18, 2023 Order (Dkt. No. 735) holding that Hawaii Rule of Professional Conduct ("HRPC") 3.7's "substantial hardship" exception precluded Mr. Otake's withdrawal.  Although this holding is not *necessarily* critical to the disqualification of Mr. Otake, Defendant Michael J. Miske, Jr.'s appeal of the  February 9, 2023 Order (Dkt. No. 789), *see* Dkt. No. 803, raises the possibility that HRPC 3.7's "substantial hardship" exception *could* become outcome determinative if this Court finds that Judge Mansfield erred in concluding that Mr. Otake's prior representation of two government witnesses precludes his representation of Miske under HRPC 1.9.

Accordingly, the United States respectfully requests that this Court consolidate its review of this appeal with Miske's February 23, 2023 appeal (Dkt. No. 803) and find that Mr. Otake is conflicted, under HRPC 1.9, from representing

2

Miske due to his prior representation of two necessary witnesses whose testimony will be presented at trial, and that Mr. Otake is, himself, a necessary witness under HRPC 3.7, due to his participation in a 2014 parking lot meeting with Miske and a cooperating witness, which will also be presented, and almost certainly challenged, at trial.

## II.   PROCEDURAL BACKGROUND

On January 13, 2023, Mr. Otake filed a Motion to Withdraw as Counsel for Michael Miske.  *See* Dkt. No. 727.  Mr. Otake's supporting declaration represented that on January 12, 2023, the United States "for the first time shared information with me about a different issue that they believe creates an unresolvable conflict of interest for me." *Id.* at PageID.4923.  Mr. Otake agreed that after "learning of, and analyzing, the newly disclosed information, I do believe this information creates a genuine conflict of interest that obliges me to withdraw from representation of Mr. Miske." *Id.* at PageID.4923.  That motion was assigned to Judge Mansfield.

On January 13, 2023, the same day, the United States filed a Motion to Disqualify Mr. Otake and Ms. Panagakos.  *See* Dkt. No. 729.  Because Mr. Otake had filed a Motion to Withdraw based on a self-assessed conflict of interest, and as a professional courtesy to him, the United States did not include in its Motion to Disqualify the information that Mr. Otake had acknowledged required him to withdraw.  *See* Dkt. No. 767 at Page.ID.5864.

On January 18, 2023, Judge Mansfield held a hearing on Mr. Otake's motion. Judge Mansfield "cleared and locked" the courtroom and held a sealed hearing in which the United States was not permitted to participate. *See* Dkt. No. 735. Mr. Otake's two co-counsel, however, were permitted to participate, and evidently argued against Mr. Otake's motion to withdraw. Judge Mansfield then returned to open court and denied Mr. Otake's motion, noting that withdrawal would constitute a substantial hardship to Miske. *See id.*

The United States filed a Motion to Reconsider on January 24, 2023, asking Judge Mansfield to reconsider the denial of Mr. Otake's Motion to Withdraw. *See* Dkt. No. 739. The United States' submission explained that Mr. Otake is a percipient and necessary witness to a non-privileged and incriminating conversation that allegedly occurred in a parking lot in 2014, between Mr. Otake, Miske, and a now-cooperating Miske Enterprise member ("Cooperator 1") concerning the seizure of ten kilograms of Miske's cocaine. *Id.* at 8. The United States also disclosed concerns with conflicts that have arisen because of Mr. Otake's representation of two other individuals ("Client 1" and "Client 2") who will be witnesses against Miske at trial. *Id.* at 9-10.

On January 27, 2023, Mr. Otake filed a "Response" acknowledging that he "was, and remain[ed], uncomfortable with the concept of being both an attorney and a witness in the same trial" and "view[ing] this as a serious conflict of

interest." Dkt. No. 743 at PageID.5046.  While Mr. Otake  complained that the United States did not raise concerns with Client 1 earlier, he reaffirmed that it would be "problematic" for him if Client 1 and Client 2 testified at trial.  *Id.* at PageID.5048.  The United States replied to Mr. Otake's "Response" on February 3, 2023, explaining that Mr. Otake had received, on behalf of Client 1—the day after Miske was arraigned—a motion for downward departure that informed him Client 1 may be a witness in the Miske trial.  *See* Dkt. No. 764 at PageID.5856.  On February 6, 2023, Mr. Otake's co-counsel filed an opposition to the United States' motion, in which they sought to persuade Judge Mansfield not to reconsider his denial of their own co-counsel's motion to withdraw.  *See* Dkt. No. 770.

