IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR.,   (1)<br><br>Defendant. | Case No. 19-cr-00099-DKW-KJM-1<br><br>**ORDER (1) GRANTING APPEAL OF THE UNITED STATES OF AMERICA, (2) DENYING AS MOOT APPEAL OF DEFENDANT MICHAEL MISKE, AND (3) AFFIRMING ON OTHER GROUNDS DECISION OF U.S. MAGISTRATE JUDGE** |

Both the United States of America and Defendant Michael Miske appeal decisions of the assigned U.S. Magistrate Judge regarding service by Attorney Thomas Otake as counsel for Miske.  Dkt. Nos. 803-804.  Miske appeals the February 9, 2023 decision to terminate Otake's representation due to an alleged conflict under Hawaiʻi Rule of Professional Conduct (HRPC) 1.9(a).  The government appeals the Magistrate Judge's January 18, 2023 decision denying Otake's motion to withdraw due to an alleged conflict under HRPC 3.7(a).

Having reviewed the parties' briefing on the appeals, the record generally, including the sealed and unsealed portions of the various hearings held by the Magistrate Judge, and the pertinent case law, for the reasons discussed more fully herein, the Court agrees that the Magistrate Judge clearly erred in denying Otake's motion to withdraw.  Specifically, under HRPC 3.7(a), the Court does not agree

that Miske would suffer substantial hardship if Otake was allowed to withdraw from this case. Among other things, even with Otake's withdrawal, Miske would still be represented by two very capable and experienced criminal defense attorneys−one of whom has represented Miske on this case for as long as Otake and possesses a far greater "command and understanding of the enormous amount of discovery in this case" when compared to Otake. In addition, as the government rightly observes, the "substantial hardship" inquiry under HRPC 3.7(a) requires a balancing between Miske's interests and those of the Court and the government. Here, at the very least, Miske's interests are significantly diminished and the prejudice to the government enhanced due to decisions that Miske himself made in involving Otake in the event at issue. Therefore, the government's appeal, Dkt. No. 804, is GRANTED. Because the Court finds that Otake should have been allowed to withdraw for reasons independent of those at issue in Miske's appeal, the same is DENIED AS MOOT.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. Section 636(b)(1)(A), with certain exceptions not applicable here, a district court may reconsider the decision of a Magistrate Judge on a pretrial matter only when the decision is clearly erroneous or contrary to law.

## **DISCUSSION**

The Court begins by addressing the appeal of the government, initially with some procedural context. On January 13, 2023, Otake filed a motion to withdraw from representing Miske in this case. Dkt. No. 727. On January 18, 2023, the Magistrate Judge denied Otake's motion to withdraw. Dkt. No. 735. Specifically, the Magistrate Judge found that Otake's withdrawal would work a "substantial hardship" on Miske under HRPC 3.7(a).[1] Tr. of 1/18/23 Hearing at 9:8-20, Dkt. No. 757.

On January 24, 2023, the government filed a motion to reconsider the Magistrate Judge's January 18, 2023 ruling. Dkt. No. 739. Therein, the government relied upon the same matter raised by Otake in his motion to withdraw, as well as various conflicts that had not been disclosed to the Magistrate Judge. After briefing on the government's motion to reconsider, the Magistrate Judge granted the same. Dkt. No. 789. Specifically, the Magistrate Judge found that a conflict existed under HRPC 1.9(a) with respect to former clients of Otake referred to as Client 1 and Client 2. Because of this ruling, the Magistrate Judge did not address the reasons for denying Otake's motion to withdraw under HRPC 3.7(a), and the government now appeals that original decision. Dkt. Nos. 804, 813.

