CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL NAMMAR
MARK A. INCIONG  CA BAR #163443
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Michael.Nammar@usdoj.gov
        Mark.Inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>  vs.<br><br>MICHAEL J. MISKE, JR.,    (1)<br>DAE HAN MOON,          (5)<br>DELIA FABRO-MISKE,     (12)<br><br>                  Defendants. | CR. NO. 19-00099-2 DKW<br><br>MEMORANDUM IN OPPOSITION TO JOINDER MOTIONS OF DEFENDANTS MICHAEL J. MISKE, JR. [ECF NO. 890], DAE HAN MOON [ECF NO. 891], AND DELIA FABRO-MISKE [ECF NO. 888]; CERTIFICATE OF SERVICE |

**MEMORANDUM IN OPPOSITION TO JOINDER
MOTIONS OF DEFENDANTS MICHAEL J. MISKE, JR.,
<u>DAE HAN MOON, AND DELIA FABRO-MISKE</u>**

On June 16, 2023, defendant John B. Stancil filed a motion seeking reconsideration of his order of detention, challenging his placement in the FDC's SHU, and arguing that his separations with co-defendants should be lifted. ECF No. 885. The government responded to that motion on June 28, 2023, and a hearing will be held on July 10, 2023, at 10:00 a.m.

On the day before the government's deadline was due—eleven days after Stancil filed his motion—defendants Delia Fabro-Miske and Michael J. Miske, Jr. filed motions for joinder in Stancil's motion. ECF Nos 888, 890. Defendant Dae Han Moon filed a joinder the next day. ECF No. 891. This Court ordered the government to respond on July 5, 2023 (to Fabro-Miske and Miske) and July 6, 2024 (to Moon). The government now respectfully submits this consolidated opposition to all three defendants' joinders.

To begin, no defendant filed a timely "substantive joinder," and none submitted a motion or memorandum of law requesting greater relief than that requested by Stancil. *See* Civil Local Rule 7.7 (substantive joinder must be filed within three days of the motion to be joined); Criminal Local Rule 12.4 (stating that *all* joinders must be filed within three days of the motion to be joined). Their "joinder" submissions are, therefore, necessarily limited to the relief that Stancil requested for himself.

That point is fatal to Fabro-Miske's submission, because while she purported to "join" Stancil's motion, she is in fact seeking different relief.  Stancil's motion challenged separations that FDC had put in place between Stancil and co-defendants.  Fabro-Miske is not in custody.  And her motion challenges, not FDC separations, but rather the conditions of her pretrial release that this Court put in place.  Those conditions provide that Fabro-Miske is "prohibited" from "[c]ontact" with "co-defendants, co-conspirators, or witnesses."  Fabro-Miske's Condition 7m1.  In effect, Fabro-Miske is not joining Stancil's challenge to Stancil's detention at all, but rather is seeking to modify her own release conditions.  That is not a valid joinder.  Her motion to join Stancil's motion therefore should be denied.  If Fabro-Miske wishes to pursue her argument that this Court should reconsider her release conditions, she should file her own motion for reconsideration of her own release conditions, to which the Pretrial Services Office (which recommended Fabro-Miske's no-contact provisions) and then the government would have an opportunity to respond.

As for Miske, his joinder motion should be denied for the simple reason that, as the government explained in its response to Stancil's motion, the separation between Stancil and Miske has been lifted to allow Stancil to be transferred out of the SHU and into Miske's unit, which has already occurred.  And because that separation has been lifted, Miske's effort to "join" Stancil's challenge to that

separation is moot and should be denied as such. To be sure, Miske's joinder motion hints at an interest in challenging Miske's own separations more broadly. But if that is what Miske hopes to present to this Court, it goes beyond what Stancil has request (i.e., a lifting of Stancil's separations with co-defendants) and Miske should file his own motion.

Finally, Moon's joinder motion should be denied. This motion is properly taken, because the separation between Stancil and Moon at the FDC remains in place. But as the government explained in its response to Stancil's motion, there is no basis for lifting that separation, and neither Stancil nor Moon has offered one. For his part, Stancil relies on *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995), but as noted in the government's response to Stancil's motion, the defendant in that case was acting as his own lawyer, which is a materially different situation from that of Stancil and Moon. The obvious basis for the separations here is that Stancil, Moon, and others are charged with participating in a violent racketeering enterprise in which intimidation and violence were used. Whatever might be true of other cases, the point of the separations here is to ensure that these defendants do not meet and plan efforts to intimidate other potential cooperating defendants and witnesses. Presumably that is why Pretrial Services recommended, and this Court imposed, a comparable no-contact release condition on Fabro-Miske, as noted above. Stancil surely does not believe that Pretrial and this Court,

in recommending and imposing that restriction, aimed to "interfer[e] with [Fabro-Miske's] ability to prepare for trial". ECF No. 885-1, PageID.7206. Stancil and Moon have no better ground to oppose the separations against them, which are merely the in-custody equivalent of Fabro-Miske's release condition.

## CONCLUSION

For the foregoing reasons, the purported joinder motions of Fabro-Miske, Miske, and Moon should be denied.

DATED: July 5, 2023, at Honolulu, Hawaii.

        Respectfully Submitted,

        CLARE E. CONNORS
        United States Attorney
        District of Hawaii


        By */s/ Mark A. Inciong*
          MICHAEL NAMMAR
          MARK A. INCIONG
          Assistant U.S. Attorneys

          Attorneys for Plaintiff
          UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Terri L. Fujioka-Lilley, Esq.
    Walter J. Rodby, Esq.
    Attorneys for Defendant
    JOHN B. STANCIL

    Michael J. Kennedy, Esq.
    Lynn E. Panagakos, Esq.
    Attorneys for Defendant
    MICHAEL J. MISKE, JR.

    Marcia A. Morrissey, Esq.
    Donovan Asao Odo, Esq.
    Attorneys for Defendant
    DELIA FABRO-MISKE

    Matthew Mannisto, Esq.
    Attorney for Defendant
    DAE HAN MOON

DATED: July 5, 2023, at Honolulu, Hawaii.

    */s/ Stephanie N. Perkins*
    Legal Assistant,
    U.S. Attorney's Office, District of Hawaii