CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL NAMMAR
MARK A. INCIONG  CA BAR #163443
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Michael.Nammar@usdoj.gov
        Mark.Inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 19-00099-1 DKW |
|---|---|
| Plaintiff, | ) |
| vs. | ) MEMORANDUM IN OPPOSITION TO DEFENDANT MICHAEL J. MISKE, JR.'S MOTION TO MODIFY CONDITIONS OF DETENTION TO PERMIT DEFENDANTS TO PREPARE FOR TRIAL WITH REASONABLE SCHEDULE OF JOINT MEETINGS OF DEFENDANT AND THEIR COUNSEL [ECF NO. 917]; CERTIFICATE OF SERVICE |
| MICHAEL J. MISKE, JR.,     (1) | |
| Defendant. | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT
MICHAEL J. MISKE, JR.'S MOTION TO MODIFY CONDITIONS
OF DETENTION TO PERMIT DEFENDANTS TO PREPARE FOR
TRIAL WITH REASONABLE SCHEDULE OF JOINT
MEETINGS OF DEFENDANTS AND THEIR COUNSEL**

I.  **INTRODUCTION**

Defendant Michael J. Miske, Jr., moves this Court for (1) an order that would "modify or rescind separation orders that prevent him and all co-defendants from having joint defense meetings to prepare for trial," and (2) an order imposing a "reasonable schedule of joint defense meetings involving all remaining trial defendant separatees (if any) and counsel, together with pretrial released trial defendants and their counsel." Mot. at 1-2.[1]

Miske's Motion discusses at length what he describes as the "benefits of joint defense arrangements," Mot. at 2, and asserts that the requested orders would be a "proper exercise under the Court's supervisory powers to ensure the underlying Sixth Amendment issues inherent in joint defense agreement or common interest agreements." Mot. at 8. But there is something notably absent from his Motion: a single citation of valid legal authority supporting his requested forms of relief. The Motion does cite *United States v. Wegers*, 2006 WL 753242, at *2 (W.D. Wa. 2006), which did involve a challenge to separatee designations. But while Miske claims *Wegers* is "instructive," Mot. at 6, he fails to inform the

---

[1]  Miske makes the further request that the Court should order the parties to "engage in discussions" toward "reaching an agreement to permit such joint defense meetings at the Federal Detention Center and/or the United States Courthouse," and that if "agreement cannot be reached within one week" then the Court itself should "issue a reasonable schedule of joint defense meetings with defendants and their counsel." Mot. at 2. Those requests are premised on his underlying contention that there is a legal basis for ordering the lifting of separations in the first place.

Court that, in *Wegers*, "Defendants' motion to modify or remove their separatee designations [wa]s DENIED." 2006 WL 753242, at *2. *Wegers* thus is indeed "instructive": it confirms there is no valid legal support for Miske's Motion. The Motion should be denied.

## II.    DISCUSSION

The obvious basis for the separatee designations in this case is that Miske and others are charged with participating in a violent racketeering enterprise in which intimidation and violence were used. Whatever might be true of other cases, the point of the separations here is to ensure that these defendants do not meet and plan efforts to intimidate other potential cooperating defendants and witnesses. Presumably that is why Pretrial Services recommended, and this Court imposed, a comparable no-contact release condition on co-defendant Delia Fabro-Miske. *See* Fabro-Miske's Condition 7m1 (prohibiting Fabro-Miske from "[c]ontact[ing]" not just any "witnesses," but also any "co-defendants, [and] co-conspirators").

Miske argues that the Court nonetheless should order the FDC Honolulu to lift these separatee designations, as well as order the modification of pretrial release conditions for out-of-custody co-defendants. (Alternatively, he proposes that the Court give the parties a one-week deadline to provide this relief on their own, subject to the Court ordering that very relief if they do not do so within the tight timeframe Miske proposes). But Miske cites no valid legal authority for this

request.  Although he places substantial reliance on *Wegers*, he fails to acknowledge that the district court in *Wegers* (1) found no legal authority supporting the proposition that separatee designations impede Sixth Amendment rights to counsel, and therefore (2) denied the motion to remove or modify the separatee designations.  *See Wegers*, 2006 WL 753242, at *1 ("Defendants have not cited, nor has the Court been able to locate, any authority for the proposition that separatee designations authorized under § 524.72(f) cast doubt on a defendant's . . . constitutional right to effective pretrial assistance of counsel."); *accord* ECF No. 919, at 11 (denying Stancil's request that separatee designations be lifted and noting that "the *Wegers* court rejected the pretrial detainees' constitutional argument, finding that 'the Court cannot conclude that the separatee designations give rise to constitutional deprivations or are otherwise improper'").

Miske instead focuses on the portion of *Wegers* that directed the parties to "engage in discussions towards an agreement to permit pretrial meetings involving all separatees and counsel together."  2006 WL 753242, at *2.  But nothing in that portion of *Wegers* supports the conclusion that the defendants had a *legal right* to such meetings; to the contrary, *Wegers* concluded that they did not have any such right and therefore denied the motion to lift the separatee designations.  *See id.* at *1. The district court in *Wegers* directed conferral merely because the government did not oppose joint meetings among the defendants and their counsel, and because

3

"the views of FDC staff as to the feasibility of such meetings [we]re not apparent from the record" in that case. *Id.* Given safety concerns that exist in this case, the government does oppose these meetings here; *Wegers* therefore does not support Miske's Motion. *Accord* ECF No. 919, at 11-12 (explaining that the district court in *Wegers* "directed the parties to engage in discussions" only because "the government did not oppose the proposed joint defense meetings," and noting that here, "by contrast, the government plainly opposes such meetings, as well as any further modification to the separation order").

