MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS 7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR., (1)<br>JOHN B. STANCIL, (2)<br>DAE HAN MOON, (5)<br>JARRIN K. YOUNG, (11)<br>DELIA FABRO-MISKE, (12)<br>JASON K. YOKOYAMA (13)<br><br>Defendants. | Case No. 19-cr-00099-DKW-KJM.<br><br>**DEFENDANT MICHAEL J. MISKE JR.'S REPLY IN SUPPORT OF MOTION TO MODIFY CONDITIONS OF DETENTION TO PERMIT DEFENDANTS TO PREPARE FOR TRIAL WITH REASONABLE SCHEDULE OF JOINT MEETINGS OF DEFENDANTS AND THEIR COUNSEL** |

DEFENDANT MICHAEL J. MISKE JR.'S REPLY IN SUPPORT OF MOTION TO MODIFY CONDITIONS OF DETENTION TO PERMIT DEFENDANTS TO PREPARE FOR TRIAL WITH A REASONABLE SCHEDULE OF JOINT MEETINGS OF DEFENDANTS AND THEIR COUNSEL

## I. Failing To Exhaust Administrative Remedy Is No Bar To Joint Meetings With Defendants And Counsel.

The government argues that Mr. Miske's failure to exhaust his administrative remedies is a bar to the relief he seeks. ECF No. 931, PageID.7794. It is not for this reason. The request for the separatee order is not from the institution but from the United States Attorney's office. ECF No. 919, PageID.7679. 28 C.F.R. § 524.72(f) (a facility may designate as separatees those inmates "from whom there is no identifiable threat, but who are to be separated from others at the request of ... U.S. Attorneys."). Administrative review of a prosecution requested separatee order (for situations outside the presence of counsel) consists of this level of review: was a request by the United States Attorney's office made, and, if so, then the institution is obligated to enforce regardless of any identified risk. Exhaustion is futile.

The separate question regarding the impact on Mr. Miske's Sixth Amendment right to effective assistance of counsel in a complex, multi-defendant, multi-conspiracy prosecution for meetings in the presence of counsel is for the court, and not within the rubric of the institution or the prosecutor. The Federal Detention Center is operated by the Federal Bureau of Prisons, a division of the United States Department of Justice. Similarly, the United States Attorneys Office is part of the United States Department of Justice. While both should be concerned with the Sixth Amendment rights of the accused, the reality is criminal cases exist within an adversarial setting and it is for the court, not the prosecutor, to decide whether barriers exist to providing what the Sixth Amendment demands: effective assistance of counsel.

## II. The Prosecution's Stated Reason For Requesting The Separatee Orders Provides No Basis To Deny Defendants Joint Meetings In The Presence Of Counsel.

The government argues that "the point of the separations here is to ensure that these defendants do not meet and plan efforts to intimidate other cooperating defendants and witnesses." ECF No. 931, PageID. 7792. *See also* ECF No. 889, PageId. 7446 (same). However, this stated reason is no basis to deny Mr. Miske and the other defendants meetings in the presence of counsel. The sole purpose of joint meetings with defendants in the presence of counsel in a complex, multi-defendant, multi-conspiracy case is to provide effective assistance of counsel to defeat the government's case at trial. Intimidation of cooperating defendants or witnesses is not on the agenda. To suggest otherwise – **that joint meeting of defendants in the presence of counsel raise this fear** – is frankly offensive.

The glaring problem with the prosecution's opposition to Mr. Miske's motion for joint meetings in the presence of counsel is this: what right does the prosecution have to prevent trial defendants from communicating with counsel and each other in the presence of counsel? That right is not found in the text of 28 C.F.R. § 524.72(f). Stripped of safety concerns which evaporate when the joint meetings proposed by Mr. Miske are in the presence of counsel, the prosecution here, in opposing joint defense meetings among defendants in the presence of counsel, simply seek a tactical advantage.

While *United States v. Wegers* did not find authority for the proposition that mere "separatee designations under § 524.72(f) cast doubt on a defendant's

presumption of innocence or impinges on his constitutional right to effective pretrial assistance of counsel," the court explicitly found that **"it does not appear that permitting Defendants and their counsel to engage in joint defense meetings together would jeopardize the goals served by the overall separatee designation."** *United States v. Wegers*, 2006 WL 753242 * 2 (W.D. Wa. 2006) (emphasis added). This finding implicitly recognizes that meetings in the presence of counsel among separatees is distinct from striking the separatee order in total. That same finding is equally true here - permitting joint defense meetings with defendants in the presence of counsel is distinct from striking the separatee order because any potential safety purpose for the separatee order is simply not present in joint meetings in the presence of counsel.

The prosecution would have this court rule that, if the prosecution opposes joint defense meetings for separatees in the presence of counsel, the court has no power, or say in the matter, to rule otherwise. The court should reject this argument for the following reasons.

