IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM NO. 19-00099 DKW-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | MICHAEL J. MISKE, JR.'S |
| vs. | ) | MOTION TO MODIFY |
| | ) | CONDITIONS OF DETENTION TO |
| MICHAEL J. MISKE, JR. (02), | ) | PERMIT DEFENDANTS TO |
| | ) | PREPARE FOR TRIAL WITH |
| Defendant. | ) | REASONABLE SCHEDULE OF |
| | ) | JOINT MEETINGS OF |
| | ) | DEFENDANTS AND THEIR |
| | ) | COUNSEL |
| | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT MICHAEL J. MISKE, JR.'S MOTION
TO MODIFY CONDITIONS OF DETENTION TO PERMIT DEFENDANTS
TO PREPARE FOR TRIAL WITH REASONABLE SCHEDULE OF
<u>JOINT MEETINGS OF DEFENDANTS AND THEIR COUNSEL</u>

The parties are before the Court on Defendant Michael J. Miske, Jr.'s ("Miske") Motion To Modify Conditions Of Detention To Permit Defendants To Prepare For Trial With Reasonable Schedule Of Joint Meetings Of Defendants And Their Counsel ("Motion").  ECF No. 917.  The Government filed a Memorandum in Opposition to the Motion on July 26, 2023 ("Opposition").  ECF No. 931.  Miske filed a Reply Memorandum on July 31, 2023 ("Reply").  ECF No. 937.

1

The Court held a hearing on the Motion on August 9, 2023. Michael J. Kennedy, Esq., and Lynn E. Panagakos, Esq., appeared on behalf of Miske. Mark Inciong, Esq., appeared on behalf of the Government. After carefully reviewing the Motion, Opposition, Reply, and relevant legal authority, and after hearing the argument of counsel at the hearing, the Court DENIES the Motion for the reasons set forth below.

DISCUSSION

The Motion seeks termination or modification of separation orders concerning Miske and his co-defendants. Miske asks the Court to order a reasonable schedule of joint defense meetings involving all remaining detained trial defendants and counsel, together with pretrial released defendants and counsel. As the Court previously stated, it has neither been provided nor identified any authority for this request. *See* ECF No. 919, Order Granting In Part And Denying In Part Defendant John B. Stancil's Motion To Reconsider Order Of Detention Pending Trial; To Order Temporary Release; To Order Release From Punitive Detention; And/Or To Modify The Conditions Of Detention To Permit John B. Stancil To Prepare For Trial. The Motion does not change that.

The Motion does not address the controlling Central Inmate Monitoring ("CIM") regulation, 28 C.F.R. § 524.72(f), which establishes the BOP's authority to separate prisoners if they have "exhibited aggressive or intimidating behavior

towards other specific individuals, either in the community or within the institution." That section also provides that a facility may designate as separatees those inmates "from whom there is no identifiable threat, but who are to be separated from others at the request of the Federal Judiciary or U.S. Attorneys." The reported reason for the separation orders here is a request from the U.S. Attorneys' Office, which FDC Honolulu has implemented.

The CIM regulation does not reference any Court authority to vacate or modify a separation request by the U.S. Attorneys' Office. Miske argues that the separation orders violate his Sixth Amendment right to counsel because they prohibit joint defense meetings among all co-defendants and their counsel. Miske, though, cites no authority for the proposition that the Sixth Amendment requires the Bureau of Prisons or the Court to facilitate joint defense meetings among co-defendants and their counsel in a RICO conspiracy prosecution.

Like co-defendant John Stancil, Miske relies on *United States v. Wegers*, No. CR05-0231C, 2006 WL 753242, at *1 (W.D. Wash. Mar. 20, 2006). In *Wegers*, the defendant moved "to modify or remove the 'separatee' designation applied to him and his co-defendants who" were "in pretrial detention at FDC SeaTac." *Id.* As is the case here, the defendants in *Wegers* were under separation orders implemented under the auspices of 28 C.F.R. § 524.72(f). *Id.* The pretrial detainees argued that "their designation impinge[d] on their constitutional rights to

3

effective assistance of counsel before trial" because, among other things, the separation orders prohibited "joint-defense meetings involving all separatees and their respective counsel." *Id.*

*Wegers* does not support Miske's argument. In particular, the *Wegers* court rejected the pretrial detainees' constitutional argument, finding that "the Court cannot conclude that the separatee designations give rise to constitutional deprivations or are otherwise improper." *Id.* at *2. After emphasizing that the government did not oppose the proposed joint defense meetings, but rather only wanted court authorization on a per-meeting basis, the court directed the parties to engage in discussions to facilitate such meetings rather than "require request-by-request intervention by the Court." *Id.* Here, by contrast, the government plainly opposes such meetings, as well as any further modification to the separation order.

Miske also does not address exhaustion in his Motion. Ordinarily, and as this Court has often held, an inmate must proceed through the Administrative Remedy Program "to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10(a); *see also*, Bureau of Prisons Program Statement on Administrative Remedy Program, January 6, 2014 available at https://www.bop.gov/policy/progstat/1330_018.pdf. "The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an

issue relating to *any aspect* of his/her own confinement." 28 CFR § 542.10(a) (emphasis added).

Under the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement. 28 CFR § 542.13. In this case, the institution is FDC Honolulu. If no informal resolution is reached, the inmate must file a formal request with the Warden. 28 CFR § 542.14. If the Warden denies a remedy, the inmate may then appeal first to the Regional Director, within 20 days of receiving the Warden's response, and thereafter to the General Counsel in Washington, D.C., within 30 days of receiving the Regional Director's response. *Id.* § 542.15. A final decision from the Office of General Counsel completes the BOP's Administrative Remedy Process. *Id.* § 542.15(a). Accordingly, the administrative process is not complete until: (1) the Office of the General Counsel replies on the merits to the inmate's appeal, or (2) the response is not forthcoming within the time allotted for reply. *See id.* § 542.18.

Formal review through the administrative process would augment the record and likely clarify the feasibility of the proposed joint defense meetings. Miske has still not addressed how often these joint defense meetings might take place, where the meetings would occur, or whether FDC Honolulu guards would be permitted to maintain security in the meetings (and how that would impact the attorney-client privilege). With six remaining defendants (four detained) and nine attorneys, these

meetings would appear to involve significant planning and coordination with FDC Honolulu, and of course a large, secured space.  The Court has no information before it identifying where such a meeting could actually occur.  Neither the Courthouse nor the U.S. Marshal cellblock are viable options.

In his Reply, Miske argues for the first time that because the United States has requested the separation, which FDC Honolulu is "obligated to enforce[,]" Miske need not exhaust his administrative remedies:

> Administrative review of a prosecution requested separatee order (for situations outside the presence of counsel) consists of this level of review: was a request by the United States Attorney's office made, and, if so, then the institution is obligated to enforce regardless of any identified risk. Exhaustion is futile.

ECF No. 937 at PageID.7815.  Miske provides no support for this futility argument, which is contrary to the plain language of the governing regulation.  The regulation does not, as Miske claims, state that the institution "is obligated" to enforce the U.S. Attorneys' separatee request.  Rather, the regulation plainly provides that the institution "may" separate "inmates from whom there is no identifiable threat, but who are to be separated from others at the request of the Federal Judiciary or U.S. Attorneys."  28 C.F.R. § 524.72(f).  Given the discretion afforded to the institution, exhaustion does not appear futile.

For all of these reasons, the Court denies Miske's request to vacate or modify the separation orders.  Miske has not provided the Court with any authority

authorizing it to vacate or modify a separation order.  Miske appears to have available but unexhausted administrative remedies regarding his request for joint defense meetings.  Finally, the Court has found no authority holding that pretrial detainees have a right, particularly a constitutional right, to conduct joint defense meetings with their counsel despite CIM separation orders.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, August 9, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*USA v. Miske, et al.*, Crim. No. 19-00099 DKW-KJM; Order Denying Defendant Michael J. Miske, Jr.'s Motion To Modify Conditions Of Detention To Permit Defendants To Prepare For Trial With Reasonable Schedule Of Joint Meetings Of Defendants And Their Counsel