MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
|---|---|---|
| Plaintiff, | ) ) | **DEFENDANT MICHAEL J. MISKE JR.'S REPLY: MOTION TO SUPPRESS EVIDENCE AND FRUITS DERIVED FROM SEARCH AND SEIZURE WARRANT 16-0693 FOR FOURTH AMENDMENT VIOLATION [CERTIFICATE OF SERVICE]** |
| v. | ) ) | |
| MICHAEL J. MISKE, JR.,   (1) et al, | ) ) ) | |
| Defendants. | ) ) ) ) | |

**DEFENDANT MICHAEL J. MISKE JR'S REPLY: MOTION TO SUPPRESS EVIDENCE AND FRUITS DERIVED FROM SEARCH AND SEIZURE WARRANT 16-0693 FOR FOURTH AMENDMENT VIOLATION**

Before the Court is a facial challenge to a search and seizure warrant involving the use of modern surveillance technology that sweeps broadly and captures information about individuals both involved and uninvolved in suspected, but not yet

proven, criminal activity. ECF No. 961, PageID.7977-7999. The use of a canvassing cell-site simulator, much like geofence and cell tower dumps,[1] casts a wide net over a particular area to capture all data within that location. ECF No. 961, PageID.7981-7984 & 7989-7998. As a result, using a canvassing cell-site simulator, as opposed to using a location cell-site simulator, raises specific concerns that impact the Court's Fourth Amendment analysis. *Id*.

The Court should grant Mr. Miske's motion because, as a legal matter, (1) the canvassing cell-site simulator warrant and application does not satisfy the Fourth Amendment's particularity and overbreadth requirements, and, thus, the search and seizure violates the Fourth Amendment, and (2) the good faith exception does not excuse the Fourth Amendment violation because the warrant and application incorporated therein is so facially deficient in failing to particularize the place to be searched that the executing officers cannot reasonable presume it to be valid. ECF No. 961, PageID.7977-7999. Further, the evidence at issue was not known before the challenged search warrant was executed and would not have been inevitably discovered.[2]

---

[1] A geofence request to Google seeks to obtain all location data of individuals who have connected to a Google application within a certain zone identified in a warrant, such as on the date and the location of suspected criminal activity. A cell tower dump request seeks to obtain identifying information of all cell phones that had a connection to a particular cell tower at a certain date and time of suspected criminal activity.

[2] Probable cause was not directly challenged in this facial challenge to the canvassing cell-site simulator warrant. Mr. Miske is alleging that the warrant is a fruit of his *Franks* challenge to the warrants at issue in ECF Nos. 963 and 964.

2

I. **The Search And Seizure Warrant 16-0693 In The Matter Of The Use Of A Cell-Site Simulator To Identify The Cellular Devices Carried By Mr. Miske Did Not Satisfy The Fourth Amendment's Particularity And Overbreadth Requirements**

The government's response ignores how the Fourth Amendment's particularity requirement is inextricably intertwined in warrants for canvassing cell-site simulators, much like geofences and cell tower dumps, to the technology inherent in the simulator, since proximity does not equal coverage area:

> use of a canvassing cell-site simulator is more properly characterized as the search of an entire place–specifically, the area covered by the machine. So before approving a CCSS warrant, the Court must assess whether the place identified in the warrant (in addition to the data the government may seize) is particularly described and not so broad as to run afoul of the Fourth Amendment. That assessment requires an understanding and analysis of a CCSS's capabilities, because "the device itself is what is at issue." [*United States v. Patrick*, 842 F.3d 540, 548 (Wood, C.J., dissenting)] ... the device's capabilities as well as other operational variables determine in part the boundaries of the place to be searched and the data that will be seized.

*In re Warrant Application for Use of Canvassing Cell-Site Simulator*, ___ F.Supp.3d, ___, 2023 WL 1878636 *14 (N.D. Ill. Feb. 1, 2023).

The government's reliance upon *United States v. Rigmaiden*, 2013 WL 1932800 (D.Ariz. May 8, 2013) (ECF No. 977, PageID.8810), *United States v. Johnson*, 2020 WL 3989590 (E.D. Mo. July 15, 2020) (ECF No. 977, PageID.8810), and *United States v. Tutis*, 216 F.Supp.3d 467 (D.N.J. 2016) (ECF No. 977, PageID.8809-8811) is misplaced. Neither *Tutis* nor *Johnson* nor *Rigmaiden* consider or assess how the capabilities of the canvassing cell-site simulator determine the place to be searched and ignore that close

proximity does not equal coverage area when a canvassing cell-site simulator is used. The non-disclosure agreements to obtain the technology (sold under brand names including Stinray, Triggerfish, Kingfish, and Hailstorm) rendered the technology "black-box" when assessing its capabilities. ECF No. 961, PageId.7984.

Conversely, *Canvassing Cell-Site Warrant* did consider and assess the coverage area and determined that the radius would equal approximately one mile. *Canvassing Cell-Site Warrant*, 2023 WL 1878636 *6 ("If a CCSS has an actual coverage range of one mile, and thus could capture data from devices within a land area of approximately 3.14 square miles, using a CCSS at an average density location in Chicago could capture data from devices belonging to over 37,000 individuals."). The court there concluded that the "proposed CCSS use in this case appears to go well past the impermissibly broad sweep of [*Matter of Search of Info. Stored at Premises Controlled by Google, 2020WL 5491763 (N.D. Ill. July 8, 2020) (Google I*] ...." ECF No. 961, PageID. 7989-7993; *Canvassing Cell-Site Simulator*, *15 ("the three identified quarter-mile radiuses do not and cannot reflect the geographic area that a CCSS would actually search; they simply reflect how close the machine would be to the suspect's residence or locations where the suspect has been seen.").

The government argues that the "Canvassing Warrant specified the place to be searched: places where Miske was 'present,'" ECF No. 977, PageID.8809. Contrary to the government's response, ECF No. 977, PageID.8804-8805, neither the warrant nor the application limits the use of the canvassing cell-site simulator to places where

4

Miske was present or when Miske was nearby. ECF No. 961-1, PageID.8000-8034. Instead, the warrant authorizes its use "when the officers to whom it is directed have reason to believe that Michael Miske, Jr. is present." ECF No. 961-1, PageID.8002. The application is even more direct: "Law enforcement will use this investigative device when they have reason to believe MISKE is present." ECF No. 961-1, PageID.8030. Places where law enforcement have reason to believe someone is present is quite different, and substantially broader, than where someone in fact is present; it is also a subjective rather than an objective criterion.

The government is mistaken when it argues that *United States v. Brewer*, 915 F.3d 408, 415 (7th Cir 2019) and *United States v. Sanchez-Jara*, 889 F.3d 418, 421 (7th Cir. 2018) suggest that a canvassing cell-site simulator warrant, as opposed to a warrant to track a specific person, phone, or vehicle, such as a location cell-site simulator warrant, satisfies the Fourth Amendment particularity requirement by permitting a canvassing cell-site simulator to be used at ascertainable locations anywhere within a specified district. ECF No. 977, PageID.8112-8113.

Further, the canvassing cell-site simulator warrant in *Narcotics Trafficking Case* relied upon by the government in its response, ECF No. 977, PageID.8812-8813, had "three specific limitations" nowhere found in the warrant or application at issue here: "the warrant authorizes the government to use a cell-site simulator only in three situations: (1) within a quarter-mile radius of the suspect's residence; (2) within a quarter-mile radius of any location where law enforcement physically sees the suspect; and (3) within a quarter-mile radius of any location where law enforcement has

5

physically seen the suspect within the last 30 days." *Matter of Use of Cell-Site Simulator to Identify A Cellular Device in a Narcotics Trafficking Case*, 623 F.Supp.3d 888, 894 (N.D. Ill. 2023). The limitations defining the place to be searched constitute objective criteria rather than subjective criteria.

The takeaway is this: the particularity requirement is not met when it is left to the "agent's judgment on where it is appropriate to use the simulator." *Id.*, at 895. "As the Supreme Court has stated, a warrant should describe the places to be searched and objects to be seized with sufficient particularity to leave 'nothing ... to the discretion of the officer executing the warrant.'" *Id.*, at 895, *quoting Anderson v. Maryland* , 427 U.S. 463, 480 (1976) (citations omitted).

Here, search and seizure warrant 16-0693 impermissibly gives the officer executing the warrant the discretion to decide "*where the government can look*" rather than the court in issuing the warrant. *See Narcotics Trafficking*, 623 F.Supp.3d at 896; *Canvassing Cell-Site Simulator*, 2023 WL 1878636 *14.

A warrant authorizing the use of a canvassing cell-site simulator **not to specific places, nor where a suspect is present, nor where a suspect has been within a recent time period** - but instead to "**when the officers to whom it is directed have reason to believe that Michael MISKE, Jr. is present**" – **impermissible gives discretion to the executing officers to determine the place or places to be searched**. It is a subjective criterion not an objective criterion. ECF No. 961, PageID.7992.

Both *Narcotics Trafficking* and *Canvassing Cell-Site Simulator* refute the government's reliance upon *Dalia v. United States*, 441 U.S. 238 (1979), see ECF No. 977, PageID.8815, to argue the limitations imposed in those cases concerned the manner in which the search is executed as opposed to the particularity requirement for the place to be searched:

> the court is not dictating the settings on the simulator, which government agency will operate the simulator, the number of agents at the scene of the search, the amount of time the simulator will be active, or whether the simulator is hidden or in plain view. Rather, the limitations above involve the locations of the search and the scope of the items to be seized–in plain English–where the government can look and what the government can keep. These are typical Fourth Amendment considerations with search warrants.

*Narcotics Trafficking*, 623 F.Supp.3d at 896; *Canvassing Cell-Site Simulator*, 2023 WL 1878636 *14 (Instead, the Court is assessing, in the context of the machine's capabilities, 'the locations of the search and the scope of the items to be seized–in plain English, *where the government can look and what the government can keep*. These are 'typical Fourth Amendment considerations with search warrants' ...).

II. **The Good Faith Exception Does Not Save The Lack Of Particularity And Overbreadth In The Canvassing Cell-Site Simulator Search And Seizure Warrant 16-0693**

The existence of a search warrant does not automatically preclude the application of the exclusionary rule. *United States v. Leon*, 486 U.S. 897, 918 (1984). One situation where suppression "remains an appropriate remedy" are cases in which a warrant is "so facially deficient–*i.e.*, in failing to particularize the place to be

7

searched or the things to be seized–that the executing officers cannot reasonable presume it to be valid." *Leon*, 486 U.S. at 923. *See United States v. Spilotro*, 800 F.2d. 959, 968 (9th Cir. 1986). That is the case here with respect to the warrant failing to particularize the place to be searched. ECF No. 961, PageID.7996-7998.[3] Discretion as to the place or places to be searched are left to the executing officer – not the court – as it is the executing officers who have complete discretion to decide when they have reason to believe that Mr. Miske is present. ECF No. 961-1, PageID.8002&8030.

Excluding the evidence derived from a warrant so facially deficient will alter the behavior of individual law enforcement officers and the policies of their departments in the use of canvassing cell-site simulators, *see Leon*, 468 U.S. at 918, and, thus, protect the privacy interests of thousands and thousands of third parties whose location data (and possibly via subpoena subscriber data) is collected *en masse* by investigators as part of their effort to identify a small number of devices used by a suspect. *See Canvassing Cell-Site Simulator Warrant*, at *5-6; *Narcotics Trafficking*, 623 F.Supp.3d at 894.

### III. **Fruits From The Unconstitutional Search and Search Should Be Suppressed**

The government argues that it "already knew Miske used (808) 476-9223 before

---

[3] The fact that law enforcement sought a Rule 41 warrant here does not add to the analysis under good faith as it has been the Department of Justice policy since 2015 to command that law enforcement agencies must seek a Rule 41 warrant before seeking to use a cell-site simulator except in exigent circumstance situations. See United States Department of Justice Policy Guidance: Use of Cell-Site Simulator Technology (Sept. 3, 2015).

8

using the canvassing cell-site simulator." ECF 977, PageID.8806-8807 & ECF No. 976, PageID.8742-8743 & PageID. 8753-8754. Not true, as it merely suspected rather than knew Mr. Miske was using *9223. First, the government directs this Court to ECF No. 976-7 (Exhibit F). ECF No. 976, PageID.8743 ("The AT&T return for *9223 listed the subscriber as 'Luke Santos' of '1067 Kapiolani Blvd, Honolulu, HI 96814.' *See* Ex. F (Excerpt of AT&T Return)." Yet ECF No. 976-7, Exhibit F, is dated "07/16/2017" rather than May of 2016. Second, while connection records with a known associate (ECF No. 976-5, PageID.8772-8776 & ECF No. 976-6, PageID.8777), and subpoenas issued on May 6, 2016 (ECF No.976-2, PageID.8760-8763), May 12, 2016 (ECF No. 976-3, PageID.8763-8767), and May 17, 2016 (ECF 976-4, PageID.8768-8771) – identified common called numbers – the investigation at this point concluded only that *9223 might be a phone used by Mr. Miske (ECF No. 976-9, PageID.8782-8783 (**"... what I think is MM's new phone and his last 2 phones"**) – rather than concluding it was, in fact, being used by Mr. Miske. Third, even if the government had shown this Court that investigators did know the IMSI to *9223 prior to the canvassing cell-site simulator warrant, the government chose to use a canvassing cell-site simulator in 16-0693 - rather than a location cell-site simulator – under a warrant which was facially deficient with the particularity of the place to be searched and over-broad. ECF No. 961, PageID.7997-7999. The location cell-site simulator comes with extremely limited Fourth Amendment issues as opposed to the open-ended canvassing cell-site simulator. ECF 961, PageId.7989-7990. It was the use of the canvassing cell-site simulator which provided the missing piece-in-the-puzzle (Mr. Miske in fact using *9223) necessary for

9

the subsequent investigation steps which were fruit of the poisonous tree: percipient evidence through use of technology that Mr. Miske was using *9223. The canvassing cell-site simulator provided that indirect link on June 15, 2016. ECF No. 977-2.

The inevitable discovery doctrine provides that if, "by following routine procedures, the police would have inevitably have uncovered the evidence." *United States v. Young*, 573 F.3d 711, 721 (9th Cir 2009) (citation omitted) (holding inevitable discovery did not cure constitutional violation. It took what the Fourth Amendment demands, i.e., a warrant, to obtain the missing piece-in-puzzle. Search warrants requiring a judicial order are not necessarily a routine police procedure. The government sought and obtained eight Title IIIs in this case yet never sought a Title III for *9223, or any other phone, associated with Mr. Miske in this investigation (or in any of the other three investigations spanning twenty years). The court should not cure the constitutional violation here by finding that the government has met its burden of proof to establish inevitable discovery.

## CONCLUSION

For the reasons set forth above, this court should find a Fourth Amendment violation for lack of particularity and preclude the government from introducing at trial all evidence directly, or indirectly, derived from the constitutional violation.

.  DATED: October 6 , 2023

*Michael J. Kennedy*
MICHAEL J. KENNEDY
*Lynn E. Panagakos*
LYNN E. PANAGAKOS
Counsel for defendant
MICHAEL J. MISKE, JR (01)

10

## V. CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, October 6, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS