IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. MISKE, JR.,<br><br>    Defendant. | Case No. 19-cr-00099-DKW-1<br><br>**ORDER DENYING DEFENDANT MICHAEL J. MISKE, JR.'S MOTION TO SUPPRESS EVIDENCE AND FRUITS DERIVED FROM SEARCH AND SEIZURE WARRANT 16-00693** |

Defendant Michael J. Miske, Jr. moves to suppress ("motion") all evidence obtained from a search and seizure warrant authorized in Case No. 16-MJ-00693 ("the Warrant") on the ground that the Warrant and the accompanying search warrant application ("the Application") failed to satisfy the Fourth Amendment's "particularity and overbreadth" requirements.  The government, not surprisingly, does not agree.  It contends that the Warrant sufficiently and specifically described the place to be searched−where Miske was believed to be present−and the things to be seized−identifiers of cellular devices that Miske carried.

Having considered the parties' written and oral arguments, the supporting documentation, and pertinent case law, the Court finds that it is unnecessary to address whether the Warrant satisfied the requirements of the Fourth Amendment. This is because, as Miske acknowledges, even if the Warrant did not comply with

said requirements, that alone does not result in the suppression he seeks. Rather, suppression is not appropriate if law enforcement relied in good faith on the Warrant. Here, that undoubtedly occurred. Notably, the only ground Miske contends establishes the lack of good faith is the alleged fact that the Warrant was "so facially deficient" that law enforcement could not reasonably presume it to be valid. In doing so, however, Miske's arguments concerning particularity are unpersuasive and are far from evident on either the face of the Warrant or on the related application. Moreover, Miske points to no case that would have reasonably alerted law enforcement in 2016 that the Warrant was somehow deficient. Therefore, as more fully explained below, the motion to suppress, Dkt. No. 961, is DENIED.

## RELEVANT BACKGROUND

On June 7, 2016, a U.S. Magistrate Judge authorized the Warrant. Dkt. No. 961-1 at 1.[1] In general terms, the Warrant permitted the government, for 30 days, to seize "radio signals", including "unique identifiers", emitted from cellular devices that Miske carried (defined therein as the "Target Cellular Device"). *Id*. at 4. The Warrant described the place to be searched as where Miske was believed to be present, whether in the District of Hawaiʻi or outside the District, "provided the device is within the district when the warrant is issued." *Id*. at 1, 3, 12. With

---

[1] In citing to exhibits attached to the briefing on the instant motion, the Court cites to the page numbers assigned in the top-right corner of each document, *i.e.* "Page 1 of 35."

respect to the manner of the Warrant's execution, the Application explained that an "investigative device" would be used to send signals to cellular devices, including the Target Cellular Device, with the purpose of causing the cellular devices to broadcast signals including their unique identifiers.  *Id*. at 31.  Both the government and Miske agree that the "investigative device" described in the Application is also known as a "canvassing cell-site simulator" ("CCSS").  Dkt. No. 961 at 1; Dkt. No. 977 at 1 & n.1.

      The parties further agree that the CCSS, in targeting Miske's cellular devices, would also be expected to capture similar information from cellular devices operated by others in the vicinity of where Miske was believed to be present.  The Warrant, however, prohibited the government from using the information captured from cellular devices other than the Target Cellular Device, except to identify the Target Cellular Device and distinguish it from other cellular devices.  *Id*. at 4.  The Warrant further required the government, after ascertaining the identity of the Target Cellular Device, to delete any information seized from other cellular devices.  *Id*.  The Application explained that law enforcement believed Miske "drops phone numbers on a regular basis" and "does not register phone numbers under his own name," thus, making use of the CCSS "necessary to determine any and all of the phone numbers currently utilized by Miske."  *Id*. at 30.

On September 15, 2023, Miske filed the instant motion, seeking to suppress evidence and fruits derived from the Warrant as violative of the Fourth Amendment. Dkt. No. 961. The government filed a response in opposition to the motion, Dkt. No. 977, to which Miske replied, Dkt. No. 984. On October 13 and 16, 2023, the Court held a hearing on the motion and other motions to suppress. Dkt. Nos. 996, 998. This Order now follows.

## LEGAL STANDARD

Miske challenges the Warrant under the Fourth Amendment.[2] The Fourth Amendment, in relevant part, provides that search warrants may be issued "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. The U.S. Supreme Court has interpreted this language to require three things in assessing the validity of a search warrant:

> First, warrants must be issued by neutral, disinterested magistrates. Second, those seeking the warrant must demonstrate to the magistrate their probable cause to believe that the evidence sought will aid in a particular apprehension or conviction for a particular offense. Finally, warrants must particularly describe the things to be seized, as well as the place to be searched.

---

[2]In its opposition, the government concedes that use of the CCSS was a search for purposes of the Fourth Amendment. Dkt. No. 977 at 4. Therefore, the Court assumes the applicability of said Amendment here.

*Dalia v. United States*, 441 U.S. 238, 255 (1979) (citations and quotation marks omitted). Here, Miske does not challenge the first or second requirement.[3] Instead, he challenges the third requirement: whether the Warrant particularly described the things to be seized and the place to be searched. Dkt. No. 961 at 8-15.

"The specificity required in a warrant varies depending on the circumstances of the case and the type of items involved." *United States v. Mann*, 389 F.3d 869, 877 (9th Cir. 2004). The Ninth Circuit considers one or more of the following factors in determining whether a warrant is sufficiently precise:

> (1) whether probable cause exists to seize all items of a particular type described in the warrant, (2) whether the warrant sets out objective standards by which executing officers differentiate items subject to seizure from those which are not, and (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued.

*Id*. at 878 (quotation marks omitted).

Similarly, the specificity of the place to be searched also "depends heavily upon the factual circumstances of each case." *Id*. at 876. "The test for determining the validity of a warrant is whether the warrant describes the place to be searched with sufficient particularity to enable law enforcement officers to locate and identify the premises with reasonable effort, and whether any reasonable probability exists that the officers may mistakenly search another premise." *Id*.

---

[3]More specifically, Miske's briefing is silent on the first and second requirements. At oral argument, Miske's counsel confirmed what was suspected: That his challenge to the Warrant did not rely on either of the first two *Dalia* factors.

5

(quotation marks omitted).  Moreover, "[t]he practical accuracy rather than the technical precision governs in determining whether a search warrant adequately describes the premises to be searched."  *Id.* (quotation marks omitted).

Even if a warrant fails to comply with the foregoing standards, suppression should only occur when police "exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights…."  *Davis v. United States*, 564 U.S. 229, 238 (2011) (quotations omitted).  "[W]hen the police [instead] act with an objectively 'reasonable good faith belief'…exclusion cannot 'pay its way[.]'"  *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 909, 919 (1984)).  In that regard, the Ninth Circuit has explained that, in *Leon*, the Supreme Court identified four situations where reliance on a warrant could not be considered reasonable:

> (1) when the affiant knowingly or recklessly misleads the judge with false information; (2) when the judge wholly abandons his or her neutral role; (3) when the affidavit is so lacking in indicia of probable cause that official belief in its existence is objectively unreasonable; and (4) when the warrant is so facially deficient that executing officers cannot reasonably presume it to be valid (i.e., it fails to specify the place to be searched or the things to be seized).

*United States v. Luong*, 470 F.3d 898, 902 (9th Cir. 2006).  Here, Miske argues that only the last situation—the failure to specify the place to be searched or the things to be seized—is at issue.

6

## DISCUSSION

As mentioned, the parties dispute whether the Warrant, with constitutionally sufficient particularity, described the place to be searched and the things to be seized. It is unnecessary, however, for the Court to reach that constitutional question because, for the reasons discussed below, even if the Warrant failed to satisfy the Fourth Amendment's particularity requirements, there is no indication here that law enforcement did anything other than act in "reasonable good faith belief" that the Warrant was valid.

As an initial matter, Miske does not argue, and there is no evidence in the record before the Court, that the first three situations outlined in *Leon* are present here. In other words, there is no argument or evidence that the Warrant's affiant misled the Magistrate Judge, that the Magistrate Judge abandoned his neutral role, or that the Application lacked indicia of probable cause. Miske argues, instead, that the Warrant was "so facially deficient" that the executing officers could not presume it to be valid because it failed to particularize the place to be searched and the things to be seized.

The Court does not agree that the Warrant was facially deficient for several reasons. First, on its face, the description of the things to be seized is more than sufficient for an objectively reasonable law enforcement officer to believe that it was valid. The Warrant describes the things to be seized as radio signals, including

unique identifiers, emitted by the Target Cellular Device and other cellular devices. In the context of the CCSS, it is hard to imagine a more particular description of the things to be seized and, notably, Miske does not provide one. Moreover, the Application explained that the CCSS would collect signals emitted by cellular devices in the immediate vicinity of the Target Cellular Device when Miske was in multiple locations and/or at multiple times. This information would then be used to identify the Target Cellular Device because only it would be present in all or nearly all locations. Dkt. No. 961-1 at 31. In addition, the Application stated that, once the Target Cellular Device was identified, all information concerning any other cellular device would be deleted. *Id*. at 32. Put simply, the things to be seized here were radio signals from cellular devices, which is precisely how they were described in the Warrant. Therefore, at least from the context of the good-faith inquiry, this description gave an objectively reasonable officer a "good faith belief" that the Warrant was valid.

Second, on its face, the description of the place to be searched, which the Warrant described as places where Miske was believed to be present, is also more than sufficient for an objectively reasonable law enforcement officer to believe that the Warrant was valid. While a closer call in the constitutional sense,[4] this

---

[4]In particular, a closer call exists on the "range" of the CCSS and its effect on the place to be searched. In its opposition, the government contends that the range of the CCSS, *inter alia*, has nothing to do with the places to be searched under the Warrant. Dkt. No. 977 at 12. Based upon the briefing on this issue and the record, the Court is unconvinced. The Application explains that

8

description was not "so facially deficient" that a reasonable police officer could not presume it to be valid. Notably, Miske points to no case that, at the time in 2016, would have cautioned a reasonable officer that the description was, or even might be, deficient. Instead, Miske cites to general principles of Fourth Amendment jurisprudence. *See* Dkt. No. 961 at 16-17. In fact, the only specific case to which Miske cites that may have questioned the validity of the Warrant is from this year. *See id*. (citing *In re Warrant Application For Use of a Canvassing Cell-Site Simulator*, 2023 WL 1878636 (N.D. Ill. Feb. 1, 2023)).[5] Further, case law much closer to the time in question pointed in the direction of supporting the Warrant. *See e.g. United States v. Tutis*, 216 F. Supp. 3d 467, 480 (D.N.J. 2016) (denying a motion to suppress evidence obtained from a canvassing cell-site simulator that was

---

the CCSS would be used to send signals to "nearby" cellular devices, including the Target Cellular Device, something that would prompt those devices to send, *inter alia*, their unique identifiers back to the CCSS. While neither the Application nor the government in its briefing explain the meaning of "nearby", Miske alleges that the "range" of the CCSS may be approximately one mile. Dkt. No. 984 at 4. If accurate, based upon the Court's understanding of the CCSS, which is that the CCSS searches all cellular devices within its coverage range in order to collect their radio signals, the place to be searched could be considered the roughly one-mile area in or around Miske's suspected location. The Warrant, however, only described the place to be searched as Miske's suspected location. To the extent the CCSS is searching a potentially far greater area than that, arguably this may have an effect on the particularity of the Warrant's description. Nonetheless, for the reasons explained *infra*, this legal issue is not something that renders the Warrant so facially deficient that an executing officer could not consider it valid.

[5]*In re Warrant Application* is also a case that involved whether to grant a warrant application in the first instance. 2023 WL 1878636, at *1. In other words, for whatever persuasive force the case may have with respect to the underlying constitutional inquiry, it has no such force in assessing whether the police here acted in good faith. In fact, the Magistrate Judge in *In re Warrant Application* acknowledged as much. *See id*. at *14 n.18 (citing *United States v. Carrazco-Martinez*, 2022 WL 425729, at *3 (N.D. Ill. Feb. 11, 2022), which denied a motion to suppress evidence derived from a CCSS warrant because the police relied upon the warrant in good faith).

authorized for use in "close proximity" to the defendant).  In any event, at best, the description used in the Affidavit for the place to be searched, which was approved by the Magistrate Judge here, may be subject to debate in the constitutional sense. It certainly did not give an objectively reasonable *law enforcement officer* cause to presume its invalidity.

This is particularly so in the context of the CCSS at issue here.  Specifically, the CCSS device here is meant to be used in close enough proximity of an individual carrying cellular phones such that radio signals from the phone can be collected by the CCSS.  Hence, the keys to effectively using the CCSS are an individual carrying cellular phones and proximity to said individual.  Given these practicalities for effectively using the CCSS, an officer could reasonably believe that describing the place to be searched as where Miske was believed to be present did so in a sufficiently particular manner.  *See Tutis*, 216 F. Supp. 3d at 480.

Miske's arguments to the contrary are unpersuasive.  First, Miske argues that there are no geographical limitations for the use of the CCSS under the Warrant, contending that it constitutes an "impermissible general warrant" that is facially deficient.  Dkt. No. 961 at 16–17.  The Court disagrees.  As explained, the Warrant describes the place to be searched as places where Miske is believed to be located.  Therefore, the geographical limitation of the Warrant is precisely that: places where Miske is believed to be located.  In light of the objectives of the

Warrant, no utility would be gained by the use of the CCSS anywhere else. Merely because Miske could in theory travel wherever he pleased did not render the description of the place to be searched any less particular. *Cf. United States v. Brewer*, 915 F.3d 408, 414 (7th Cir. 2009) (upholding the GPS monitoring of a vehicle, and explaining that a valid warrant "must describe the specific person, phone, or vehicle to be tracked…[it] need not specify (or limit) the tracking to a geographical location.").[6] Therefore, an objective law enforcement officer would not reasonably believe that the Warrant contained no geographical limitation or was in some fashion a "general" warrant.

    Second, Miske argues that the Warrant "leaves its scope almost entirely to the officers executing the warrant[]" and provides no "objective criteria" for determining how to identify the Target Cellular Device. Dkt. No. 961 at 17. Miske, however, provides no explanation how this argument concerns the particularity (or lack thereof) of the place to be searched under the Warrant. On its face, the argument instead appears to concern the *manner* of the Warrant's execution, *i.e.,* how law enforcement will identify the Target Cellular Device. Such an argument, however, misses the point of the Fourth Amendment analysis. Specifically, as discussed, the Fourth Amendment requires particularity with respect

---

[6]Put another way, if law enforcement officers used the CCSS in Idaho, for example, even though they believed Miske was located in Hawaiʻi, the Warrant would obviously not support such use precisely because of the geographical limitation contained therein: the place where Miske was believed to be present.

to the place to be searched and the things to be seized. The Fourth Amendment does *not* require warrants to include "specification of the precise manner in which they are to be executed[]" because such matters are "generally left to the discretion of the executing officers…." *Dalia*, 441 U.S. at 257. Here, in challenging the way in which law enforcement would determine the identity of the Target Cellular Device, Miske appears to challenge the manner in which the Warrant would be executed, not the place to be searched or the things to be seized.[7] In any event, whatever the relevance of the argument, it certainly provides no reason for an objective officer to reasonably question the validity of the Warrant.

Finally, Miske argues that excluding evidence derived from the Warrant will "alter" law enforcement behavior and policies, protect the privacy interests of third parties, and, thus, serve the goals of the exclusionary rule. In light of the foregoing discussion, the Court thinks not. Notably, here, excluding evidence derived from the Warrant would merely serve to *punish* officers who reasonably relied on a search warrant approved by a neutral Magistrate Judge. Because there is no indication here that law enforcement did anything but act in good faith in so relying upon the

---

[7]The Court also disagrees that the "scope" of the Warrant is left almost entirely to the discretion of law enforcement. Miske bases this assertion on the fact that the Warrant allows the employment of the CCSS whenever law enforcement *believes* Miske to be present, not only when Miske is *in fact* present. Dkt. No. 984 at 4-5. There is, however, significant overlap between the two that Miske does not acknowledge. Moreover, there is some law enforcement discretion in the execution of practically every warrant of which this Court is aware. Vesting law enforcement with some level of discretion is not the hallmark of a Fourth Amendment or good faith violation, certainly not based on any of the authorities offered by Miske.

Warrant, exclusion is not warranted.  *See Carrazco-Martinez*, 2022 WL 425729, at *3; *see also Davis*, 564 U.S. at 240 (explaining that, "in 27 years of practice under *Leon's* good-faith exception, we have never applied the exclusionary rule to suppress evidence obtained as a result of nonculpable, innocent police conduct.") (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the instant motion to suppress, Dkt. No. 961, is DENIED.

IT IS SO ORDERED.

DATED: November 3, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States v. Miske,* Case No. 19-cr-00099-DKW-1; **ORDER DENYING DEFENDANT MICHAEL J. MISKE, JR.'S MOTION TO SUPPRESS EVIDENCE AND FRUITS DERIVED FROM SEARCH AND SEIZURE WARRANT 16-00693**