CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:  Michael.Nammar@usdoj.gov
        Mark.Inciong@usdoj.gov
        Keaupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 19-00099 DKW-KJM |
|---|---|
| Plaintiff, | UNITED STATES' MOTION *IN LIMINE* FOR JUDICIAL NOTICE OF COURT FILINGS; DECLARATION OF MICHAEL D. NAMMAR; EXHIBITS A-D; CERTIFICATE OF SERVICE |
| vs. | |
| MICHAEL J. MISKE, JR., (01) aka "Bro," JOHN B. STANCIL, (02) DELIA FABRO-MISKE, and (12) JASON K. YOKOYAMA, (13) | |
| Defendants. | |

UNITED STATES' MOTION *IN LIMINE*
FOR JUDICIAL NOTICE OF COURT FILINGS

The United States moves *in limine* for the Court to take judicial notice, under Federal Rule of Evidence 201(b)(2) and (c)(2), of filings made with this Court and related matters of public record. In particular, the Court should take judicial notice of (1) the fact that the government filed a motion to detain defendant Michael J. Miske, Jr. on July 15, 2020 (ECF No. 22); (2) the fact that on August 7, 2020, Miske's counsel of record filed, among other things, character letters bearing the names of L.K. and K.N., in support of Miske's efforts to obtain pretrial release (ECF No. 141-4 (PageID.752 and PageID.755)); (3) the filed character letters themselves, *see* Decl. of Michael Nammar (Exhibits A and B); and (4) the relevant portions of the transcript of the August 11, 2020 detention hearing at which Miske's counsel of record relied on filed character letters to argue for Miske's release, *see id.* (Exhibit C).

In addition, the United States moves *in limine* for the Court to take judicial notice of a letter bearing Miske's name and signature that was filed in this Court in April 2006 in connection with the sentencing of an individual now expected to testify as a cooperating witness in the government's case in chief. *See id.* (Exhibit D).

1. Federal Rule of Evidence 201(b)(2) authorizes a court to take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." When this requirement is met, a court "may take judicial notice on its own," Fed. R. Evid. 201(c)(1), but it "*must* take judicial

1

notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2) (emphasis added).  In a criminal case, the jury must be instructed that "it may or may not accept the noticed fact as conclusive."  Fed. R. Evid. 201(f).

The Ninth Circuit has recognized that "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "pleadings, memoranda, expert reports, etc., from the . . . litigation"); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) ("We take judicial notice of the California Court of Appeal opinion and the briefs filed in that proceeding and in the trial court . . . ."); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (the district court properly took judicial notice "of the *fact* of the extradition hearing, the *fact* that a Waiver of Extradition was signed by Kerry Sanders, and the *fact* that Kerry Sanders purportedly waived his right to challenge his extradition to New York as 'Robert Sanders.'").

Consistent with the Ninth Circuit's guidance, district courts in this circuit have regularly taken judicial notice of court filings and related records.  *See, e.g.*, *Limcaco v. Wynn*, 2021 WL 5040368, at *5 (C.D. Cal. Oct. 29, 2021) ("Exhibits A through E, I and J are court filings and records in related proceedings and thus properly subject to judicial notice."); *id.* ("The court takes judicial notice of the

existence of these proceedings, the dates of filing, the Plaintiff's claims, and the courts' dispositions."); *Minor v. FedEx Office and Print Services, Inc.*, 78 F. Supp.3d 1021, 1028 (N.D. Cal. 2015) (taking judicial notice of "(1) records of administrative agencies; (2) publicly accessible websites; and (3) court filings"); *Pulliam v. Circuit Court of Hawaii*, 2021 WL 2211678 (D. Haw. June 1, 2021) (taking judicial notice of criminal case in state court); *Mendoza Aquino v. Deutsche Bank Trust Co.*, 2019 WL 5789846, at *1 n.2 (D. Haw. Nov. 6, 2019) (taking judicial notice "of the existence of the state court filings the parties submitted").

    2.   The Third Superseding Indictment (the "Indictment") charges Miske with, among other things, two counts of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). Count 21 is based on a letter in the name of K.N., and Count 22 is based on a letter in the name of L.K. Both letters were filed in this Court by Miske's counsel of record on August 7, 2020. *See* ECF No. 141-4 (PageID.752 (L.K.) and PageID.755 (K.N.)); *see also* Declaration of Michael Nammar (Exhibits A and B). The Indictment alleges that the letter at issue in Count 21 was false and that the letter at issue in Count 22 was altered. *See* Indictment ¶¶ 44-45. The Indictment also alleges that Delia Fabro-Miske was involved in the submission of the false letter. And Count 1 of the Indictment alleges that the racketeering conspiracy included an agreement to violate acts indictable under 18 U.S.C. § 1512. *See id.* at ¶ 8.r.

At trial, the government will prove these charges through, among other things, evidence that Miske's counsel of record filed the character letters at issue with this Court on August 7, 2020, and Miske's counsel of record relied in part on these letters at Miske's detention hearing on August 11, 2020. To provide context for the letters and the detention hearing, the government will also seek to establish that it had filed a motion to detain Miske on August 7, 2020, and that the character letters were filed in response to that motion. (The government will prove only that a detention motion was filed, not anything about the substance of that motion).

This Court should take judicial notice of the facts that (1) the government filed a motion to detain Miske on August 7, 2020; and (2) Miske's counsel of record filed the character letters at issue on August 11, 2020, in connection with an opposition to the government's motion to detain. The Court should also take judicial notice of (1) the two relevant character letters themselves; and (2) the relevant portion of the August 11, 2020, transcript, at which Miske's counsel reference the "letters in support we collected Your Honor," which counsel claimed "tell you a lot about who Mr. Miske is." *See* Declaration of Michael Nammar (Ex. C); *see also id.* ("You know, I go back to the collective letters in support"). All of these are court filings or matters of public record that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

3. For substantially the same reasons, the Court should take judicial notice of a letter bearing Miske's name and signature that was filed in this Court on April 3, 2006. *See* 1:05-cr-00498-DKW (ECF No. 34-5 at PageID.17); *see also* Declaration of Michael Nammar (Exhibit D). The letter was submitted on behalf of W.M., who is expected to testify in the government's case in chief. The letter descries W.M. as a "good friend"—indeed, a "***true*** friend"—who is like a "3rd brother" and whose "number one quality that I admire . . . is his loyalty as a friend." *Id.* The letter, filed at a time when the charged racketeering conspiracy was ongoing, is highly relevant evidence of the relationship between Miske and W.M.—one in which W.M. demonstrated loyalty to Miske. And the fact that it was filed and the letter themselves are not subject to reasonable dispute.

4. For the above reasons, the government respectfully requests that the Court grant this motion *in limine*.

DATED: November 13, 2023, at Honolulu, Hawaii.

        CLARE E. CONNORS
        United States Attorney
        District of Hawaii

        By */s/ Mark A. Inciong*
            MICHAEL D. NAMMAR
            MARK A. INCIONG
            W. KEAUPUNI AKINA
            Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

<u>Served Electronically through CM/ECF:</u>

| | |
|---|---|
| Lynn Panagakos, Esq.<br>Michael Jerome Kennedy, Esq. | Attorneys for Defendant<br>MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq.<br>Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant<br>JOHN B. STANCIL |
| Marcia Morrissey, Esq.<br>Donovan Odo, Esq. | Attorneys for Defendant<br>DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant<br>JASON K. YOKOYAMA |

DATED: November 13, 2023, at Honolulu, Hawaii.

*/s/ Tiani Kaneakua*
U.S. Attorney's Office
District of Hawaii