CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG  CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:   (808) 541-2958
Email:    Michael.Nammar@usdoj.gov
          Mark.Inciong@usdoj.gov
          Keaupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. MISKE, JR.,　　(01)<br>　　aka "Bro,"<br>JOHN B. STANCIL,　　　　(02)<br>DELIA FABRO-MISKE, and　(12)<br>JASON K. YOKOYAMA,　　(13)<br><br>　　　　　　Defendants. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES' MOTION *IN LIMINE* REGARDING FORENSIC EXPERT TESTIMONY; CERTIFICATE OF SERVICE |

UNITED STATES' MOTION *IN LIMINE*
REGARDING FORENSIC EXPERT TESTIMONY

The United States moves *in limine* for permission to call various witnesses to elicit expert forensic testimony in its case in chief pursuant to Federal Rule of Evidence 702.

A. <u>Expert Testimony Should Be Admitted</u>.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. *Fed. R. Evid. 702*. The trial court has broad discretion to admit expert testimony. *United States v. Alonso*, 48 F.3d 1536, 1539 (9th Cir. 1995). An expert may base his opinion on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. *Fed. R. Evid. 703*. In addition, an expert may provide opinion testimony even if it embraces an ultimate issue to be decided by the trier-of-fact. *Fed. R. Evid. 704*.

In its case-in-chief, the United States will seek to introduce evidence of forensic investigation and testing and the results of that testing into evidence. Expert testimony to explain the forensics and the science behind the testing will be essential in order for the jury to understand its significance in the following areas:

1. <u>Laboratory Analysis of Drugs</u>.

The United States will seek to have forensic chemists from the Drug Enforcement Administration's Southwest Laboratory testify as to the identity of the

1

substances seized which are the basis of Counts 1, 15 and 16 of the Third Superseding Indictment. The United States expects the chemists to testify that their laboratory examination confirmed that the seized contraband was cocaine and methamphetamine, respectively. This testimony is permitted under Rule 702 of the Federal Rules of Procedure, which allows witnesses qualified as experts to testify as to scientific or technical knowledge that "will assist the trier of fact to understand the evidence."

        2.    <u>Latent Fingerprint Expert Testimony Including "Absence of Prints" Testimony.</u>

The United States intends to present, in its case-in-chief, expert testimony regarding the identification, comparison and analysis of any latent fingerprints recovered from various items of evidence seized in this case and compared to exemplar prints of the defendants or other individuals. The expert will also testify regarding the factors and conditions which determine whether or not latent prints are left on an object and the criteria and methods used to examine and compare latent prints. The expert's opinion will be based on his or her education, training and experience in the field of latent print examination and comparison.

This case warrants the proposed expert testimony. The jury is not sophisticated in the subject of fingerprints and fingerprint identification and should, thus, be informed as to why fingerprints may or may not be left on various objects, surfaces and materials. Fingerprint identification may also be helpful, and is necessary, to

2

establish that the identity of the individual whose prints, if any, were found on the seized evidence and the defendant are one in the same.

Accordingly, the United States respectfully requests this Court to allow expert testimony which explains all of the above.

### 3. DNA Expert Testimony.

The United States intends to introduce testimony in its case-in-chief from deoxyribonucleic acid (DNA) forensic examiners, who will testify about the recovery, development, and comparison of DNA profiles to exemplars from known DNA donors. Expert testimony will be introduced as to how DNA may be transferred from its original source to another person or object, what factors may affect the quality and or quantity of DNA detected, and factors affecting whether a DNA profile suitable for comparison may be developed. The experts' opinions will be based on their education, training and experience.

This proposed expert testimony is well warranted. The jury is not sophisticated in the subject of DNA analysis and should, thus, be informed as to why DNA may or may not be left on various objects, surfaces and materials. DNA analysis may also be helpful, and is necessary, to establish that the identity of the individual whose DNA, if any, were found on the seized evidence and relevant individual(s) are one in the same.

      4.      Cause of Death Expert Testimony.

The United States intends to introduce testimony in its case-in-chief from a Medical Examiner: (1) as to the cause of death of an individual who died while carrying out defendant Miske's orders to assault another individual, and following his abandonment without medical aid by defendant Stancil; and, (2) as to the cause of death of Miske's son which relates to Miske's motive to kill Johnathan Fraser, the decedent victim in Counts 2-4 of the Third Superseding Indictment. The Medical Examiner is expected to testify to the autopsy conducted on each of the decedents and the factors which led to his conclusions that the first individual died due to stab wounds to the chest, and the second individual died due to blunt force trauma and granulomatous amebic encephalitis. The expert's opinions will be based on his education, training and experience.

The proposed expert testimony is important to establishing the factual basis—cause of death—which motivated the defendants to commit further offenses including kidnapping, threats of violence, and murder.

//
//
//
//
//

4

Accordingly, the United States respectfully requests this Court to allow expert testimony which explains all of the above.

DATED: November 13, 2023, at Honolulu, Hawaii.

        CLARE E. CONNORS
        United States Attorney
        District of Hawaii

        By */s/ Mark A. Inciong*
          MICHAEL D. NAMMAR
          MARK A. INCIONG
          W. KEAUPUNI AKINA
          Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq. <br> Michael Jerome Kennedy, Esq. | Attorneys for Defendant <br> MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq. <br> Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant <br> JOHN B. STANCIL |
| Marcia Morrissey, Esq. <br> Donovan Odo, Esq. | Attorneys for Defendant <br> DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant <br> JASON K. YOKOYAMA |

DATED:  November 13, 2023, at Honolulu, Hawaii.

/s/ Tiani Kaneakua
U.S. Attorney's Office
District of Hawaii