MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
333 Flint Street
Reno, NV 89501
775-221-7100 (office); 775-233-0914 (mobile)
Email: michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail:  lynnpanagakos@yahoo.com

*Attorneys for Michael J. Miske, Jr. (01)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. MISKE, JR. (01),<br>JOHN B. STANCIL (02),<br>DELIA FABRO MISKE (12),<br>JASON K. YOKOYAMA (13),<br><br>　　　　　　　Defendants. | CR. NO. 19-00099-DKW-KJM<br><br>**JOINT DEFENDANTS' MOTION IN LIMINE NO.13: TO EXCLUDE EVIDENCE OF ALLEGED ROBBERIES IN THE 1990s; CERTIFICATE OF SERVICE** |

Defendants move in limine under Federal Rules of Evidence 401, 402, and 403 to exclude evidence pertaining to alleged robberies in the 1990s. This evidence pre-dates the existence of the alleged fiction known as the so-called "Miske enterprise," and therefore has nothing to do with its affairs or any alleged unlawful pattern of racketeering activity through which its affairs were agreed to be conducted. The government has informed counsel that it may seek to introduce this evidence at trial, as evidence of "particular racketeering acts."

## BACKGROUND

The government has represented that its evidence would show that at unspecified times in the 1990s, Mr. Miske recruited younger residents of the Waimanalo area to commit unidentified robberies, including robberies of unidentified drug dealers. Mr. Miske was age 15-25 in the 1990s. The only "younger individual" the government has identified as an alleged "recruit" is cooperating government witness ("CW") Wayne Miller. CW Miller was age 6-16 in the 1990s. CW Miller is not alleged to have become associated with the so-called "Miske enterprise" until 2014. *United States v. Miller,* Cr. No. 20-00113-DKW, Dkt. 31, PageID # 50. Even as to CW Miller, the government has not identified any alleged robbery for which Mr. Miske allegedly recruited him, or any drug dealer who Mr. Miske allegedly targeted. Indeed, nowhere in the government's reports of its interviews of Miller which have been produced does Miller even claim that Miske recruited him to commit robberies in the 1990s.

The trial co-defendants age ranges during the 1990s are as follows: (1) Mr. Stancil, age 2-12; (2) Ms. Fabro Miske, age 0-5, (3) Mr. Yokoyama, age 3-13. No trial co-defendant, and no other co-defendant named in the indictment, superseding indictment, second superseding indictment or third superseding indictment, is alleged to have conspired to commit any crimes with Mr. Miske in the 1990s. No cooperating witness named in any related case is alleged to have conspired with Mr. Miske to conduct the affairs of the so-called "Miske enterprise" in the 1990s.

Kama'aina Termite and Pest Control Inc. (KTPC), the "headquarters" of the alleged "Miske enterprise" (Dkt. 673, PageID.4441), was not in existence in the 1990s. Likewise, the remaining business entities named in the indictment as members of the "Miske enterprise" (Dkt. 673, PageID.4442) either did not exist in the 1990s (Kama'aina Holdings, LLC, Hawaii Partners, LLP, Kama'aina Plumbing and Home Renovations, Kama'aina Solar Solutions, Kama'aina Energy, LLC, the M Nightclub, Encore Nightclub), or had no alleged association with Mr. Miske in the 1990s (Oahu Termite and Pest Control, Inc.).

## ARGUMENT

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For

2

evidence to be relevant it "must be probative of the proposition it is offered to prove, and … the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by … unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

Evidence of recruiting a juvenile to commit a robbery before the enterprise alleged in Count One existed is **not** a fact of consequence in determining the action. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count One charges a conspiracy "to conduct and participate, directly or indirectly, in the conduct of the affairs of the

Miske enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4447. Conduct which pre-dates the existence of the "enterprise" charged in Count One cannot be an "affair of" such enterprise, or part of the unlawful "pattern of racketeering activity" through which such enterprise's affairs were agreed to be conducted. The "'enterprise' in subsection (c) connotes generally the vehicle through which the unlawful pattern of racketeering activity is committed . . . ." *Nat'l Org. for Women v. Scheidler,* 510 U.S. 249, 259 (1994). Conduct which pre-dates the existence of the "vehicle through which the unlawful pattern of racketeering activity" is alleged to be committed does not bear on any issue involving the elements of the offense and is not probative of any fact of consequence to this action. Therefore, evidence of such conduct is irrelevant under FRE 401 and inadmissible under FRE 402.

Even if this evidence was marginally probative for a permissible purpose,[1] such probative value would be substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, and undue delay. Evidence that Mr. Miske allegedly recruited minors to commit robberies would be unfairly prejudicial because it would likely provoke an emotional response and tend to adversely affect the jury's attitude toward Mr. Miske *wholly apart from its judgment as to his guilt or innocence of the crime charged." See Haischer*, 780 F.3d at 1282. In

---

[1] To the extent the evidence at issue in this motion is arguably probative at all, it would be as "other crimes, wrongs or acts," inadmissible under Fed.R.Evid. 404(b)(1). The government has not provided notice of any intent to introduce this evidence under Fed.R.Evid. 404(b)(2), and the evidence is not admissible for any purpose enumerated thereunder.

4

the crimes charged, Mr. Miske is not alleged to have recruited minors, and he is not alleged to have participated in any robberies. The evidence would also be unfairly prejudicial because the allegations are so old, and so generalized, they are virtually impossible to defend. Since no factual specifics are alleged, there are no alleged facts which can be rebutted. In addition, the charges in the indictment, and the evidence which is relevant to the elements of those charges, will be confusing enough. Allowing the introduction of evidence that Mr. Miske allegedly recruited minors to commit robberies prior to the existence of the enterprise alleged in Count One would serve to exacerbate this confusion and would also thereby mislead the jury. Further, the breadth and scope of the government's RICO conspiracy charge is massive. Allowing the introduction of evidence which pre-dates the existence of the so-called "Miske enterprise" would add undue delay to a trial that is already projected to take 5 months.

## CONCLUSION

For the reasons set forth above, the Defendants request that the Court exclude evidence of alleged robberies in the 1990s.

DATED: November 13, 2023

/s/Michael J. Kennedy
MICHAEL J. KENNEDY
/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)

/s/ Donovan Odo
DONOVAN ASAO ODO
/s/ Marcia Morrissey
MARCIA A. MORRISSEY
Counsel for Defendant
DELIA FABRO-MISKE (12)

| | |
|---|---|
| _/s/ Walter J Rodby_ | _/s/ William A. Harrison_ |
| WALTER J. RODBY | WILLIAM A. HARRISON |
| _/s/ Terri L Fujioka-Lilley_ | Counsel for Defendant |
| TERRI L. FUJIOKA-LILLEY | JASON K. YOKOYAMA (13) |
| Counsel for Defendant | |
| JOHN B. STANCIL (02) | |

CERTIFICATE OF
SERVICE

I, Lynn E. Panagakos, hereby certify that a true and correct copy of this document this filing has been duly served on all counsel of record through the court's electronic filing system.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS