MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
333 Flint Street
Reno, NV 89501
775-221-7100 (office); 775-233-0914 (mobile)
Email: michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail:  lynnpanagakos@yahoo.com

*Attorneys for Michael J. Miske, Jr. (01)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>      vs.<br><br>MICHAEL J. MISKE, JR. (01),<br>JOHN B. STANCIL (02),<br>DELIA FABRO MISKE (12),<br>JASON K. YOKOYAMA (13),<br><br>                              Defendants. | CR. NO. 19-00099-DKW-KJM<br><br>**JOINT DEFENDANTS' MOTION IN LIMINE NO. 15: TO EXCLUDE EVIDENCE OF ALLEGED COCAINE PURCHASES IN THE 1990s; CERTIFICATE OF SERVICE** |

JOINT DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF ALLEGED COCAINE PURCHASES IN THE 1990s

Defendants move in limine under Federal Rues of Evidence (FRE) 401, 402, 403 and 404(b)(1) to exclude evidence that he allegedly purchased cocaine in the 1990s. The government has informed Mr. Miske that it might seek to introduce this evidence at trial, as evidence of "racketeering acts." This evidence pre-dates the existence of the "Miske Enterprise" charged in Count One. Therefore: (1) these alleged cocaine purchases are not the "affairs of" the charged enterprise; (2) the charged enterprise is not the vehicle through which the alleged purchases were made; and (3) the alleged purchases were outside the scope of the RICO conspiracy charged in Count One.

I.    The "Miske Enterprise" Charged in Count One Did Not Exist in the 1990s

Count One charges the existence of the "Miske Enterprise" (Dkt. 673, PageID.4442). Count One charges that the "Miske Enterprise" was a "criminal organization" (*id.*, PageID.4440) which constituted an association-in-fact "enterprise" under 18 U.S.C. § 1961(4) (*id.,* PageID.4440).  An "association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States,* 556 U.S. 938, 946 (2015).

As charged in Count One, the primary purpose of the "Miske Enterprise" was to: (1) generate profits for its members; and (2) preserve, protect, promote and enhance the enterprise's profits and profit-generating activities (Dkt. 673, PageID.4442-43). Count One charges that the "[m]embers and associates of the Miske Enterprise operated principally under the direction and protection of Miske" (*id.*, PageID.4440). Count One names numerous profit-generating businesses as "members of the Miske

1

Enterprise," with the relationship among them being that Miske was the de facto owner of each (*id.*, PageID.4441-42). Count One names Kama'aina Termite and Pest Control, Inc. (KTPC) as the enterprise's "headquarters" (*id.*, PageID.4441). KTPC, and every other business named as an enterprise member, either did not exist in the 1990s (KTPC, Kama'aina Holdings, LLC, Hawaii Partners, LLP, Kama'aina Plumbing and Home Renovations, Kama'aina Solar Solutions, Kama'aina Energy, LLC, Makana Pacific Development, LLC, Leverage, Inc., M Nightclub, Encore Nightclub), or had no alleged association with Mr. Miske in the 1990s (Oahu Termite and Pest Control, Inc.).

All co-defendants and two defendants charged elsewhere[1] are named as "members and associates of . . . the Miske Enterprise." The trial co-defendants' age ranges during the 1990s were: Stancil, age 2-12; Fabro Miske, age 0-5; Yokoyama, age 3-13. As demonstrated by plea agreements, the earliest any other co-defendant or defendant charged elsewhere became a "member and associate" of the alleged "Miske enterprise" or conspired to conduct its alleged affairs was 2012.[2]

II.   Alleged Cocaine Purchases Pre-Dating the Existence of the Enterprise Charged in Count One Are Inadmissible Under FRE 402

The government has notified Mr. Miske that at trial, it may seek to prove "particular racketeering acts" consisting of Mr. Miske's alleged purchases of ½

---

[1] Wayne Miller, Cr. No. 20-00113, Dkt. 20; Jacob Smith, Cr. No. 20-00086, Dkt. 42.
[2] Wilson, 2016 (Dkt. 224, PageID.1885); Akau, 2016 (Dkt. 250, PageID.2060), Kauhi, 2015 (Dkt. 455, PageID.3101); Frietas, 2014 (Dkt. 485, PageID.3359); Buntenbah, 2012 (Dkt. 509, PageID.3477); Bermudez, 2015 (Dkt. 636, PageID.4272-73); Kimoto, 2017 (Dkt. 928, PageID.7770); Smith, 2015 (Cr. No. 20-00086, Dkt. 52, PageID.66); Miller, 2014 (Cr. No. 20-00113, Dkt. 31, PageID.50); Moon, 2016 (Cr. No. 23-00080, Dkt.8, PageID.14); Young, 2018 (Cr. No. 23-00081, Dkt.7, PageID.14-15).

kilogram quantities of cocaine from one or more suppliers in the 1990s.  Through discovery review, Mr. Miske has identified only one such supplier, Ryan Teramoto. Teramoto has reportedly stated that shortly before the FBI raided his home on October 29, 1998, he distributed cocaine to Mr. Miske several times (10 oz. or ½ kilogram per occasion).  As Teramoto described it, Mr. Miske was simply a customer, with no relation to Teramoto's suppliers, or to Teramoto's other customers.

Count One charges a conspiracy to "conduct and participate, directly and indirectly, in the conduct of the affairs of the Miske Enterprise through a pattern of racketeering activity" (Dkt. 673, PageID.4447) (conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d)).  A "nexus" between the "enterprise" and the "racketeering activity" is required. *United States v. Yarbrough,* 852 F.2d 1522, 1544 (9th Cir.1988).  There are three aspects to this nexus requirement, none of which are satisfied with respect to the alleged 1990s cocaine purchases pre-dating the existence of the "Miske Enterprise" charged in Count One.

First, "liability depends on showing that the defendants [conspired to] conduct[] or participate[] in the conduct of the *'enterprise's* affairs,' not just their *own* affairs[,]" *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1994) (quoting § 1962(c), emphasis in *Reeves*).  There is no basis to conclude that: (1) Miske's alleged purchases of cocaine from Teramoto in mid-1998 were anything other than Miske's own affairs; or (2) any alleged 1990s cocaine purchases were affairs of the then-unbegun "Miske Enterprise."

Second, in order to satisfy the "through" element, the enterprise must be "the means or structure through which the racketeering crimes occur." *Yarbrough,* 852

3

F.2d at 1544. *See also Nat'l Org. for Women v. Scheidler,* 510 U.S. 249, 259 (1994) ("'enterprise' in subsection (c) connotes generally the vehicle through which the unlawful pattern of racketeering activity is committed. . . ."); *United States v. White,* 621 Fed.Appx. 889, 894 (9th Cir. 2015) (applying *Yarbrough* nexus requirement in evaluating sufficiency of evidence to support RICO conspiracy conviction). An enterprise cannot serve as the vehicle through which alleged racketeering acts pre-dating such enterprise's existence were committed.

Third, "[a] defendant is guilty of conspiracy to violate RICO [§ 1962(c)] only if the evidence shows that the defendant knowingly and personally 'agreed to facilitate a scheme which includes the operation or management of a RICO enterprise.'" *United States v. Young,* 720 Fed. Appx. 846, 850 (9th Cir. 2017) (quoting United *States v. Fernandez,* 388 F.3d 1199, 1230 (9th Cir. 2004); *Smith v. Berg,* 247 F.3d 532, 538 (3d Cir. 2001). There is simply no basis upon which to conclude that the alleged 1990s cocaine purchases were within the scope of an agreement to facilitate a scheme which included the operation and management of the then-unbegun "Miske Enterprise."

Accordingly, alleged 1990s cocaine purchases are outside the scope of the RICO conspiracy charged in Count One. Evidence of such purchases is not probative of any element of this offense. This evidence is irrelevant under FRE 401 and inadmissible under FRE 402.

III.    Evidence of Alleged Cocaine Purchases In the 1990s Is Inadmissible Under
        Fed.R.Evid. 404(b)(1) and 403

In addition to inadmissibility under FRE 402, alleged 1990s cocaine purchases

also constitute "other crimes" inadmissible under FRE 404(b)(1).  This evidence is not admissible, and the government is not seeking to introduce it under, FRE 404(b)(2), as evidenced by the government's failure to include it in its FRE 404(b)(3) notice (Dkt. 1016), which was due on October 30, 2023 (Dkt. 906).

Teramoto's reported statements about the alleged 1998 cocaine purchases are also inadmissible under FRE 403.  His statements are suspect based on the FBI's first investigation of Miske, which resulted in no charges against Miske (245C-HN-14889, Dkt. 999, M13, M14).  Teramoto worked as a confidential source for the FBI for at least 1½ years in this investigation, from July 30, 1999 (Dkt. 999, M75) through at least January 2021 (*id.,* M79).  A stated objective of Teramoto's work for the FBI was to establish a drug relationship with Miske (*id.,* M75). In furtherance of this effort, Teramoto visited with Miske monthly at the direction of the FBI (*id.,* M76), and the FBI obtained authorization for Teramoto to record Miske (*id.,* M78). Despite these efforts, Teramoto was unable to induce Miske to distribute drugs or to engage in any criminal activity, and the FBI was unable to corroborate Teramoto's reported statements about the alleged 1998 cocaine purchases. Admitting this evidence would result in a mini-trial over whether the alleged purchases occurred. This would: (1) be unfairly prejudicial; (2) mislead the jury; (3) confuse the issues; and (4) add undue delay to a trial that is already projected to take 5 months.  This unfair prejudice would be exacerbated by the risk that the jury would consider such evidence as probative of Mr. Miske's guilt on Count 15 (July 2014 conspiracy); in other words, for the precise purpose prohibited under FRE 404(b)(1).

DATED: November 13, 2023

/s/ Michael J. Kennedy                  
MICHAEL J. KENNEDY
/s/ Lynn E. Panagakos                  
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)

/s/ Donovan Odo                  
DONOVAN ASAO ODO
/s/ Marcia Morrissey                  
MARCIA A. MORRISSEY
Counsel for Defendant
DELIA FABRO-MISKE (12)


/s/ Walter J Rodby                  
WALTER J. RODBY
/s/ Terri L Fujioka-Lilley                  
TERRI L. FUJIOKA-LILLEY
Counsel for Defendant
JOHN B. STANCIL (02)

/s/ William A. Harrison                  
WILLIAM A. HARRISON
Counsel for Defendant
JASON K. YOKOYAMA (13)

CERTIFICATE OF SERVICE


I, Lynn E. Panagakos, hereby certify that a true and correct copy of this document this filing has been duly served on all counsel of record through the  court's electronic filing system.


DATED: Honolulu, Hawai`i, November 13, 2023


/s/ Lynn E. Panagakos                  
LYNN E. PANAGAKOS