MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
333 Flint Street
Reno, NV 89501
775-221-7100 (office); 775-233-0914 (mobile)
Email: michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail:  lynnpanagakos@yahoo.com

*Attorneys for Michael J. Miske, Jr. (01)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>   vs.<br><br>MICHAEL J. MISKE, JR. (01),<br> JOHN B. STANCIL (02),<br> DELIA FABRO MISKE (12),<br> JASON K. YOKOYAMA (13),<br><br>                              Defendants. | CR. NO. 19-00099-DKW-KJM<br><br>**JOINT DEFENDANTS' MOTION IN LIMINE NO. 16: TO EXCLUDE EVIDENCE OF ALLEGED DRUG DISTRIBUTION IN THE 1990s; CERTIFICATE OF SERVICE** |

JOINT DEFENDANTS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF ALLEGED DRUG DISTRIBUTION IN THE 1990s

Mr. Miske moves under FRE 401-403, 404(b)(1) to exclude evidence that he allegedly distributed drugs in the 1990s. The government has informed Miske it might seek to prove this alleged distribution as "racketeering acts." This evidence pre-dates the existence of the "Miske Enterprise" charged in Count One. Therefore: (1) this alleged drug distribution was not an "affair of" the charged enterprise; (2) the charged enterprise was not the vehicle through which the alleged distribution occurred; and (3) the alleged distribution was outside the scope of the charged RICO conspiracy.

I.   The "Miske Enterprise" Charged in Count One Did Not Exist in the 1990s

Count One charges the existence of the "Miske Enterprise" (Dkt. 673, PageID.4442). Count One charges that the "Miske Enterprise" was a "criminal organization" (*id.*, PageID.4440) which constituted an association-in-fact "enterprise" under 18 U.S.C. § 1961(4) (*id.,* PageID.4440).  An "association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States,* 556 U.S. 938, 946 (2015).

As charged in Count One, the primary purpose of the "Miske Enterprise" was to: (1) generate profits for its members; and (2) preserve, protect, promote and enhance the enterprise's profits and profit-generating activities (Dkt. 673, PageID.4442-43). Count One charges that the "[m]embers and associates of the Miske Enterprise operated principally under the direction and protection of Miske" (*id.*, PageID.4440). Count One names numerous profit-generating businesses as "members of the Miske Enterprise," the relationship among them being that Miske was de facto owner of each

1

(*id.*, PageID.4441-42). Count One names Kama'aina Termite and Pest Control, Inc. (KTPC) as the enterprise's "headquarters" (*id.*, PageID.4441). KTPC, and every other business named as an enterprise member, either did not exist in the 1990s (KTPC, Kama'aina Holdings, LLC, Hawaii Partners, LLP, Kama'aina Plumbing and Home Renovations, Kama'aina Solar Solutions, Kama'aina Energy, LLC, Makana Pacific Development, LLC., Leverage, Inc., the M Nightclub, Encore Nightclub), or had no alleged association with Mr. Miske in the 1990s (Oahu Termite and Pest Control, Inc.).

All co-defendants and two defendants charged elsewhere[1] are named as "members and associates of . . . the Miske Enterprise." The trial co-defendants' age ranges during the 1990s were: Stancil, age 2-12; Fabro Miske, age 0-5; Yokoyama, age 3-13. As demonstrated by plea agreements, the earliest any other co-defendant or defendant charged elsewhere became a "member and associate" of the alleged "Miske enterprise" or conspired to conduct its alleged affairs was 2012.[2]

II. Alleged Drug Distribution Pre-Dating the Existence of the Enterprise Charged in Count One Is Inadmissible Under FRE 402

The government has notified Miske that it may seek to prove "racketeering acts" consisting of Miske's alleged 1990s drug distribution. The government has not identified any instances of alleged distribution it is seeking to prove, or any individuals

---

[1] Wayne Miller, Cr. No. 20-00113, Dkt. 20; Jacob Smith, Cr. No. 20-00086, Dkt. 42.
[2] Wilson, 2016 (Dkt. 224, PageID.1885); Akau, 2016 (Dkt. 250, PageID.2060), Kauhi, 2015 (Dkt. 455, PageID.3101); Frietas, 2014 (Dkt. 485, PageID.3359); Buntenbah, 2012 (Dkt. 509, PageID.3477); Bermudez, 2015 (Dkt. 636, PageID.4272-73); Kimoto, 2017 (Dkt. 928, PageID.7770); Smith, 2015 (Cr. No. 20-00086, Dkt. 52, PageID.66); Miller, 2014 (Cr. No. 20-00113, Dkt. 31, PageID.50); Moon, 2016 (Cr. No. 23-00080, Dkt.8, PageID.14); Young, 2018 (Cr. No. 23-00081, Dkt.7, PageID.14-15).

to whom Miske allegedly distributed. Through discovery review, Miske has identified reports of inadmissible hearsay, rumors and speculation, alleging that Miske distributed drugs for Craig Ivester in the 1990s. Through discovery review, Miske has also identified a March 1998 search warrant affidavit, describing a drug trafficking organization referred to as the "Ivester Group," run by Craig Ivester, whose inner circle consisted of Anthony Ivester, Daniel Kennedy, Nua Agatonu, Tato Agotonu, Patrick Fuller, Charley Fabinal, William Powers; in other words, *not* members and associates of the "Miske Enterprise" as charged in Count One. To the contrary, C. Ivester's inner circle all were associated with a business called the "Karaoke Box;" again, *not* a member of the "Miske Enterprise." C. Ivester is on the government's witness list, suggesting the government may intend to elicit testimony to substantiate the hearsay, rumor and speculation implicating Miske in the "Ivester Group." As explained below, this and all other evidence of alleged 1990s drug distribution is irrelevant and inadmissible under FRE 401,402.

Count One charges a conspiracy to "conduct and participate, directly and indirectly, in the conduct of the affairs of the Miske Enterprise through a pattern of racketeering activity" (Dkt. 673, PageID.4447) (conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d)). A "nexus" between the "enterprise" and the "racketeering activity" is required. *United States v. Yarbrough,* 852 F.2d 1522, 1544 (9th Cir.1988). There are three aspects to this nexus requirement, none of which are satisfied with respect to alleged 1990s drug distribution pre-dating the existence of the "Miske Enterprise" charged in Count One.

3

First, "liability depends on showing that the defendants [conspired to] conduct[] or participate[] in the conduct of the [charged] *'enterprise's* affairs,'" *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1994) (quoting § 1962(c), emphasis in *Reeves*).  There is no basis to conclude that Miske's alleged 1990s drug distribution was an affair of the then-unbegun "Miske Enterprise." The Ivester Group's affairs certainly were not.

Second, in order to satisfy the "through" element, the enterprise must be "the means or structure through which the racketeering crimes occur." *Yarbrough,* 852 F.2d at 1544.  *See also Nat'l Org. for Women v. Scheidler,* 510 U.S. 249, 259 (1994) ("'enterprise' in subsection (c) connotes generally the vehicle through which the unlawful pattern of racketeering activity is committed. . . ."); *United States v. White,* 621 Fed.Appx. 889, 894 (9th Cir. 2015) (applying *Yarbrough* nexus requirement in evaluating sufficiency of evidence to support RICO conspiracy conviction).  An enterprise cannot serve as the vehicle through which alleged racketeering acts pre-dating such enterprise's existence were committed.

Third, "[a] defendant is guilty of conspiracy to violate RICO [§ 1962(c)] only if the evidence shows that the defendant knowingly and personally 'agreed to facilitate a scheme which includes the operation or management of a RICO enterprise.'" *United States v. Young,* 720 Fed. Appx. 846, 850 (9th Cir. 2017) (quoting United *States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004); *Smith v. Berg,* 247 F.3d 532, 538 (3d Cir. 2001).  There is simply no basis upon which to conclude that alleged 1990s drug distribution was within the scope of an agreement to facilitate a scheme which included the operation and management of the then-unbegun "Miske Enterprise."

4

Accordingly, alleged 1990s drug distribution is outside the scope of the RICO conspiracy charged in Count One.  This evidence is not probative of any element of this offense.  It is irrelevant under FRE 401 and inadmissible under FRE 402.

### III. Evidence of Alleged Drug Distribution In the 1990s Is Inadmissible Under Fed.R.Evid. 404(b)(1) and 403

In addition to inadmissibility under FRE 402, alleged 1990s drug distribution also constitutes "other crimes" inadmissible under FRE 404(b)(1).  This evidence is not admissible, and the government is not seeking to introduce it under, FRE 404(b)(2), as evidenced by the government's failure to include it in its FRE 404(b)(3) notice (Dkt. 1016), which was due on October 30, 2023 (Dkt. 906).

This evidence is also inadmissible under FRE 403.  Allegations that Miske distributed drugs with or for Craig Ivester are suspect based on the FBI's third investigation of Miske (OCDETF investigation 245C-HN-20275, see Dkt. 999, M13, M14), which investigated whether Miske had any culpable nexus to C. Ivester's drug distribution activity, and resulted in no charges.  This investigation was ongoing for at least 6 years and included wiretaps on 2 telephones, 60 days each, as well as controlled drug transactions.  Miske was not implicated in any drug activity.  Admitting evidence of alleged 1990s drug distribution would result in an unfairly prejudicial, misleading and confusing mini-trial and would add undue delay to this 5-month trial.  This unfair prejudice would be exacerbated by the risk that the jury would consider such evidence as probative of Miske's guilt on Counts 15, 16; in other words, for the precise purpose prohibited under FRE 404(b)(1).

5

DATED: November 13, 2023

| | |
|---|---|
| */s/Michael J. Kennedy* <br> MICHAEL J. KENNEDY <br> */s/ Lynn E. Panagakos* <br> LYNN E. PANAGAKOS <br> Counsel for Defendant <br> MICHAEL J. MISKE, JR (01) | */s/ Donovan Odo* <br> DONOVAN ASAO ODO <br> */s/ Marcia Morrissey* <br> MARCIA A. MORRISSEY <br> Counsel for Defendant <br> DELIA FABRO-MISKE (12) |
| */s/ Walter J Rodby* <br> WALTER J. RODBY <br> */s/ Terri L Fujioka-Lilley* <br> TERRI L. FUJIOKA-LILLEY <br> Counsel for Defendant <br> JOHN B. STANCIL (02) | */s/ William A. Harrison* <br> WILLIAM A. HARRISON <br> Counsel for Defendant <br> JASON K. YOKOYAMA (13) |

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that a true and correct copy of this document this filing has been duly served on all counsel of record through the court's electronic filing system.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS