Law Office of Walter J. Rodby
WALTER J. RODBY (5594)
733 Bishop Street, Suite 2050A
Honolulu, Hawai`i 96813
Tel.: (808) 232-6313
Email: AttorneyRodby@msn.com

BFL Law LLP
TERRI L. FUJIOKA-LILLEY (9590)
75-127 Lunapule Road, Suite 8B
Kailua-Kona, HI 96740
Tel.: (808) 345-7662
Email: terri@bfl.law

Attorneys for Defendant John Stancil (02)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN B. STANCIL (02),<br>DELIA FABRO MISKE (12),<br>JASON K. YOKOYAMA (13),<br><br>　　　　　　　　　Defendants. | CR. NO. 19-00099-DKW-KJM<br><br>DEFENDANT JOHN B. STANCIL(02); DELIA FABRO-MISKE (12) AND JASON YOKOYAMA'S (13) FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED ROBBERIES IN THE 1990s<br><br>Dist. Judge: Hon. Derrick K. Watson<br>Mag. Judge: Hon. Kenneth J. Mansfield<br><br>Trial: January 8, 2024, 08:30 a.m. |

DEFENDANT JOHN B. STANCIL(02); DELIA FABRO-MISKE (12) AND
JASON YOKOYAMA'S (13) FIRST MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED ROBBERIES IN THE 1990s

## MOTION

Defendants John B. Stancil (02), Delia Fabro-Miske (12), and Jason K. Yokoyama (13) (the "Other Defendants") move in limine under Federal Rules of Evidence 401, 402, and 403 to exclude evidence pertaining to alleged robberies in the 1990s. As argued in Defendants' Joint Motion in Limine No. 13 (ECF 1063) to Exclude Evidence of Alleged Robberies in the 1990s, the evidence pre-dates the existence of the alleged fiction known as the so-called "Miske enterprise," and therefore has nothing to do with its affairs or any alleged unlawful pattern of racketeering activity through which its affairs were agreed to be conducted. The government has informed counsel that it may seek to introduce this evidence at trial, as evidence of "particular racketeering acts." The Other Defendants note that evidence of acts purportedly undertaken by Mr. Miske in the 1990s are inadmissible against Mr. Miske's co-defendants because those acts are alleged to have occurred over a 10-year period when they were unborn, babies, toddlers, and/or small children and not members of any criminal enterprise.

## BACKGROUND

The government has represented that its evidence would show that at unspecified times in the 1990s, Mr. Miske recruited younger residents of the Waimanalo area to commit unidentified robberies, including robberies of

1

unidentified drug dealers.

Mr. Stancil was born in 1987—he turned three (3) years old in 1990 and twelve (12) in 1999. Ms. Fabro Miske was not even born until 1994—she was not yet a "glimmer in her father's eyes" in 1990 and turned five (5) years old in 1999; Mr. Yokoyama was born in 1986—he turned four (4) years old in 1990 and thirteen (13) in 1999. Although the allegation is that Miske recruited "younger" individuals to commit robberies—it strains credulity to suggest that he recruited infants, toddlers, children, and the unborn for that purpose.

Moreover, as noted in Defendants' Joint Motion in Limine No. 13, such evidence is irrelevant to the Counts charged. It also is irrelevant, and highly prejudicial to his co-defendants, against whom there is no evidence that they were committing crimes when they were children or before they were born.

## ARGUMENT

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983).

For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

"The court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged*." *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

This evidence has negligible, if any, relevance to the offenses charged in the Third Superseding Indictment, and it raises a serious and unnecessary risk of

unfairly prejudicing the jury against the Other Defendants based on their associations with Mr. Miske.[1] *See United States v. Irizarry*, 341 F.3d 273, 298 & n.14 (3d Cir. 2003) (noting the only purpose of evidence of Ranieri's criminal acts and connections unrelated to the RICO enterprise was to demonstrate that the defendant (Irizarry) was connected to criminals and that "Such references are not only improper, they are prejudicial").

## CONCLUSION

Accordingly, for all the reasons stated herein, along with those stated in Defendants' Joint Motion in Limine No. 13 to Exclude Evidence of Alleged Robberies in the 1990s, the Other Defendants respectfully request that the Court exclude evidence of Mr. Miske allegedly recruiting others to conduct alleged robberies in the 1990s at any joint trial with that includes Mr. Stancil, Ms. Fabro-Miske, and/or Mr. Yokoyama. If the Court were to determine the evidence is admissible against Mr. Miske, the other defendants would request that Mr. Miske's trial be severed from that of his co-defendants to prevent unfair prejudice to them from the introduction of such inflammatory evidence where relevance is largely or completely lacking.

---

[1] All three Other Defendants have familial (Stancil and Fabro-Miske) and/or business (Fabro-Miske and Yokoyama) relationships with Mr. Miske.

4

DATED: November 13, 2023    *Walter J. Rodby*
           WALTER J. RODBY
          *Terri L. Fujioka-Lilley*
           TERRI L. FUJIOKA-LILLEY
           Counsel for JOHN B.
           STANCIL (02)


          *Marcia A. Morrissey*
           MARCIA A. MORRISSEY
          *Donovan Asao Odo*
           DONOVAN ASAO ODO
           Counsel for DELIA
           FABRO-MISKE (12)


          *William A. Harrison*
           WILLIAM A.HARRISON
           Counsel for JASON K.
           YOKOYAMA (13)

---

## CERTIFICATE OF SERVICE

 I, Terri L. Fujioka-Lilley, hereby certify that a true and correct copy of this document this filing has been duly served on all counsel of record through the court's electronic filing system.

 DATED: Honolulu, Hawai`i, November 13, 2023


          /s/ Terri L. Fujioka-Lilley
          TERRI L. FUJIOKA-LILLEY

5