MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
333 Flint Street
Reno, NV 89501
775-221-7100 (office); 775-233-0914 (mobile)
Email: michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail:  lynnpanagakos@yahoo.com

*Attorneys for Michael J. Miske, Jr. (01)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. MISKE, JR. (01),<br>JOHN B. STANCIL (02),<br>DELIA FABRO MISKE (12),<br>JASON K. YOKOYAMA (13),<br><br>　　　　　　　　　Defendants. | CR. NO. 19-00099-DKW-KJM<br><br>**JOINT DEFENDANTS' MOTION IN LIMINE NO. 18:  TO EXCLUDE EVIDENCE OF GOVERNMENT'S NOTICED PRIOR ACT EVIDENCE (DKT. 1016); CERTIFICATE OF SERVICE** |

JOINT DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
GOVERNMENT'S NOTICED PRIOR ACT EVIDENCE (DKT. 1016)

Defendants move in limine under Fed.R.Evid. 401-403, 404(b)(1) to exclude the "prior acts" evidence the government seeks to introduce under FRE 404(b)(2).

### I.     Evidence the Government Seeks to Introduce Under FRE 404(b)(2)

The government seeks to introduce evidence to establish the following facts (Dkt. 1016, PageID.9192-93): (1) On May 17, 1995, an HPD Officer stopped Miske for speeding; (2) the officer requested Miske's license, registration and proof of insurance; (3) Miske removed the keys from the ignition to open the glove compartment and an object fell out, which Miske quickly placed in his crotch area; (4) the officer shined his flashlight in Miske's face and Miske put the keys in the ignition; (5) the officer placed his hand on the driver's door frame and demanded Miske turn off the car; (6) Miske grabbed the officer's wrist, said "fuck you," and drove away, holding onto the officer's wrist for about 20 feet, before the officer fell, injuring his shoulder and elbow and damaging his police radio; (7) Miske pled guilty to this offense.

### II.    Basis for Government's Contention that "Other Crime" is Admissible

The government contends that Miske's 1995 "other crime" is admissible to prove his "motive, intent, knowledge, and absence of mistake or accident on November 12, 2015" when: (1) HPD Officer Jared Spiker reportedly saw Miske "looking down" at a cellphone "while driving" (Dkt. 2067, Ex. A, bates 00189247); (2) Spiker, who was fronting 972 Queen Street, told Miske to pull over; (3) Miske did not do so but instead drove approximately 460 feet to the corner and made a "quick right turn onto Ward Ave." (*id*).  The government contends the 1995 incident is relevant to: (1) show that Miske "intended to flee from police in November 2015" (Dkt. 1016, PageID.9197); (2) rebut any argument Miske might make that he left because of some misunderstanding or mistake (*id.*); (3) show that Miske knew he was disobeying a lawful

1

order to stop in November 2015, due to having been charged in 1995 (*id.,* PageID.9200).

### III.     1995 Incident Is Inadmissible

"The government has the burden of proving that the evidence satisfie[s]" FRE 404(b)(2)'s four-part test for admissibility. *United States v. Spillone,* 879 F.2d 514, 518 (9th Cir. 1989).  Here, the government has not, and cannot, do so.

#### A.  Not Probative of Material Point

The government is seeking to admit the 2015 incident on the ground that Miske's statements to Spiker following Spiker and Sergeant Lee's conduct at the M Nightclub on November 14, 2015 constitute "racketeering activity."  Therefore, even under the government's theory, Miske's "motive, intent, knowledge, and absence of mistake" in connection with his "obedience to police officers" offense on November 12, 2015 is not a material issue.

Moreover, as demonstrated in "Joint Defendants' Motion In Limine No. 17: To Exclude Evidence Related to Petty Misdemeanor Offense of 'Obedience to Police Officers' . . ." (MIL 17, Dkt. 1067), Miske's failure to stop after Spiker told him to pull over for "looking down" at his cellphone "while driving" is not probative of any "fact of consequence in determining the action." It is irrelevant under FRE 401 and inadmissible under FRE 402.  Moreover, Miske's 2015 "obedience to police officers" offense is itself an "other crime," inadmissible under FRE 404(b)(1) (MIL 17, Dkt. 1067, PageID.9653, n.2) and FRE 403.  Since this 2015 incident is inadmissible, Miske's "motive, intent, knowledge, and absence of mistake" with respect to it is not only immaterial, it is entirely irrelevant.

Accordingly, the 1995 incident is not probative of a material point in issue.

### B. Too Remote In Time

The government contends that the 1995 incident is not too remote in time because it occurred within four years of when the government alleges that the RICO conspiracy began. This contention is factually and legally flawed.

The government cannot meet its burden of proving that the *evidence* satisfies Rule 404(b)(2)'s four-part test by pointing to an *allegation* in the indictment. *See Spillone, supra.* Moreover, as shown in Joint Defendants' MILs 15, 16, the "Miske Enterprise" charged in Count One did not exist in the 1990s, and the earliest any other cooperating co-defendant or defendant charged elsewhere is alleged to have become a member or associate of the alleged enterprise or to have conspired to conduct its affairs was 2012 (Dkt. 1065, PageID.9636-37; Dkt. 1066, PageID.9643-44).

In any event, the issue is not when the RICO conspiracy allegedly began. The issue is whether the 1995 incident is too remote in time *vis.* the 2015 incident. Twenty years is very remote. This substantially reduces any probative value the 1995 incident would arguably have *vis.* the 2015 incident. The probative value of the 1995 incident is reduced even further since Miske was 21 years old at the time of the prior incident. *See, e.g., United States v. Perrier,* 619 Fed.Appx. 792, 797 (11th Cir. 2015) (district court erred in admitting 22-year old offense that occurred when defendant was 20 years old).

### C. The 1995 Incident and the 2015 Incident Are Not Similar

"Similarity of the offenses is the third factor the trial court must consider." *Spillone,* 879 F.2d at 519. Here, the 1995 offenses include attempted assault in the first degree and kidnapping, two felonies. The 2015 offense consisted of "obedience to

3

police officers," a petty misdemeanor. HRS § 291C-23. These offenses are strikingly *dissimilar*.

The 1995 incident arose from Miske's conduct in refusing to remain stopped after the officer observed a package which Miske then concealed in his crotch area, and dragging a police officer 20-feet while driving away, causing injury to the officer and damage to police property. By contrast, the 2015 incident arose from Miske's conduct in continuing to drive following Officer Spiker's request that Miske pull over due to Spiker observing Miske "looking down" at his cellphone "while driving" (Dkt. 1067, Ex. A, bates 00189247). These facts are strikingly *dissimilar*.

Thus, the government has utterly failed FRE 404(b)(2)'s four-part test.

### D. Inadmissibility Under FRE 403

The Court may also "exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

4

Here, evidence of dragging and injuring a police officer would most assuredly provoke an emotional response wholly apart from Miske guilt or innocence of the crime charged. Its inflammatory nature would also undoubtedly spillover to Stancil and Yokoyama, who were children, and Fabro Miske, who was an infant.

Additionally, the government has elsewhere indicated its intent to ask the jury to infer that the object Miske put in his crotch area contained drugs. Planting this suggestion in the minds of jurors would add to the unfair prejudice and would be misleading and confusing, since there is zero basis to allege that this object contained distribution quantity drugs,[1] or that it was an affair of the then-unbegun Miske Enterprise (see Dkt. 1065, 1066).

The charges in this case, and the evidence related to the charges, are confusing enough. Admitting this evidence would unfairly exacerbate this confusion. The breadth of the RICO conspiracy charge is massive. Admitting evidence outside the scope of this massive charge, evidence from a time period when Stancil and Yoloyama were children and Fabro Miske was an infant, would be unfairly prejudicial and would add undue delay to a trial that is already projected to last 5 months.

---

[1] According to the HPD report of the 1995 incident, the car Miske was driving did not belong to him. He was not a regular driver. It was impounded by HPD following Miske's offense. Six days later, a canine reportedly alerted not to the glove compartment but only under the driver seat of vehicle, and only on its second sniff of the vehicle. There was no alert on the first sniff. This dog sniff six days after the incident is not probative that the object that had been in the glove compartment and then briefly in Miske's crotch area contained distribution quantity drugs. The government has not provided the required Rule 16 records concerning the canine's training and certifications.

DATED: November 13, 2023

| | |
|---|---|
| _/s/ Michael J. Kennedy_<br>MICHAEL J. KENNEDY<br>_/s/ Lynn E. Panagakos_<br>LYNN E. PANAGAKOS<br>Counsel for Defendant<br>MICHAEL J. MISKE, JR (01) | _/s/ Donovan Odo_<br>DONOVAN ASAO ODO<br>_/s/ Marcia Morrissey_<br>MARCIA A. MORRISSEY<br>Counsel for Defendant<br>DELIA FABRO-MISKE (12) |
| _/s/ Walter J Rodby_<br>WALTER J. RODBY<br>_/s/ Terri L Fujioka-Lilley_<br>TERRI L. FUJIOKA-LILLEY<br>Counsel for Defendant<br>JOHN B. STANCIL (02) | _/s/ William A. Harrison_<br>WILLIAM A. HARRISON<br>Counsel for Defendant<br>JASON K. YOKOYAMA (13) |

CERTIFICATE OF
SERVICE

    I, Lynn E. Panagakos, hereby certify that a true and correct copy of this document this filing has been duly served on all counsel of record through the court's electronic filing system.

    DATED: Honolulu, Hawai`i, November 13, 2023

                                        /s/ Lynn E. Panagakos
                                        LYNN E. PANAGAKOS