Law Office of Walter J. Rodby
WALTER J. RODBY (5594)
733 Bishop Street, Suite 2050A
Honolulu, Hawai`i 96813
Tel.: (808) 232-6313
Email: AttorneyRodby@msn.com

BFL Law LLP
TERRI L. FUJIOKA-LILLEY (9590)
75-127 Lunapule Road, Suite 8B
Kailua-Kona, Hawai'i 96740
Tel.: (808) 345-7662
Email: terri@bfl.law

Attorneys for Defendant John Stancil (02)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. MISKE, JR. (01)<br>JOHN B. STANCIL (02),<br>DELIA FABRO MISKE (12),<br>JASON K. YOKOYAMA (13),<br><br>　　　　　　　Defendants. | CR. NO. 19-00099-DKW-KJM<br><br>DEFENDANTS' JOINT MOTION IN LIMINE NO. 19 TO EXCLUDE EVIDENCE OF ALLEGED ASSAULTS BETWEEN 2003-2018<br><br><br>Dist. Judge: Hon. Derrick K. Watson<br>Mag. Judge: Hon. Kenneth J. Mansfield<br><br>Trial: January 8, 2024, 08:30 a.m. |

DEFENDANTS' JOINT MOTION IN LIMINE NO. 19 TO EXCLUDE EVIDENCE
OF ALLEGED ASSAULTS BETWEEN 2003-2018

Defendants Michael J. Miske, Jr. (01), John B. Stancil (02), Delia Fabro-Miske (12), and Jason K. Yokoyama (13) move in limine pursuant to Federal Rules of Evidence 401, 402, and 403 to exclude evidence related to assaults purportedly occurring between 2003 and 2018 because the alleged assaults are not racketeering activity under 18 U.S.C. § 1962, as defined in 19 U.S.C. § 1961(1). The government has informed counsel that it may seek to introduce this evidence at trial.

## BACKGROUND

The government has provided notice that it may offer evidence of twenty-five (25) or more assaults allegedly perpetrated, planned, or threatened between 2003-2018.

## ARGUMENT

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of

1

the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, i.e. they do not bear on any issue involving the elements of the charged offense.")

The "court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged*." *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

The alleged assaults, threats, and plans, if crimes at all, constitute state-law assaults. The only state law crimes that constitute racketeering acts are enumerated in 18 U.S.C. § 1961(1)(a). Assault is not among the state law RICO predicates. *Id.*

2

Thus, these assaults and threats of assaults constitute "other crimes, wrongs, acts," and inadmissible under Fed. R. Evid. 404(a). The government's FRE 404(b) disclosure does not identify any of the assaults or attempted assaults or make any argument for admissibility of them under Fed. R. Evid 404(b). *See* United States of America's Notice of Intent to Admit Prior Acts Evidence Pursuant to FRE 404(b), (ECF 1016), filed Oct. 30, 2023. Thus, the evidence is not admissible under Fed. R. Evid.404(b).

Defendants anticipate that the government may seek to introduce such evidence in support of the VICAR conspiracy charged in Count 10 of the Third Superseding Indictment. That Count alleges that from the 1990s through 2018, Messers. Miske and Stancil conspired to commit assaults with deadly weapons and assaults resulting in serious bodily injury "for the purpose of maintaining and increasing position in the Miske Enterprise, an enterprise engaged in racketeering activity." *See* Third Superseding Indictment (ECF 673), at PageID 4460-61. First, the Miske Enterprise is a fiction imagined by the government, which no one had ever heard of before prosecutors held a nearly 30-minute press conference upon unsealing of the indictment and arrests of the defendants. Second, as demonstrated by plea agreements, the earliest any other co-defendant or defendant charged elsewhere became a "member and associate" of the alleged "Miske enterprise" or conspired to conduct its alleged affairs

3

was 2012[1]—more than twenty years after the purported beginning of the alleged VICAR conspiracy. The assaults could not have been "in support" of a fictional "enterprise" at any time before such enterprise is even alleged to have existed. Third, most of the 25+ alleged assaults either are not alleged to have involved a deadly weapon or to have caused substantial bodily injury and, thus, not part of an alleged VICAR conspiracy. Accordingly, Defendants request that the Court preclude presentation of all such evidence unless and until the government lays a proper foundation: 1) that the alleged assault involved use of a deadly weapon or resulted in substantial bodily injury; and 2) that the alleged assault was conducted in support of a racketeering enterprise. And, should such evidence be admitted, Defendants request a limiting instruction that it may be considered as evidence ONLY of Count 10.

Even if evidence of non-racketeering activity were marginally probative for *permissible* purposes, its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, and undue delay. Evidence

---

[1] Hunter Wilson, 2016 (Dkt. 224, PageID.1885); Norman Akau, 2016 (Dkt. 250, PageID.2060), Harry Kauhi, 2015 (Dkt. 455, PageID.3101); Kalana Frietas, 2014 (Dkt. 485, PageID.3359); Michael Buntenbah, 2012 (Dkt. 509, PageID.3477); Lance Bermudez, 2015 (Dkt. 636, PageID.4272-73); Preston Kimoto, 2017 (Dkt. 928, PageID.7770); Jake Smith, 2015 (Cr. No. 20-00086, Dkt. 52, PageID.66); Wayne Miller, 2014 (Cr. No. 20-00113, Dkt. 31, PageID.50); Dae Han Moon, 2016 (Cr. No. 23-00080, Dkt.8, PageID.14); Jarrin Young, 2018 (Cr. No. 23-00081, Dkt.7, PageID.14-15).

that any defendant allegedly committed and/or threatened numerous assaults would likely evoke "an emotional response" and "adversely affect the jury's attitude toward defendant[s] *wholly apart from its judgment as to [their] guilt or innocence of the crime[s] actually charged*." *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).  To the extent that the government may seek to introduce the assault evidence to prove the "enterprise" element, admitting the evidence for this purpose alone creates a risk of unfair prejudice, confusing the issues, and misleading the jury under Rule 403. As set forth above, evidence of assaults is not racketeering activity. Further, evidence of assaults is not, without more, relevant evidence to a VICAR conspiracy to commit assault with a dangerous weapon or assaults resulting in serious bodily injury. This danger is real in this case as ten separate conspiracy charges are alleged and limiting instructions become even more confusing.  Finally, the government would have to prove each of the 25 or so assaults even occurred, which would add *significant* undue delay and waste time presenting irrelevant or marginally relevant evidence in a trial projected to take five months.

## CONCLUSION

Defendants request that this Court preclude the government from introducing evidence of assaults (including those threatened or planned) under Rules 401, 402, and 403.

5

DATED: November 13, 2023   *Walter J. Rodby*
WALTER J. RODBY
*Terri L. Fujioka-Lilley*
TERRI L. FUJIOKA-LILLEY
Counsel for JOHN B. STANCIL (02)


*Michael J. Kennedy*

MICHAEL J. KENNEDY

*Lynn E. Panagakos*

LYNN E. PANAGAKOS

Counsel for MICHAEL J. MISKE, JR (01)


*Marcia A. Morrissey*
MARCIA A. MORRISSEY
*Donovan Asao Odo*
DONOVAN ASAO ODO
Counsel for DELIA FABRO-MISKE (12)


*William A. Harrison*
WILLIAM A. HARRISON
Counsel for JASON K. YOKOYAMA (13)

---

CERTIFICATE OF SERVICE

    I, Terri L. Fujioka-Lilley, hereby certify that a true and correct copy of this document this filing has been duly served on all counsel of record through the court's electronic filing system.

    DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Terri L. Fujioka-Lilley
TERRI L. FUJIOKA-LILLEY

6