MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 19-cr-00099-DKW-KJM. |
| ) | |
| Plaintiff, ) | **JOINT DEFENDANTS' MOTION** |
| ) | **IN LIMINE NO.20: re EXCLUSION** |
| v.  ) | **OF AUGUST 18, 2012 REFUSAL** |
| ) | **TO RETURN MONIES PAID AT M** |
| MICHAEL J. MISKE, JR.,   (01) ) | **NIGHTCLUB FOR VODKA** |
| JOHN B. STANCIL,   (02) ) | **BOTTLE CONSUMED;** |
| DELIA FABRO-MISKE,   (12) ) | **CERTIFICATE OF SERVICE** |
| JASON K. YOKOYAMA   (13) ) | |
| ) | |
| Defendants.   ) | |
| ) | |

**MOTION**

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to the August 18, 2012 incident regarding Shane Busby at the M Nightclub. The incident is neither an act indictable under 18 U.S.C. § 894 nor

an act indictable under 18 U.S.C. § 1951. Accordingly, it is not a fact of consequence in determining the elements of the RICO conspiracy charged in count one, namely, that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015).

## BACKGROUND

On August 18, 2012, Shane Busby attended a Friday night promotion at the M Nightclub in Honolulu. One of the four independent promoters who were promoting an event that evening/morning Robert Hansen, aka "Flash." *Bates 00001862UR*. Flash had sent a text message to Chrisoforo Perez, aka "8ball" about the event and explained that if they purchased a bottle of alcohol at the club they could receive a second bottle for free. *Bates 00001862UR & 00412196*. Neither "Flash" nor "8Ball" were affiliated with M Nightclub as each was an independent promoter. 8Ball invited Busby and two others to attend the Friday night promotion at the M Nightclub.

At or near 3:00 a.m. on August 18, 2012, a dispute arose over whether Busby would receive a refund for the "bottle service fee" of $150 to $200 he had previously paid for the 3 one litter bottles of vodka (Grey Goose & Skyy Vodka) consumed. *Bates 00412196 & 00188258*. A refund for the cash payment was disputed and refused by M Nightclub. Left out of Busby's description of events is that he struck former Marine M Nightclub Security Staff Member Ben Forteson with a right hook as security was

escorting Busby out of the club. *Bates 00188254 (audio interview Ben Forteson with Honolulu Police Detective).* After Busby had been escorted outside the club, an unknown assailant punched Busby which knocked out his tooth. *Bates 00001863UR.*

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.").

Evidence regarding a dispute over a claim by a customer for a refund of monies paid for a bottle of alcohol at a club is **not** a fact of consequence in determining the elements of RICO conspiracy charged in count one. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in

the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015).

Even if the allegation made by Busby was true, which Mr. Miske disputes, it is not an act "indictable under Title 18, United States Code, Section 894 (relating to extortionate credit transactions)." ECF No. 673, PageID.4447-4448, ¶7 & ¶7g. See *United States v. Boulahanis*, 677 F.2d 586, 590 (7th Cir. 1982) ("The extension of credit is a deliberate act by a creditor. It does not occur merely because a customer defaults. Section 894 does not make it a crime to use extortion to collect debts, but only to exact repayment of credit previously extended."). Therefore, it is not evidence of any agreement to participate, directly or indirectly, in the conduct of the enterprise's affairs through acts indictable under 18 U.S.C. § 894.

Further, even if the allegation made by Busby was true, which again Mr. Miske disputes, it is not an act "indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery or extortion." ECF No. 673, PageID.4447 & 4449, ¶7 & ¶7(i). According to "8ball", Busby had already paid for the $150 to $200 initial bottle service in cash and he was demanding that it be returned to him under his "free bottle" understanding, or misunderstanding. *Bates 00412196-412197*. These facts, even if true, do not constitute a Hobbs Act robbery or a Hobbs Act extortion. No one induced Busby to part with property by actual or threatened force, violence, or fear, or by robbery, which is a necessary element to constitute a Hobbs Act extortion or robbery. *See 9th Cir. Crim Jury Instr. 9.8 (Revised June 2021) (Hobbs Act*

*Robbery or Attempted Robbery); 9th Cir. Crim. Jury Instr. 9.5 (Revised June 2021).*

Finally, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence." Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011); *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015). Whatever marginal probative value this incident possess is outweighed by the risk of misleading the jury and likelihood of unfair prejudice into a mini-trial over the fact that Busby punched a former Marine working security who received 4 to 5 stiches for the right hook which landed on his face.

## CONCLUSION

Defendants request that the Court exclude the August 12, 2012 incident as inadmissible evidence to the RICO conspiracy charge in count one.

DATED: November 13, 2023

*/s/Michael J. Kennedy*  
MICHAEL J. KENNEDY  
*/s/ Lynn E. Panagakos*  
LYNN E. PANAGAKOS  
Counsel for Defendant  
MICHAEL J. MISKE, JR (01)

*/s/ Donovan Odo*  
DONOVAN ASAO ODO  
*/s/ Marcia Morrissey*  
MARCIA A. MORRISSEY  
Counsel for Defendant  
DELIA FABRO-MISKE (12)

| | |
|---|---|
| */s/ Walter J Rodby* <br> WALTER J. RODBY <br> */s/ Terri L Fujioka-Lilley* <br> TERRI L. FUJIOKA-LILLEY <br> Counsel for Defendant <br> JOHN B. STANCIL (02) | */s/ William A. Harrison* <br> WILLIAM A. HARRISON <br> Counsel for Defendant <br> JASON K. YOKOYAMA (13) |

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS