MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
333 Flint Street
Reno, NV 89501
775-221-7100 (office); 775-233-0914 (mobile)
Email: michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail:  lynnpanagakos@yahoo.com

*Attorneys for Michael J. Miske, Jr. (01)*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 19-00099-DKW-KJM |
| Plaintiff, | JOINT DEFENDANTS' MOTION IN LIMINE NO. 21: TO EXCLUDE TESTIMONY OF CERTAIN WITNESSES; CERTIFICATE OF SERVICE |
| vs. | |
| MICHAEL J. MISKE, JR. (01), JOHN B. STANCIL (02), DELIA FABRO MISKE (12), JASON K. YOKOYAMA (13), | |
| Defendants. | |

## JOINT DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF CERTAIN WITNESSES

Defendants move to exclude testimony from Jesse Bates, Jack Frisbee, Roy Frisbee, Jason Scags, Jonnaven Monalim, and Ethan Motta (collectively, "witnesses") under FRE 401-403, 404(b). The government disclosed its intent to call these witnesses in Exhibit A to the Jury Questionnaire (Dkt. 947-1).

I.    <u>Facts Relevant To This Motion</u>

The government has produced an HPD Report of the missing person Rick Calhau, wherein the witnesses were identified. Calhau was last seen by his wife on 11/18/1996, at 2210. Theories abound as to who might be responsible for Calhau's disappearance.  When Calhau last left his wife, he told her he was going to see Marcus Fields and then Jason Scags. When HPD recovered Calhau's vehicle, officers noticed sand in the vehicle and on Scags' feet. Scags owed Calhau money. He flunked a polygraph. Confidential informants reportedly implicated Scags. There were also reports of Calhau having an affair with Monalim's girlfriend. Calhau was identified as a drug dealer; Fields as one of his suppliers.  Miske also knew Calhau. Like others, Miske's possible involvement was also the subject of rumor and speculation.

A lead detective's typewritten note 135 days post-disappearance states: "Rumors about his disappearance ranged from jealousy, another woman,  drug deal gone bad, drug dealing territorial, and the fact that he just left the state."  A memo from this detective to the prosecutor one year after the disappearance states: "I know that Mike Miske is not involved. . . ."  This same memo identifies Scags as dirty.

Most of the witnesses have served or are currently serving prison sentences. All of the witnesses have motives to falsely implicate Miske.  Defendants file this motion

1

in limine, because the inclusion of these witnesses on the witness list suggests the government might be intending to elicit testimony from them alleging Miske was involved in Calhau's disappearance. If so, defendants move to exclude it.

The disappearance of Calhau is not charged in the indictment. It took place on November 18, 1996, years before the "Miske Enterprise" charged in Count One existed. It is not an affair of the alleged "Miske Enterprise." It is outside the scope of the RICO conspiracy. No FRE 404(b)(3) notice was provided. If admitted, this uncharged conduct would totally dominate this trial. Unfair prejudice would be seismic.

II.   Calhau's Disappearance Predates the Existence of the "Miske Enterprise"

Count One charges that the "Miske Enterprise" was a "criminal organization" constituting an association-in-fact "enterprise" under 18 U.S.C. § 1961(4) (Dkt. 672, PageID.4440, 4442). An "association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States,* 556 U.S. 938, 946 (2015).

Count One charges that the primary purpose of the "Miske Enterprise" was to: (1) generate profits for its members; and (2) preserve, protect, promote and enhance the enterprise's profits and profit-generating activities (Dkt. 673, PageID.4442-43). Count One charges that the "[m]embers and associates of the Miske Enterprise operated principally under the direction and protection of Miske" (*id.*, PageID.4440). Count One names numerous profit-generating businesses as "members of the Miske Enterprise," the relationship among them being that Miske was de facto owner of each

2

(*id.*, PageID.4441-42). Count One names Kama'aina Termite and Pest Control, Inc. (KTPC) as the enterprise's "headquarters" (*id.*, PageID.4441). KTPC, and every other business named as an enterprise member, either did not exist until years after Calhau disappeared (KTPC, Kama'aina Holdings, LLC, Hawaii Partners, LLP, Kama'aina Plumbing and Home Renovations, Kama'aina Solar Solutions, Kama'aina Energy, LLC, Makana Pacific Development, LLC., Leverage, Inc., the M Nightclub, Encore Nightclub), or had no alleged association with Miske until years after Calhau disappeared (Oahu Termite and Pest Control, Inc.).

All co-defendants and two defendants charged elsewhere [1] are named as "members and associates of . . . the Miske Enterprise." The trial co-defendants' ages were as follows when Calhau disappeared: Stancil, age 9; Fabro Miske, age 2; Yokoyama, age 10. As demonstrated by plea agreements, the earliest any other co-defendant or defendant charged elsewhere became a "member and associate" of the alleged "Miske enterprise" or conspired to conduct its alleged affairs was 2012.[2]

III.   Calhau Disappearance Is Inadmissible Under FRE 402

Count One charges a conspiracy to "conduct and participate, directly and indirectly, in the conduct of the affairs of the Miske Enterprise through a pattern of

---

[1] Wayne Miller, Cr. No. 20-00113, Dkt. 20; Jacob Smith, Cr. No. 20-00086, Dkt. 42.
[2] Wilson, 2016 (Dkt. 224, PageID.1885); Akau, 2016 (Dkt. 250, PageID.2060), Kauhi, 2015 (Dkt. 455, PageID.3101); Frietas, 2014 (Dkt. 485, PageID.3359); Buntenbah, 2012 (Dkt. 509, PageID.3477); Bermudez, 2015 (Dkt. 636, PageID.4272-73); Kimoto, 2017 (Dkt. 928, PageID.7770); Smith, 2015 (Cr. No. 20-00086, Dkt. 52, PageID.66); Miller, 2014 (Cr. No. 20-00113, Dkt. 31, PageID.50); Moon, 2016 (Cr. No. 23-00080, Dkt.8, PageID.14); Young, 2018 (Cr. No. 23-00081, Dkt.7, PageID.14-15).

racketeering activity" (Dkt. 673, PageID.4447) (conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d)).  A "nexus" between the "enterprise" and the "racketeering activity" is required. *United States v. Yarbrough,* 852 F.2d 1522, 1544 (9th Cir.1988).  There are three aspects to this nexus requirement, none of which are satisfied with respect to Calhau's disappearance.  First, "liability depends on showing that the defendants [conspired to] conduct[] or participate[] in the conduct of the [charged] *'enterprise's* affairs,'" *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1994) (quoting § 1962(c), emphasis in *Reeves*).  There is no basis to conclude that Calhau's disappearance was an affair of the then-unbegun "Miske Enterprise."

Second, in order to satisfy the "through" element, the enterprise must be "the means or structure through which the racketeering crimes occur." *Yarbrough,* 852 F.2d at 1544.  *See also Nat'l Org. for Women v. Scheidler,* 510 U.S. 249, 259 (1994) ("'enterprise' in subsection (c) connotes generally the vehicle through which the unlawful pattern of racketeering activity is committed. . . ."); *United States v. White,* 621 Fed.Appx. 889, 894 (9th Cir. 2015) (applying *Yarbrough* nexus requirement in evaluating sufficiency of evidence to support RICO conspiracy conviction).  An enterprise cannot serve as the vehicle through which alleged racketeering acts pre-dating such enterprise's existence were committed.

Third, "[a] defendant is guilty of conspiracy to violate RICO [§ 1962(c) only if the evidence shows that the defendant knowingly and personally 'agreed to facilitate a scheme which includes the operation or management of a RICO enterprise.'" *United States v. Young,* 720 Fed. Appx. 846, 850 (9th Cir. 2017) (quoting United *States v.*

4

*Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004); *Smith v. Berg,* 247 F.3d 532, 538 (3d Cir. 2001).   There is no basis upon which to conclude that Calhau's disappearance was within the scope of an agreement to facilitate a scheme which included the operation and management of the then-unbegun "Miske Enterprise."

Accordingly, Calhau's disappearance is outside the scope of the RICO conspiracy charged in Count One.  This evidence is not probative of any element of this offense.  It is irrelevant under FRE 401 and inadmissible under FRE 402.

IV.   <u>Calhau's Disappearance Is Inadmissible Under FRE 404(b)(1) and 403</u>

If the government intends to elicit testimony implicating Miske in Calhau's disappearance, it would constitute "other crimes" evidence inadmissible under FRE 404(b)(1).  It is not admissible under FRE 404(b)(2), as evidenced by the government's failure to include it in its FRE 404(b)(3) notice (Dkt. 1016).

This evidence is also inadmissible under FRE 403.  Testimony implicating Miske in Calhau's disappearance would be stories from witnesses with strong motives to falsely implicate Miske on a matter so old the evidence necessary to confront them is long gone, which would constitute unfair prejudice to Miske's Sixth Amendment Confrontation Clause rights.  This uncharged conduct would dominate the trial.  The risk that the jury would consider this evidence as probative of Miske's guilt on Counts 2-6 and all defendants' guilt on Count 1; in other words, for the precise purpose prohibited under FRE 404(b)(1), would be enormous.

For the foregoing reasons, evidence concerning Calhau's disappearance must be excluded.

DATED: November 13, 2023


_/s/ Michael J. Kennedy_____          _/s/ Donovan Odo_____
MICHAEL J. KENNEDY                        DONOVAN ASAO ODO
_/s/ Lynn E. Panagakos_____           _/s/ Marcia Morrissey_____
LYNN E. PANAGAKOS                         MARCIA A. MORRISSEY
Counsel for Defendant                     Counsel for Defendant
MICHAEL J. MISKE, JR (01)                 DELIA FABRO-MISKE (12)


_/s/ Walter J Rodby_____              _/s/ William A. Harrison_____
WALTER J. RODBY                           WILLIAM A. HARRISON
_/s/ Terri L Fujioka-Lilley_____      Counsel for Defendant
TERRI L. FUJIOKA-LILLEY                   JASON K. YOKOYAMA (13)
Counsel for Defendant
JOHN B. STANCIL (02)

6

CERTIFICATE OF
SERVICE


I, Lynn E. Panagakos, hereby certify that a true and correct copy of this document this filing has been duly served on all counsel of record through the court's electronic filing system.


DATED: Honolulu, Hawai`i, November 13, 2023


/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS