MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **JOINT DEFENDANTS' MOTION** |
| | ) | **IN LIMINE NO. 22: re EXCLUSION** |
| v. | ) | **OF BETWEEN AROUND 2016 AND** |
| | ) | **2018 CONSPIRACY TO COMMIT** |
| MICHAEL J. MISKE, JR.,   (01) | ) | **ROBBERY EVIDENCE;** |
| JOHN B. STANCIL,   (02) | ) | **CERTIFICATE OF SERVICE** |
| DELIA FABRO-MISKE,   (12) | ) | |
| JASON K. YOKOYAMA   (13) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to a conspiracy involving Government Witness Kaulana Freitas to rob an individual who he believed possessed a large supply of marijuana.

The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Frieitas.

## BACKGROUND

According to the government, at some point between around 2016 and 2018, government witness Kaulana Freitas conspired to rob an individual who he believed possessed a large supply of marijuana.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Evidence that sometime, over the course of three years, 2016 to 2018, government witness Frieitas conspired to rob an individual who he believed possessed a large supply of marijuana for himself is **not** a fact of consequence in determining the elements of the

RICO conspiracy count one. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). Freitas was planning to rob for himself, not the fictional, so-called Miske enterprise. It is inadmissible evidence under Federal Rule of Evidence 402. Even if it had some minor probative value,when probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). That is the case.

## CONCLUSION

Defendants request that the Court exclude the sometime between 2016 and 2018 Freitas planned to rob a drug dealer of marijuana evidence.

DATED: November 13, 2023

*/s/Michael J. Kennedy*
MICHAEL J. KENNEDY
*/s/ Lynn E. Panagakos*
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)

*/s/ Walter J Rodby*
WALTER J. RODBY
*/s/ Terri L Fujioka-Lilley*
TERRI L. FUJIOKA-LILLEY
Counsel for Defendant
JOHN B. STANCIL (02)

*/s/ Donovan Odo*
DONOVAN ASAO ODO
*/s/ Marcia Morrissey*
MARCIA A. MORRISSEY
Counsel for Defendant
DELIA FABRO-MISKE (12)

*/s/ William A. Harrison*
WILLIAM A. HARRISON
Counsel for Defendant
JASON K. YOKOYAMA (13)

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS