MARCIA A. MORRISSEY
Law Office of Marcia A. Morrissey
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90065
Telephone: 310-399-3259
Email: morrisseyma@aol.com

DONOVAN ASAO ODO
Law Office of Donovan A. Odo LLLC
P.O. Box 939
Aiea, HI 96701
Telephone:  808-554-3490
Email: donovan.a.odo@gmail.com

Attorneys for Defendant
DELIA FABRO-MISKE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cr. No. 1-19-CR-00099 DJK-KJM |
| Plaintiff, | DELIA FABRO-MISKE'S MOTION IN LIMINE NO. 10 RE: LIMITING |
| vs. | THE NUMBER OF IN COURT DISPLAYS OR PHOTOGRAPHS OF FIREARMS, FIREARM |
| DELIA FABRO-MISKE (12), Defendant. | RELATED EQUIPMENT, KNIVES, OTHER WEAPONS, AND PHOTOGRAPHS OF SAME |

Delia Fabro-Miske, by her counsel, Marcia A. Morrissey and Donovan A.

Odo, moves in limine for an order limiting the display of actual firearms, firearm-

related equipment (e.g., ammunition, magazines, body armour), knives and other

weapons, or photographs thereof, by the government at the trial of this case.[1]   As

explained below, an overwhelming quantity of "weapons" evidence is not relevant

to the two charges against Ms. Fabro-Miske and profoundly prejudicial.  The vast

majority of such evidence should be excluded under Rules 401, 403, 404 and

702(a) of the Federal Rules of Evidence.  The prejudice that accrues from this

largely irrelevant evidence is so profound that it constitutes a due process

violation under the Fifth Amendments and therefore is also inadmissible under

Rule 402.

Particularly in this case, where four defendants are on trial, and the

government seeks to introduce evidence of charged acts as well as uncharged acts

in which Ms. Fabro-Miske has no involvement, allowing the display or either

actual weapons or photographs thereof without the Court having engaged in a

Rule 403 analysis presents two principal legal problems.  First, the number of

---

[1]      Ms. Fabro-Miske requests that this motion be deemed as a continuing objection for trial purposes if denied.  *See Palmerin v. City of Riverside,* 794 F. 2d 1409, 1413-14 (9th Cir. 1986) (announcing the rule in this Circuit that definitive pretrial rulings on thoroughly explored evidentiary issues need not be re-raised at trial in order to be preserved for appeal); *United States v. Wells,* 879 F. 3d 900, 933 (9th Cir. 2018) (citing *Palmerin,* 749 F. 2d at 1413-14, and deeming pretrial objections to other acts evidence preserved for appeal).

weapons involved in this investigation may be viewed by the jury to be

representative of bad character and propensity for criminal activity.  Second, Ms.

Fabro-Miske's Rule 404(b) objection requires the Court to review such evidence

proffered by the government and exercise its discretion under Rule 403 because of

the danger that its introduction is likely to undermine the right to a fair trial.  As

the Supreme Court stated in *Bollenbach v. United States*, 326 U.S. 607, 612

(1945), "[i]n a trial by jury in a federal court, the judge is not a mere moderator,

but is the governor of the trial for the purpose of assuring its proper conduct and

determining questions of law." *See also Quercia v. United States*, 289 U.S. 935,

958-59 (1933).  In *United States v. Curtin*, 489 F. 3d 935, 958-59 (9th Cir. 2027),

the Ninth Circuit stated:

> [W]e hold as a matter of law that a court does not properly exercise
> its balancing discretion under Rule 403 when it fails to place on the
> scales and personally examine and evaluate all that it must weigh.
> Relying only on the descriptions of adversary counsel is insufficient
> to ensure that a defendant receives the due process and fair trial to
> which he is entitled under our Constitution, as this case demonstrates.

None of the two charges against Ms. Fabro-Miske allege that she used a

weapon.  No weapons were are even associated with her.  On the contrary, the vast

majority of the weapons in this case were seized from or connected with

individuals who will testify for the government.   This type of evidence is

3

irrelevant as to Ms. Fabro-Miske.

There is no probative value of the weapons-related evidence and it serves no

purpose other than to prejudice the defense.  Therefore the government should be

required to make an offer of proof as to the nexus between any firearm or weapon-

related evidence it seeks to introduce and the charges in this case.  Absent a nexus

between such objects and a specific charged or uncharged offense, the evidence is

inadmissible.  Weapons-related evidence proves nothing as to Ms. Fabro-Miske

other than to prejudice the jurors against her.

In addition, an abundance of weapon evidence is cumulative.  Each weapon-

related exhibit proffered by the government should be excluded unless the

government shows that any such exhibit(s) make a fact of consequence more or

less probable, as required by Rule 401, that the exhibits, individually and

collectively, do not present an undue danger of prejudice under Rule 403, and that

from these exhibits, the jury would not draw the impermissible inference of the

bad character of the accused, in violation of Rule 404(b).

//

//

//

//

4

Dated: November 13, 2023                    Respectfully submitted,

                                            /s/ Marcia A. Morrissey
                                            MARCIA A. MORRISSEY

                                            /s/ Donovan A. Odo
                                            DONOVAN A. ODO

                                            Attorneys for Defendant
                                            DELIA FABRO-MISKE


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served through CM/ECF on the following on November 13, 2023:

MICHAEL D. NAMMAR, ESQ.              michael.nammar@usdoj.gov
MARK A. INCIONG, ESQ.                mark.inciong@usdoj.gov
W. KEAUPUNI AKINS                    KeAupuni.Aking@usdoj.gov
LYNN E. PANAGAKOS, ESQ.              lynnpanagakos@yahoo.com
MICHAEL J. KENNEDY, ESQ.             michael@mjkennedylaw.com
WALTER J. RODBY, ESQ.                attorneyrodby@msn.com
TERRI L. FUJIOKA-LILLEY, ESQ.        terri@bflwlaw.com
WILLIAM L. SHIPLEY, JR., ESQ.        808Shipleylaw@gmail.com


DATED: November 13, 2023.            /s/ Marcia A. Morrissey
                                     Marcia A. Morrissesy

                                     Attorney for Defendant
                                     Delia Fabro-Miske

6