IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR.,<br><br>Defendant. | Case No. 19-cr-00099-DKW-1<br><br>**ORDER DENYING DEFENDANT MICHAEL J. MISKE, JR.'S MOTION TO SUPPRESS EVIDENCE AND FRUITS DERIVED FROM SEARCH AND SEIZURE WARRANTS 15-01449, 16-00046, 16-00047, AND 16-00099** |

Defendant Michael J. Miske, Jr. moves to suppress ("motion") all evidence obtained from search and seizure warrants authorized in various cases[1] ("the Warrants") on the ground that the essentially identical affidavits accompanying the Warrants ("the Affidavits") contained recklessly and materially false statements and/or omissions, which, when corrected, negate probable cause for the searches authorized by the Warrants. Miske also argues that all evidence obtained from the search and seizure warrant authorized in Case No. 15-MJ-01449 ("Warrant 15-1449") should be suppressed because Warrant 15-1449 was executed unlawfully and unreasonably in violation of the Fourth Amendment.

---

[1]Specifically, Case No. 15-MJ-01449, Case No. 16-MJ-00046, Case No. 16-MJ-00047, and Case No. 16-MJ-00099.

With respect to the first argument, in a contemporaneously filed Order, the Court has rejected a substantially similar argument involving essentially identical affidavits.[2]  For the reasons set forth in said Order, therefore, the Court again rejects the argument that the Affidavits do not provide probable cause for the authorized searches.  With respect to the second argument, the Court disagrees that the execution of Warrant 15-1449, even if unlawful under State law as Miske contends, violated the Fourth Amendment.  Notably, although, in his briefing, this argument was premised on the execution being unreasonable because it was obtained using a "ruse", during the evidentiary hearing, Miske provided no factual basis to support any such contention.  Therefore, for the reasons discussed further below, the motion to suppress, Dkt. No. 964, is DENIED.

## RELEVANT BACKGROUND

On December 4, 2015, a U.S. Magistrate Judge authorized Warrant 15-1449. Dkt. No. 964-2 at 1.[3]  The Warrant permitted the government to search Miske and seize all mobile devices on his person.  *Id*. at 3-4.  The Warrant was accompanied by an affidavit (Affidavit 15-1449) from Special Agent Austin Kyle Jackson (SA Jackson) of the Federal Bureau of Investigation (FBI).  *Id*. at 11.  With respect to

---

[2] As Miske points out in the instant briefing, the only difference between the motion to suppress there and the one at issue here is the addition of a new "Paragraph 35" in the Affidavits.  Dkt. No. 964 at 2.  As discussed further below, the addition of this new paragraph does not alter the Court's earlier analysis.

[3] In citing to exhibits attached to the briefing on the instant motion, the Court cites to the page numbers assigned in the top-right corner of each document, *i.e.* "Page 1 of 49."

2

the manner of the Warrant's execution, Affidavit 15-1449 stated that, on December 4, 2015, officers from the Honolulu Police Department (HPD) planned to "traffic stop and arrest" Miske for allegedly refusing to obey a lawful order to stop on or around November 13, 2015.  *Id*. at ¶¶ 35, 40.[4]  As a result, the search of Miske's person would take place at the time of his arrest.  *Id*. at ¶ 40.

On September 15, 2023, Miske filed the instant motion, seeking to suppress evidence and fruits derived from the Warrants.  Dkt. No. 964.  The government filed a response in opposition to the motion, Dkt. No. 979, to which Miske replied, Dkt. No. 986.  On October 13 and 16, 2023, the Court held, *inter alia*, an evidentiary hearing on the instant motion, at which SA Jackson, among others, testified.  Dkt. Nos. 996, 998.  The HPD officers who arrested Miske on December 4, 2015 were not called to testify.  This Order now follows.

## LEGAL STANDARDS

Miske challenges the Warrants under the Fourth Amendment and *Franks v. Delaware*, 438 U.S. 154 (1978).  Specifically, Miske argues that, although the Warrants were approved by a Magistrate Judge, the Affidavits contain "intentional and reckless material false statements and omissions" that, if corrected, negate probable cause.  Dkt. No. 964 at 2.  When faced with such an argument, the Supreme Court has explained that a defendant is entitled to an evidentiary hearing

---

[4]SA Jackson's testimony at the evidentiary hearing established that Miske's alleged refusal to obey a lawful order to stop actually occurred on November 12, 2015.

only if (1) the defendant alleges, with an offer of proof, that an affidavit contains "deliberate falsehood" or "reckless disregard for the truth", and (2) once the allegedly deficient information is set aside, the remaining content is insufficient to support a finding of probable cause.  *Franks*, 438 U.S. at 171-172.

Miske also challenges Warrant 15-1449 on the ground that it was unlawfully and unreasonably executed.  Dkt. No. 964 at 7-11.  In that regard, the Ninth Circuit Court of Appeals has explained that "[a]n otherwise lawful seizure can violate the Fourth Amendment if it is executed in an unreasonable manner."  *United States v. Alverez-Tejeda*, 491 F.3d 1013, 1016 (9th Cir. 2007).  "To assess the reasonableness of the conduct, a court must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."  *Id*. (quotation marks omitted, cleaned up).

## DISCUSSION

In the instant motion, Miske challenges all of the Warrants identified above−based upon the alleged lack of probable cause in the Affidavits after certain information is corrected−and challenges Warrant 15-1449−based upon the alleged unreasonable execution of the same.  The first argument can be addressed here in short order.  This is because, as Miske acknowledges, the Affidavits are the "same", except for the addition of a "new paragraph 35", as affidavits subject to an

earlier-filed motion to suppress (Dkt. No. 963). In a contemporaneously filed Order, the Court denied Dkt. No. 963 in toto, rejecting Miske's argument that the affidavits subject to said motion, even if corrected in the manners desired, failed to set forth probable cause. Because those affidavits, and the information contained therein, are included (identically) in the Affidavits here, obviously, that information also provides probable cause for the Warrants here, in light of the Court's reasoning in the above-mentioned Order. Therefore, even if the Court agreed that paragraph 35 did not provide (or add to) the probable cause shown in the Affidavits, this would not alter the Court's earlier finding that the remaining paragraphs provide the necessary probable cause.

This leaves Miske's remaining argument that Warrant 15-1449 was executed unreasonably. Specifically, in the instant motion, Miske argued that, in executing Warrant 15-1449, he was "unlawful[ly]" arrested without a warrant 22 days after his alleged offense, in violation of *State v. Keawe*, 108 P.3d 304 (Haw. 2005). Dkt. No. 7-8. Miske argued, therefore, that execution of Warrant 15-1449 was unreasonable because a "ruse" cannot "create the authority to make an illegal arrest under state law." *Id*. at 10. In its opposition, the government argued, *inter alia*, that Miske's reliance on State law is misplaced because the Fourth Amendment does not depend

5

upon compliance with such law. Dkt. No. 979 at 6-8.[5] The government further argued that HPD officers did not engage in a "ruse" in arresting Miske. *Id*. at 8-9. In reply, although acknowledging that State law does not govern the Fourth Amendment, Miske argued that it is a "factor" to be considered in assessing reasonableness. Dkt. No. 986 at 6-7. In that regard, Miske argued that the "escalation" of his search to a "full-blown arrest and transport to the police station", as well as "collusion" between the FBI and HPD, was unreasonable. *Id*. at 4. Miske also asserted that the evidentiary hearing would "expose" the delay in arresting him was for "tactical reasons…." *Id*. at 5.

Having considered the parties' arguments, the testimony and evidence at the evidentiary hearing, and relevant case law, for the reasons set forth below, the Court disagrees that the search and arrest of Miske were unreasonable for purposes of the Fourth Amendment, and does not agree with Miske's entirely unsupported contentions that the same were a "ruse" or a "tactical" ploy.

The Court begins with Miske's contentions that the events that took place on December 4, 2015 were a "ruse" and "tactical." First, contrary to Miske's claims, the evidentiary hearing did not "expose" any such ruse or tactical decision-making. Notably, the only member of the so-called ruse that Miske called to testify was SA Jackson. Having heard that testimony, the Court finds that Miske elicited not one

---

[5]The government also argued that State law was not violated under the facts here. Dkt. No. 979 at 9-12.

shred of evidence that SA Jackson engaged in some ruse or otherwise nefarious conduct with respect to the search and arrest of Miske on December 4, 2015. As for the other members of the so-called ruse, *i.e.*, the two HPD officers involved in Miske's arrest, Miske did not bother to call either. He also failed to submit any other evidence, documentary or otherwise, of improper conduct. It is, therefore, impossible for the Court to draw any possible negative inference from the officers' conduct in allegedly "delay[ing]" Miske's arrest, not least because the Court never heard any testimony (or received any evidence) indicating why the officers decided to arrest Miske on December 4, 2015, as opposed to any earlier date. There is similarly no evidence of the FBI and HPD "collu[ding]" with respect to Miske's arrest. The only arguably potentially relevant testimony (at least from Miske's perspective) elicited from SA Jackson was that, on December 4, 2015, he obtained the consent of one of the HPD officers to wear a monitoring device during the arrest of Miske. Presumably the implication of Miske's focus upon this consent is that SA Jackson and the HPD officers cooked-up some grand scheme between November 12, 2015, when Miske first allegedly fled the police, and December 4, 2015, when the consent was obtained, to conduct a fishing expedition during and after Miske's arrest and transport to the police station. The not-so-small problem

with that implication is that there is *no evidence* to support it.  At best, it is premised purely upon speculation.[6]

Once Miske's unproven concept of a ruse or collusion is removed from the equation, his argument boils down to simply that the search and arrest were unreasonable because the HPD officers did not obtain a warrant prior to arresting Miske on December 4, 2015.  In other words, the sole remaining point is that the officers allegedly violated State law.  Putting aside whether the HPD officers were required to obtain any such warrant under State law, as Miske argues,[7] Miske does not cite to any case supporting the notion that such an alleged failure or violation of State law *alone* renders an otherwise valid search unreasonable.  Rather, all of Miske's case law relies on *some other disingenuous conduct*, such as a "ruse", to support a finding of unreasonableness.  *See* Dkt. No. 964 at 9-10; Dkt. No. 986 at 3-7.  As discussed, there is simply nothing of the sort here.[8]

---

[6] It is also discredited by the testimony that was elicited.  For example, SA Jackson testified that he did not even know that one of the HPD officers, the officer who consented to wearing the monitoring device, was going to be involved in the arrest until December 4, 2015—the same day as the arrest.  There is also no evidence that SA Jackson had *any interaction* with that officer until December 4.  It, thus, cannot be said that SA Jackson "collu[ded]" to delay Miske's arrest with someone he did not meet until the day of the arrest.

[7] As mentioned earlier, the government disputes that an arrest warrant was necessary here, in light of Miske undisputedly having disobeyed and fled from HPD officers on November 12, 2015.  *See* Dkt. No. 979 at 9-12.  The Court notes again that there is no testimony from the officers as to why they did not (or could not) arrest Miske earlier.  As for SA Jackson, he testified that the officers had told him that they had made earlier attempts to contact Miske, but had been unsuccessful.

[8] Instead, the facts here show that the search and arrest were not unreasonable.  Specifically, in weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion[,]" *Alverez-Tejeda*, 491 F.3d at 1016, there was nothing unreasonable in the HPD officers arresting

Case 1:19-cr-00099-DKW-KJM   Document 1100   Filed 11/14/23   Page 9 of 9   PageID.9845

## **CONCLUSION**

For the foregoing reasons, the Court does not find that the search and arrest of Miske were unreasonable for purposes of the Fourth Amendment, and the instant motion to suppress, Dkt. No. 964, is DENIED.

IT IS SO ORDERED.

DATED: November 14, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States v. Miske,* Case No. 19-cr-00099-DKW-1; **ORDER DENYING DEFENDANT MICHAEL J. MISKE, JR.'S MOTION TO SUPPRESS EVIDENCE AND FRUITS DERIVED FROM SEARCH AND SEIZURE WARRANTS 15-01449, 16-00046, 16-00047, AND 16-00099**

---

Miske for allegedly refusing to obey a lawful order to stop, even if that arrest took place 22 days after Miske allegedly fled. In other words, 22 days, without more, hardly justifies the "pass" to which Miske claims entitlement.