CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG     CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:      Michael.Nammar@usdoj.gov
            Mark.Inciong@usdoj.gov
            Keaupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL J. MISKE, JR.,       (01)<br>    aka "Bro,"<br>JOHN B. STANCIL,             (02)<br>DELIA FABRO-MISKE, and       (12)<br>JASON K. YOKOYAMA,           (13)<br><br>  Defendants. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES' OPPOSITION TO JOINT DEFENDANTS' MOTION *IN LIMINE* NO. 6 [ECF NO. 1045]; CERTIFICATE OF SERVICE |

UNITED STATES' OPPOSITION TO JOINT
DEFENDANTS' MOTION *IN LIMINE* NO. 6 [ECF No. 1045]

The evidence at trial will show that John Stancil directed and personally participated in the October 27, 2015 robbery of the BVNK clothing store. This is a predicate offense establishing the racketeering activity charged in Count 1. *See Third Superseding Indictment*, ECF No. 673, ¶ 7(i) (acts indictable under 18 U.S.C. § 1951 relating to interference with commerce, robbery, or extortion). As such, it overcomes Defendants' FRE 401, 402, and 403 challenges.

The government expects the evidence will show that by October 27, 2015, Stancil had taken over Michael Miske's role of overseeing robberies. Wayne Miller brought intelligence on BVNK to Stancil, who then directed the robbery of BVNK. Lance Bermudez initially protested the robbery because he knew the store owner, but agreed to be the driver after Stancil indicated that the robbery would go forward with or without Bermudez. Bermudez provided stolen shirts with the word "SHERIFF" on the back, and drove the getaway vehicle. Stancil, Kelii Foster[1], and F.S. entered BVNK wearing the sheriff shirts and masks. Stancil carried zip ties, Foster carried what appeared to be a firearm, and F.S. carried a baton. The store clerk was forced into the back by all three. Foster carried out the store's safe, and F.S. carried out a cash register. Stancil, Foster, and F.S. then escaped in the car driven by Bermudez.

---

[1] Records indicate his true name is Kelii Foster, not Kelii Foster-Young.

1

This incident also illustrates how Miske and Stancil exerted influence over members of the Miske enterprise. Here, Stancil obtained Bermudez's reluctant participation by threatening to carry out the robbery without him. The evidence at trial will also show that Miske imposed consequences when members committed unsanctioned crimes with which he disagreed. Miske also offered protection, including criminal defense attorneys. Bermudez even got a tattoo referencing a "get out of jail free" card with one of those attorney's phone numbers. Thus, the BVNK robbery also establishes the existence of the enterprise and illustrates how it operated.

Defendants speculate that Lance Bermudez and Jacob Smith (who was not present) were motivated by alleged La Familia ties and that Foster was motivated by alleged North Shore Boys ties in carrying out the October 27, 2015 robbery at BVNK. The defense has failed to proffer any evidence of this motivation. In contrast, as described above, the evidence will show that this robbery was a part of the pattern of racketeering activity of the Miske enterprise. Moreover, Bermudez's agreement to participate despite his personal ties to the owner of BVNK demonstrates that the robbery was not personal and only occurred because of Miske enterprise.

Even if ties to La Familia and North Shore Boys existed at the time of the robbery, memberships in multiple criminal enterprises are not mutually exclusive.

"Proof of defendant's association with the illegal activities of the enterprise is all that is required. Associated outsiders who participate in a racketeering enterprise's affairs fall within RICO's strictures." *United States v. Tille*, 729 F.2d 615, 620 (9th Cir. 1984); *see also United States v. White*, 7 F.4th 90, 100 (2d Cir. 2021) ("though many MBG members were members also of the YGz, MBG members functioned separately as a unit for the purpose of engaging in violence"). "People often act with mixed motives, so the gang or racketeering enterprise purpose does not have to be the only purpose or the main purpose of the murder or assault[,] [b]ut it does have to be a substantial purpose." *United States v. Banks*, 514 F.3d 959, 969 (9th Cir. 2008); *United States v. Rodriguez*, 971 F.3d 1005, 1010-11 (9th Cir. 2020) (rejecting stricter "minimum of but-for causation" standard). "It would make little sense to provide a safe-harbor from VICAR for gang members who can offer a plausible alternative motivation for their acts." *Banks*, 514 F.3d at 967. It is for the jury to decide whether an individual's "substantial purpose" was to gain entry to, or maintain or elevate their status within, the Miske enterprise.

There also is no undue prejudice because this incident is probative of racketeering conduct that directly involved Stancil. The defense has failed to articulate any aspect of the government's proof that is unduly prejudicial. To the extent any undue prejudice exists, it does not substantially outweigh the significant probative value of this incident, especially in this case which involves serious

3

charges of murder, murder-for-hire, and chemical attacks. *See* Fed. R. Evid. 403.

Finally, Defendants' request to restrict this evidence to impeachment purposes would unfairly disadvantage the government. This sword-and-shield tactic would prevent the government from presenting highly probative evidence while allowing the defense to elicit the very thing they seek to preclude. Rather, it is proper for the prosecution "to avoid the appearance that it was concealing impeachment evidence from the jury." *Coonan*, 938 F.2d at 1561. This is relevant and admissible evidence, but if precluded, the defense should not be allowed to use it for impeachment or comment on its absence.

For the foregoing reasons, Defendants' motion should be denied.

DATED: November 27, 2023, at Honolulu, Hawaii.

        CLARE E. CONNORS
        United States Attorney
        District of Hawaii

By   */s/ W. KeAupuni Akina*
        MICHAEL D. NAMMAR
        MARK A. INCIONG
        W. KEAUPUNI AKINA
        Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq.<br>Michael Jerome Kennedy, Esq. | Attorneys for Defendant<br>MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq.<br>Caroline Elliot, Esq. | Attorneys for Defendant<br>JOHN B. STANCIL |
| Marcia Morrissey, Esq.<br>Donovan Odo, Esq. | Attorneys for Defendant<br>DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant<br>JASON K. YOKOYAMA |

DATED: November 27, 2023, at Honolulu, Hawaii.

/s/ Tiani Kaneakua
U.S. Attorney's Office
District of Hawaii