Law Office of Walter J. Rodby
WALTER J. RODBY (5594)
733 Bishop Street, Suite 2050A
Honolulu, Hawai`i 96813
Tel.: (808) 232-6313
Email: AttorneyRodby@msn.com

Law Office of Caroline M. Elliot
CAROLINE M. ELLIOT (11541)
P.O. Box 3254
Honolulu, HI 96801
Tel.: (808) 570-6003
Email: cme@carolineelliot.com

Attorneys for Defendant John Stancil (02)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. MISKE, JR. (01)<br>JOHN B. STANCIL (02),<br><br>Defendants. | CR. NO. 19-00099-DKW-KJM<br><br>**DEFENDANTS' MOTION TO PROHIBIT THE USE OF LEG SHACKLES DURING TRIAL**<br><br>Dist. Judge: Hon. Derrick K. Watson<br>Mag. Judge: Hon. Kenneth J. Mansfield<br><br>Trial: January 8, 2024, 9:00 a.m. |

## DEFENDANTS' MOTION TO PROHIBIT THE USE OF LEG SHACKLES DURING TRIAL

Defendants Michael J. Miske, Jr. (01) and John B. Stancil (02) move for an order prohibiting use of leg shackles on defendants unless and until compelling circumstances arise to necessitate restraints and less restrictive alternatives have been considered and ruled out.

This motion is filed following the Government's *Notice of Authority* filed on November 27, 2023 (Dkt. 1163) and is based on the grounds that shackling the defendants will infringe on defendants' Constitutional right to a fair trial, to due process of law, and right to counsel, in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

## ARGUMENT

### A. Applicable Law

#### 1. Shackling Undermines the Presumption of Innocence

The United States Court of Appeals, Ninth Circuit, has held that "a defendant has the right to be free of shackles and handcuffs in the presence of the jury, unless shackling is justified by an essential state interest." *Ghent v. Woodford*, 279 F.3d 1121, 1132 (9th Cir.2002); see also *Rhoden v. Rowland*, 172 F.3d 633, 636 (9th Cir.1999) ("Because visible shackling during trial is so likely to cause a defendant prejudice, it is permitted only when justified by an essential state interest specific to each trial.").

1

The Supreme Court has recognized that visible restraints during trial "undermines the presumption of innocence and the related fairness to the factfinding process". *Deck v. Missouri,* 544 U.S. 622, 632 (2005).

However, a trial judge has discretion to order a "'disruptive, contumacious, stubbornly defiant defendant'" placed in shackles, *Tyars v. Finner,* 709 F.2d 1274, 1284 (9th Cir.1983) (quoting *Illinois v. Allen,* 397 U.S. 337, 343 (1970)), although this "must be limited to cases urgently demanding that action". *Id.*

### 2. Before Imposing Physical Restraints, a Trial Court Must Be Persuaded by Compelling Circumstances that Restraints are Necessary, and Must Pursue Less Restrictive Alternatives

Due to the inherent problems accompanying a decision to shackle, reviewing courts require that trial judges pursue less restrictive alternatives before imposing physical restraints. *See Woodard v. Perrin,* 692 F.2d 220, 221 (1st Cir.1982); *Tyars v. Finner,* 709 F.2d 1274, 1284–85 (9th Cir.1983); *Elledge v. Dugger,* 823 F.2d 1439, 1452 (11th Cir.) (per curiam), *opinion withdrawn in part on other grounds,* 833 F.2d 250 (11th Cir.1987) (per curiam), *cert. denied,* 485 U.S. 1014 (1988). In weighing the merits of physical restraints, the court must consider the particularities of the case before it. In *Deck v. Missouri,* "the Supreme Court reiterated its holding that when a court, without adequate justification, orders a defendant to wear shackles in front of the jury, that defendant need not demonstrate actual prejudice in order to

2

make out a due process violation." *United States v. Charles*, 456 F.3d 249, 258 (1st Cir. 2006).

Before ordering that a defendant be shackled during trial, a trial court must first be "persuaded by compelling circumstances that some measure is needed to maintain security of the courtroom" <u>and</u> "pursue less restrictive alternatives". *United States v. Cazares*, 788 F.3d 956 (9th Cir. 2015) quoting *Duckett v. Godinez,* 67 F.3d 734, 748 (9th Cir.1995).

These requirements originate from the Ninth Circuit case of *Spain v. Rushen*, 883 F.2d 712, 721 (9th Cir.1989). Defendant Johnny Spain was serving a life sentence for murder at San Quentin Prison when he and other inmates attempted a violent escape that resulted in the deaths of three prison guards and two prisoners. Spain was charged with five counts of murder and other charges. At trial, Spain was shackled. He wore leg irons, a waist chain to which each hand was bound by individual chains and had chains holding him to his chair. Throughout the proceedings, he complained of the pain caused by the shackles.

On review, the Ninth Circuit Court of Appeals determined that the trial court appropriately determined that "some measure was needed to maintain the security of the courtroom" because all defendants on trial were already serving time for committing acts of extreme violence and were accused of perpetrating "one of the

3

bloodiest prison escapes of all time". The appellate court reasoned that due to
Spain's prior attempted prison escape, the trial court was reasonably concerned that
Spain might try to escape during trial. Additionally, Spain had repeatedly interrupted
pretrial proceedings and had continued to cause disruptions, even when removed
from the courtroom to a holding cell. In other words, there were sufficient
compelling circumstances to justify measures to maintain courtroom security ("a
cumulation of factors, not just any single one, provided the trial judge [...] ample
justification for taking some sort of action to protect the jury, the courtroom
personnel, the spectators, the defendants, and himself." *Spain v. Rushen*, 883 F.2d
712, 719 (9th Cir.1989)).

Despite these compelling reasons, however, the appellate court still held that
the trial court's failure to explore alternatives less restrictive than shackling was
unconstitutional and deprived Spain of his right to due process. "Due process
requires that shackles be imposed only as a last resort. In determining whether
shackling is a last resort, a trial judge must consider the benefits and burdens
associated with imposing physical restraints in the particular case. If the alternatives
are less onerous yet no less beneficial, due process demands that the trial judge opt
for one of the alternatives." *Spain v. Rushen*, 883 F.2d 712, 728 (9th Cir.1989)).

To determine whether less restrictive alternatives exist, a trial court must

4

assess the "disadvantages and limitations if shackles are applied to a defendant" *Id.*

at 721. The disadvantages and limitations include:

    (1) reversing the presumption of innocence;

    (2) impairing defendant's mental ability;

    (3) impeding defendant's ability to communicate with counsel;

    (4) detracting from the decorum of trial; and

    (5) causing physical pain and mental anguish to defendant.

After a court considers the above, the judge "must weigh the benefits and burdens of shackling against other possible alternatives." *Id.*

The Supreme Court's decision in *Illinois v. Allen*, 397 U.S. 337 (1970), provides at least two options other than shackling: a trial court can cite the defendant for contempt or it can remove him from the courtroom and conduct trial in his absence. In *Stewart v. Corbin*, 850 F.2d 492 (9th Cir.1988), the Ninth Circuit Court of Appeals reviewed a trial court's decision to shackle and gag a defendant. In applying the least restrictive alternative analysis, the court inquired whether citing the defendant for contempt or expelling him from trial were feasible options and concluded that they were not. *Id.* at 499–500.

### 3.  Any Restraints Imposed Must Not Be Visible to the Jury

If a trial court finds that restraints are necessary, after finding both that there

are compelling circumstances and that less restrictive alternatives are not viable, then the court must ensure that the restraints are not visible to the jury. This is to guard against the long-recognized prejudicial effect of shackling that would violate the defendant's rights to due process and a fair trial.

"Visibility of the shackles is critical to the determination of the due process issue." *United States v. Mejia*, 559 F.3d 1113, 1117 (9th Cir.2009); see also *Williams v. Woodford*, 384 F.3d 567, 592 (9th Cir.2004) ("When the jury never saw the defendant's shackles in the courtroom, we have held that the shackles did not prejudice the defendant's right to a fair trial").

The Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury without a trial court determination that they are justified. *United States v. Mejia*, 559 F.3d 1113, 1117 (9th Cir. 2009), quoting *Deck v. Missouri,* 544 U.S. 622, 629, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005).

In *United States v. Cazares*, 788 F.3d 956 (9th Cir. 2015), the Ninth Circuit held that defendants were not entitled to a reversal due to being shackled at trial, but only in light of the lengths the trial court went to, and the considerations it made, before shackling the defendants. The Court noted that all four defendants were members of a violent gang, two defendants had already received life sentences in state court, and all defendants were facing life sentences on the federal level. The

6

Court detailed how the trial court consulted with the marshals regarding the security considerations inherent in shackling and endeavored, during voir dire, to reduce the risk of prejudice from shackling by not seating any prospective jurors who had seen the defendants in shackles before the trial. Additionally, the trial court placed a barrier in the courtroom to prevent the jurors from seeing the shackles. Because of these steps the trial court took, the defendants' due process rights were not violated.

## B. Shackles Are Not Justified in the Instant Case

### 1. There are Insufficient Circumstances to Justify Restraints

In the instant case, there are insufficient circumstances to justify shackling the defendants for trial. Both defendants have been in custody at FDC Honolulu for over three years and neither has had a substantial disciplinary violation or infraction during that time. There have been no instances of attempted escape. During the many pretrial hearings held up to this point, neither defendant has ever had any outburst or interruption. Neither defendant is currently serving a sentence in state or federal court. In short, there are no existing (i.e. actual) circumstances to suggest that restraints are needed to maintain courtroom security, and certainly no reasons that even begin to rise to the level of "compelling." Speculative circumstances or "what-ifs" do not constitute sufficient compelling circumstances to mandate shackling.

Additionally, both defendants have medical issues that would contribute to the

7

finding that shackles are not necessary. Mr. Miske has had back surgery and suffers from a foot-drop. While detained at the FDC Honolulu, he is permitted to wear shoes in locations where otherwise they would be prohibited. The leg shackles cause Mr. Miske physical pain when he walks and when he must wear the same for extended periods of time. Similarly, Mr. Stancil received treatment for a knee problem before he was taken into custody. He feels regular knee pain which limits his mobility, even without shackles.

The length of time this trial is expected to take must also be taken into consideration.  If the defendants are forced to wear shackles, it will be for a minimum of five hours per day, and up to seven or more hours per day (not including transport time), five days per week, for six months or more.  When neither Mr. Miske nor Mr. Stancil have ever engaged in any behavior that would suggest they will cause any sort of disruption or other problems during trial, the use of shackles for that amount of time would be a clear violation of their due process rights.

### 2.  Less Restrictive Alternatives Are Available

Even if the court finds that some measure of enhanced security is justified, the court must consider less restrictive alternatives to shackling by assessing the disadvantages and limitations if shackles are applied. Shackling puts the sacred presumption of innocence at risk. Further, the physical pain and mental distraction

that inherently accompanies being shackled is well-established. If shackled, the defendants' ability to meaningfully participate in the proceedings and communicate with counsel will be severely hindered. Lastly, the decorum of trial demands that all persons, including the accused, act and be treated with dignity and respect.

The modern building and facilities in which the trial will be held feature layer upon layer of state-of-the-art security that renders the antiquated use of physical restraints such as metal leg shackles cruel and unnecessary.

Less restrictive alternatives may include the increased presence of marshals, the threat of restraints if a defendant chooses to engage in disruptive or contumacious behavior, removal from the courtroom, or being held in contempt of court. The court must rule out alternatives such as these before ordering shackles.

## CONCLUSION

Justice requires that the defendants be unshackled for trial unless and until compelling circumstances arise to necessitate restraints, and alternatives less restrictive than shackling have been thoroughly explored and ruled out.

DATED: December 28, 2023.

> /s/ Walter J. Rodby
> WALTER J. RODBY
> /s/ Caroline M. Elliot
> CAROLINE M. ELLIOT
> Counsel for JOHN B. STANCIL (02)

9

/s/ Michael J. Kennedy
MICHAEL J. KENNEDY
/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS
Counsel for MICHAEL J. MISKE, JR (01)

---

## CERTIFICATE OF SERVICE

I, Caroline M. Elliot, hereby certify that a true and correct copy of this document has been duly served on all counsel of record through the court's electronic filing system.

DATED: Honolulu, Hawai`i, December 28, 2023.

/s/ Caroline M. Elliot
CAROLINE M. ELLIOT