CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG  CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:   Michael.Nammar@usdoj.gov
         Mark.Inciong@usdoj.gov
         KeAupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>MICHAEL J. MISKE, JR.,     (01)<br>     aka "Bro,"<br><br>          Defendant. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES' MOTION IN *LIMINE* TO PRECLUDE SELF-SERVING HEARSAY; CERTIFICATE OF SERVICE |

UNITED STATES' MOTION IN *LIMINE*
TO PRECLUDE SELF-SERVING HEARSAY

The United States, by and through undersigned counsel, submits this motion in *limine* to preclude the Defendant's admission of self-serving hearsay statements by the Defendant and co-conspirators.

## I. BACKGROUND

Throughout the course of the ongoing trial in the above-captioned case, the Defendant has moved repeatedly for the admission of various hearsay statements. *See, e.g.*, Trial Exhibit 8010-020 (Message 2 comprising Defendant's message copied and pasted and sent to Wayne Miller; Message 6 comprising screenshot of Defendant's message); Trial Exhibit 9051-031 (Message 1 comprising screenshot of Defendant's message). Similarly, during trial on January 29, 2024, at the conclusion of the defense's cross-examination of Preston Kimoto, defense counsel elicited inadmissible hearsay by asking a series of questions as to whether Mr. Kimoto was "aware" of certain things, such as (1) whether Defendant had sued the driver of the truck involved in Caleb's vehicle accident, (2) that an expert had determined that Caleb was not the driver, and (3) that Defendant blamed himself for Caleb's death because he took Caleb's truck away prior to the car accident. In reality, these were statements of the Defendant or a third party. By omitting the words "statement" or "said to you" or other similar trigger words from the phrasing of the questioning, counsel was able to backdoor in otherwise inadmissible testimony of the Defendant and others.

1

On February 11, 2024, the Defendant provided his ninth supplemental production of trial exhibits. *See* Def. Ninth Supp. Exh. List (ECF No. 1308). The production includes, among other things, a large number of text messages and other electronic communications containing statements of the Defendant, his coconspirators, and others. These communications include, for example, messages between the Defendant and Kaulana Freitas about the operation of the Defendant's business(es). *See, e.g.*, Def. Exh. 9008-046; Def. Exh. 9008-048; Def. Exh. 9008-011; Def. Exh. 9008-014. These communications were apparently marked as potential exhibits for use in the cross-examination of Freitas after the United States disclosed that Freitas was anticipated to testify during the week of February 12, 2024. The proposed exhibits in the Defendant's Ninth Supplemental Exhibit production largely comprise hearsay evidence, which is inadmissible absent some applicable exception.

## II.   ARGUMENT

Throughout the ongoing trial and as evidenced by the Defendant's recently proposed supplemental exhibits, the Defendant is improperly attempting to introduce hearsay evidence through the back door without subjecting himself to cross-examination and attempting to introduce co-conspirator hearsay statements that fall outside of any exception. The Federal Rules of Evidence and well-

established Ninth Circuit case law firmly proscribe the admissibility of such hearsay evidence, and the Court should preclude its admission here.

### A. Legal Standard

While the government may present evidence regarding a defendant's statements, a defendant is not entitled to elicit his own prior statements, under Federal Rule of Evidence 801(d)(2)(A), from government witnesses. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (district court properly sustained government's hearsay objection to defendant's attempt to solicit defendant's post-arrest statements during cross-examination of FBI agent); *United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007) ("[defendant] was not allowed on cross-examination of Agents . . . to elicit exculpatory statements that he made during interviews . . . . These statements were inadmissible hearsay; as [defendant] was attempting to introduce them himself, they were not party-opponent admissions, nor did the fact that they were made in a more broadly self-inculpatory confession bring them within the statement-against-interest exception."); *United States v. Reyes*, 435 F. App'x 596, 597 (9th Cir. 2011) ("The district court also properly excluded [defendant's] statement to the case agent concerning a culpable third party as self-serving hearsay."). This result properly precludes the Defendant from "plac[ing]

his exculpatory statements before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids." *Ortega*, 203 F.3d at 682.

Moreover, the rule of completeness does not entitle defendants to elicit their own inadmissible hearsay statements. *See United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996), *as amended* (Oct. 21, 1996) ("Rule 106 does not compel admission of otherwise inadmissible hearsay evidence") (internal quotation marks omitted).  In *Ortega*, the Ninth Circuit explicitly held that non-self-inculpatory statements, even if made contemporaneously with other self-inculpatory statements, are inadmissible hearsay, and the rule of completeness does not allow for admission of inadmissible hearsay.  203 F.3d at 682.

Recently amended Fed. R. Evid. 106 allows an adverse party to introduce "any other part--or any other statement--that in fairness out to be considered at the same time."  The amended rule allows introduction "over a hearsay objection." Fed. R. Evid. 106.  The advisory committee notes, however, make clear that the amendment applies in limited situations:

> [The amendment] does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression.  <u>The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106</u>.  So, for example, the mere fact that a defendant denies guilt before later admitting it does not, without more, mandate the admission of his previous denial.  *See United States v. Williams*, 930 F.3d 44 (2d Cir. 2019).

4

Fed. R. Evid. 106 advisory committee's notes to 2023 amendments (emphasis added). The rule of completeness cannot be used to introduce merely relevant statements; the rule serves only to allow admission of statements that correct a misimpression. *See id.*; *see also Collicott*, 92 F.3d at 983 (admission of complete statement containing hearsay that "did not serve to correct a misleading impression" was "in contravention of Rule 106").

In addition, defendants cannot attempt to introduce statements made by their co-conspirators under the co-conspirator statement exception to the hearsay rule. *See* Fed. R. Evid. 801(d)(2)(E). Under this rule, a statement is not hearsay if the statement is "offered against an opposing party and is . . . (E) was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). While the government may admit a statement of a co-conspirator into evidence against a defendant if the government "establish[es] by a preponderance of the evidence the existence of the conspiracy and of the defendant's connection to it, and show[s] that the statement was made during and in furtherance of the conspiracy," *see United States v. Crespo de Llano*, 838 F.2d 1006, 1017 (9th Cir. 1987), defendants may not introduce their own statements or the statements of co-conspirators.

The Ninth Circuit has explained that "[a] statement by a coconspirator during the course and in furtherance of the conspiracy is not hearsay and is

5

admissible against other members of the conspiracy." *Id.* (emphasis added) (citing Fed. R. Evid. 801(d)(2)(E)). A defendant, however, is precluded from introducing into evidence a recorded statement made by a co-conspirator if the government chooses not to offer that statement. *See United States v. Hackett*, 638 F.2d 1179, 1187 (9th Cir. 1980) (explaining that district court properly excluded the recorded co-conspirator statement when the government did not offer the statement, as it "was clearly inadmissible hearsay"); *see also United States v. Kapp*, 781 F.2d 1008, 1014 (3d Cir. 1986) ("There is no authority for the proposition that the prosecution is a 'party' against whom such [co-conspirator statement] evidence can be offered. The rule is intended to allow for introduction of co-conspirators' statements as evidence against them as defendants."); *United States v. Anderton*, 679 F.2d 1199, 1202–03 (5th Cir. 1982) (ruling co-conspirator statement offered by defendant to establish his entrapment defense was inadmissible, explaining that Fed. R. Evid. 801(d)(2)(E) "applies only to the admission of a statement against a party. It does not avail one in this rather unusual position who seeks to introduce the evidence in his own behalf").

> **B. The Defendant Should Be Precluded from Admitting Self-Serving Hearsay Statements**

The Defendant has moved repeatedly in the ongoing trial for the admission of hearsay statements made by himself and his co-conspirators. Based on the Defendant's recent production of defense trial exhibits (*see* Def. Ninth Supp. Exh.

6

List (ECF No. 1308)), it is apparent the Defendant intends to continue seeking the admission of hearsay statements in violation of the Federal Rules of Evidence and well-established, authoritative case law. In addition to going well beyond the anticipated scope of direct examination, these self-serving statements remain inadmissible hearsay.

For example, the Defendant has produced as potential trial exhibits communications between himself and Kaulana Freitas about the general operations of the Defendant's business(es). In one such exhibit, the Defendant messages Freitas:

> 2015 we're gonna be raising the bar, expectations will be higher. We're gonna improve each facet of the company one system , program at a time. I need you to be in your "A" game. Come to work by 8, well rested and dressed for the part (collard shirt) I don't want you getting side tracked by some young ratchet that if given the opportunity will spin you in a downward spiral. Stay up! I'll see you tomorrow. I'm going in extra early to see the fumigators off.

*See* Def. Exh. 9008-046. In other messages, the Defendant communicates instructions to Freitas about what is allowed or not allowed at his business(es). *See* Def. Exh. 9008-048.

These types of statements are apparently intended to help exculpate the Defendant by demonstrating the supposed manner in which the Defendant ran his business(es), but it is well-settled in the Ninth Circuit that a defendant may not "place his exculpatory statements before the jury without subjecting himself to

7

cross-examination." *See Ortega*, 203 F.3d at 682 (internal quotation marks omitted). The Defendant may not introduce his own statements in a backdoor attempt to introduce the substance of purportedly exculpatory statements. *See Ortega*, 203 F.3d at 683 (district court properly precluded defendant from eliciting inadmissible hearsay on cross-examination, explaining that the defendant could not "admit[] hearsay testimony through the 'back door' without subjecting himself to cross-examination"); *United States v. Pelayo-Jimenez*, 25 F. App'x 544, 547 (9th Cir. 2001) (district court did not err in refusing defendant's "'back-door' attempt to introduce the substance of his exculpatory statements made during the interrogation," as "[s]uch statements are inadmissible hearsay when offered by the defendant").

At trial, defense counsel has argued that certain similar statements are nonetheless admissible under the hearsay exception for statements of the declarant's state of mind. *See* Fed. R. Evid. 803(3). The state of mind exception, however, is narrowly construed to permit admission only of statements of condition and not statements of belief, such as "any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind." *United States v. Fontenot*, 14 F.3d 1364, 1371 (9th Cir. 1994) (citing *United States v. Emmert*, 829 F.2d 805 (9th Cir. 1987)). Courts examine three factors in considering the admissibility of hearsay under the

8

state of mind exception in Rule 803(3): contemporaneousness, chance for reflection, and relevance. *United States v. Faust*, 850 F.2d 575, 585 (9th Cir. 1988). A lack of contemporaneousness – that is, the greater the length of time that elapses between the declaration and the period about which the declarant is commenting – weighs against admissibility. *See id*. Similarly, a declarant's opportunity for reflection before making a statement weight heavily against admission *See id*. at 586 (where "circumstances in this case allowed [the defendant] to think long and hard before drafting the letter" thereby giving him "ample time to reflect upon his statements[,] . . . any evidence provided by the letter was unreliable"). And finally, the state of mind must be relevant to some issue in the case for a state-of-mind declaration to be admissible. *See United States v. Ponticelli*, 622 F.2d 985, 991 (9th Cir. 1980) (overruled on unrelated grounds).

Here, it is doubtful the Defendant can establish these statements reflect merely statements of condition. *See Fontenot*, 14 F.3d at 1371. And while contemporaneity and relevance will depend on the individual messages, it is likewise doubtful the Defendant can establish the foundation for admissibility as to his own statements in text messages where he has had plenty of opportunity to reflect prior to crafting and sending unprompted messages to others. *See Faust*, 850 F.2d at 586; *see also, e.g.*, Def. Exh. 9008-046 (unprompted message sent by

9

Michael Miske); Def. Exh. 9008-048 (multiple unprompted messages sent by Michael Miske).

Moreover, many of the exhibits proposed by the Defendant comprise messages solely between third parties (i.e., without the Defendant). *See generally* Def. Ninth Supp. Exh. List (ECF No. 1308); *see also, e.g.*, Def. Exh. 9008-041 (text messages between Jake Smith and Kaulana Freitas); Def. Exh. 9008-0037 (text messages between M John Blane, Frankie, Isahia Bush, Kaulana Freitas, and unidentified third party). A defendant, however, cannot introduce statements made by third parties to demonstrate his own state of mind. *See United States v. Vo*, 766 F. App'x 547, 549 (9th Cir. 2019) (court properly excluded confidential informant's text messages as inadmissible under Rule 803(3) because the defendant "sought to introduce the text messages to show *his* state of mind, not the state of mind of the declarant").

These types of messages constitute hearsay statements by the Defendant and his co-conspirators and are not admissible by the Defendant himself, absent an applicable exception which the Defendant will not be able to establish here.

## III. CONCLUSION

For the foregoing reasons, the Court should preclude the admission of the self-serving hearsay statements by the Defendant and co-conspirators to which no exceptions apply.

DATED: February 15, 2024, at Honolulu, Hawaii.

        CLARE E. CONNORS
        United States Attorney
        District of Hawaii

        By */s/ Mark A. Inciong*
          MICHAEL D. NAMMAR
          MARK A. INCIONG
          W. KEAUPUNI AKINA
          Assistant U.S. Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

<u>Served Electronically through CM/ECF:</u>

| | |
|---|---|
| Lynn Panagakos, Esq.<br>Michael Jerome Kennedy, Esq. | Attorneys for Defendant<br>MICHAEL J. MISKE, JR. |

DATED: February 15, 2024, at Honolulu, Hawaii.

                                                  */s/ Tiani Kaneakua*
                                                  U.S. Attorney's Office
                                                  District of Hawaii