CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL NAMMAR
MARK A. INCIONG        CA BAR #163443
W. KEAUPUNI AKINA #11565
AISLINN AFFINITO
Assistant U.S. Attorneys
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:        Michael.Nammar@usdoj.gov
                   Mark.Inciong@usdoj.gov
                   KeAupuni.Akina@usdoj.gov
                   Aislinn.Affinito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00099 DKW-KJM-01 |
| | ) | |
| Plaintiff, | ) | PARTIES' JOINT PROPOSED |
| | ) | JURY INSTRUCTIONS |
| vs. | ) | |
| | ) | |
| MICHAEL J. MISKE, JR,        (01) | ) | |
| aka "Bro," | ) | TRIAL DATE:     January 8, 2024 |
| | ) | JUDGE:     Hon. Derrick K. Watson |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

The United States of America and Defendant Michael J. Miske, Jr., by and through undersigned counsel, hereby submit the Parties' Joint Proposed Jury Instructions for the above-captioned criminal case.

Dated:  June 2, 2024, at Honolulu, Hawaii.

Respectfully submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii

By      /s/ Mark A. Inciong
        MICHAEL D. NAMMAR
        MARK A. INCIONG
        W. KEAUPUNI AKINA
        AISLINN AFFINITO
        Assistant U.S. Attorneys


By      /s/ Michael J. Kennedy
        MICHAEL J. KENNEDY
        LYNN E. PANAGAKOS
        Counsel for Defendant
        MICHAEL J. MISKE, JR.

2

## INSTRUCTION NO. 1

Members of the jury, you have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

## INSTRUCTION NO. 2

You, as jurors, are judges of the facts.  But in determining what happened in this case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

It is your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

## INSTRUCTION NO. 3

This is a criminal case brought by the United States government.  The charges against the defendant, Michael J. Miske, Jr. ("Defendant"), are contained in the Third Superseding Indictment ("Indictment").  The Indictment simply describes the charges the government brings against the Defendant.  The Indictment is not evidence and does not prove anything.

The Defendant has pled not guilty to the charges.

## INSTRUCTION NO. 4

The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove his innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.  If it fails to do so, you must return a not guilty verdict.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty.

If after careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

# INSTRUCTION NO. 5

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and any facts to which the parties agree.

Remember that any statements, questions, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

## INSTRUCTION NO. 6

Rules of evidence control what can be received into evidence. During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled an objection, the question was answered or the exhibit received. If I sustained an objection, the question was not answered or the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

## INSTRUCTION NO. 7

During the course of the trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own findings as to the facts.

## INSTRUCTION NO. 8

In this case, the parties have agreed, or stipulated, as to certain facts.  This means that they agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

# INSTRUCTION NO. 9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.

In addition, you are permitted to draw such reasonable inferences from the evidence as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the evidence in the case.

## INSTRUCTION NO. 10

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In evaluating the testimony of a witness, you may consider: (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case, if any; (5) the witness' bias or prejudice, if any; (6) whether other evidence contradicted the witness' testimony; (7) the reasonableness of the witness' testimony in light of all the evidence; and (8) any other factors that bear on believability.  You may accept or reject the testimony of any witness in whole or in part.  That is, you may believe everything a witness says, or part of it, or none of it.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

10

## INSTRUCTION NO. 11

[The Defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.]

[A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the Defendant did not testify.]

## INSTRUCTION NO. 12

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

## INSTRUCTION NO. 13

You have heard testimony from [specify witness(es)] who testified to facts and offered opinions and the reasons for those opinions. Each type of testimony from each witness is permitted and should be evaluated and weighed like that of any other fact or expert witness.

When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts. Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

## INSTRUCTION NO. 14

A witness may be discredited or impeached by contradictory evidence including that: (1) the witness testified falsely concerning a material matter; (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

## INSTRUCTION NO. 15

[A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides or has recently resided.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.]

## INSTRUCTION NO. 16

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to give to the testimony.

## INSTRUCTION NO. 17

You have heard testimony from witnesses who have pleaded guilty to a crime arising out of the same events for which the Defendant is on trial. The guilty plea is not evidence against the Defendant, and you may consider it only in determining the witness' believability. In addition, you have heard testimony from witnesses who have admitted to being an accomplice to certain crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. You have also heard testimony from witnesses who received benefits, [compensation,] or favored treatment from the government in connection with the case. You should consider these witnesses' testimony with greater caution than that of other witnesses.

## INSTRUCTION NO. 18

You have heard testimony that the Defendant made a statement.  It is for you to decide (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the Defendant may have made it.

## INSTRUCTION NO. 19

The testimony of a law enforcement officer should be weighed and considered, and credibility determined, in the same way as that of any other witness.  A law enforcement officer's testimony is not entitled to any greater weight, nor should you consider it more credible, than any other witness' testimony simply because it is given by a law enforcement officer.

## INSTRUCTION NO. 20

[During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.]

## INSTRUCTION NO. 21

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## INSTRUCTION NO. 22

[If you find that the government intentionally destroyed or failed to preserve [describe evidence] that the government knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government.]

**INSTRUCTION NO. 23**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the Defendant committed the crime.  The Defendant must be a participant and not merely a knowing spectator.  The Defendant's presence may be considered by the jury along with other evidence in the case.

## INSTRUCTION NO. 24

Some of you took notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

## INSTRUCTION NO. 25

A separate crime or offense is charged in each count of the Indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the jury, that you are here to determine whether the Defendant is guilty or not guilty from the evidence in this case.  The Defendant is not on trial for any act or conduct or offense not alleged in the Indictment.  Nor are you called upon to return a verdict as to guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the judge, and should never be considered by the jury in any way in arriving at an impartial verdict.

## INSTRUCTION NO. 26

You will note that the Indictment charges that the offenses were committed "on or about" certain dates.  The evidence need not establish with certainty the exact date of an alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

## INSTRUCTION NO. ▮

[Parties disagree about instruction on aiding and abetting.]

## INSTRUCTION NO. 27

Now, I will provide instructions related to the specific counts in the Indictment.  Count One of the Indictment charges the Defendant, Michael J. Miske, Jr., with Racketeering Conspiracy.  Before explaining each of the elements for that charge in detail, I will provide some general instructions on conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that the conspirators simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit the alleged crime as an object or purpose of the charged conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is

28

as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even if the Defendant did not directly conspire with other conspirators in the overall scheme, the Defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the Defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the Defendant knew or had reason to know that other conspirators were involved with those with whom the Defendant directly conspired; and

Third, the Defendant had reason to believe that whatever benefits the Defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

## INSTRUCTION NO. 28

[Parties disagree.]

## INSTRUCTION NO. 29

[Parties disagree.]

## INSTRUCTION NO. 30

[Parties disagree.]

## INSTRUCTION NO. 31

[Parties disagree.]

## INSTRUCTION NO. 32

[Parties disagree.]

## INSTRUCTION NO. 33

[Parties disagree.]

## INSTRUCTION NO. 34

[Parties disagree.]

## INSTRUCTION NO. 35

[Parties disagree.]

**INSTRUCTION NO. 36**

The third type of alleged racketeering activity consists of acts involving arson.  Acts involving arson include arson, attempted arson, and conspiracy to commit arson.  I will now instruct you on each.

A person commits arson in the first degree if he intentionally or knowingly sets fire to or causes to be burned property and knowingly places another person in danger of death or bodily injury.  There are three material elements of the offense of arson in the first degree, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1.  That, on or about [date], the Defendant set fire to or caused to be burned property of another;

2.  That the defendant did so intentionally or knowingly; and

3.  That the defendant knowingly placed another person in danger of death or bodily injury by such conduct.

For purposes of this instruction, a person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.

For purposes of this instruction, a person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.  A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

39

For purposes of this instruction, "property" means any money, personal property, real property, thing in action, evidence of debt or contract, or article of value of any kind.

For purposes of this instruction, "property of another" means property which any person, other than the Defendant, has possession of or any other interest in, even though that possession or interest is unlawful.

For purposes of this instruction, "bodily injury" means physical pain, illness, or any impairment of physical condition.

*****

A person commits the offense of arson in the second degree if he intentionally or knowingly sets fire to or causes to be burned property and recklessly places another person in danger of death or bodily injury.  There are three material elements of the offense of arson in the second degree, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1.  That, on or about [date], the Defendant set fire to or caused to be burned property of another;

2.  That the Defendant did so intentionally or knowingly; and

3.  That the Defendant recklessly placed another person in danger of death or bodily injury by such conduct.

For purposes of this instruction, a person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.  [A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.]  A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.

A risk is substantial and unjustifiable if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

*****

A person commits the offense of arson in the third degree if he intentionally or knowingly sets fire to or causes to be burned property and negligently places another person in danger of death or bodily injury.  There are three material elements of the offense of arson in the third degree, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1.  That, on or about [date], the Defendant set fire to or caused to be burned property of another;

2.  That the Defendant did so intentionally or knowingly; and

41

3.  That the Defendant negligently placed another person in danger of death or bodily injury by such conduct.

For purposes of this instruction, a person acts negligently with respect to his conduct when he should be aware of a substantial and unjustifiable risk that the person's conduct is of the specified nature.  [A person acts negligently with respect to attendant circumstances when he should be aware of a substantial and unjustifiable risk that such circumstances exist.]  A person acts negligently with respect to a result of his conduct when he should be aware of a substantial and unjustifiable risk that his conduct will cause such a result.

A risk is substantial and unjustifiable if the person's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a law-abiding person would observe in the same situation.

*****

A person commits the offenses of attempted arson in the first degree, attempted arson in the second degree, or attempted arson in the third degree if he intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of, respectively, arson in the first degree, arson in the second degree, or arson in the third degree.

There are two material elements for the offenses of attempted arson in the first degree, attempted arson in the second degree, or attempted arson in the third degree, each of which the government must prove beyond a reasonable doubt. These two elements are:

1.   That, on or about [date], the Defendant engaged in conduct which, under the circumstances as the Defendant believed them to be, was a substantial step in a course of conduct intended by the Defendant to culminate in the commission of arson in the first degree, arson in the second degree, or arson in the third degree, as those offenses are defined in this instruction; and

2.   That the Defendant engaged in such conduct intentionally.

Conduct shall not be considered a substantial step unless it is strongly corroborative of the Defendant's intent to commit, respectively, arson in the first degree, arson in the second degree, or arson in the third degree.

*****

A person commits the offense of criminal conspiracy to commit arson if, with intent to promote or facilitate the commission of a crime, he agrees with one or more persons that one or more of them will engage in or solicit arson in the first degree, arson in the second degree, or arson in the third degree, and he or a person

43

who had joined the agreement commits an overt act for the purpose of carrying out the agreement.

There are three material elements of the offense of criminal conspiracy to commit arson, each of which the government must prove beyond a reasonable doubt. These three elements are:

1.  That, on or about [date], the Defendant agreed with one or more persons that they or one of them would engage in or solicit arson in the first degree, arson in the second degree, or arson in the third degree, as those offenses are defined in this instruction;

2.  That, while the agreement was in effect, the Defendant or a person who had joined the agreement committed one or more overt acts for the purpose of carrying out the agreement; and

3.  That the Defendant joined in the agreement with intent to promote or facilitate the commission of, respectively, arson in the first degree, arson in the second degree, or arson in the third degree, and the overt act was also committed with such intent.

For purposes of this instruction, an "overt act" is any act in pursuit of the conspiratorial purpose.

## INSTRUCTION NO. 37

[Parties disagree.]

## INSTRUCTION NO. 38

[Parties disagree.]

## INSTRUCTION NO. 39

[Parties disagree.]

**INSTRUCTION NO. 40**

The seventh type of alleged racketeering activity consists of acts indictable under Section 894 of Title 18 of the United States Code.  I will now instruct you on these acts.

The crime of collecting an extension of credit by extortionate means in violation of Section 894 is a racketeering act.  For you to find that the Defendant committed that crime, the government must prove each of the following elements beyond a reasonable doubt:

1.  On or about [date], there was an attempt to collect or a collection of an extension of credit [from specify victim]; [or, [specify person] was punished for the non-repayment of an extension of credit;]

2.  The attempt to collect, collection of, [or punishment for non-repayment of] an extension of credit involved the use of extortionate means; and

3.  The Defendant knowingly participated in some way in the use of such extortionate means.

An attempt to "collect" or a "collection" of an extension of credit means to induce in any way any person to make repayment thereof.

An "extension of credit" means to make or renew any loan, or to enter into any agreement, tacit or express, whereby the repayment or satisfaction of any debt or claim, whether acknowledged or disputed, valid or invalid, and however arising,

48

may or will be deferred.  The "repayment" of an extension of credit includes the repayment, satisfaction, or discharge in whole or in part of any debt or claim, acknowledged or disputed, valid or invalid, resulting from or in connection with that extension of credit.

An "extortionate means" is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

## INSTRUCTION NO. 41

[Parties disagree.]

## INSTRUCTION NO. 42

[Parties disagree.]

## INSTRUCTION NO. 43

[Parties disagree.]

## INSTRUCTION NO. 44

[Parties disagree.]

## INSTRUCTION NO. 45

[Parties disagree.]

## INSTRUCTION NO. 46

[Parties disagree.]

## INSTRUCTION NO. 47

[Parties disagree.]

## INSTRUCTION NO. 48

[Parties disagree.]

## INSTRUCTION NO. 49

[Parties disagree.]

## INSTRUCTION NO. [ ]

[Parties disagree as to instruction on drug weights.]

## INSTRUCTION NO. 50

[Parties disagree.]

## INSTRUCTION NO. 51

The Defendant may be found guilty of murder in aid of racketeering as charged in Count Two, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of murder in aid of racketeering by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else committed murder in aid of racketeering as defined in Instruction No. [50];

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of murder in aid of racketeering;

3. The Defendant acted with the intent to facilitate murder in aid of racketeering; and

4. The Defendant acted before the crime was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit murder in aid of racketeering.

61

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 52

The Defendant is charged in Count Three of the Indictment with conspiring to commit a crime of violence; specifically, murder in aid of racketeering in violation of Section 1959(a)(5) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. From a precise date unknown, but by at least iIn or about March 2016 and continuing to on or about July 30, 2016, an enterprise affecting interstate commerce existed;

2. The enterprise engaged in racketeering activity;

3. The Defendant conspired to commit the following crime of violence: the murder of Johnathan Fraser in the second degree as defined above in Instruction No. [34]; and

4. The Defendant's purpose in conspiring to commit the murder of Johnathan Fraser in the second degree was to gain entrance to, or to maintain, or to increase his position in the enterprise.

The terms "enterprise,", "interstate commerce,", "racketeering activity,", and "purpose," and "conspiracy" have the same meanings provided above in Instruction Nos. [50] and [  ] and should be applied equally here.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the murder of Johnathan Fraser in the second degree as an object or purpose of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## INSTRUCTION NO. 53

[Parties disagree.]

## INSTRUCTION NO. 54

The Defendant is charged in Count Five of the Indictment with kidnapping resulting in death, or aiding and abetting the same, in violation of Sections 1201(a)(1) and 2 of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. On or about July 30, 2016, the Defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away Johnathan Fraser;

2. The Defendant held Johnathan Fraser against his will;

3. The Defendant used a cellular telephone operating on interstate networks in furtherance of committing the offense; and

4. The kidnapping resulted in the death of Johnathan Fraser.

The government is not required to prove that the Defendant kidnapped Johnathan Fraser for reward or ransom, or for any other purpose.

## INSTRUCTION NO. 55

The Defendant may be found guilty of kidnapping in violation of Sections 1201(a)(1) and 2, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of kidnapping by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1.  Someone else committed kidnapping as defined in Instruction No. [54];

2.  The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of kidnapping;

3.  The Defendant acted with the intent to facilitate kidnapping; and

4.  The Defendant acted before the crime was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of

the crime and having acquired that knowledge when the Defendant still had a

realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant]

actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 56

[Parties disagree.]

## INSTRUCTION NO. 57

[Parties disagree.]

## INSTRUCTION NO. 58

The Defendant is charged in Count Eight of the Indictment with committing a crime of violence, specifically, ~~an assault of Lindsey Kinney with a dangerous weapon and~~ an attempted murder of Lindsey Kinney, in aid of a racketeering enterprise in violation of Section 1959(a)(5) of Title 18 of the United States Code. For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. On or about May 23, 2017, an enterprise affecting interstate commerce existed;

2. The enterprise engaged in racketeering activity;

3. The Defendant committed, or aided and abetted~~, one or more of the following crimes of violence: assault with a dangerous weapon or~~ attempted murder as defined below; and

4. The Defendant's purpose in committing, or aiding and abetting, ~~assault with a dangerous weapon or~~ attempted murder was to gain entrance to, or to maintain, or to increase his position in the enterprise.

With respect to the first element, the government must prove that an "enterprise" existed that was engaged in or had an effect on interstate commerce. An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of

71

people, in addition to having a common purpose, must have an ongoing

organization, either formal or informal.  The personnel of the enterprise, however,

may change and need not be associated with the enterprise for the entire period

alleged in the Indictment.  This group of people does not have to be a legally

recognized entity, such a partnership or corporation.  This group may be organized

for a legitimate and lawful purpose, or it may be organized for an unlawful

purpose.  The name of the organization itself is not an element of the offense and

does not have to be proved.  Therefore, the government must prove beyond a

reasonable doubt that this was a group of people with (1) ~~associated for a common~~

~~purpose of engaging in a course of conduct~~ a purpose, (2) relationships among

those associated with the enterprise~~that the association of these people was an~~

~~ongoing formal or informal organization~~, and (3) longevity sufficient to permit

these associates to pursue the enterprise's purpose~~the group was engaged in or had~~

~~an effect upon interstate or foreign commerce~~.  The government need not prove

that the enterprise had any particular organizational structure.

    With respect to the first element, "interstate commerce" includes the

movement of goods, services, money, and individuals between states.  These goods

can be legal or illegal.  Only a minimal effect on commerce is required and the

effect need only be probable or potential, not actual.  It is not necessary to prove

that the Defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

With respect to the second element, the government must prove that the enterprise was engaged in racketeering activity. "Racketeering activity" means the commission of certain crimes, which are listed above in Instruction No. [33] and defined in the instructions thereafter. You are to apply those instructions here in determining whether the enterprise was engaged in racketeering activity. The government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes listed above in Instruction No. [33].

With respect to the third element, a person commits the offense of assault with a dangerous weapon if he intentionally or knowingly causes bodily injury to another person with a dangerous weapon. There are three material elements of the offense of assault with a dangerous weapon, each of which the government must prove beyond a reasonable doubt. These three elements are:

1. That, on or about May 23, 2017, the Defendant caused bodily injury to Lindsey Kinney;

2. That the Defendant did so with a dangerous weapon; and

3. That the Defendant did so intentionally or knowingly.

For the purposes of assault with a dangerous weapon, the terms below have the following meanings. "Bodily injury" means physical pain, illness, or any

73

impairment of physical condition.  "Dangerous weapon" means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.  "Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.  A person acts "intentionally" with respect to his conduct when it is his conscious object to engage in such conduct.  A person acts "knowingly" with respect to his conduct when he is aware that his conduct is of that nature.

With respect to the third element, a person commits the offense of attempted murder if he intentionally engages in conduct which, under the circumstances as he believes them to be, is a substantial step in a course of conduct intended or known to cause the death of another person.  There are two material elements of the offense of attempted murder, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1. That, on or about May 23, 2017, the Defendant intentionally engaged in conduct; and

2. That the conduct, under the circumstances as the Defendant believed them to be, was a substantial step in a course of conduct intended or

74

known to be practically certain by the Defendant to cause the death of Lindsey Kinney.  Conduct shall not be considered a substantial step unless it is strongly corroborative of the Defendant's intent to commit murder, which is intentionally or knowingly causing the death of Lindsey Kinney.

For purposes of attempted murder, a person acts "intentionally" with respect to his conduct when it is his conscious object to engage in such conduct, and a person acts "knowingly" with respect to his conduct when he is aware that his conduct is of that nature.

With respect to the fourth element, the government must prove beyond a reasonable doubt that the Defendant's "purpose" was to gain entrance to, or to maintain, or to increase his position in the enterprise.  It is not necessary for the government to prove that this motive was the Defendant's sole purpose, or even the primary purpose, in committing the charged crime.  You need only find that enhancing his status in the enterprise was a substantial purpose of the Defendant or that he committed the charged crime as an integral aspect of membership in the enterprise.  In determining the Defendant's purpose in committing the alleged crime, you must determine what he had in mind.  Because you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

**Source**:  *Boyle v. United States*, 556 U.S. 938, 946 (2009) ("an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose").

## INSTRUCTION NO. 59

The Defendant may be found guilty of committing ~~assault with a dangerous weapon or~~ attempted murder in aid of a racketeering enterprise as charged in Count Eight, even if the Defendant personally did not commit the act or acts constituting ~~either~~ the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Eight by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else committed ~~assault with a dangerous weapon or~~ attempted murder in aid of a racketeering enterprise as defined in Instruction No. [58];

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of ~~assault with a dangerous weapon or~~ attempted murder in aid of a racketeering enterprise;

3. The Defendant acted with the intent to facilitate ~~assault with a dangerous weapon or~~ attempted murder in aid of a racketeering enterprise; and

4. The Defendant acted before ~~one or more of~~ the crime~~s~~ was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must

show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 60

The Defendant is charged in Count Nine of the Indictment with carrying and using a firearm during and in relation to a crime of violence involving Lindsey Kinney on May 23, 2017, or aiding and abetting the same, specifically, attempted murder ~~and assault with a dangerous weapon~~ in aid of racketeering, in violation of Section 924(c) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The Defendant committed the crime of attempted murder ~~or assault with a dangerous weapon~~ in aid of racketeering as charged in Count Eight of the Indictment.  I instruct you that ~~each of these~~this crime~~s~~ is a crime of violence; and

2. The Defendant knowingly carried or used [a firearm] during and in relation to ~~those~~ that crime~~s~~.

The Defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person or in a vehicle.

The Defendant "used" a firearm if he actively employed the firearm during and in relation to attempted murder or assault with a dangerous weapon in aid of racketeering.

The Defendant carried or used a firearm "during and in relation to" the crime if the firearm facilitated or played a role in the crime.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

## INSTRUCTION NO. 61

The Defendant may be found guilty of carrying and using a firearm during and in relation to a crime of violence involving Lindsey Kinney on May 23, 2017, specifically attempted murder in aid of racketeering, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Nine by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else carried or used a firearm during and in relation to a crime of violence as defined in Instruction No. [60];

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of carrying and using a firearm during and in relation to a crime of violence;

3. The Defendant acted with the intent to facilitate carrying and using a firearm during and in relation to a crime of violence; and

4. The Defendant acted before the crime of carrying and using a firearm during and in relation to a crime of violence was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were

81

helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 62

[Parties disagree.]

## INSTRUCTION NO. 63

[Parties disagree.]

## INSTRUCTION NO. 64

[Parties disagree.]

# INSTRUCTION NO. 65

The Defendant is charged in Count Thirteen of the Indictment with using a chemical weapon in violation of Section 229(a) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.  On or about March 4, 2017, at the District Nightclub, the Defendant used a chemical weapon for a non-peaceful purpose or induced another to do so;

2.  The Defendant did so knowingly; and

3.  The Defendant's conduct, or the conduct the Defendant induced, occurred in the United States.

The terms "chemical weapon" and "peaceful purpose" have the same meanings provided above in Instruction No. [64] and should be applied equally here.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

## INSTRUCTION NO. 66

The Defendant may be found guilty of using a chemical weapon as charged in Count Thirteen, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Thirteen by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1.  Someone else used a chemical weapon as charged in Count Thirteen;

2.  The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of using a chemical weapon as charged in Count Thirteen;

3.  The Defendant acted with the intent to facilitate using a chemical weapon as charged in Count Thirteen; and

4.  The Defendant acted before the crime of using a chemical weapon as charged in Count Thirteen was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

87

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 67

The Defendant is charged in Count Fourteen of the Indictment with using a chemical weapon in violation of Section 229(a) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. On or about March 5, 2017, at the Ginza Nightclub, the Defendant used a chemical weapon for a non-peaceful purpose or induced another to do so;

2. The Defendant did so knowingly; and

3. The Defendant's conduct, or the conduct the Defendant induced, occurred in the United States.

The terms "chemical weapon" and "peaceful purpose" have the same meanings provided above in Instruction No. [64] and should be applied equally here.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

## INSTRUCTION NO. 68

The Defendant may be found guilty of using a chemical weapon as charged in Count Fourteen, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Fourteen by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else used a chemical weapon as charged in Count Fourteen;

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of using a chemical weapon as charged in Count Fourteen;

3. The Defendant acted with the intent to facilitate using a chemical weapon as charged in Count Fourteen; and

4. The Defendant acted before the crime of using a chemical weapon as charged in Count Fourteen was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

90

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

# INSTRUCTION NO. 69

[Parties disagree.]

## INSTRUCTION NO. 70

If you find the Defendant guilty of the charge in Count Fifteen of the Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of cocaine involved was (1) 5 kilograms or more, (2) at least 500 grams but less than 5 kilograms, or (3) less than 500 grams.

Your determination of weight must not include the weight of any packaging material.

Your decision as to weight must be unanimous.

The government does not have to prove that the Defendant knew the quantity of cocaine involved.

## INSTRUCTION NO. 71

[Parties disagree.]

## INSTRUCTION NO. 72

If you find the Defendant guilty of the charge in Count Sixteen of the Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of actual or pure methamphetamine: involved (a) 500 grams or more, (b) at least 50 but less than 500 grams, or (c) more than zero but less than 50 grams; and/or the amount of cocaine: involved (a) 5 kilograms or more, (b) at least 500 grams but less than 5 kilograms, or (c) more than zero but less than 500 grams.

Your determination of weight must not include the weight of any packaging material.

Your decision as to weight must be unanimous.

The government does not have to prove that the Defendant knew the quantity of methamphetamine or cocaine involved.

You do not need to make a determination of the amount of oxycodone or marijuana, if any, involved.

95

## INSTRUCTION NO. 73

[Parties disagree.]

## INSTRUCTION NO. 74

The Defendant may be found guilty of bank fraud as charged in Count Twenty, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of bank fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1.  Someone else committed bank fraud as charged in Count Twenty;

2.  The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of bank fraud as charged in Count Twenty;

3.  The Defendant acted with the intent to facilitate bank fraud as charged in Count Twenty; and

4.  The Defendant acted before the crime of bank fraud as charged in Count Twenty was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit bank fraud.

The Defendant acts with the intent to facilitate the crime when the
Defendant actively participates in a criminal venture with advance knowledge of
the crime and having acquired that knowledge when the Defendant still had a
realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant]
actually committed the crime and [who] [which defendant] aided and abetted.

# INSTRUCTION NO. 75

[Parties disagree.]

## INSTRUCTION NO. 76

The Defendant may be found guilty of obstructing justice as charged in Count Twenty-One, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Twenty-One by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else obstructed justice as charged in Count Twenty-One;

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of obstructing justice as charged in Count Twenty-One;

3. The Defendant acted with the intent to facilitate obstructing justice as charged in Count Twenty-One; and

4. The Defendant acted before the crime of obstructing justice as charged in Count Twenty-One was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

100

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 77

[Parties disagree.]

## INSTRUCTION NO. 78

The Defendant may be found guilty of obstructing justice as charged in Count Twenty-Two, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Twenty-Two by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else obstructed justice as charged in Count Twenty-Two;

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of obstructing justice as charged in Count Twenty-Two;

3. The Defendant acted with the intent to facilitate obstructing justice as charged in Count Twenty-Two; and

4. The Defendant acted before the crime of obstructing justice as charged in Count Twenty-Two was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 79

[You must decide whether the conspiracies charged in the indictment existed, and, if it did, who at least some of its members were.  If you find that the conspiracies charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that ~~any~~the defendant was not a member of the charged conspiracies, then you must find ~~that~~the defendant not guilty, even though ~~that~~ the defendant may have been a member of some other conspiracy.~~You must decide whether the conspiracies charged in the Indictment existed, and, if they did, who at least some of the members were.  If you find that the conspiracies charged did not exist, then you must return a not guilty verdict, even though you may find that some other, uncharged conspiracy existed.  Similarly, if you find that the Defendant was not a member of the charged conspiracies, then you must find the Defendant not guilty, even though the Defendant may have been a member of some other, uncharged conspiracy.~~]

**Source**:  Ninth Circuit Model Instruction 11.3 Multiple Conspiracies.

105

## INSTRUCTION NO. 80

[You are here only to determine whether the Defendant is guilty, or not guilty, of the charges in the Indictment.  The Defendant is not on trial for any conduct or offense not charged in the Indictment.]

## INSTRUCTION NO. 81

Remember that even during your deliberations, my mandate to you still applies that you not read any news stories or articles, listen to any radio, or watch any television reports about the case or about anyone who has anything to do with it.  Do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials, and do not make any investigation about the case on your own.  And do not discuss the case in any manner with others, directly or through social media.  You may only discuss the case with your fellow jurors during your deliberations, with all twelve of you present.

## INSTRUCTION NO. 82

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## INSTRUCTION NO. 83

Upon retiring to the jury room, you should first select one of you to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

(Explain Verdict Form)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the Court, please put your message or question in a note, and have the foreperson sign the note.  The foreperson will then contact the Courtroom Manager, Ms. Kimura.  The Courtroom Manager will pick up the note and bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that you should never state or specify your numerical division at any time.  For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.

[Intentionally left blank in event further instructions needed.]