IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR.,     (1)<br><br>Defendant. | Case No. 19-cr-00099-DKW-KJM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MICHAEL J. MISKE JR.'S MOTION FOR JUDGMENT OF ACQUITTAL** |

On June 4, 2024, after the close of the government's case-in-chief, Defendant Michael J. Miske, Jr. moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). Miske did so, generally, with respect to Counts 1-7, 10-11, 15, and 21-22, and on specific grounds with respect to Counts 8-9, 12-14, and 20.[1] The Court addresses these arguments in turn below.[2]

## LEGAL STANDARD

Rule 29(a) provides that, after the close of the government's evidence, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Ninth Circuit

---

[1] Miske also moved for judgment of acquittal on Count 16, but, at the same time, the government agreed to dismiss said count. *See* Dkt. No. 1547. Therefore, the Court considers the request concerning Count 16 to be MOOT.

[2] Unless arguments or evidence are otherwise set forth herein, this Order assumes the reader's familiarity with the issues presented at the June 4, 2024 hearing and the evidence presented during the government's case-in-chief.

Court of Appeals has explained that, when facing a sufficiency of the evidence challenge, a court should consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Atkinson*, 990 F.2d 501, 502 (9th Cir. 1993) (emphasis in original, quotation omitted).

## DISCUSSION

### Counts 1-7, 10-11, 15, and 21-22

Miske moved generally for judgment of acquittal on Counts 1-7, 10-11, 15, and 21-22. Having considered this general request and the evidence presented at trial, and with no further specificity or, in fact, argument of any sort, the Court finds that, when the evidence is viewed in the light most favorable to the government, a rational trier of fact could find the essential elements beyond a reasonable doubt of Counts 1-7, 10-11, 15, and 21-22. Therefore, the motion for judgment of acquittal is DENIED with respect to those counts.

### Counts 8-9

Miske moved on specific grounds for judgment of acquittal on Counts 8-9. Count 8, as it remains, charges Miske with the attempted murder of Lindsey

Kinney in aid of racketeering or aiding and abetting the same.[3]  Count 9, meanwhile, charges Miske with carrying and using a firearm in relation to a crime of violence, which is the crime of attempted murder alleged in Count 8, or aiding and abetting the same.

At the June 4, 2024 hearing, Miske argued that there was no evidence that he attempted to commit the murder of Kinney or that he had an intent to kill Kinney.[4] In response, the government argued that, when viewed in the light most favorable to it, the evidence shows that Miske received a "green light" from Norman Akau, Akau "took away" Kinney's gun before Miske's arrival, Miske directed Jake Smith and John Stancil to accompany him to Kualoa Ranch (where the incident took place), Miske checked with both Smith and Stancil to ensure they were armed, and Smith and Stancil both shot at Kinney.  The government argued that this evidence was sufficient for a rational trier to fact to find the essential elements of Count 8.

The Court disagrees with the government.  As the proposed jury instructions to which both parties have agreed reflect, Count 8 can be proven in

---

[3]Count 8 also charged Miske with the assault of Lindsey Kinney, but, at the June 4, 2024 hearing, the government acknowledged that it was no longer pursuing Count 8 on the ground of assault.  Therefore, to the extent judgment of acquittal is sought with respect to Count 8 assault, it is MOOT.

[4]As a result, the Court agrees with government counsel that Miske did not challenge many of the elements for Count 8, such as the existence of an enterprise, engagement in racketeering activity, or the purpose of attempting to murder Kinney being in aid of racketeering.  The Court, therefore, does not address those elements herein.

3

one of two ways: either Miske himself attempted to commit the attempted murder of Kinney, or Miske aided and abetted someone else in committing that crime. Dkt. No. 1539 at 71, 77.  For the former, Miske's intentional conduct must have been a substantial step in a course of conduct intended or known to be practically certain to cause the death of Kinney.  *Id*. at 74-75.  For the latter, Miske must have acted with the intent to facilitate attempted murder of Kinney.  *Id*. at 77.

Here, such intent cannot be gleaned from any of the evidence in the government's case-in-chief.  In fact, the only evidence that indicates, in the light most favorable to the government, intentional conduct that is practically certain to cause the death of Kinney is the testimony of Frederick Kaluna that Smith and Stancil both shot twice at Kinney with their arms parallel to the ground.  That alone, however liberally viewed in the government's favor, does not establish *Miske's* intent.  The government, therefore, relies on additional evidence.  None of it helps.  First, there is no evidence that Akau gave Miske a "green light" or that Akau took Kinney's gun as part of a plan to murder Kinney, as government counsel contended.  Instead, Akau testified that, after Miske told Akau that he wanted to "fight" Kinney, Akau approached Kinney, told him (after confirming that Kinney had continued texting Miske) that he was going to "fight" Miske, and then told Kinney to give Akau his chain and gun, which Kinney did.  Second,

4

while the testimony reflects that Miske checked with at least Smith that he was armed when accompanying him to Kualoa Ranch, the government ignores Smith's other testimony. Specifically, the only evidence on this subject is that, while talking to Smith prior to driving to Kualoa Ranch together, Miske told Smith that he was going to fight Kinney, but Smith should not allow Kinney to get close to Miske. In other words, the only evidence in the record is that Miske did not want Smith to allow Kinney to get close to him, and Miske asked Smith if he was armed. There is simply no way a rational trier of fact could construe this testimony, along with the other evidence in the record, as shedding any light on the intent necessary for a conviction under Count 8.[5] Therefore, the Court finds that Miske is entitled to judgment of acquittal on that count.

In addition, with respect to Count 9, the Court agrees with defense counsel that, under 18 U.S.C. Section 924(c), and the circumstances here, a crime of violence is required for a conviction under Count 9.[6] 18 U.S.C. § 924(c)(1)(A). Further, as alleged in the Third Superseding Indictment (TSI), the only crime of violence is the one alleged in Count 8 and discussed above. Because the Court

---

[5] In making this determination, the Court has reviewed the transcripts from the relevant witness testimony, related exhibits, and counsels' arguments at the Rule 29 hearing.

[6] Section 924(c) could also be applicable to a "drug trafficking crime," 18 U.S.C. § 924(c)(1)(A), but, Count 9 of the Third Superseding Indictment does not rely upon any such crime, Dkt. No. 673 at 22.

has found that Miske is entitled to a judgment of acquittal on Count 8, the Court also finds that Miske is entitled to judgment of acquittal on Count 9 because the government has failed to establish the predicate crime of violence for purposes of Section 924(c).

As a result, Miske's motion for judgment of acquittal is GRANTED as to both Counts 8-9.

**Counts 12-14**

Miske moved on specific grounds for judgment of acquittal on Counts 12-14. At their essence, Counts 12-14 charge Miske with using and conspiring to use chloropicrin for a non-peaceful purpose in March 2017.

While those offenses have various elements, at the June 4, 2024 hearing, Miske argued that, with respect to all, the evidence was insufficient on one ground: there was no *definitive* evidence that chloropicrin was used as alleged in March 2017.[7] In response, the government argued that, when viewed in the light most favorable to it, there was more than enough *circumstantial* evidence for a rational trier of fact to find that chloropicrin was used as alleged in March 2017.

The Court agrees with the government. Initially, as defense counsel is presumably aware in light of the submitted joint proposed jury instructions, the

---

[7] The Court, therefore, does not address any other issues related to Counts 12-14 herein.

6

government is not required to *definitively* prove anything in this case. Instead, the government is required to prove each element of each offense beyond a reasonable doubt. *See, e.g.*, Dkt. No. 1539 at 4. Similarly, the government is not required to rely on *definitive evidence*. Instead, the government may also or instead rely upon *circumstantial* evidence, which the jury may, should it so choose, give equal or greater weight than direct evidence. *Id*. at 9. With those basic guideposts established, Miske's argument in this regard holds no water in light of the evidence presented, when viewed in the government's favor. Among many other things in the record, Smith testified that some of the substance used during the March 2017 incidents in question was unused. The unused substance was then put in a Jagermeister bottle, and, eventually, seized by the police during a vehicle stop. Other witnesses also testified that the substance in the Jagermeister bottle was tested and contained chloropicrin. In the light most favorable to the government, and in light of other evidence in the record, a rational trier of fact could, therefore, find the essential elements beyond a reasonable doubt as they relate to Counts 12-14. As a result, the motion for judgment of acquittal is DENIED with respect to these counts.

**Count 20**

Miske moved on a specific ground for judgment of acquittal on Count 20. Count 20 charges Miske with bank fraud, and, more specifically, with submitting materially false documents to the Bank of Hawaiʻi in connection with loan applications, or aiding and abetting the same. During trial, while evidence was heard on various loan or lease applications to the Bank of Hawaiʻi, at the June 4, 2024 hearing, government counsel represented that Count 20 concerned only two motor-vehicle lease applications by Michael (also known as Koa) Masutani.

While the element to which defense counsel directed his challenge to Count 20 was not expressly identified, it appears that Miske challenges the second element of this offense. That element, upon which both parties agree on the language, requires the government to prove that Defendant knew the statements to the Bank of Hawaiʻi (Bank) were false. Dkt. No. 1536 at 112; Dkt. No. 1544 at 101. Here, the statements at issue are, with respect to each lease application, Masutani stating that he was a "Manager" of Oahu Termite & Pest Control (OTPC). *See* Exh. 9-118 at 4; Exh. 9-119 at 14. At the June 4, 2024 hearing, Miske appeared to argue that these statements were not false because "Manager", as used in the representations to the Bank, is different than the "common" understanding of the word and merely means that an individual can act on behalf

8

of a company like OTPC. According to Miske, Masutani could do exactly that because he was listed as a Manager with the State of Hawaiʻi Department of Commerce and Consumer Affairs (DCCA). In response, *inter alia*, the government argued that Masutani was not a Manager of OTPC because he was not on the payroll of the company, he, instead, did "errand" work for a different company controlled by Miske and never managed anything or anyone at any of Miske's companies, and, on occasion, would take care of Miske's dogs.

Having considered the parties' arguments and the record and evidence *in toto*, the Court finds that a judgment of acquittal is inappropriate as to this count. It will be for the parties to argue their competing narratives on whether Masutani's representations to the Bank in the lease applications that he was a "Manager" of OTPC was false, and the import of the evidence with respect to the same. As a result, the motion for judgment of acquittal is DENIED as to Count 20.

IT IS SO ORDERED.

Dated: June 10, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge