MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
333 Flint Street
Reno, NV 89501
775-221-7100 (office); 775-233-0914 (mobile)
Email: michael@mjkennedylaw.com

LYNN E. PANAGAKOS    7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail:  lynnpanagakos@yahoo.com

Attorneys for Defendant
MICHAEL J. MISKE, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. MISKE, JR., et al.,<br><br>Defendants. | CR. NO. 19-00099 DKW KJM<br><br>DEFENDANT MICHAEL J. MISKE, JR.'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY OF PHIL CARSON |

**DEFENDANT MICHAEL J. MISKE, JR.'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY OF PHIL CARSON**

On Thursday, June 12, 2024, Mr. Miske notified the government of its intent to call expert witness Phil Carson to testify on Monday, June 17, 2024.  By email dated June 16, 2024, the government informed the Court that it "would like to renew its motion to preclude that testimony. . . ."  Although the government raised

1

this as an evidentiary issue in its trial brief, see ECF No. 1198, PageID. 10346-10351, the government never filed a motion, and, contrary to the government's representation, the Court never made a decision to defer this non-filed motion.

Mr. Miske will not be asking Mr. Carson to state an opinion which is precluded under Fed.R.Evid. 704(b).  Mr. Miske also will not be asking Mr. Carson to state an opinion on an ultimate issue of law. On December 7, 2023, Mr. Miske's counsel provided a 13 page-single-spaced updated disclosure regarding Former FBI Special Agents Phil Carson and Scott Bakken.  ECF No. 1198-1, PageID. 10374-10386. Mr. Carson's qualifications are set forth within the updated disclosure. ECF No. 1198-1, PageID.10376-10377.

As set forth in pages 12-13 of the updated disclosure, Mr. Carson's expert trial testimony will focus on his opinions, and bases and reasons for those opinions, in the current investigation regarding the investigation's use, or lack thereof, of wiretaps, pole cameras, aerial surveillance, physical team surveillance, and the need for developing and implementing investigation plans. ECF No. 1198-1, PageID.10385-10386. The opinions, and bases and reasons, will address and compare the evidence developed with the evidence presented to the jury.

In addition, Mr. Carson's expert trial testimony will focus on his opinions, and bases and reasons for those opinions, regarding the OCDETF investigation 245C-HN-20275 set forth at pages 8-9 of the updated disclosure. ECF No. 1198-1, PageID. 10381-10382. Once again, the opinions, and bases and reasons for those opinions, will address and compare the evidence developed with the evidence

2

presented to the jury. This expert testimony is directly related to the allegations in the RICO conspiracy count charged in count 1 of the superseding indictment.

The government's trial brief identifies 5 sentences from a 13-page expert disclosure, which it finds objectionable, and requests that any testimony similar to these sentences be excluded.  Given the way the trial evidence developed, what the government finds objectionable is no longer in issue. The government's citation to United States v. Morales, 108 F.3d. 1031, 1038 (9th Cir. 1997), United States v. Dela Cruz, 358 F.3d 623, 626 (9th Cir. 2004), and United States v. Diaz , 876 F.3d 1194, 1197 (9th Cir. 2017) stand for this proposition: Rule 704(b) allows testimony supporting an inference or conclusion that the defendant did not have the requisite *mens rea*, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony. ECF No. 1198, PageID.10348. No such ultimate inference or conclusion regarding the requisite *mens rea* will be presented in Mr. Carson's expert testimony.

Mr. Miske's Sixth Amendment right to present a complete defense includes the right to present evidence which: (1) "directly contradict[s] the [prosecution's] theory of the case," United States v. Boulware, 384 F.3d 794, 808 (9th Cir. 2004); (2) supports the defendant's version of the facts, Washington v. Texas, 388 U.S. 14, 19 (1967); or (3) might influence the jury's determination of guilt, Pennsylvania v. Ritchie, 480 U.S. 39, 56 (1987).  Mr. Miske's due process rights also include the

3

right to a fair opportunity to defend against the government's accusations. Chambers v. Mississippi, 410 U.S. 284, 294 (1973).

Here, Mr. Miske's Fifth and Sixth Amendment rights include the right to effectively attack the caliber of the government's investigation. Courts in numerous cases have held that the government's suppression of evidence relevant to discredit the caliber of the government's investigation violates due process. *Kyles v. Whitley,* 514 U.S. 419, 446-454 (1995); *Bowen v. Maryland,* 799 F.2d 593, 613 (10th Cir. 1986); *Lindsey v. King,* 769 F.2d 1034, 1042 (5th Cir. 1985); *United States v. Quinn,* 537 F. Supp. 2d 99, 116 (D.D.C 2008). In these cases, the Court held that the government's suppression of this evidence violated *Brady,* reasoning that if the evidence had been disclosed, the defense could have used it during trial, thus making clear that evidence which is relevant to attack the caliber of the government's investigation is admissible. In this case, expert testimony is necessary to assist the jury in understanding and comparing the evidence developed in the investigation versus the evidence presented to the trial jury.

As the Court and the parties have recognized, this case is anything but ordinary in terms of its breadth and complexity. All RICO cases are complex; this case far more so. The government presented evidence of conduct which spanned more than 20 years. The government presented testimony from numerous law enforcement officers, including numerous law enforcement officers who testified as expert witnesses, concerning the investigation, investigative activities, and investigation techniques used by the FBI, IRS, DEA, EPA, ATF and HPD. The

4

government presented testimony from law enforcement officers concerning search warrants that were executed, evidence that was seized pursuant to search warrants, and clips of recordings that were made in the course of pole camera surveillance. The government presented testimony from numerous law enforcement officers (e.g., Theodore Russell, Ray Camuy), including at least one of whom was designated as an expert (Ryan Faulkner), concerning the practices and tools of the trade of drug dealers. The government presented testimony from an FBI confidential informant (CI), who committed a kidnapping which he claims was an affair of the alleged Miske enterprise while he was a CI. The government has dismissed Count 16 due to insufficiency of evidence that Mr. Miske was a member of the drug conspiracy charged in Count 16; however, it still intends to argue that this conspiracy was an affair of the alleged Miske enterprise within the scope of Count One.

Given the complexity, scope, breadth and length of the government's investigation into Mr. Miske, expert testimony is particularly important to assist the jury in understanding the evidence and the facts in issue with regard to the caliber of the government's investigation. Expert testimony is also particularly important to assist the jury in understanding the significance of the lack of evidence in this case. Here, it is not just a lack of certain kinds of evidence that is materially exculpatory; it is the fact that the government's investigation failed to produce this evidence. Expert testimony is important to assist the jury in understanding the significance of the government's lack of evidence in this context.

The government routinely admits expert testimony from law enforcement officers in RICO cases and cases involving wiretap recordings. *E.g., United States v. Ruibal,* 2014 U.S. Dist. LEXIS, 54022 (W.D. MI 2014) (gang experts); *United States v. Massimino,* 641 Fed. Appx. 153,164 (3d Cir. 2016) (undercover officer expert testimony on La Cosa Nostra family); *United States v. Rodriguez-Landa,* 2019 U.S. Dist. LEXIS 27793, *74 (C.D. CA 2019) (admitting expert testimony to contextualize and explain audio recordings); *United States v. York,* 572 F.3d 415, 428-29 (7th Cir. 2009); *United States v. Ceballos,* 302 F.3d 679, 685-88 (7th Cir. 2002). Allowing the government to prevent the defendant from admitting expert testimony in such cases would be an unfair double standard.

DATED: June 16, 2024, Honolulu, Hawaii

/ s / *Michael J. Kennedy*
MICHAEL J. KENNEDY
/ s / *Lynn E. Panagakos*
LYNN E. PANAGAKOS

CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that by this filing through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, June 16, 2024.

/ s / *Lynn E. Panagakos*
LYNN E. PANAGAKOS

6