MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
333 Flint Street
Reno, NV 89501
775-221-7100 (office); 775-233-0914 (mobile)
Email: michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail: lynnpanagakos@yahoo.com

*Attorneys for Michael J. Miske, Jr. (01)*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        vs.<br><br>MICHAEL J. MISKE, JR. (01),<br>JOHN B. STANCIL (02),<br>DELIA FABRO MISKE (12),<br>JASON K. YOKOYAMA (13),<br><br>                              Defendants. | CR. NO. 19-00099-DKW-KJM<br><br>**DEFENDANT MICHAEL J. MISKE, JR.'S MOTION TO ADMIT EXHIBIT 7100-002g, OR IN THE ALTERNATIVE, FOR RECONSIDERATION OF PRECLUSION OF WITNESS GLORIA SU'A; CERTIFICATE OF SERVICE** |

### DEFENDANT MICHAEL J. MISKE, JR.'S MOTION TO ADMIT EXHIBIT 7100-002g, OR IN THE ALTERNATIVE, FOR RECONSIDERATION OF PRECLUSION OF WITNESS GLORIA SU'A

Defendant Michael J. Miske, Jr. respectfully moves to admit Exhibit 7100-002g, pursuant to Federal Rule of Evidence 803(8).

Exhibit 7100-002g consists of a single page from the Honolulu Police

Department's Report No. 16-303138 (Johnathan Fraser Missing Person Investigation), the entirety of which is marked as Exhibit 7100-002. Exhibit 7100-002 was produced by the government in discovery and included in Mr. Miske's original exhibit list. Exhibit 7100-002g is included in Mr. Miske's Forty-Fifth Supplemental Exhibit List (Dkt. 1467), filed on May 5, 2024.

Exhibit 7100-002g consists of an HPD ID Section Work Request, and associated results, recording HPD FP/ID Tech Gloria Su'a's positive identification of latent prints of Johnathan Fraser from: (1) "below the mouthpiece of cartridge" on a vape pen found in Fraser's vehicle when it was recovered on Summer Street on August 7, 2016; and (2) the "sliding door to the right of handle in bedroom."

Under FRE 803(8), the following is not excluded by the rule against hearsay:

(8) Public records. A record of a public office if:

> (A) it sets out:
> . . .
> > (iii) . . . against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

"It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted . . . . *United States v. Sims*, 617 F.2d 1371, 1377 (9th Cir. 1980); *United States v. Smith*, 172 U.S. App. D.C. 297, 521 F.2d 957, 964 (D.C. Cir. 1975); *Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973)." *United States v. Paznit*, 703 F.3d 420, 424-25 (9th Cir. 1983).

The Advisory Committee Notes to FRE 803(8) explain that the "[j]ustification

2

for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." *Id.* Adv. Comm. Note (8). This rule "allows for admission of reports containing opinions and conclusions, as well as facts . . . as long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement. *Miller v. Field*, 35 F.3d 1088, 1090 (6th Cir. 1994) (*quoting Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169-70, 109 S. Ct. 439, 102 L. Ed. 2d 445 (1988))." *Simpkins v. Boyd County Fiscal Court,* 48 F. 4th 440, 453 (6th Cir. 2022).

Mr. Miske respectfully submits that Exhibit 7100-002g falls squarely within FRE 808(8)(A)(iii)'s public records exception to the hearsay rule.  Exhibit 7100-002g consists of a record of the Honolulu Police Department, a public office, setting out factual findings from a legally authorized investigation, to wit: factual findings from the Johnathan Fraser Missing Person Investigation that latent prints of Johnathan Fraser were found on: (1) a vape pen in his car, when his car was recovered one week after his disappearance; and (2) the sliding door in his bedroom.

The location of these prints is very important to Mr. Miske's defense. Given the evidence of the importance of the vape pen to Mr. Fraser, the fact that it was found in his car, with his print below the mouthpiece, is probative of the fact that Fraser left the apartment, with belongings that were important to him, and drove away in his car. This undermines the theory that he was kidnapped from his apartment.  In addition, Mr. Fraser's print on the sliding glass door of the bedroom

is probative of the fact that he put his and Ashley Wong's dog outside on the day of his disappearance.  This helps rebut the government's allegation that the dog being left outside is a suspicious circumstance probative to show that Fraser was kidnapped from the apartment.

Where, as here, "constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973).  This principle renders it all the more important to admit Exhibit 7100-002g pursuant to FRE 803(8), especially since the exhibit meets the requirements for admission under this rule.

Should the Court deny this motion to admit Exhibit 7100-002g pursuant to FRE 803(8), then, in the alternative, Mr. Miske would respectfully move for reconsideration of the Court's order precluding the testimony of Gloria Su'a. In this circumstance, Mr. Miske would respectfully request leave of Court to call Ms. Su'a, for the limited purpose of testifying to the prints she identified.

Witness preclusion as a sanction for violating a discovery notice requirement can be unconstitutional when it infringes on a defendant's constitutional rights and is disproportionate to purposes the notice requirement is designed to serve.  *See, e.g., United States v. Scheffer,* 523 U.S. 303, 308 (1998) (rules excluding evidence from criminal trials do not abridge a defendant's right to present a defense where they are not arbitrary or disproportionate to the purposes they are designed to serve).

4

"Few rights are more fundamental than that of an accused to present witnesses in his own defense. *E.g., Webb v. Texas,* 409 U.S. 95 (1972); *Washington v. Texas,* 388 U.S. 14, 19 (1967); *In re Oliver,* 333 U.S. 257 (1948)." *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973).  When the preclusion of a witness is coupled with the exclusion of critical evidence as hearsay (such as would be the case here if the Court both excludes Exhibit 7100-002g and precludes Ms. Su'a from testifying about her fingerprint identification), this can deny a defendant "a trial in accord with traditional and fundamental standards of due process." *Chambers,* 410 U.S at 302.  Should the court exclude both Exhibit 7100-002g and the testimony of Ms. Su'a, this would also infringe Mr. Miske's Sixth Amendment right to present a complete defense.

While the violation of a notice requirement can, in some circumstances, justify the severe sanction of witness preclusion, the Supreme Court has recognized that a less severe sanction "would be 'adequate and appropriate in most cases.' " *Michigan v. Lucas,* 500 U.S. 145, 152 (1991) (*quoting Taylor v. Illinois,* 484 U.S. 400, 413 (1988). Whether preclusion is a constitutional sanction must be evaluated on a case-by-case basis.  *Lajoie v. Thompson,* 217 F.3d 663, 669 (9th Cir. 2000).  The Court must balance the particular interests of Mr. Miske in this case, against the extent to which the countervailing interests the witness notice requirement is designed to serve would be abridged in this case.  *Id.,* at 670-72.

As explained above, should the Court exclude both 7100-002g and the testimony of Ms. Su'a, this would materially infringe Mr. Miske's rights to present a

5

complete defense and to a fair trial. If the Court admits Exhibit 7100-002g, there would be no abridgement of the interests the witness notice requirement is designed to serve, because Mr. Miske would not then seek reconsideration of the Court's preclusion of Ms. Su'a.

If, however, the Court excludes Exhibit 7100-002g, then the preclusion of Ms. Su'a coupled with this exclusion would be a disproportionate sanction.  It would result in the preclusion of two different methods of proving material facts, and would leave Mr. Miske with no alternative means to prove these facts.  This prejudice, balanced against the interests the witness notice requirement is designed to protect, demonstrates that this sanction would be disproportionate.  Mr. Miske's failure to notice Ms. Sua as a witness prior to June 27, 2024 was not willful; Ms. Miske did not gain any tactical advantage by doing so.  There would be no undue delay, and the government would not suffer any unfair surprise, if Ms. Su'a is permitted to testify.  The government is very well familiar with the contents of the HPD report, including the results of Ms. Su'a's fingerprint comparisons. Additionally, Mr. Miske notified the government of the importance of Ms. Su'a's fingerprint comparisons to his defense, by making this single-page from Original Exhibit List Exhibit 7100-002 its own exhibit, Exhibit 7100-002g, on Mr. Miske's 45th Supplemental Exhibit List, filed on May 5, 2024.

Accordingly, Mr. Miske respectfully moves to admit Exhibit 7100-002g, or in the alternative, to reconsider the Court's preclusion of Ms. Su'a.

DATED: July 1, 2024, Honolulu, Hawaii.

*/s/Michael J. Kennedy*
MICHAEL J. KENNEDY
*/s/ Lynn E. Panagakos*
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)


CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that by this CM/ECF filing, all counsel of record have been served with this document through the Court's electronic filing system.

DATED:  July 1, 2024, Honolulu, Hawaii.

*/s/  Lynn E. Panagakos*
LYNN E. PANAGAKOS