IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR.,     (1)<br><br>Defendant. | Case No. 19-cr-00099-DKW-KJM<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING ON DEFENDANT MICHAEL J. MISKE JR.'S MOTION FOR JUDGMENT OF ACQUITTAL** |

On July 2, 2024, after the close of the evidence in this case, Defendant Michael J. Miske, Jr., for the second time, moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a).[1]  Miske did so, generally, with respect to Counts 1, 4, 10-11, 15, and 21, and on specific grounds with respect to Counts 2-3, 5-7, and 22.[2]

With respect to Count 2-3, 5-7, and 22, Miske made the following arguments: (1) Counts 2 and 3 should be dismissed because the evidence admitted at trial did not establish the "purpose" element of the offenses; (2) Counts 5 and 6 should be dismissed because the evidence admitted at trial did not establish Johnathan Fraser had been kidnapped; (3) Count 7 should be dismissed because the

---

[1] Miske previously moved for a judgment of acquittal following the close of the government's case-in-chief.   Dkt. No. 1547.   On June 10, 2024, the Court granted in part and denied in part that first motion.   Dkt. No. 1554.
[2] Miske also renewed from his first motion arguments with respect to Counts 12-14 and 20.

evidence admitted at trial did not establish that Miske offered cash to John Stancil and Dae Han Moon in exchange for their agreement to murder Joe Boy Tavares; and (4) Count 22 should be dismissed because the character letter in question had not been altered so as to obstruct justice.  In response, essentially, the government argued that sufficient evidence had been admitted at trial to support each of the challenged elements and/or issues.

Perhaps understandably, at the July 2, 2024 hearing, in making their respective arguments, the parties did not cite specific admitted evidence to support the same, such as by referencing exhibit numbers, trial transcripts, trial days, or individual witness statements.  The Court now affords the parties the opportunity to do so.  Specifically, **on or before the close of business on Friday, July, 19, 2024**, the parties may file briefs of no more than five (5) pages citing evidence admitted during the trial that supports the arguments and/or representations made at the July 2, 2024 hearing regarding Count 2-3, 5-7, and 22.  Should the parties rely upon trial testimony, they must provide specific line and page citations to the relevant transcript(s).  So it is clear, **other than citation to *evidence admitted during the trial*** that supports the arguments and/or representations made at the July 2, 2024 hearing regarding Count 2-3, 5-7, and 22, no further briefing, including any legal argument, is permitted from either party.

2

IT IS SO ORDERED.

Dated: July 15, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge