IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR.,    (1)<br><br>Defendant. | Case No. 19-cr-00099-DKW-KJM<br><br>**ORDER DENYING DEFENDANT MICHAEL J. MISKE JR.'S MOTION FOR JUDGMENT OF ACQUITTAL** |

On July 2, 2024, after the close of the evidence in this case, Defendant Michael J. Miske, Jr., for the second time, moved for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(a).[1] Miske did so, generally, with respect to Counts 1, 4, 10-11, 15, and 21, and on specific grounds with respect to Counts 2-3, 5-7, and 22. Miske also renewed, from his first motion for judgment of acquittal, arguments with respect to Counts 12-14 and 20.

On July 15, 2024, the Court directed supplemental briefing. Dkt. No. 1699. Specifically, the parties were directed to cite specific admitted evidence to support their arguments on the second motion. On July 19, 2024, the parties timely filed

---

[1] Miske previously moved for a judgment of acquittal following the close of the government's case-in-chief. Dkt. No. 1547. On June 10, 2024, the Court granted in part and denied in part that first motion. Dkt. No. 1554.

their supplemental briefs, Dkt. Nos. 1722-1723, and this Order on the second motion for judgment of acquittal now follows.[2]

## LEGAL STANDARD

Rule 29(a) provides that, after the close of all evidence, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Ninth Circuit Court of Appeals has explained that, when facing a sufficiency of the evidence challenge, a court should consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Atkinson*, 990 F.2d 501, 502 (9th Cir. 1993) (emphasis in original, quotation omitted).

## DISCUSSION

### Counts 1, 4, 10-11, 15, and 21

Miske moved generally for judgment of acquittal on Counts 1, 4, 10-11, 15, and 21. Having considered this general request and the evidence presented at trial, and with no further specificity or, in fact, argument of any sort, the Court finds

---

[2]Unless arguments or evidence are otherwise set forth herein, this Order assumes the reader's familiarity with the issues presented at the July 2, 2024 hearing, the parties' supplemental briefs, and the evidence presented during this trial.

that, when the evidence is viewed in the light most favorable to the government, a rational trier of fact could find the essential elements of Counts 1, 4, 10-11, 15, and 21 beyond a reasonable doubt. Therefore, the motion for judgment of acquittal is DENIED with respect to those counts.

**Counts 12-14 and 20**

Miske renewed arguments concerning Counts 12-14 and 20 raised during his first motion for a judgment of acquittal. Concisely, Miske previously argued that (1) Counts 12-14 should be dismissed because there was insufficient evidence that chloropicrin was used during the incidents in question, and (2) Count 20 should be dismissed because statements made in connection with two motor-vehicle lease applications were not false. At the July 2, 2024 hearing, Miske failed to mention the Court's prior rulings with respect to these Counts, let alone explain why the same were erroneous or should be reconsidered in light of intervening evidence. Having reviewed the parties' arguments and the record in connection with these Counts, the Court's prior rulings (much like Miske's arguments) remain unchanged. Therefore, the motion for judgment of acquittal is DENIED with respect to Counts 12-14 and 20.[3]

---

[3] In addition, with respect to Count 20, Defendant's arguments appear moot in light of the jury, in the interim, having acquitted him on that count. Dkt. No. 1716 (July 18, 2024 verdict); *see United States v. Lacey*, 2024 WL 1765673, at *1 n.2 (D. Ariz. Apr. 23, 2024) (finding defendants' motion for judgment of acquittal moot "[i]n light of their acquittal" on all charges;

**Counts 2-3**

Miske moved on specific grounds for judgment of acquittal on Counts 2-3. Counts 2-3 charge Miske with, respectively, the murder of Johnathan Fraser in aid of racketeering and conspiracy to commit the same.

As Miske argued at the July 2, 2024 hearing, one element of these offenses requires that the murder be committed or conspiracy undertaken in order for Miske to "gain entrance to, or to maintain, or to increase his position in the enterprise." Dkt. No. 1632 at 100, 105.  Miske argued that the evidence presented at trial, even in the light most favorable to the government, showed only that he had a "personal" reason for harming Fraser.  In response, the government asserted that there can be more than one purpose for the charged crimes.  And, here, while there was certainly a "personal component", there was also evidence that Miske committed the offenses with the purpose of "maintain[ing]" or "increas[ing]" his position in the alleged enterprise.

Having considered the evidence at trial, some of which was referenced in the government's supplemental brief, Dkt. No. 1723 at 1-2, the Court finds that, when the evidence is viewed in the light most favorable to the government, a rational

---

*United States v. Webster*, 2008 WL 11518286, at *1 (D. Alaska Feb. 7, 2008) (finding motion for judgment of acquittal moot as to certain counts with respect to which the defendant was acquitted).

trier of fact could find the essential elements of Counts 2-3 beyond a reasonable doubt, including the "purpose" element Miske challenges.  Therefore, the motion for judgment of acquittal is DENIED with respect to Counts 2-3.

**Counts 5-6**

Miske moved on specific grounds for judgment of acquittal on Counts 5-6. Counts 5-6 charge Miske with, respectively, the kidnapping of Johnathan Fraser, resulting in his death, and conspiracy to kidnap Fraser.

At the July 2, 2024 hearing, Miske argued that there was "very little" evidence indicating Fraser had been kidnapped.  In response, the government argued that there was sufficient evidence of a kidnapping, including personal items Fraser "left behind" at an apartment in which he was living and an absence of communication from him since the date of his disappearance nearly eight years ago.  Viewing the evidence in the light most favorable to the government, the Court agrees that there was sufficient evidence to send Counts 5-6 to the jury.  As the government observed at the July 2, 2024 hearing and in its supplemental brief, numerous personal items belonging to Fraser were found in his apartment—items that testimony indicated Fraser would not have left behind if he departed the apartment of his own free will.  Further, in the light most favorable to the government, the evidence reflected that other items in the apartment suggest Fraser

5

left in a hurried fashion; Fraser's bedroom in the apartment could not be locked; Fraser's dog had been left outside the apartment on the lanai without food or water—something that Fraser would never do; Miske warned Aaron Wong that he was "lucky" his daughter—Fraser's girlfriend—was not taken; and a white van was caught on video in the area of the apartment on the day of Fraser's disappearance—a van that was driven and subsequently burned by Miske's associates. While, alone, each piece of the foregoing evidence may have more or less persuasive force, *in toto* and in the light most favorable to the government, a rational trier of fact could find that Fraser was kidnapped for purposes of Counts 5-6 beyond a reasonable doubt. The motion for judgment of acquittal is, therefore, DENIED with respect to those counts.

**Count 7**

Miske moved on a specific ground for judgment of acquittal on Count 7. Count 7 charges Miske with conspiring to commit the murder-for-hire of Joe Boy Tavares.

At the July 2, 2024 hearing, Miske argued that, while the Third Superseding Indictment (TSI) alleges Miske offered money to John Stancil and Dae Han Moon in exchange for the murder of Tavares, the evidence did not show any offer of payment to either Stancil or Moon. In response, the government argued that,

6

irrespective of whether Stancil and Moon were offered money to murder Tavares, there was evidence that (1) Harry Kauhi was given a down payment for the murder by one of Miske's associates, and (2) Lance Bermudez accepted a contract from Miske himself to kill Tavares in exchange for a promise of payment, and Bermudez later "enlisted" Moon to assist him with carrying out the murder.

Initially, it is unclear whether Miske considers this issue—*i.e.*, the alleged lack of evidence to pay Stancil and Moon for the murder of Tavares—as one concerning the *insufficiency* of the evidence, or one concerning a *variance* or *constructive amendment* between the TSI and the evidence offered at trial.

As for the latter, at the July 2, 2024 hearing, Miske offered no argument (or mention) of even basic principles concerning the nuanced case law underlying variances or constructive amendments. The Court, accordingly, will not construct, *sua sponte*, Miske's limited argument in this regard and does not further address the same.

As for the former, in light of the jury instructions Miske proposed and, in relevant part, the Court adopted, there was sufficient evidence to send Count 7 to the jury. Specifically, the jury instructions stated, *inter alia*, that the government must prove the following three elements: (1) Miske conspired to use a cellular telephone operating on interstate networks; (2) Miske did so with the intent to

7

commit the murder of Tavares; and (3) Miske intended that the murder be committed in exchange for cash. Dkt. No. 1632 at 116; *see also* Dkt. No. 1544 at 83 (Defendant's proposal). In the light most favorable to the government, all of these elements were established through the testimony of Jacob Smith. This is so, even though Smith's testimony did not establish that Miske offered Stancil or Moon money to kill Tavares,[4] because the jury instructions, which Miske proposed, did not require the government to prove any such offer(s).

As a result, the motion for judgment of acquittal is DENIED with respect to Count 7.

**Count 22**

Miske moved on a specific ground for judgment of acquittal on Count 22. Count 22 charges Miske with obstructing justice by altering a character letter in the name of Larry Kapu and submitting the same in support of bail, then being considered by a United States Magistrate Judge in an official proceeding before a United States court.

At the July 2, 2024 hearing, Miske argued that the only alteration to the character letter in question was changing the salutation from "To Whom It May Concern" to "The Honorable Court" and adding Kapu's signature. According to

---

[4]Instead, Smith's testimony established that Miske offered money to Bermudez.

Miske's counsel, "I don't believe that would rise to the level of obstruction of justice under Count 22." The Court disagrees. In the light most favorable to the government, the evidence, including the references cited in the government's supplemental briefing, indicate that a rational trier of fact could find obstruction for purposes of Count 22 beyond a reasonable doubt. The motion for judgment of acquittal is, therefore, DENIED with respect to that count.

IT IS SO ORDERED.

Dated: July 23, 2024 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge