IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR.,     (1)<br><br>Defendant. | Case No. 19-cr-00099-DKW-KJM-1<br><br>**ORDER GRANTING DEFENDANT MICHAEL J. MISKE'S MOTION TO DISMISS THE INDICTMENTS AS TO DEFENDANT MISKE ONLY PURSUANT TO THE DOCTRINE OF ABATEMENT *AB INITIO*[1]** |

Counsel for Defendant Michael J. Miske (Defendant or Miske) move for dismissal of the indictments[2] and vacatur of the July 2024 criminal jury verdicts[3] against him pursuant to the doctrine of "abatement *ab initio* following his [December 1, 2024] death…" ("motion").  Dkt. No. 1784.[4]  Defendant argues that counsel have standing to file the motion, despite Miske's death, that the

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.
[2] Four indictments have been filed against Miske in this case.  Specifically, the July 18, 2019 Indictment, Dkt. No. 1, the June 18, 2020 Superseding Indictment, Dkt. No. 3, the July 15, 2021 Second Superseding Indictment, Dkt. No. 272, and the December 8, 2022 Third Superseding Indictment, Dkt. No. 673.  The Court refers to the same, collectively, as "the Indictments."
[3] There are two jury verdicts against Miske in this case.  Specifically, the July 18, 2024 Special Verdict Form, Dkt. No. 1717, and the July 24, 2024 Special Verdict Form for Forfeiture, Dkt. No. 1739.  The Court refers to the same, collectively, as "the Jury Verdicts."
[4] The parties do not dispute Miske's death, Dkt. No. 1841 at 1, therefore, the Court assumes the same herein.  However, nothing in this Order shall relieve defense counsel from their responsibility to file a certificate of death as soon as they receive the same.

doctrine of abatement *ab initio* requires the dismissal of the Indictments and vacatur of the Jury Verdicts, and that Miske's property seized by the government must be returned.

The government accepts that the "death of the Defendant pending sentencing[5] requires dismissal of the indictments as to the Defendant." Dkt. No. 1841 at 1. The government disagrees, however, that the Jury Verdicts should be vacated under the doctrine of abatement *ab initio*, that seized property should be returned, or that counsel even have standing to seek such return.[6] Among other things, with respect to the seized property, the government asserts that a separate *civil* forfeiture proceeding has been initiated (No. CV25-00028 DKW-KJM), "mooting" any request for return of the property. *Id*.

In reply, Dkt. No. 1844, Defendant argues that, while the government accepts this proceeding should be abated *ab initio*, it incorrectly argues that the Jury Verdicts should not be vacated. Defendant further asserts that the government cannot continue to seize property based upon this criminal proceeding and, although counsel lacks standing to bring claims in the civil forfeiture

---

[5] At the time of Miske's death, he was scheduled to be sentenced on January 30, 2025. Dkt. No. 1762.
[6] In contrast, the government "does not challenge" counsel's standing to seek dismissal of the Indictments. Dkt. No. 1841 at 9 n.2. Therefore, the Court does not further address such standing.

2

proceeding, various alleged issues exist with the same. With briefing complete, this Order now follows.

The parties agree on at least one consequence flowing from Miske's recent death. Pursuant to the doctrine of abatement *ab initio*, the *Indictments* must be dismissed. In light of binding Ninth Circuit precedent, the Court agrees:

> There is no doubt that death pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception. This principle, called the rule of abatement *ab initio*, prevents, among other things, recovery against the estate of a fine imposed as part of the *conviction* and *sentence* and use of an abated conviction against the estate in related civil litigation.…Thus, in our case, there is no doubt that the [deceased's] conviction and any outstanding fines must be abated, and that his indictment must be dismissed."

*United States v. Rich*, 603 F.3d 722, 724 (9th Cir. 2010) (citations and quotations omitted, emphasis in original). Therefore, the Court DISMISSES the Indictments as to Miske only pursuant to the doctrine of abatement *ab initio*.

The parties appear to disagree, however, over whether the Jury Verdicts should be vacated. The same Ninth Circuit precedent set forth above is clear: all proceedings are *abated* from the *inception* of Miske's prosecution. In perhaps more common parlance, *everything* that occurred in this prosecution, as it relates to or affects Miske, is negated. *See* Black's Law Dictionary 3 (12th ed. 2024) (defining "abatement *ab initio*" as the "negation of a criminal trial and verdict after

a convicted defendant has died before exhausting all legal appeals. The case reverts to the beginning point as if the trial and conviction had never occurred."). This means that points of interest, such as the Order permitting defense counsel to withdraw, the Order denying a change of venue, and the Order addressing over fifty (50) motions in limine *never occurred*, at least as they relate to Miske. More pertinent to the parties' specific dispute, it means that the Jury Verdicts never occurred too. It is, thus, entirely *unnecessary* for the Court to formally vacate or not vacate the Jury Verdicts, as the parties appear to fight over, because, under the circumstances here, the natural consequence of Miske's death is that *all* proceedings in this prosecution from its inception are negated. *See Rich*, 603 F.3d at 724.

This leaves the parties' disagreement over the return of certain property seized from Miske in connection with this criminal proceeding and found subject to forfeiture by the jury. *See* Dkt. No. 1739. As the discussion above may suggest, *if* the sole basis for the government continuing to seize this property was the jury verdict concerning forfeiture in this case, that would not be a reason for doing so because said verdict has been abated. *See United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1983) (abating a criminal forfeiture proceeding following the death of the defendant). However, as Defendant acknowledges in reply, the

forfeiture verdict is not the only basis for the government's retention of the property.  Notably, on January 22, 2025, the government filed a *civil* forfeiture proceeding against the same property Defendant seeks returned.  *See United States of America v. Real Property Located at 6 Lumahai Street, et al.*, Case No. CV25-00028 DKW-KJM, Dkt. No. 1.[7]  As Defendant further acknowledges, neither he nor his counsel are now the proper conduit through which to challenge the civil forfeiture of the property.  Dkt. No. 1844 at 9.  Rather, it is Defendant's estate and/or heirs that must do so, if at all.  Similarly, while Defendant asserts that there is "nothing in the civil forfeiture docket sheet" to indicate that various purported procedural matters have been accomplished, this is also not something that is properly raised in this criminal proceeding.  Therefore, the Court does not address those alleged matters herein.  Further, in light of the civil forfeiture proceeding filed against the seized property, the Court does not order the return of any property herein.  *See United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1233-34 (9th Cir. 1988) (concluding that a district court did not err in denying a

---

[7]The Court notes that the jury found one piece of property *not* subject to forfeiture: a painting entitled "Graffiti Does It" by OG Slick.  Dkt. No. 1739 at 4, 9, 13.  Presumably, this is why the same painting is not listed as a defendant in the government's civil forfeiture proceeding.  Because Defendant does not specifically identify this painting as property that should have, but has not, been returned, the Court does not further address the same herein.

motion for return of seized property following the initiation of a civil forfeiture proceeding).

## CONCLUSION

Defendant Michael J. Miske's motion to vacate jury verdicts and dismiss indictments, Dkt. No. 1784, is GRANTED to the extent that the Indictments, as defined herein, are DISMISSED, and all proceedings from the inception of this action are ABATED as to Defendant Miske only.   The demanded return of certain property seized from Miske is DENIED, pending further proceedings in No. CV25-00028 DKW-KJM.

IT IS SO ORDERED.

DATED: February 18, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*United States v. Miske, et al.,* Case No. 19-cr-00099-DKW-1; **ORDER GRANTING DEFENDANT MICHAEL J. MISKE'S MOTION TO DISMISS THE INDICTMENTS AS TO DEFENDANT MISKE ONLY PURSUANT TO THE DOCTRINE OF ABATEMENT** *AB INITIO*