On February 8, 2023, Judge Mansfield held a hearing on the United States' Motion to Reconsider (Dkt. No. 739).  Judge Mansfield said he would not reconsider his denial of Mr. Otake's Motion to Withdraw (Dkt. No. 727) despite the fact that Mr. Otake is a percipient witness to an incriminating conversation with Miske and Cooperator 1—and even though Mr. Otake himself recognized this as a "genuine conflict of interest that obliges [him] to withdraw from representation of Mr. Miske." Dkt. No. 727 at PageID.4925.  Judge Mansfield called for further briefing on the expected scope of trial testimony of Client 1 and Client 2, to assess whether Mr. Otake's prior representation of them would separately require Mr. Otake's withdrawal.  The United States filed a Supplemental

5

Memorandum on February 8, 2023 (Dkt. No. 774), to which Mr. Otake and his co-counsel filed separate responses (Dkt. Nos. 775 and 776).

On February 9, 2023, Judge Mansfield issued an order granting the United States' Motion to Reconsider and terminating Mr. Otake. *See* Dkt. No. 789. The February 9, 2023 Order, however, focused solely on the conflicts created by Mr. Otake's prior representation of Client 1 and Client 2, pursuant to HRPC 1.9. *See* Dkt. No. 789 at PageID.789 ("In light of the Court's finding that a conflict of interest exists as to 'Client 1' and 'Client 2,' the Court ***does not address*** the parties' arguments as to 'Cooperator 1' and 'Cooperator 2.'") (emphasis added).

Specifically, Judge Mansfield's February 9, 2023 decision *did not* address Mr. Otake's distinct conflicts under HRPC 3.7 stemming from necessary trial testimony concerning (1) Mr. Otake's involvement in a 2014 elementary school parking lot meeting between Miske and Cooperator 1 concerning the seizure of ten kilograms of Miske's cocaine and (2) Miske's statements to another associate ("Cooperator 2") that Miske was "stressing" because of legal advice provided by Mr. Otake, including that Miske and Cooperator 2 needed to be careful to not "get into trouble" because "when you do . . . [t]hey quietly pull in your victims and have them testify to assaults, robberies etc and that's here the 50 (example) comes into play."

On February 10, 2023, this Court heard argument on the United States'
Motion to Disqualify Defense Counsel (Dkt. No. 729) and the Defendants'
Motions to Sever (Dkt. No. 748, et al.).  On February 21, 2023, this Court denied
both motions.  *See* Dkt. Nos. 797 and 798.

As the procedural history makes clear, the grounds supporting the motion
now being appealed could and would have been properly included in the United
States' Motion to Disqualify Defense Counsel (Dkt. No. 729).  Those grounds
were not included merely as a professional courtesy to Mr. Otake and because Mr.
Otake himself admitted his own conflict of interest and filed his own motion to
withdraw.[1]

## III.   RELEVANT FACTS

### a.  Mr. Otake's 2014 Parking Lot Meeting with Miske and Cooperator 1.

On December 14, 2022, while preparing for trial, the United States learned
during a witness interview with Cooperator 1 that Mr. Otake is a percipient witness
to a non-privileged and incriminating conversation in a parking lot in 2014, during
a meeting between Mr. Otake, Miske, and Cooperator 1 concerning the seizure of
ten kilograms of Miske's cocaine.

---

[1] The United States considered bringing a second motion to disqualify Mr. Otake based on these
grounds, which were *not* before this Court when it denied the United States' Motion to
Disqualify Defense Counsel (Dkt. No. 729).  In the interest of judicial efficiency, however,
particularly given the upcoming trial date, the United States respectfully submits that these issues
can and should be resolved in connection with the two pending appeals of Judge Mansfield's
February 9, 2023 Order (Dkt. No. 789).

At trial, the United States intends to offer evidence that, in 2014, Cooperator 1 traveled to California to purchase ten kilograms of cocaine, which he purchased with $300,000 provided by Miske and which he intended to smuggle back to Hawaii to distribute with Miske. **This conduct is charged in count 15 and will be part of the United States' proof at trial.** According to Cooperator 1—and verified by law enforcement records—while in California for this operation, Cooperator 1, along with suppliers linked to a Mexican drug cartel, were arrested in possession of the ten kilograms of cocaine. Cooperator 1 was subsequently released by mainland authorities and, according to him, upon returning to Hawaii, Miske learned of the arrest and loss of both his money and the cocaine. Miske, suspicious of Cooperator 1's story of being released following the seizure of ten kilograms of cocaine, told Cooperator 1 they needed to meet with Miske's attorney, Mr. Otake, to discuss what happened in California. Miske picked up Cooperator 1 and drove him in his truck to a parking lot near an elementary school in Waikiki, where they met Mr. Otake. According to Cooperator 1, during the meeting, he told Mr. Otake what happened, including that he was arrested and released. Mr. Otake responded by telling Miske and Cooperator 1 that it was unusual that the cooperator would be released under the relayed circumstances.

**b. Miske's Incriminating Statements to Cooperator 2.**

The United States also will present evidence that Miske disclosed to another now-cooperating Miske Enterprise member ("Cooperator 2") legal advice Mr. Otake provided to Miske about Miske's federal criminal exposure. Miske told Cooperator 2 that he was "stressing" as a result of the news and that both men needed to not "get into trouble" because "when you do . . . [t]hey quietly pull in your victims and have them testify to assaults, robberies etc and that's where the 50 (example) comes into play."

## IV.   ARGUMENT

Judge Mansfield's January 18, 2023 Order (Dkt. No. 735) holding that HRPC 3.7's "substantial hardship" exception precluded Mr. Otake's withdrawal was clearly erroneous, as was his exclusion of the United States from argument on issues other than matters related to privileged communications between Miske and his counsel (e.g., *ex parte* argument concerning the balancing of factors giving rise to a "substantial hardship").

**a. Mr. Otake is a Necessary Witness Under HRPC 3.7.**

As an initial matter, the United States is cognizant of this Court's order denying its Motion to Disqualify Defense Counsel and is not seeking to relitigate those issues here. But Mr. Otake is—in the view of the United States—certain to be a "necessary witness" at trial for purposes of HRPC 3.7. This is because Mr.

Otake personally participated in a deeply-incriminating (as to Miske; not Mr. Otake) three-way conversation involving Miske about charged cocaine trafficking activity. The United States anticipates that the substance and purpose of that conversation will be hotly disputed at trial. Cooperator 1 will testify about what was discussed, before and during the meeting, and that his understanding of the purpose of the meeting was to allow Mr. Otake to assess (for Miske) whether Cooperator 1 had stolen Miske's money or cocaine or was cooperating with law enforcement. Miske, on the other hand, will likely challenge Cooperator 1's assessment of the meeting, perhaps arguing that Cooperator 1 is embellishing it to curry favor with the United States or simply mistaken about Miske's motives (e.g., Miske introduced Cooperator 1 to Mr. Otake because he was selflessly concerned about Cooperator 1 and thought Mr. Otake could help Cooperator 1 navigate his exposure). Miske will also likely challenge Cooperator 1's reliability for a variety of other reasons, putting into dispute what really happened and why. Almost certainly, though, Mr. Otake's personal recollection about the meeting, including that it occurred, what was discussed, how Cooperator 1 and Miske behaved, and why it happened when it did and where it did, is all critical evidence the jury is entitled to hear and consider in assessing Miske's guilt. Indeed, Mr. Otake is exclusively positioned to testify about the circumstances that gave rise to him meeting with Cooperator 1 and Miske in the first place (e.g., that Miske asked Mr.

10

Otake to meet up and what Mr. Otake believed the purpose of the meeting). Furthermore, it would be odd, and potentially confusing, for the jury to hear extensive testimony about a meeting involving Mr. Otake, but then not hear testimony from Mr. Otake about that very meeting, particularly if Mr. Otake is seated in the courtroom as Miske's trial counsel.  Additionally, if Mr. Otake were to serve as trial counsel and also testify as a witness about that meeting, the United States would be placed in the precarious situation of cross-examining opposing counsel and potentially impugning his credibility.

Moreover, the United States fully intends to argue at trial that Miske used Mr. Otake to operate his criminal enterprise, including by paying for and communicating with attorneys for his criminal associates so he could keep tabs on their activities, partly to determine whether they were cooperating with law enforcement.  Thus, even if Cooperator 1 and Mr. Otake offer differing views about what happened during the meeting, its purpose, or how it came to pass, the simple fact that it occurred is still highly probative evidence as to Miske's guilt.

Finally, Mr. Otake *could* become a necessary witness with respect to legal advice provided to Miske about Miske's federal criminal exposure.  At trial, the United States intends to advance the argument that Miske's statements to co-defendants, such as Cooperator 2, concerning their federal criminal exposure, based on conversations with Mr. Otake, are indicative of Miske's guilt.  For

11

example, Miske's messages to Cooperator 2 that they both needed to stay out of trouble, and making reference to prior "victims," "assaults," and robberies" is highly probative of Miske's guilt and will corroborate Cooperator 2's testimony (which the United States anticipates Miske will argue is unreliable). If, *arguendo*, Miske were to deny making those statements to Cooperator 2, or that Mr. Otake provided him with that advice, Mr. Otake will become a necessary witness.

### b. HRPC 3.7's Balancing Requirement Does Not Preclude Mr. Otake's Withdrawal.

HRPC 3.7 provides that lawyers shall not act as advocates at a trial where they are likely to be a necessary witness. HRPC 3.7(a) ("Lawyer as Witness"). While there are three exceptions to Rule 3.7(a), the first two do not apply because Mr. Otake's testimony (1) does relate to a contested issue (indeed, Miske's motivations and participation will be in dispute) and (2) does not relate to the nature and value of legal services provided to Miske. *See* HRPC 3.7(a)(1) and (2). The third exception, which appears to be the basis for Judge Mansfield's order, permits an attorney to remain notwithstanding Rule 3.7's general prohibition against advocates as witnesses if "disqualification . . . would work substantial hardship on the client." *See* HRPC 3.7(a)(3). Comment 4 to HRPC 3.7 provides that "paragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and of the opposing party."

Judge Mansfield's February 9, 2023 Order (Dkt. No. 789) indicates that the Court's January 18, 2023 Order (Dkt. No. 735) denying Mr. Otake's motion to withdraw was based "on a finding that Mr. Otake's withdrawal would work substantial hardship on Miske, given that trial was then set for April 17, 2023." *See* Dkt. No. 789 at PageID.6077.  Presumably, Judge Mansfield's January 18, 2023 Order (Dkt. No. 735) considered the then-upcoming trial date (subsequently postponed to September 11, 2023).  The Order does not reflect whether or how Judge Mansfield balanced the competing interests (such as the interests of the United States as the opposing party and the interests of the tribunal) before concluding that the "substantial hardship" exception applied.  At a minimum, the United States should have been afforded an opportunity—and it was not because it was excluded from the 30-minute *ex parte* hearing—to address whether Mr. Otake's withdrawal would work a substantial hardship on Miske.  Certainly, the landscape today is different than it was on January 18, 2023, for numerous reasons: this Court has held Ms. Panagakos may remain as trial counsel to Miske; the trial date has been postponed to September 11, 2023; and Mr. Otake has been terminated as counsel for Miske arising out of unrelated conflicts.  Given these circumstances, the balancing required by HRPC 3.7 cuts against any finding that Mr. Otake's disqualification would work a substantial hardship on Miske,

particularly given the difficulties posed to the United States and the tribunal were

Mr. Otake to function as both a trial witness and trial counsel.

## V.    CONCLUSION

For these reasons, the United States respectfully requests that this Court

reverse Judge Mansfield's February 9, 2023 order (Dkt. No. 789) insofar as it did

not reconsider the clearly erroneous finding from January 18, 2023 (Dkt. No. 735)

that HRPC 3.7's "substantial hardship" exception precluded Mr. Otake's

withdrawal.

DATED:  February 23, 2023, at Honolulu, Hawaii.

CLARE E. CONNORS
United States Attorney
District of Hawaii

*/s/ Kenneth M. Sorenson*
By _____
KENNETH M. SORENSON
MICHAEL D. NAMMAR
MICAH SMITH
MARK A. INCIONG
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq.<br>Michael Jerome Kennedy, Esq. | Attorneys for Defendant<br>MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq.<br>Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant<br>JOHN B. STANCIL |
| Matthew Dennis Mannisto, Esq. | Attorney for Defendant<br>DAE HAN MOON |
| Cynthia A. Kagiwada, Esq. | Attorney for Defendant<br>PRESTON M. KIMOTO |
| William L. Shipley, Jr., Esq. | Attorney for Defendant<br>JARRIN K. YOUNG |
| John M. Schum, Esq. | Attorney for Defendant<br>DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant<br>JASON K. YOKOYAMA |

DATED:  February 23, 2023, at Honolulu, Hawaii.

/s/ Kenneth M. Sorenson
_____
Assistant U.S. Attorney