---

[1] Rule 3.7(a) provides that:
> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

3

The government, first, argues that Otake is a "necessary" witness under HRPC 3.7(a) with respect to a meeting involving Miske, Otake, and an individual referred to as "Cooperator 1." In that regard, according to the government, it will present evidence that, after traveling to California to purchase cocaine with money provided by Miske, Cooperator 1 was arrested in possession of cocaine, released by authorities, and then returned to Hawai'i. Upon returning, a meeting was arranged by Miske between himself, Cooperator 1, and Otake. At this meeting, Cooperator 1 told Otake what happened in California and, in response, Otake said that it would be "unusual" for Cooperator 1 to be released under the circumstances described. The government asserts that Otake will be necessary to testify about the "substance and purpose" of the meeting and the accuracy of Cooperator 1's testimony. The government further argues that Otake's withdrawal would not work a "substantial hardship" on Miske because he has other capable counsel, the trial date has been continued since the January 18, 2023 decision of the Magistrate Judge, and, to the extent Miske suffers any hardship, it is of his own making.

In opposition, Dkt. No. 811, Miske, first, argues that Otake will not be a necessary witness with respect to a contested issue. Specifically, for the first time, Miske asserts that, at trial, he will not contest Cooperator's 1 anticipated testimony that a meeting took place between Miske, Otake, and Cooperator 1. Miske further argues that Otake's testimony will be constrained by the attorney-client privilege.

4

Miske also asserts that Otake's disqualification would result in substantial hardship due to the longstanding relationship between Otake and Miske, Otake's experience and skills, and the complexity of this case. Finally, Miske asserts that he is willing to "waive" any potential conflict that may arise from the meeting between him, Otake, and Cooperator 1.

Having reviewed the foregoing, the record, and applicable law, as more fully set forth below, the Court finds that the Magistrate Judge clearly erred in denying Otake's motion to withdraw. The Court begins with HRPC 3.7(a)'s requirement that, for the rule to apply, a lawyer must likely be a "necessary" witness at trial. As the Court has recently explained in this case, the Hawaiʻi Supreme Court has provided some guidance on the meaning of this phrase:

> For example, in *State v. Plichta*, 172 P.3d 512 (Haw. 2007), the Hawaiʻi Supreme Court explained that Rule 3.7 is "often applied in the situation where the lawyer is a necessary impeaching witness, that is, as the means by which another witness' prior inconsistent statement is to be proved…." *Id*. at 532 (alteration and quotation omitted). In addition, in the context of the American Bar Association's Disciplinary Rule (DR) 5-102(A), which contains similar, albeit not identical, language to Rule 3.7(a) on the matter of a lawyer becoming a witness, the Hawaiʻi Supreme Court has explained that, in determining whether to disqualify a lawyer on this basis, a court should base its determination "on a considered evaluation of all pertinent factors including, inter alia, the significance of the matters to which he might testify, the weight his testimony might have in resolving such matters, and the availability of other witnesses or documentary evidence by which these matters may be independently established." *Chuck v. St. Paul Fire & Marine Ins. Co.*, 606 P.2d 1320, 1325 (Haw. 1980).

Dkt. No. 797 at 3-4 (footnote omitted).

In this light, the Court finds that Otake will be a "necessary" witness in this case with respect to the meeting between Miske, Otake, and Cooperator 1. Specifically, Otake will be necessary to corroborate the expected testimony of Cooperator 1. As mentioned, the meeting in question involved three individuals: Miske, Otake, and Cooperator 1. Only two of those individuals—Otake and Cooperator 1—can be called by the government to testify about the meeting. Evidently, the government intends to call Cooperator 1 to testify. In a vacuum, therefore, Cooperator 1 could, arguably, be the "necessary" witness for the meeting, rendering Otake as superfluous. However, no such vacuum exists or is likely to exist. Instead, it is clear from Miske's filings in this case that his counsel intend, as is their right, to vigorously cross-examine Cooperator 1 about a swath of conduct in which Cooperator 1 may have engaged and alleged stories that he may have told. The hope being, of course, that a jury finds Cooperator 1's testimony, on all topics, to be unworthy of belief, including his testimony implicating Miske in the California cocaine deal relevant to Count 15 of the Third Superseding Indictment. Miske's last-minute concession that certain parts of Cooperator 1's testimony will not be contested, therefore, is of little import when the vast majority, if not the entirety, of Cooperator 1's cross-examination will involve an effort to undermine his credibility. And this is why Otake's testimony becomes necessary − because, instead of the record simply being merely silent on the accuracy of Cooperator 1's testimony

regarding the meeting, Otake can affirmatively corroborate that at least part of Cooperator 1's testimony is accurate.[2] Put another way, Cooperator 1's credibility will be a contested issue at trial, and Otake is the only witness who can corroborate the portion of his testimony related to their meeting with Miske.[3] For the same reasons, the Court further finds Otake's likely testimony to be significant and weighty when assessing the credibility of Cooperator 1. Therefore, the Court finds that Otake is a "necessary" witness on this matter. *See Chuck*, 606 P.2d at 1325.

The remaining question under HRPC 3.7(a) is whether Otake's withdrawal will work a "substantial hardship" on Miske. In making this determination, the "comments" to HRPC 3.7(a) state that "a balancing is required between the interests of the client and those of the tribunal and of the opposing party." HRPC 3.7, cmt. 4. After balancing those interests, the Court finds that Miske will not suffer a *substantial* hardship from Otake's withdrawal. First, the Court acknowledges that, in light of the length of Otake's representation of Miske and Otake's reputation and success as a trial lawyer, there will be a *hardship* caused by Otake's departure from this case. HRPC 3.7(a), however, requires more than hardship alone. Instead, the hardship must be *substantial*. Here, the Court does not believe it will be. Notably,

---

[2] Suggesting that Otake can simply "stipulate" around the necessity of his testimony, as Miske suggests, Dkt. No. 811 at 14, is plainly insufficient. Specifically, there is no substitute for the jury hearing Otake in-person corroborating a portion of Cooperator 1's testimony, particularly when the proposed substitute is the reading of a stipulation into the record.

[3] At a minimum, Otake will confirm that the three-way meeting, in fact, occurred, a matter of some import apart from the contents of that meeting. *See* Dkt. No. 811 at 14; Dkt. No. 813 at 2-3.

7

unlike the client in *United States v. Cunningham*, 672 F.2d 1064 (2d Cir. 1982), Miske will still be represented by two very capable attorneys−Ms. Panagakos and Mr. Kennedy. *Id*. at 1068, 1070-71 (involving the representation of a single attorney). Panagakos has extensive experience in defending persons charged with federal crimes in this State. She also, as Otake confirms, *see* 1/13/23 Decl. of Thomas Otake at ¶ 19, is the one attorney with the "command and understanding of the enormous amount of discovery in this case"−the same discovery upon which Miske relies as contributing to the hardship here, *see* Dkt. No. 811 at 21. She has also represented Miske for as long as Otake in this case, which is another basis upon which Miske relies as establishing hardship. *Id*.[4] For his part, Kennedy, although involved in this case since only November 2022, also has extensive and successful experience in federal criminal trials, including in cases involving charges like the ones here. In other words, the record clearly reflects that Kennedy and Panagakos will "more than adequately represent" Miske, even without Otake's participation. *See* Otake Decl. at ¶ 19.

    Second, according to Miske, one of Otake's intended roles was to give the closing argument. Dkt. No. 811 at 20. In light of Otake's expected witness testimony with regard to Cooperator 1, this would place Otake in an untenable

---

[4] In his opposition, Miske contends that Panagakos and Otake's "skill set[s]" are "entirely different…." Dkt. No. 811 at 21. Miske, however, cannot simply "envision[]" away skills that Panagakos plainly possesses, *see id*., such as being an equally capable trial advocate.

8

position.  As discussed, it is clear from the filings in this case that Miske intends to thoroughly cross-examine Cooperator 1 in order to undermine his credibility before the jury.  Otake's intended role in giving the closing argument would certainly, therefore, include urging the jury not to believe a word of Cooperator 1's testimony.  This would be true even though the government has a right to call Otake to *corroborate* at least part of Cooperator 1's testimony.  In other words, while at closing Otake would argue one thing, his trial testimony is expected to support another.  This creates a number of problems.  Is the jury to believe Otake's trial testimony or his closing argument?  How is the government meant to challenge Otake's closing argument when doing so could undercut the corroboration he provided as a witness?  To the extent Otake's testimony diverges from that of Cooperator 1, would Otake's criticism of Cooperator 1 during closing be effectively vouching for his own testimony?  Putting the jury, Otake, and the government in such a position is simply not warranted, particularly where, as here, Panagakos and/or Kennedy can perform equally well during trial.

       Third, any hardship that Miske may suffer from the withdrawal of Otake is significantly mitigated by the fact that Otake would not have needed to withdraw for the reasons discussed if Miske had not involved him in the meeting with Cooperator 1.  In other words, Miske created the situation in which Otake now finds himself.  As mentioned, Miske no longer contests the fact that the three-person meeting took

9

place after Cooperator 1 returned from his cocaine-related arrest in California. Miske further agrees that, at this meeting, Cooperator 1 relayed the events that transpired in California, and Otake gave a response.  In this light, at the time of the meeting, it was more than "reasonably foresee[able]" to Miske that Otake would "probably" be a witness to the meeting, particularly given that there was only one other available witness present.  This is a relevant consideration.  *See* HRPC 3.7, cmt. 4 ("It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness.").  It is particularly relevant here, given that Miske not only could have "reasonably foresee[n]" Otake being a witness to the meeting, but Miske arranged the meeting, creating the need in the first place.

In summary, although the Court does not dispute that there is a hardship associated with Otake withdrawing as counsel for Miske, the hardship is not *substantial* because Miske is represented by two other very capable defense attorneys with expertise specific to the charges filed.  Further, Otake's representation of Miske at trial, while simultaneously serving as a necessary witness to an event material to a charge against Miske, would challenge the integrity of the proceeding, disadvantage the government, and confuse the jury.  Finally, any hardship Miske may suffer from Otake's withdrawal is mitigated by the fact that

Miske was the architect of the withdrawal.[5]  Accordingly, with respect to Otake, the Court finds that Miske's constitutional right to counsel of his choice is outweighed by the numerous compelling factors discussed herein.  Therefore, the government's appeal, Dkt. No. 803, is GRANTED.[6]  Further, because the Court finds that Otake should have been allowed to withdraw in this regard, it is unnecessary to address whether the Magistrate Judge clearly erred in terminating Otake's representation of Miske on entirely different grounds.  As a result, Miske's appeal, Dkt. No. 803, is DENIED AS MOOT.

## CONCLUSION

For the reasons set forth herein, the government's appeal, Dkt. No. 804, is GRANTED and Miske's appeal, Dkt. No. 803, is DENIED AS MOOT.  The February 9, 2023 decision of the Magistrate Judge, Dkt. No. 789, is, therefore, AFFIRMED ON OTHER GROUNDS.

---

[5] In his opposition, Miske offers to "waive" any potential conflict arising from Otake's role as a witness to the meeting.  Dkt. No. 811 at 22-23.  The offer, however, misses the point.  As Miske acknowledges, this matter is not about a "conflict" between Miske and Otake.  Id. at 11-12.  Rather, it concerns the necessity of Otake's testimony to the *government's* case.  Given that Miske, obviously, cannot waive any matter on behalf of the government, there is nothing relevant for Miske to "waive" in this regard.

[6] As discussed, HRPC 3.7(a) prohibits an attorney from acting as an advocate *at trial* if he is likely to be a necessary witness.  The same attorney may presumably continue in service of the same client in a lesser role, *i.e.*, one which does not involve trial work.  For instance, in *Cunningham*, the Second Circuit explained that the hardship of disqualifying an attorney was "reduced considerably" by the fact that the attorney was permitted to participate in all aspects of the defense "except the actual trial."  672 F.2d at 1074.  Here, it does not appear that Miske is seeking any similar type of arrangement for Otake.  Rather, Miske "expected" Otake to play an "integral role" during the actual trial of this case.  *See* Dkt. No. 811 at 19-20.  Otake's ordered withdrawal thus serves for all purposes in this case.

IT IS SO ORDERED.

DATED: March 24, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States v. Miske, et al.,* Case No. 19-cr-00099-DKW-1; **ORDER (1) GRANTING APPEAL OF THE UNITED STATES OF AMERICA, (2) DENYING AS MOOT APPEAL OF DEFENDANT MICHAEL MISKE, AND (3) AFFIRMING ON OTHER GROUNDS DECISION OF U.S. MAGISTRATE JUDGE**