Furthermore, Miske does not suggest that he has made any effort to "exhaust his available administrative remedies." *Id.* at 12. That too should be fatal to Miske's request, because "[u]nder the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement." *Id.* As this Court has recognized, exhaustion would serve valuable ends here, because "[f]ormal review through the administrative process would augment the record and likely clarify the feasibility of the proposed joint defense meetings." *Id.* at 13.

Finally, no other citation in Miske's Motion provides valid legal support for his request:

- Miske's Motion opens by quoting a statement Justice Frankfurter made in a dissent in 1942. Mot. at 2 ("A common defense often gives strength

4

against a common attack."). Justice Frankfurter was defending a trial court's decision to order one lawyer to represent two separate defendants at the same trial. The Court's majority rejected Justice Frankfurter's sentiment; it instead found that the trial court's order deprived one of the defendants of his Sixth Amendment right to counsel. *Glasser v. United* States, 315 U.S. 60, 70-71 (1942). The Court was especially concerned with the "possibility of the inconsistent interests" of the two defendants ordered to have the same attorney, and it concluded that the trial court did not adequately confirm that the defendant had waived these potential conflicts. *Id.* at 71. Whatever the significance of the Court's opinion in *Glasser* (let alone Justice Frankfurter's dissent from that opinion), it offers no support for Miske's argument that this Court should lift separatee designations.

- Miske's Motion also relies on *United States v. Stepney*, 246 F. Supp.2d 1069 (N.D. Cal. 2003). *See* Mot. at 5-6, 7. But Miske identifies no portion of *Stepney* that pertains to a challenge to separatee designations. *Stepney* concerned co-defendants who were contemplating entering into a joint defense agreement. "Out of concern for the Sixth Amendment rights of the defendants and the integrity of the proceedings," the district court in *Stepney* "ordered that any joint defense agreements be committed to writing and provided to the court for *in camera* review." 246 F. Supp.2d at 1069. The district court also required that the written joint defense agreement "contain workable withdrawal provisions" and "be

signed not only by the attorneys but also by the clients who hold the privileges at issue." *Id.* at 1069-70.  There is much wisdom in *Stepney*, but none of it supports Miske's argument that this Court should lift separatee designations.

- Miske asserts that the "Ninth Circuit has implicitly recognized that joint defense arrangements or joint defense agreements or common interest agreements have Sixth Amendment effective representation underpinnings." Mot. at 4.  But even if that is true,[2] it is a wholly separate question whether separatee designations impede Sixth Amendment effective representation.  And the "instructive" decision that Miske himself has cited, *Wegers*, held that they do not.  Moreover, Miske cites no legal authority for the proposition that defendants themselves must be able to meet on their own—after all, Miske and his co-defendants are represented by experienced counsel who are, and have always been, free to communicate among each other and to share whatever client-related information they choose.

- Miske's Motion cites *United States v. Simpson*, 927 F.2d 1088 (9th Cir. 1991), for the general proposition that under the "supervisory power, courts have substantial authority to oversee their own affairs to ensure that justice is

---

[2]     Miske does not demonstrate that it is true.  His Motion merely cites decisions recognizing that a joint defense agreement has potential upsides and that it can, under certain circumstances, create duties of confidentiality among co-defendants.  None of the cases he cites establish that joint defense agreements have "Sixth Amendment effective representation underpinnings." Mot. at 4.

6

done." Mot. at 6-7. Miske fails to cite the very next sentence in that opinion: "They [i.e., courts] do not, however, have a license to intrude into the authority, powers and functions of the coordinate branches." *Simpson*, 927 F.2d at 1089. Or the next sentence: "Judges are not . . . executive officers, vested with discretion over law enforcement policy and decisions." *Id*. *Simpson* does not support Miske's suggestion that this Court may superintend the FDC's imposition of separatee designations for safety purposes.³

- Finally, Miske's Motion cites law review articles. Mot. at 2-3. These are not valid legal authority. They afford no basis for Miske's requested relief.

---

³    Miske does not cite *Perkins v. Wagner*, 513 F. Supp. 904 (E.D. Pa. 1981), or *United States v. Damico*, 1995 WL 221883 (N.D. Ill. April 10, 1995), presumably because he recognizes that "separation orders do not appear to have been present in *Perkins* and *Damico*," and those cases therefore are "distinguishable and do not point to the proper result" in a case, as here, where separatee designations are in place. *United States v. Martinez Hernandez*, 2016 WL 11569319, at *7 (D. Puerto Rico Nov. 18, 2016) (discussing *Perkins* and *Damico*, and agreeing with the conclusion in *Wegers* that there is no authority "specifically holding that 'separatee designations authorized under § 524.72(f) cast doubt on [a pretrial detainee's] constitutional right to effective pretrial assistance of counsel'" (quoting *Wegers*, 2006 WL 753242, at *1)).

7

### III. **CONCLUSION**

For the foregoing reasons, Miske's Motion should be denied.

DATED: July 25, 2023, at Honolulu, Hawaii.

                                    Respectfully Submitted,

                                    CLARE E. CONNORS
                                  United States Attorney
                                  District of Hawaii

                                      */s/ Mark A. Inciong*
                        By _____
                                  MICHAEL NAMMAR
                                  MARK A. INCIONG
                                  Assistant U.S. Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Michael J. Kennedy, Esq.
Lynn E. Panagakos, Esq.
Attorneys for Defendant
MICHAEL J. MISKE, JR.

DATED: July 26, 2023, at Honolulu, Hawaii.

*/s/ Alaina Benson*
_____