First, the finding set forth in *Wegers* does not rest upon the mere fact that the prosecution did "not oppose such meetings in principle." *Wegers*, at * 2. Instead, *Wegers* rejects this court-has-no-role argument advanced by the prosecution in its opposition. For this very reason, *Wegers* is instructive here as joint meetings with defendants in the presence of counsel in this case does nothing to "jeopardize the goals served by the overall separatee designation." *Wegers*, at * 2.

///

Second, as Mr. Miske set forth in his motion, under its "supervisory power, courts have substantial authority to oversee their own affairs to ensure that justice is done." *United States v. Simpson*, 927 F.2d 1088, 1089 (9th Cir. 1991); ECF No. 917, PageId. 7594-7595. "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (holding district court had authority to issue pretrial order requiring government to disclose finalized list of witnesses one year in advance of trial and exclude non-disclosed witnesses in its case-in-chief). "That is the essential premise of the court's inherent power to manage its cases to ensure the fair and effective administration of the criminal justice system." *W.R. Grace*, 526 F.3d at 512, citing *United States v. Richter*, 488 F.2d 170, 173-74 (9th Cir. 1973) ("It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice ... it would be ill-advised to limit improvidently this inherent power for fear of misuse.").

While it is true that courts "do not ... have a license to intrude into the authority, powers and functions of the coordinate branches" and "[j]udges are not ... executive officers, vested with discretion over law enforcement policy and decisions", ECF No. 931, PageID.7797, quoting *Simpson*, 927 F.2d at 1089, permitting joint defense meetings with defendants in the presence of counsel (unlike the dismissal of an indictment in *Simpson*) neither intrudes into the authority, power and functions of the

executive branch nor vests a judge with discretion over law enforcement policy and decisions. Instead, as shown below, permitting joint defense meetings with defendants in the presence of counsel has Sixth Amenement underpinnings and it is firmly within the court's supervisory power to manage cases and do justice. *W.R. Grace*, 526 F.3d at 516; *Wegers*, at *2

## III. **Sixth Amendment Effective Assistance Of Counsel Recognizes the Need For Joint Defense Arrangements In Complex, Multi-Defendant, Multi-Defendant Prosecutions**.

The government argues that "[n]one of the cases [Mr. Miske] cites establish that joint defense agreements have 'Sixth Amendment effective representation underpinnings.'" ECF No. 931, PageID.7796 n.2. Not true.

The underlying purpose for joint defense or common interest agreements in the context of criminal law flows from both (1) the right of a criminal defendant, under the Sixth Amendment, to insist on receiving effective assistance of counsel, and, (2) counsel's responsibility to provide, under the Sixth Amendment, effective assistance of counsel. When trial counsel exercising this responsibility deem joint defense meeting with defendants in the presence of counsel necessary to provide effective assistance of counsel, counsel is acting to provide what the Sixth Amendment demands: effective assistance of counsel. As the Seventh Circuit has observed, and Mr. Miske's motion, quotes:

> Uninhibited communication among joint parties and their counsel about matters of common concern is often important to protection of their interests. **In criminal cases it can be necessary to a fair opportunity to defend**.

*United States v. McParlin*, 595 F.2d 1321, 1336 (7th Cir. 1997) (emphasis added); ECF No. 917, PageId.7593.

Further, as the district court reasoned in *United States v. Stepney,*, and Mr, Miske's motion quotes:

> The joint defense privilege allows defendants to share information so as to avoid unnecessary inconsistent defenses that undermine the credibility of the defense as a whole. *Bartel*, *supra*, at 873, 881. In criminal cases where discovery is limited, such collaboration is necessary to assure a fair trial in the face of the prosecution's informational advantage gained through the power to gather evidence through searches and seizures.

*United States v. Stepney*, 246 F.Supp.2d 1069, 1086 (N.D.Ca. 2003); ECF No. 917, PageId.7595. Contrary to the prosecution's suggestion otherwise, ECF No. 931, PageID.7797, courts often quote law review articles to support decisions, and the law review article quoted by Mr. Miske at ECF No. 917, PageID.7590-7591, and cited at PageId.7592 regarding how joint defense agreements fill the vacuums of knowledge gaps, is the very article cited by the district court in *Stepney* in the quote above.

**CONCLUSION**

Mr. Miske requests that the Court grant his motion to modify conditions of detention to permit him to prepare for trial with a reasonable schedule of joint meetings of defendants and their counsel.

DATED: July 31, 2023

*Michael J. Kennedy*
MICHAEL J. KENNEDY
*Lynn E. Panagakos*
LYNN E. PANAGAKOS
Counsel for defendant
MICHAEL J. MISKE, JR (01)

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, July 31, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS